UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on behalf
of those similarly situated,

Case No.: 20-cv-12734

*Plaintiff,*

*v.*

**ABSOPURE WATER COMPANY, LLC,**
a domestic limited liability company,

*Defendant.*

---

## COLLECTIVE ACTION COMPLAINT
## AND DEMAND FOR JURY TRIAL

Plaintiff, Justin Guy, on behalf of himself and all other similarly situated employees and former employees, files this Collective Action Complaint against Defendant, Absopure Water Company, LLC, pursuant to the Fair Labor Standards Act claims, as amended (29 U.S.C. § 201, *et seq*., hereinafter "FLSA"), and states as follows:

## INTRODUCTION

1.     The FLSA is designed to eliminate "labor conditions detrimental to the maintenance of the minimum standard of living necessary for health, efficiency and general wellbeing of workers." 29 U.S.C. § 202(a).  To achieve its purposes, the FLSA requires three things. First, the FLSA requires payment of minimum wages. 29 U.S.C. § 206(a).  Second, the FLSA requires overtime pay for a covered

employer whose employees work in excess for 40 hours per workweek.  29 U.S.C. 207(a).  Third, the FLSA establishes minimum recordkeeping requirements for covered employers.  29 U.S.C. § 211(a); 29 U.S.C. § 516.2(a)(7).

2.      Absopure is a bottled water company that draws its water from Clark Lake, Michigan.  According to the Michigan Department of Environmental Quality, the volume of water Absopure has been withdrawing from the ground more than doubled from 35.4 million gallons in 2003 to 75.3 million gallons in 2007, the last year the data was available.  Public sources indicate that Absopure does not, however, pay state tax, license fee or royalty associated with the company's extraction of a precious natural resource.

3.      Despite its immense profitability, Absopure does not pay its intrastate truck drivers an overtime premium for their overtime hours worked as required by the FLSA.

4.      Plaintiff worked for Defendant as a non-exempt intrastate truck driver, and was paid a day-rate for his hours worked.  However, Defendant implemented illegal pay procedures that deprived Plaintiff of proper overtime compensation for his hours worked in excess for forty (40) hours each week.

5.      Plaintiff's consent to file this action pursuant to 29 U.S.C. § 216(b) is attached as **Exhibit A** to this Complaint.

2

## JURISDICTION

6.    Jurisdiction in this Court is proper as the claims are brought pursuant to the FLSA as amended, 29 U.S.C. § 201, *et. seq.*, to recover unpaid overtime, an additional equal amount as liquidated damages, obtain declaratory relief, and reasonable attorneys' fees and costs.

7.    The jurisdiction of the Court over this controversy is proper pursuant to 28 U.S.C. § 1331, as Plaintiff's claims arise under 29 U.S.C. § 216(b).

8.    The Court has the authority to grant declaratory relief pursuant to the FLSA and the federal Declaratory Judgment Act ("DJA"), 28 U.S.C. §§ 2201-02.

9.    Venue is proper in this judicial district pursuant to 28 U.S.C. § 1391 because Plaintiff resides in this district and all, or at least a substantial part of the events giving rise to Plaintiff's claims occurred in this district.

## PARTIES

10.    At all relevant times, Plaintiff was a resident within the jurisdiction of the Eastern District of Michigan.

11.    At all relevant times, Plaintiff was "engaged in commerce" within the meaning of § 6 and § 7 of the FLSA.

12.    At all relevant times, Plaintiff was an "employee" of Defendant within the meaning of the FLSA.

13.   Defendant was, and continues to be, an "employer" within the meaning of the FLSA.

14.   At all relevant times, Defendant was, and continues to be, an "enterprise engaged in commerce" within the meaning of the FLSA.

15.   At all relevant times, Defendant was, and continues to be, an enterprise engaged in the "production of goods or services for commerce" within the meaning of the FLSA.

16.   Based upon information and belief, the annual gross revenue of Defendant is and was in excess of $500,000.00 per annum for all relevant time periods.

17.   At all relevant times, Defendant had two (2) or more employees handling, operating, or otherwise working on goods or materials that had been moved in or produced for commerce, which were used directly in furtherance of Defendant's commercial activity of running a bottled water company.

