UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY,

        Plaintiff,                                     Case No. 20-12734
                                                              Hon. Mark A. Goldsmith

vs.

ABSOPURE WATER COMPANY,

        Defendant.

_____/

**ORDER & OPINION
DENYING DEFENDANT ABSOPURE'S MOTION TO DISMISS (Dkt. 6) AND
DENYING PLAINTIFF JUSTIN GUY'S REQUEST FOR SANCTIONS (Dkt. 7)**

This matter is before the Court on Defendant Absopure Water Company's ("Absopure's") motion to dismiss (Dkt. 6) Plaintiff Justin Guy's putative class action brought pursuant to the Fair Labor Standards Act ("FLSA"). Guy filed a response opposing the motion and, in addition, requesting sanctions (Dkt. 7). Absopure filed a reply (Dkt. 11). For the reasons that follow, the Court denies Absopure's motion to dismiss (Dkt. 6) and Guy's request for sanctions (Dkt. 7).

## I. BACKGROUND

The complaint sets forth the following factual allegations, which the Court presumes to be true for purposes of this opinion. Absopure is a bottled water company that draws, filters, bottles, brands, and packages its water, all within Michigan. Compl. ¶¶ 31-36 (Dkt. 1). Guy, who worked as a "non-exempt intrastate truck driver" in the Detroit area for Absopure from September 2018 to January 2020, alleges that Absopure paid him day-rates for the hours he worked in excess of 40 hours per week. Id. ¶¶ 4, 23-24, 50. According to Guy, Absopure should have paid its intrastate truck drivers an overtime premium—i.e., at a rate of one and one-half times the regular day-rate—

1

for their overtime hours worked, as required by the FLSA. Id. ¶¶ 3, 55. Guy seeks overtime compensation pursuant to 29 U.S.C. §207(a)(1) and declaratory relief. Id. ¶¶ 80-104.

In the instant motion to dismiss, Absopure argues that the complaint should be dismissed based on additional "relevant facts" that were "not . . . presented" in Guy's complaint, such as the fact that "Absopure is a private motor carrier under the jurisdiction of the Department of Transportation." Def. Mot. to Dismiss ("MTD") at 17 (Dkt. 6). Based on these additional facts, Absopure argues, Guy is exempt from coverage under the FLSA pursuant to an exemption known as the Motor Carrier Act ("MCA") exemption. Id. at 17-27. Under this exemption, the FLSA's wage and hour provisions do not apply to "any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service [under the MCA]." 49 U.S.C. § 31502. "The MCA in turn gives the Secretary of Transportation the authority to regulate the hours of an employee (1) who works for a private motor carrier that provides transportation in interstate commerce and (2) whose work activities affect the safety of that motor carrier." Vaughn v. Watkins Motor Lines, Inc., 291 F.3d 900, 904 (6th Cir. 2002) (internal quotation omitted). Absopure argues that the Secretary of Transportation has authority to regulate Guy's hours because his "employment as an Absopure Sales/Service driver required Plaintiff to deliver goods which included items that moved across state lines from their point of origin outside the State of Michigan to their point of destination within this State." MTD at 19. Absopure contends that Guy's complaint fails to meet the requisite pleading standards because it "fails to address the MCA exemption . . . ." MTD at 17-18.

In response, Guy argues: (i) dismissal at this stage is premature because Absopure has the burden of proving the affirmative defense of Guy's status as an exempt employee; (ii) Absopure's use of "alternative facts" not plead in Guy's complaint cannot serve as the predicate for a Rule

2

12(b)(6) dismissal; and (iii) Absopure does not establish the applicability of the MCA exemption as a matter of law. Pl. Resp. at 4-5 (Dkt. 7).

Guy also moves the Court to sanction Absopure and its counsel for bringing the instant motion to dismiss "in bad faith," arguing that two other courts have previously admonished defense counsel for bringing similar motions in cases involving a corporate affiliate of Absopure. Id. at 20, 22-27 (referencing Hernandez v. Plastipak Packaging, Inc., No. 17-2826, 2018 WL 8221522, at *1 (M.D. Fla. Jan. 18, 2018); Hall v. Plastipak Holdings, Inc., No. 15-11428, 2016 WL 4264202, at *3 (E.D. Mich. Aug. 12, 2016)).

