UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on
behalf of those similarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC,**

    Defendant.
_____/

Civil Action No. 20-12734

HON. MARK A. GOLDSMITH

## JOINT DISCOVERY PLAN

Pursuant to the Court's Order Regarding Telephonic Scheduling Conference, (ECF No. 13), and Rule 26(f) of the Federal Rules of Civil Procedure, the parties jointly submit the following Joint Discovery Plan.

1) **Statement of The Case:**

**Plaintiff:** This is a collective action brought under the Fair Labor Standards Act, as amended, 29 U.S.C. § 201, *et seq*. (hereinafter "FLSA"). Plaintiff is a former local delivery driver for Defendant. Plaintiff was compensated a day rate of approximately $120/day. Plaintiff worked in excess of forty (40) hours in various workweeks throughout the duration of his employment with Defendant. However, Defendant failed to compensate Plaintiff at a rate of one and one-half times Plaintiff's regular rate for all hours worked in excess of forty (40) hours in a given workweek, in

violation of the FLSA. Plaintiff seeks to certify a collective action class on behalf of all similarly-situated delivery drivers who worked for Defendant and are entitled to overtime compensation under the FLSA.

**Defendant:** *Plaintiff was employed by Defendant as a Sales Service Specialist Trainee from September 24, 2018 to February 4, 2020. Plaintiff's job duties included operating a truck transporting goods and materials in interstate commerce and performing sales functions. He contends that he was improperly classified as an exempt employee because his deliveries never crossed state lines.*

*There was no FLSA violation because Plaintiff was at all times an employee exempt from the overtime requirements of the FLSA under 29 U.S.C. § 213(b)(1) and 29 C.F.R. § 782.2. The Secretary of Transportation has jurisdiction over Plaintiff's work as a Sales Service Specialist Trainee. Plaintiff was an employee to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49. The Department of Labor had no jurisdiction to impose any overtime requirements on Plaintiff, and this case has absolutely no merit and should never have been filed.*

**2) Jurisdiction:** Plaintiff has sued Defendant under the FLSA, and his claims arise under 29 U.S.C. § 216(b). This Court has original jurisdiction over these claims under 28 U.S.C. §§ 1331.

**3) Relationship, if any, to other cases:**

**Plaintiff**: None.

*Defendant's position is that there are other cases that deal with this exact same issue, but not involving these parties.*

**4) Contemplated amendment(s) of pleadings to add or delete claims, defenses, or parties:** The parties are not aware of any amendments necessary for the pleadings at this time. Plaintiff reserves the right to amend the pleadings following the completion of the conditional certification discovery period.

**5) Discovery:** Plaintiff seeks to certify a collective action class on behalf of all similarly-situated delivery drivers who worked for Defendant and are entitled to overtime compensation under the FLSA. Defendant denies that there is a group of similarly-situated individuals and denies that notice should be sent to advise any of their former or current employees of the pendency of this action. Nevertheless, the number of opt-in Plaintiffs who elect to join the collective action should the Court issue an Order Granting Plaintiff's Motion for Conditional Certification will significantly impact the amount of time required to complete discovery for this collective action. Accordingly, the parties respectfully request an Order bifurcating discovery to allow for a brief period of time to conduct discovery as to the conditional certification issues and the individual named Plaintiff's claims as it stands at the present time.

*It is Defendant's position that Plaintiff was not a delivery driver but a*

3

*Sales Service Specialist Trainee. Defendant's Sales Service Specialists and Sales Service Specialist Trainees are exempt from the overtime requirements of the FLSA under 29 U.S.C. § 213(b)(1) and 29 C.F.R. § 782.2. The Secretary of Transportation has jurisdiction over Defendant's Sales Service Specialist and Sales Service Specialist Trainees.*

*Defendant agrees to bifurcated discovery, but concurrent with the discovery outlined by Plaintiff, the parties would also conduct discovery as to the applicability of the exemption of the Motor Carrier Act ("MCA") to the FLSA, 29 U.S.C. § 213(b)(1). At the conclusion of this discovery period, Defendant intends to file a Motion for Summary Judgment as to the MCA exemption.*