18.   At all relevant times, Plaintiff was "engaged in commerce" and subject to individual coverage of the FLSA, by virtue of his handling, selling, or otherwise working on goods or materials that had been moved in interstate commerce or produced for commerce.

19.   At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendant's bottled water company.

20. At all relevant times, Plaintiff was engaged in the "production of goods and services" and subject to the individual coverage of the FLSA.

21. At all relevant times, the work performed by Plaintiff was directly essential to the business performed by Defendant.

## STATEMENT OF FACTS

22. Defendant owns and operates two facilities located in Grand Rapids and Plymouth, Michigan.

23. Plaintiff worked for Defendant from approximately September 2018 to January 2020.

24. Plaintiff worked as a local delivery driver.

25. Defendant did not require Plaintiff to possess a Commercial Driver's License ("CDL").

26. Plaintiff did not possess a CDL license throughout his employment with Defendant.

27. Plaintiff worked out of Defendant's Plymouth facility.

28. Plaintiff was compensated on a day-rate basis.

29. Plaintiff received a day rate of approximately $120/day.

30. Plaintiff also received additional compensation based on the number of items he delivered.

31. Defendant draws water from the Michigan lakes.

32.     Specifically, Defendant draws water from Clark Lake.

33.     Defendant filters the water in Michigan.

34.     Defendant bottles the water in Michigan.

35.     Defendant's own brand name coffee, Absopure Coffee, is also made in Michigan.

36.     Defendant's own brand name coffee, Absopure Coffee, is packaged in Michigan.

37.     Defendant also sells other items, including Mountain Valley Water, Maxwell House Coffee, Folger's Coffee, Green Mountain Coffee, Starbucks coffee products, water coolers, and supplies (i.e. straws, napkins, etc.), that Defendant purchases from third-party corporations outside the state of Michigan.

38.     Defendant is a separate corporate entity without any corporate affiliation or ties to the corporations that produces Mountain Valley Spring Water.

39.     Defendant is a separate corporate entity without any corporate affiliation or ties to the corporations that produces Maxwell House Coffee products.

40.     Defendant is a separate corporate entity without any corporate affiliation or ties to the corporations that produces Green Mountain Coffee products.

41.    Defendant is a separate corporate entity without any corporate affiliation or ties to the corporations that produces Starbucks products.

42.    Defendant is a separate corporate entity without any corporate affiliation or ties to the corporations that produces Folger's products.

43.    Defendant does not maintain records that identifies the date a particular product from outside the state of Michigan arrive in Defendant's facility in Michigan, and the date a particular product from outside the state of Michigan is delivered to a particular customer.

44.    Once the products Defendant receives from outside the state of Michigan, including those identified in paragraph 37, arrive to Defendant's facility within the state of Michigan, they are inventoried.

45.    Once the products Defendant receives for outside the state of Michigan, including those identified in paragraph 37, arrive to Defendant's facility within the state of Michigan, they are stored for a non-specified duration.

46.    Defendant does not attach a barcode or otherwise track the items it purchased from outside the state of Michigan such that it knows which particular customer is getting a particular box of cups, straws, napkins, or otherwise.

47.    Upon information and belief, Defendant affixes a barcode on the items it receives from outside the state of Michigan once the items are received in Defendant's Michigan facilities.

48.    Defendant does not sell items in Michigan that are brought into Michigan from other facilities owned by Defendant that are located outside the state of Michigan.

49.    Plaintiff drove exclusively within the state of Michigan.

50.    Plaintiff's primary job duty was to deliver Defendant's products to Defendant's customers, which includes residential homes and business, in the Metropolitan Detroit area for immediate use.

51.    Plaintiff worked in excess of forty (40) hours in various work weeks throughout the duration of his employment with Defendant.

52.    However, Plaintiff was not properly compensated for all his overtime hours worked during the relevant time period.

53.    Defendant instructed Plaintiff to not clock-out at the end of his work-shift.

54.    Plaintiff never clocked-out during his employment with Defendant.

55.    At various material times throughout the duration of Plaintiff's employment, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek.

56.    Plaintiff should be compensated at the rate of one and one-half times Plaintiff's regular rate for those hours that Plaintiff worked in excess of forty (40) hours per week as statutorily required by the FLSA.