The Court concludes that both should be denied. This is not a case in which a Rule 12(b)(6) motion is an appropriate vehicle to dismiss a claim based on an affirmative defense like the applicability of the MCA exemption. Further, a Rule 12(b)(6) motion cannot be granted based on "alternative facts" put forth by a defendant and not pleaded by a plaintiff. With respect to Guy's request for sanctions, Guy has not demonstrated that Absopure or its counsel acted with subjective bad faith in bringing the instant motion to dismiss.

## II. STANDARD OF DECISION

### A. Motion to Dismiss

On a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6), "[t]he defendant has the burden of showing that the plaintiff has failed to state a claim for relief." Directv, Inc. v. Treesh, 487 F.3d 471, 476 (6th Cir. 2007) (citing Carver v. Bunch, 946 F.2d 451, 454-455 (6th Cir. 1991)), cert. denied, 552 U.S. 1311 (2008). To survive a Rule 12(b)(6) motion, the plaintiff must allege sufficient facts to state a claim to relief above the speculative level, such that it is "plausible on its face." Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007). The plausibility standard requires courts to accept the alleged facts as true, even when their truth is doubtful, and

to make all reasonable inferences in favor of the plaintiff. Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009); Twombly, 550 U.S. at 555-556.

Evaluating a complaint's plausibility is a "context-specific task that requires the reviewing court to draw on its judicial experience and common sense." Iqbal, 556 U.S. at 679. Although a complaint that offers no more than "labels and conclusions," a "formulaic recitation of the elements of a cause of action," or "naked assertion[s]" devoid of "further factual enhancement" will not suffice, id. at 678, it need not contain "detailed factual allegations," Twombly, 550 U.S. at 555. Rather, a complaint needs only enough facts to suggest that discovery may reveal evidence of illegality, even if the likelihood of finding such evidence is remote. Id. at 556. Accordingly, a motion to dismiss "should not be granted unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Directv, 487 F.3d at 476 (6th Cir. 2007).

**B. Motion for Sanctions**

Courts have both inherent and statutory authority to impose sanctions. Red Carpet Studios Div. of Source Advantage, Ltd. v. Sater, 465 F.3d 642, 646 (6th Cir. 2006) (citations omitted). Guy appears to seek sanctions under the Court's inherent authority, given his repeated references to "bad faith." See Resp. at 20, 22, 26 n.14. Under a court's inherent authority, it may impose sanctions when attorneys act in bad faith. Id. (citing Roadway Exp., Inc. v. Piper, 447 U.S. 752, 766-767 (1980)). In this context, bad faith connotes subjective bad faith—i.e. willful abuse of the judicial process. Id.

4

### III. ANALYSIS

**A. Motion to Dismiss**

A plaintiff does not have an affirmative obligation to plead the inapplicability of the MCA exemption in his or her complaint. Rather, the applicability of the MCA exemption is an affirmative defense that may be raised by the defendant-employer. Thomas v. Speedway SuperAmerica, LLC, 506 F.3d 496, 501 (6th Cir. 2007). The defendant-employer bears the burden of establishing the affirmative defense by a preponderance of the evidence, and the defendant-employer satisfies this burden only by providing "clear and affirmative evidence that the employee meets every requirement of [the] exemption." Orton v. Johnny's Lunch Franchise, LLC, 668 F.3d 843, 848 (6th Cir. 2012) (internal quotation marks and citation omitted).

A motion to dismiss under Rule 12(b)(6) is generally not the appropriate vehicle to dismiss a claim based on an affirmative defense. See, e.g., Estate of Barney v. PNC Bank, N.A., 714 F.3d 920, 926 (6th Cir. 2013) (citation omitted). This is because it is the defendant's burden to prove the elements of the affirmative defense. However, if a complaint "shows on its face that relief is barred by an affirmative defense," dismissal under Rule 12(b)(6) is appropriate. Riverview Health Inst. LLC v. Med. Mut. of Ohio, 601 F.3d 505, 512 (6th Cir. 2010).