Therefore, the parties propose the following bifurcated discovery plan:

| EVENT | DEADLINE |
|---|---|
| Initial Disclosures under Fed.R.Civ.P. 26(a)(1) | May 1, 2021 |
| Discovery as to conditional certification issues and as to the individual Plaintiff's claims as it stands at the present time | December 15, 2021 |
| Discovery as to the MCA exemption | December 15, 2021 |
| Motions for Summary Judgment on the MCA exemption | January 15, 2021 |
| Plaintiff's Motion to Conditionally Certify Collective Action | January 15, 2021 |

The parties request the Court stay and equitably toll all other deadlines in this matter until the completion of the class-certification period. The parties believe that their resources and the Court's resources would be best served if all remaining deadlines

4

and discovery commence after the Court issues its Order concerning Plaintiff's Motion for Conditional Certification.

Plaintiff's position is that within fourteen (14) days from the Court's ruling on Plaintiff's Motion for Conditional Certification and dispositive motions concerning the Motor Carrier Act ("MCA") Exemption, the parties shall file a Joint Status Report indicating how they intend to proceed in this case.

*Defendant's position is that within thirty (30) days from the Court's ruling on both Defendants Motion for Summary Judgment on the MCA Exemption and Plaintiff's Motion for Conditional Certification, the parties shall file a Joint Status Report indicating how they intend to proceed in this case.*

**6) Anticipated Discovery Disputes and Discovery Progress:**

**Plaintiff:** Defendant is referring to the fact that on March 18, 2021, Plaintiff sent Defendant a Rule 7.1 conferral correspondence requesting that Defendant withdraws several of its affirmative defenses because they are frivolous, procedurally impermissible, and/or unattainable as a matter of law. To the extent Defendant does not agree to withdraw same, Plaintiff will file a Motion to Strike pursuant to Fed.R.Civ.P. 12(f).

*Defendant's position is that based on Plaintiff's recent action, there will be serious problems with discovery. Plaintiff's counsel seeks to severely limit Absopure's defenses and discovery in this case. The Complaint does not accurately*

5

*reflect the facts or even cite the law that is applicable in this case. Defense counsel is uncertain as to what facts or what arguments Plaintiff may make. As a consequence, every possible defense has to be asserted and preserved until discovery is completed. Based on past history in other cases the undersigned has handled, Courts have admonished that any Affirmative Defenses not raised are waived.*

*Absopure believes this case is simple and straightforward. Nonetheless, since Plaintiff makes various assertions and arguments in his Complaint, and could make other unforeseen assertions, there is no guarantee they can all be anticipated by Absopure.*

*Further, Plaintiff argues this is a FLSA Claim. Absopure disagrees and argues that the law in this District and this Circuit and other Districts and Circuits say that the FLSA is not applicable to this type of case. Perhaps, with the Court's assistance this matter can be managed efficiently.*

**7) Facilitation/arbitration//case evaluation:**

*Defendant's position is that it has no interest in facilitation of this matter because it has done nothing wrong.*

**8) Anticipated Motion practice:** The following motions are contemplated by each party: If discovery supports it, Plaintiff intends to file a Motion to Conditionally Certify the Collective Action, and for Summary Judgment; and ***Defendant's Motion for Summary Judgment on the MCA exemption, and Defendant's Motion for***

*Summary Judgment on any remaining FLSA claims.*

**9) Prospects of Settlement:**

*Defendant's position is that there is no likelihood of a settlement in this matter, short of a withdrawal by Plaintiff of this case.*

Respectfully submitted this 23rd day of March, 2021,

| | |
|---|---|
| MORGAN & MORGAN, P.A. | CUMMINGS, McCLOREY, DAVIS & ACHO, P.L.C. |
| */s/Michael N. Hanna* | */s/Ronald G. Acho* |
| Michael N. Hanna | Ronald G. Acho (P23913) |
| Michigan Bar No.: P81463 | Attorney for Defendant |
| Florida Bar No.: 85035 | 17436 College Parkway |
| Attorney for Plaintiff | Livonia, MI 48152 |
| 2000 Town Center, Suite 1900 | (734) 261-2400 |
| Southfield, MI 48075 | racho@cmda-law.com |
| (313) 739-1950 | |
| mhanna@forthepeople.com | |