57.    Defendant has violated Title 29 U.S.C. § 207 in that:

a.    Plaintiff worked in excess of forty (40) hours per week in at least some weeks for Defendant during the relevant time period;

b.    No payments, and/or provisions for payment, have been made by Defendant to properly compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate for all those hours worked in excess of forty (40) hours per workweek while Plaintiff worked for Defendant and as provided by the FLSA; and

c.    Defendant failed to maintain proper time records as mandated by the FLSA.

58.    Plaintiff retained the law firm of MORGAN & MORGAN, P.A., to represent him in this litigation.

## COLLECTIVE ACTION ALLEGATIONS

59.    Plaintiff and the class members are/were all delivery drivers who performed similar primary duties as one another.

60.    Plaintiff and the class members drove within the State of Michigan.

61.    To the extent Plaintiff and the class members ever drove out of state, such trips were sporadic, rare and *de minimus*.

62.    The possibility of Plaintiff and the class members driving out of state is/was remote.

63.    The putative class is compensated on a day-rate basis.

64.    All of Defendant's intrastate truck drivers are compensated on a day-rate basis.

65.    Defendant's delivery drivers delivered water and coffee products/services to Defendant's residential and corporate customers in Michigan.

66.    Defendant failed to compensate Plaintiff, and those similarly situated, a time and one-half overtime premium for their hours worked over forty (40) in various workweeks throughout the relevant time period.

67.    The additional persons who may become Plaintiffs in this action are/were intrastate delivery drivers of the Defendant who did not receive pay at one and one-half times their regular rate for their hours worked in excess of forty (40) hours.

68.    Application of this policy or practice does/did not depend on the personal circumstances of Plaintiff or those joining this lawsuit.

69.    Rather, the same policy or practice that resulted in the non-payment of overtime to Plaintiff applied and continues to apply to all class members.

70.     Accordingly, the class members are properly defined as:

**All intrastate delivery drivers who did not receive overtime compensation at a rate of one and one-half times their regular rate of pay for all of their overtime hours worked in any workweek within the last three years preceding the filing of the Complaint.**

71.     Defendant's failure to properly compensate its employees at a rate of at least one and one-half times their regular rate of pay for all hours worked in excess of forty (40) hours in workweeks throughout the relevant time period results from Defendant's policy or practice that applies to all similarly situated intrastate truck drivers, companywide.

72.     Defendant did not act in good faith in formulating its pay practices.

73.     Defendant did not rely on any case law in formulating its pay practices.

74.     Defendant did not rely on the FLSA in formulating its pay practice.

75.     Defendant did not rely on the Department of Labor in formulating its pay practices.

76.     Defendant did not rely on any Wage & Hour Opinion Letters in formulating its pay practices.

77.     Defendant did not rely on Code of Federal Regulations in formulating its pay practices.

78.     Defendant acted willfully in failing to pay Plaintiff and the class

members in accordance with the law.

79.     Defendant failed to maintain accurate records for Plaintiff and the class members' work hours in accordance with the law.

**COUNT I**
**VIOLATION OF 29 U.S.C. §207 – OVERTIME COMPENSATION**

80.     Plaintiff realleges and reincorporates paragraphs 1 through 79 as if fully set forth herein.

81.     Plaintiff worked in excess of forty (40) hours per week.

82.     Plaintiff was not properly compensated at the statutory rate of one and one-half times his regular rate of pay for the hours he worked in excess of forty (40) hours each workweek.

83.     Plaintiff was entitled to be paid at the statutory rate of one and one-half times Plaintiff's regular rate of pay for those hours worked in excess of forty (40) hours each workweek.

84.     At all times material hereto, Defendant failed, and continues to fail, to maintain proper time records as mandated by the FLSA.

85.     Defendant's actions were willful and/or showed reckless disregard for the provisions of the FLSA as evidenced by its failure to compensate Plaintiff at the statutory rate of one and one-half times Plaintiff's regular rate of pay for hours worked in excess of forty (40) hours per week when they had knowledge, or should have known, such was, and is due to Plaintiff.