In this case, Guy's complaint does not explicitly address the applicability of the MCA exemption, as Absopure itself concedes. MTD at 18 ("The Complaint does not mention the MCA . . . ."). Thus, it is premature for the Court to decide the applicability of the MCA exemption at this juncture. Absopure cites no authority for the Court to hold otherwise. To the contrary, none of the cases relied on by Absopure involve applications of the MCA exemption on a motion to dismiss. Absopure's failure to cite any case law in the same procedural posture as this case

5

underscores the inappropriateness of dismissing Guy's complaint based on the MCA exemption at the Rule 12(b)(6) stage.[1]

Absopure's motion to dismiss must be denied for an additional reason. Courts generally may not consider any facts outside the complaint on a Rule 12(b)(6) motion to dismiss. Amini v. Oberlin College, 259 F.3d 493, 502 (6th Cir. 2001). Further, under the specific circumstances of this case, the Court could only dismiss Guy's complaint as barred by the MCA exemption based on the face of Guy's complaint, not facts outside the complaint. Riverview Health, 601 F.3d at 512. As a result, Absopure cannot succeed on the instant motion to dismiss based on the additional facts that it sets forth in its brief which were not pled in Guy's complaint.

Accordingly, Absopure's Rule 12(b)(6) motion to dismiss is denied.

### B. Motion for Sanctions

The Court finds that Guy has not shown that Absopure's and its counsel's conduct meets the required showing of subjective bad faith for the Court to award sanctions under its inherent authority.

Guy first argues that defense counsel's decision to file the instant motion to dismiss was made with subjective bad faith, as evinced by the fact that defense counsel has "been warned on at least two documented occasions that he cannot pursue a Rule 12(b)(6) motion by going beyond the four corners of the [c]omplaint in FLSA collective actions." Resp. at 23 (referencing Hernandez, 2018 WL 8221522, at *1; Hall, 2016 WL 4264202, at *3). But Guy's argument is flawed. Neither Hernandez nor Hall involved a Rule 12(b)(6) motion to dismiss based on the

---

[1] Due to the prematurity of deciding this issue, the Court will not address at this time Guy's alternative argument that the MCA exemption is inapplicable as a matter of law. The Court will await invocation of more appropriate procedures such as a motion for judgment on the pleadings or a motion for summary judgment.

applicability of the MCA exemption or some other affirmative defense. Further, although the plaintiff moved for sanctions in Hall under Rule 11—which imposes a much lower standard to obtain sanctions than the "subjective bad faith" standard that applies here—the Hall court denied the plaintiff's motion for sanctions. See Hall, 2016 WL 4264202, at *5. As a result, it is at best a logical stretch to say that, based on his experience in Hernandez and Hall, defense counsel acted with subjective bad faith in filing the instant motion to dismiss.

Guy also argues that defense counsel's off-the-docket conduct rises to the level of subjective bad faith because he has made repeated threats via email of seeking Rule 11 sanctions against Guy's counsel. See Resp. at 24-27; see also Exs. A-E to Resp. (Dkts. 7-2, 7-3, 7-4, 7-5, 7-6). The email communications reveal that Rule 11 threats were made by both sets of counsel. For instance, after Guy's counsel filed suit, defense counsel sent an email providing that he planned to file a motion to dismiss and "if it is granted, or the case is later dismissed or withdrawn, we will be seeking Rule 11 sanctions[.]" Ex. D to Resp. at 6 (Dkt. 7-5). Guy's counsel responded that if defense counsel filed a motion to dismiss, he would "seek sanctions." Id. at 4. Although the acrimonious nature of the attorneys' relationship is clear from these emails, acrimonious exchanges do not necessarily lead to the imposition of sanctions. In this case, there is insufficient evidence to hold that defense counsel acted with subjective bad faith in his email communications with Guy's counsel. Accordingly, Guy's request to sanction defense counsel and his client is denied.

Going forward, the Court encourages counsel to work together in a civil and professional manner. Barring any particularly egregious conduct requiring immediate Court attention, the parties should refrain from filing further motions for sanctions until the conclusion of this matter.

## IV. CONCLUSION

For the foregoing reasons, Absopure's motion to dismiss (Dkt. 6) is denied and Guy's request for sanctions (Dkt. 7) is denied.

SO ORDERED.

Dated: February 25, 2021  
      Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on February 25, 2021.

s/Karri Sandusky  
Case Manager