86.     Defendant failed to properly disclose or apprise Plaintiff of Plaintiff's rights under the FLSA.

87.     Due to the intentional, willful, and unlawful acts of Defendant, Plaintiff suffered, and continues to suffer, damages and lost compensation for time worked over forty (40) hours per week, plus liquidated damages.

88.     Plaintiff is entitled to an award of reasonable attorneys' fees and costs pursuant to 29 U.S.C. § 216(b).

89.     At all times material hereto, Defendant failed to comply with Title 29 and United States Department of Labor Regulations, 29 C.F.R. §§ 516.2 and 516.4, with respect to those similarly situated to the named Plaintiff by virtue of the management policy, plan or decision that intentionally provided for the compensation of such employees at a rate less than time and one half their regular rate for their overtime hours worked.

90.     Based upon information and belief, the employees and former employees of Defendant similarly situated to Plaintiff are/were not paid proper overtime for hours worked in excess of forty (40) in one or more workweeks, because Defendant failed to properly pay Plaintiff, and those similarly situated to him, proper overtime wages at time and one half their regular rate of pay for such hours.

## <u>COUNT II - DECLARATORY RELIEF</u>

91.     Plaintiff realleges and reincorporates paragraphs 1 through 79 as if fully set forth herein.

92.     Plaintiff and Defendant have a Fair Labor Standards Act dispute pending, which the Court has jurisdiction to hear pursuant to 28 U.S.C. § 1331, as a federal question exists.

93.     The Court also has jurisdiction to hear Plaintiff's request for declaratory relief pursuant to the Declaratory Judgment Act. 28 U.S.C. §§ 2201-2202.

94.     Plaintiff may obtain declaratory relief.

95.     Defendant employed Plaintiff.

96.     Defendant is an enterprise.

97.     Plaintiff was individually covered by the FLSA.

98.     Plaintiff is entitled to overtime compensation pursuant to 29 U.S.C. §207(a)(1).

99.     Defendant did not keep accurate time records pursuant to 29 U.S.C. §211(c) and 29 C.F.R. Part 516.

100.    Defendant did not rely on a good faith defense in its failure to abide by the provisions of the FLSA.

101.    Plaintiff is entitled to an equal amount of liquidated damages.

102.    It is in the public interest to have these declarations of rights recorded.

103.   Plaintiffs' declaratory judgment action serves the useful purpose of clarifying and settling the legal relations at issue.

104.   The declaratory judgment action terminates and affords relief from uncertainty, insecurity, and controversy giving rise to the proceeding.

WHEREFORE, Plaintiff respectfully requests that judgment be entered in his favor against Defendant:

a.   Declaring, pursuant to 29 U.S.C. § 201 *et. seq*., that the acts and practices complained of herein are in willful violation of the overtime wage provisions of the FLSA.

b.   Ordering Certification of this case as a collective action in accordance with 29 U.S.C. § 216(b) with respect to the FLSA claims set forth herein, designating Plaintiff as a representative of the FLSA collective action Class, and undersigned counsel as Class counsel for the same;

c.   Ordering Defendant to disclose the names and addresses of all collective action class members, and permitting Plaintiff to send notice of this action to all those similarly situated individuals, including the publishing of notice in a manner that is reasonably calculated to apprise the class members of their right by law to join and participate in this lawsuit;

d.  Granting judgment in favor of Plaintiff and against Defendant and awarding Plaintiff and collective action class the full amount of damages and liquidated damages available by law;

e.  Awarding Plaintiff and the collective action members overtime compensation in the amount due to them for their time worked in excess of forty (40) hours per workweek;

f.  Awarding Plaintiff and the collective action members liquidated damages in an amount equal to the overtime award;

g.  Awarding Plaintiff reasonable attorneys' fees and costs and expenses of the litigation pursuant to 29 U.S.C. §216(b);

h.  Awarding Plaintiff pre-judgment interest; and

i.  Ordering any other further relief the Court deems just and proper.

## **JURY DEMAND**

Pursuant to Fed.R.Civ.P. 38(b), Plaintiff hereby demands a trial by jury.


Dated: October 8, 2020

Respectfully submitted,

 */s/ Michael N. Hanna*
Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

*Attorneys for Plaintiff*