UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on
behalf of those similarly situated,

       Plaintiff,

  v.

**ABSOPURE WATER COMPANY, LLC,**

       Defendant.

_____/

Civil Action No. 20-12734

HON. MARK A. GOLDSMITH

## PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND/OR MOTION FOR A MORE DEFINITE STATEMENT

Pursuant to Federal Rules of Civil Procedures Rule 12 (e) and (f) and the Local Rules for the Eastern District of Michigan, Plaintiff, Justin Guy ("Guy") requests entry of an Order striking Defendant's First, Second, Third, Fourth, Fifth, Tenth, Eleventh, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, and Twenty-Second Affirmative Defense, as well as Defendant's wherefore clause following Defendant's Twenty-Second Affirmative Defense served by Defendant, Absopure Water Company ("Absopure.") or, alternatively, Motion for a more definite statement concerning Defendant's Fifth Affirmative Defense.

## BACKGROUND

1.     The undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief to be sought by way of this motion and seeking concurrence in the relief, and three business days have lapsed without opposing counsel expressly agreeing to the relief, orally or in writing.  *See* **Exhibit A**.

2.     On October 8, 2020, Plaintiff filed his collective action complaint against Absopure for failure to compensate Plaintiff at a rate of one and one-half times his regular rate for all hours worked in excess of forty (40) hours in a given workweek, in violation of the Fair Labor Standards Act ("FLSA").  ECF No. 1.

3.     On January 6, 2021, Defendant filed a Motion to Dismiss Plaintiff's collective action complaint pursuant to Federal Rules of Civil Procedure 12(b)(6). ECF No. 6.

4.     On February 25, 2021, this Honorable Court issued an Order and Opinion Denying Defendant's Motion to Dismiss.  ECF No. 11.

5.     On March 11, 2021, Defendant filed its Answer and Affirmative Defenses to Plaintiff's Complaint.  ECF No. 12.

6.     As discussed, *infra*, Defendant's First, Second, Third, Fourth, Tenth, Eleventh, Eighteenth, nineteenth, Twentieth, Twenty-Second affirmative defense,

as well as Defendant's wherefore clause are procedurally impermissible and insufficient as a matter of law.

7.     Moreover, Defendant's First, Second, Third, Fifth, fifteenth, Sixteenth, Seventeenth, Twenty-First boilerplate affirmative defense do nothing more than recite buzzwords, and are so devoid of any factual basis that they fail to satisfy the basic fair notice requirement.   Rather, these boilerplate affirmative defenses only state the name of affirmative defenses, and do not allege any elements of the purported defenses or any facts to support the general allegations of affirmative defenses.

8.     For the reasons that follow, Plaintiff respectfully requests entry of an Order striking these affirmative defenses and wherefore clause.   With respect to Defendant's Fifth Affirmative Defense, Plaintiff alternatively requests the Court Order Defendant to provide a more definite statement.

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on
behalf of those similarly situated,

      Plaintiff,

  v.

**ABSOPURE WATER COMPANY, LLC,**

      Defendant.

_____/

Civil Action No. 20-12734

HON. MARK A. GOLDSMITH

## PLAINTIFF'S BRIEF IN SUPPORT OF PLAINTIFF'S MOTION TO STRIKE DEFENDANT'S AFFIRMATIVE DEFENSES AND/OR MOTION FOR A MORE DEFINITE STATEMENT

## INTRODUCTION

On October 8, 2020, Plaintiff filed his collective action complaint against

Defendant for failure to compensate Plaintiff at a rate of one and one-half times his

regular rate for all hours worked in excess of forty (40) hours in a given workweek,

in violation of the Fair Labor Standards Act ("FLSA"). ECF No. 1. On January 6,

2021, Defendant filed a Motion to Dismiss Plaintiff's collective action complaint

pursuant to Federal Rules of Civil Procedure 12(b)(6) based on the Motor Carrier

Act ("MCA") exemption. ECF No. 6.[1] On March 11, 2021, Defendant filed its

---

[1] The Court denied Defendant's Motion, holding that "a Rule 12(b)(6) motion
cannot be granted based on 'alternative facts' put forth by a defendant" and that the
"plaintiff does not have an affirmative obligation to plead the inapplicability of the

Answer and Affirmative Defenses to Plaintiff's Complaint.  ECF No. 12.  While Defendant filed several affirmative defenses that Plaintiff takes no issue with, Defendant filed several other affirmative defenses that are either frivolous, procedurally impermissible, or insufficient as a matter of law.  In an effort to avoid unnecessary motion practice, on March 18, 2021, Plaintiff sent Defendant a detailed nine-page, single spaced conferral correspondence with the applicable legal authority, and requested that Defendant withdraw certain affirmative defenses which are unattainable as a matter of law.  *See* **Ex. A**.  Unfortunately, Defendant elected to ignore Plaintiff's conferral correspondence but did include a paragraph concerning this discovery dispute in the parties' Joint Discovery Plan, which does not provide a substantive response to Plaintiff's detailed requests.  *See* ECF No. 14.  Wherefore, Plaintiff respectfully requests the Court Grant Plaintiff's Motion, and Strike Defendant's Affirmative Defenses as outlined herein.

## MEMORANDUM OF LAW

Pursuant to Rule 12(f) of the Federal Rules of Civil Procedure, "the Court may strike insufficient" affirmative defenses, "or any redundant, immaterial, impertinent, or scandalous matter."  Fed.R.Civ.P. 12(f).  "[A] motion to strike an

---

MCA exemption in his or her complaint."  ECF No. 11, PageID.222, 225; *See also* PageID.225-226 ("To the contrary, none of the cases relied on by Absopure involve applications of the MCA exemption on a motion to dismiss. Absopure's failure to cite any case law in the same procedural posture as this case underscores the inappropriateness of dismissing Guy's complaint based on the MCA exemption at the Rule 12(b)(6) stage.").

affirmative defense under Rule 12(f) is proper if the defense is insufficient; that is, if as a matter of law, the defense cannot succeed under any circumstances." *Specialized Pharm. Servs., LLC v. Magnum Health & Rehab of Adrian, LLC,* No. 12–12785, 2013 WL 1431722, at *5–6 (E.D. Mich. Apr. 9, 2013) (internal quotation marks and citations omitted). "A motion to strike under Rule 12(f) is proper where it will eliminate spurious issues before trial and streamline the litigation" *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D. Mich. 1997) (internal citation omitted).  This serves judicial economy and spares the parties of unnecessary litigation expenses. *HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 690 (N.D. Ohio 2010). The Court retains "'liberal discretion' to strike filings as it deems appropriate." *In re Keithley Instrum., Inc.,* 599 F.Supp.2d 908, 911 (N.D. Ohio 2009) (citing *Nationwide Ins. Co. v. Cent. Mo. Elec. Corp., Inc.*, 278 F.3d 742, 748 (8th Cir. 2001).

    In analyzing these pleadings, district courts within the Sixth Circuit have developed a three-prong test to determine whether an affirmative defense can survive a motion to strike.  *See Iwer*, 708 F. Supp. 2d at 689; *U.S. v. Quadrini*, 69 Fed. R. Serv. 3d 953, 956 (E.D. Mich. 2007).  First, "the matter must be properly pleaded as an affirmative defense."  *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 901 (N.D. Ohio 2003) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc.*, 883 F.2d 1286, 1294 (7th Cir. 1989)).  Second, the affirmative

defense "must be adequately pleaded under the requirements of Fed. R. Civ. P. 8 and 9." *Id.*; *see also Iwer*, 708 F. Supp. 2d at 690; *Microsoft Corp. v. Lutian*, 1:10 CV 1373, 2011 WL 4496531 (N.D. Ohio 2011). Finally, the affirmative defense must be able to "withstand a Rule 12(b)(6) challenge." *Id*.

*Bell Atlantic Corp. v. Twombly*'s holding that a complaint must state "'enough facts to state a claim to relief that is plausible on its face'" also applies "in the context of a defendant asserting an affirmative defense." *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (quoting *Twombly*, 127 S.Ct. 1955, 1964-64 (2007)); *see also U.S. v. Quadrini*, 2007 WL 4303213, at *4 (E.D. Mich. Dec.6, 2007) ("This clarification by the Supreme Court that a plaintiff must plead sufficient facts to demonstrate a plausible claim, or one that has a 'reasonably founded hope' of success, cannot be a pleading standard that applies only to plaintiffs.") "In this vein, the court requires attorneys to accept a continuing obligation to eliminate unnecessary boilerplate in their pleadings." *Safeco Ins. Co. of Am*, 2008 WL 2558015, at *1. Affirmative defenses should "provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case." *Hayne v. Green Ford Sales, Inc*., 263 F.R.D. 647, 650 (D.Kan.2009). "'[M]erely listing affirmative defenses is insufficient [as] 'they must be supported by factual

4

allegations.'" *Lutian*, 2011 WL 4496531 at * 3 (quoting *Openmethods*, 2011 WL 2292149 at *2 (quoting *Ashcroft v. Iqbal*, 129 S.Ct. 1937,  1949 (2009)))). "**It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which after all is the goal of notice pleading.**" *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (emphasis added); *see also Bd. of Trustees of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, No. 1:13-CV-01545-AWI, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action no matter which standard applies.").

Furthermore, since Defendant controls virtually all of the documents and information in this case, it should certainly fall on them to be more forthcoming in its planned defenses in this case.  Again, as many of the courts have noted, this is both for the opposing side's benefit, as well as for the Court.  Here, Defendant's affirmative defenses are so factually deficient that, absent costly and protracted discovery, Plaintiff cannot sufficiently address these defenses in discovery.  Courts have recognized the costly effect to the Court and litigants for having to litigate a

matter with boilerplate affirmative defenses. *See Iwer*, 708 F.Supp.2d 691 ("Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints."); *see also Shinew v. Wszola*, 2009 WL 1076279 at *4 (E.D. Mich. Apr.21, 2009) ("The *Twombly* decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem."). As discussed, *infra*, Defendant's formulaic recitations of template affirmative defenses are so factually insufficient and substantively baseless that they fail to even meet the former notice pleading requirement, let alone the *Iqbal/Twombly* standard that Defendant must abide by in the pleadings of this matter.

## I.     Defendant's Affirmative Defenses

### A.     First and Second Affirmative Defense

Defendant's First and Second affirmative defenses state:

1. Plaintiff's Collective Action Complaint fails to state a claim upon which relief can be granted, and Defendant is entitled to summary judgment as a matter of law.
2. Plaintiff, and the putative members of the purported class, has failed to state a cause of action against the Defendant.

ECF No. 12, PageID.249.  First, the Court has denied Defendant's Motion to Dismiss based on Rule 12(b)(6). ECF No. 11. Second, this defense is procedurally improper and must be stricken because "[**f]ailure to state a claim is not an affirmative defense**." *J & J Sports Prod., Inc. v. Delgado*, 2011 WL 219594, *2

6

(E.D. Cal. January 19, 2011) (emphasis added).  Indeed, district courts in the Sixth Circuit and beyond specifically held that "the affirmative defense of failure to state a claim fails as a matter of law." *Teco Coal Corp. v. Orlando Utilities Com'n*, 6:07-CV-444-KKC, 2010 WL 8750622 at * 17 (E.D. Ky. Sept. 17, 2010).[2] This is because "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *Zeron v. C & C Drywall Corp., Inc.*, No. 09-60861-CIV, 2009 WL 2461771, at *2 (S.D. Fla. Aug. 10, 2009). "**When a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial [,]... the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial**." *Id.* at * 2 (emphasis added).

Here, Defendant failed to provide any support for its formulaic recitation of the Rule 12(b)(6). Plaintiff cannot be expected to address any concerns in his complaint as to why said complaint "fails to state a cause of action" without notice as to what Defendant allegedly believes is insufficient in his detailed pleadings. Defendant provides absolutely no factual support for this conclusory allegation,

---

[2] *See also Flathead-Michigan I, LLC v. Penninsula Dev., L.L.C.,* No. 09-14043, 2011 WL 940048, at *2 (E.D. Mich. Mar. 16, 2011) (denying Defendant's motion to add the affirmative defense of failure to state a claim "because this boilerplate defense has not been clarified or fleshed out and would not pass muster under either the fair notice or the *Twombly/Iqbal* standard...") (internal quotation marks and citation omitted); *Reeves v. Wallington*, 2008 WL 5060400 at * 1(E.D. Mich. 2008); *Stafford v. Connecticut Life Ins. Co.*, 95 C 7152, 1996 WL 197677 at * 2 (N.D. Ill. 1996); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense ....").

and there is nothing to guide this Court or Plaintiff as to what claim fails for relief. *See Safeco*, 2008 WL 2558015, at *1 ("**Boilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution**.") (emphasis added). Plaintiff conferred on this issue, but Defendant has failed to respond. Accordingly, Plaintiff requests the Court to strike Defendant's First and Second Affirmative defense as a matter of law.

### B.    Third Affirmative Defense

Defendant's Third Affirmative Defense states: "To the extent that Plaintiff's claims, as well as the claims of the putative members of the purported class, are based on equitable grounds, they are barred by the doctrine of laches, estoppel, and unclean hands." ECF No. 12, PageID.250. Defendant's boilerplate affirmative defense is really three affirmative defenses in one based on the *equitable* doctrine of laches, estoppel, and unclean hands. However, all of these affirmative defenses are inappropriate and unavailable in FLSA cases as a matter of law.

With respect to the laches affirmative defense, the Supreme Court held that, where Congress has established a statute of limitations, laches may not be invoked to bar damages if the action was brought within the limitations period. *Petrella v.*

*Metro-Goldwyn-Mayer, Inc.*, 572 U.S. 663 (2014).   The Court explained that laches "is a defense developed by courts of equity; its principal application was, and remains, to claims of an equitable cast for which the Legislature has provided no fixed time limitation." *Id.* at 1973; *see also Operating Engineers Loc. 324 Health Care Plan v. G & W Const. Co.*, 783 F.3d 1045, 1054 (6th Cir. 2015) (striking the laches affirmative defense "[b]ecause 'laches within the term of the statute of limitations is no defense at law' to claims for monetary damages") (quoting *U.S. v. Mack,* 295 U.S. 480, 489 (1935))).   Thus, the laches affirmative defense is not available in FLSA matters.   *See e.g., Perez–Nunez v. North Broward Hosp. Dist.,* No. 008–61583–CIV, 2009 WL 723873, at *2 (S.D. Fla. Mar.13, 2009) ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims."); *Ayers v. Consol. Const. Servs. of SW Fla., Inc.,* No. 2:07–CV–123, 2007 WL 4181910, at *1–2 (M.D.Fla. Nov. 26, 2006) (granting motion to strike laches and estoppel affirmative defenses because of "the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court"); *Lynch v. Designs By R&S, Inc.,* No. 05-80727-CIV, 2006 WL 8433640, at *1 (S.D. Fla. Aug. 17, 2006) (striking Defendant's laches affirmative defense because "**the defense of laches is not available in a FLSA cause of action**.") (emphasis added).

9

Likewise, the estoppel affirmative defense is inapplicable to FLSA matters. *See e.g., D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-15 (1946) ("neither wages nor the damages for withholding them are capable of reduction by compromise" under the FLSA); *Burry v. National Trailer Convoy, Inc.*, 338 F. 2d 422 (6th Cir. 1964) ("Defendant's contentions of estoppel and violation of the parol evidence rule are fallacious . . . . Appellant's contention that plaintiff is precluded from challenging his own time sheets by estoppel and the parol evidence rule are inconsistent with both the language and the policy of the Fair Labor Standards Act.") (citing *Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir. 1959)); *Handler v. Thrasher*, 191 F. 2d 120 (10th Cir. 1951); *Toney v. Dech Corp.,* No. 2:10-CV-529, 2010 WL 11623057, at \*1 (M.D. Fla. Nov. 30, 2010) ("**The general rule is that the defense of estoppel is not available in FLSA cases**.") (emphasis added); *Hallemeier v. Schnuck Markets, Inc.,* 1994 WL 171443 (D. Kan. 1994).

In the same vein, District Courts have held that an unclean hands affirmative defense is unavailable as a matter of law for FLSA claims. *See e.g., Lee v. Askin Trucking, Inc.*, No. 05-14335-CIV, 2006 WL 8430906, at \*3 (S.D. Fla. Feb. 8, 2006) ("**Because the affirmative defense of waiver and the related defenses of estoppel and unclean hands are unavailable under the FLSA**, the Court concludes that they are unavailable under Florida law.") (emphasis added); *Brock*

*v. Mr. W Fireworks, Inc.,* 545 F.3d 338, 345 (5th Cir.1987) ("**There is neither a logical nor legal nexus between the operators subjective desires regarding their preferred method of payment and a finding of their employment status. Subjective beliefs cannot transmogrify objective economic realities**.") (emphasis added).  Accordingly, Plaintiff requests this Court to strike Defendant's Third Affirmative Defense.

### C.    Fourth Affirmative Defense:

Defendant's Fourth Affirmative Defense states: "There is no actual controversy giving rise to an actionable claim."  ECF No. 12, PageID.250.  It is incomprehensible to ascertain what, if anything, Defendant means by this pleading.  Indeed, there is a controversy.  *See* Complaint, ECF No. 1.  The Court also found a controversy exists, and Denied Defendant's motion to dismiss, reasoning that it was premature for the Court to decide on the applicability of the Motor Carrier Act ("MCA") exemption at this juncture and could not consider facts outside of the complaint.  ECF No. 11.  Plaintiff again conferred and requested Defendant withdraw its Fourth Affirmative Defense, but Defendant has failed to do so, and also failed to provide any substantive reason as to the propriety of this affirmative defense.  Accordingly, Defendant's Fourth affirmative defense must be stricken.

11

### D.    Fifth Affirmative Defense

Defendant's Fifth Affirmative Defense states: "Plaintiff is not entitled to the relief he seeks because he was at all times an exempt employee under 29 U.S.C. § 213(b)(1) and 29 C.F.R. § 782.2." ECF No. 12, PageID.250. 29 U.S.C. § 213(b)(1) discusses the MCA exemption in general, and 29 C.F.R. § 782.2 likewise discusses every plausible component and requirement concerning the MCA exemption.  "**A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P.8(c), must be specifically pleaded or it will be deemed waived**." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318-19 (S.D.Fla.2005) (citing *Schwind v. EW & Assocs., Inc.,* 357 F.Supp.2d 691, 697-98 (S.D.N.Y.2005)) (emphasis added); *see also Judkins v. Bloomen Int'l, Inc.,* No. 809-CV-02538-T-17TBM, 2010 WL 2510665, at *3 (M.D. Fla. June 21, 2010) (striking Defendant's vague affirmative defense that this matter should be dismissed because Plaintiff is "exempt from some or all of the FLSA's requirements", reasoning that "the exemptions of Section 13 are numerous" and defendant "fails to both allege **evidentiary facts** and **provide fair notice of the asserted defense of exemption**.") (emphasis added).

Indeed, "the determination whether the MCA exemption applies to route drivers who operate wholly within one state is a **case-specific and highly fact-intensive inquiry**." *Thompson v. Eldorado Coffee Roasters Ltd.,* 246 F. Supp. 3d

697, 702 (E.D.N.Y. 2017) (emphasis added); *see, e.g., Robinson v. Open Top Sightseeing San Francisco, LLC,* No. 14-CV-00852-PJH, 2017 WL 2265464, at *11 (N.D. Cal. May 24, 2017) ("[T]he applicability of the MCA exemption is a factually and legally complicated issue; the case law is extensive, and the test is subtle, multi-factored, and fact-intensive."). Defendant's Motion to Dismiss, and the thirty-five (35) pages of legal briefings previously provided by Defendant seemingly includes case law with virtually every possible MCA exemption fact pattern that Defendant could locate, and seems to assert that each and every one of those facts and arguments are applicable to this matter. *See* ECF Nos. 6, 7-2, 7-3, 7-4, 7-5, and 7-6. The amount of discovery Plaintiff would be required to complete concerning the essentially limitless arguments Defendant has asserted concerning the various potential applications of the MCA exemption will be daunting, just to ferret out the precise basis of the purported defense that should have been identified in the pleadings. Indeed, as plead, discovery regarding the purported exemption will require inspection of virtually every aspect of Defendant's business, will clutter the docket, and create an exorbitant amount of unnecessary work in this litigation. *See Pitt v. Twp. of Lee,* No. 20-CV-13021, 2021 WL 352000, at *3 (E.D. Mich. Feb. 2, 2021) ("While Rule 8(c) may allow pleading in 'general terms,' *Lawrence*, 182 F. App'x at 456, Defendants have no

license to "clutter the docket" or 'create unnecessary work' with a litany of affirmative defenses that fail to meaningfully identify the facts and law at issue.").

To be clear, Plaintiff is not claiming that Defendant cannot ultimately plead the MCA exemption as an affirmative defense. Rather, Plaintiff asserts that, as plead, the defense is insufficient and should be stricken, or, at the very least, Defendant must be required to abide by the pleading requirements and provide adequate notice and a more definite statement of the factual basis concerning Defendant's claimed application of the MCA exemption affirmative defense to the extent it intends to rely on same. *See Iwer*, 708 F.Supp.2d 691 ("Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints."); *see also Shinew v. Wszola*, 2009 WL 1076279 at *4 (E.D. Mich. Apr.21, 2009) ("The *Twombly* decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem."). Accordingly, Plaintiff respectfully requests that Defendant's Fifth Affirmative Defense be stricken, or a more definite statement be provided.

### E.    Tenth Affirmative Defense:

Defendant's Tenth Affirmative Defense states: "Plaintiff and the putative members of the purported class have suffered no damages." ECF No. 12, PageID.250. This appears to be a simple defense to the case; not an affirmative

14

defense. *See Toney*, 2010 WL 11623057, at *2 ("In the Fourth Amended Affirmative Defense, the Defendants 'deny any liability; however, regardless of liability, Plaintiff has suffered no damages as a result of Defendants' purported violations.' (Doc. 21, p. 3). **The Defendants cite no cases to support this affirmative defense, and this affirmative defense appears to be a simple defense of the case. The Court will strike the Fourth Amended Affirmative Defense.**") (emphasis added). Thus, Plaintiff respectfully requests that Defendant's Tenth Affirmative defense be stricken.

### F.     Fifteenth, Sixteenth and Seventeenth Affirmative Defense:

Defendant's Fifteenth, Sixteenth, and Seventeenth Affirmative Defense states:

> 15. Plaintiff may not maintain this action as a class action. The Collective Action Complaint fails to satisfy the requirements of maintaining a class action under federal law, including, but not limited to 29 U.S.C. § 216(b).
>
> 16. Plaintiff's claims are barred in whole or in part because the class is not so numerous that joinder of all members is impracticable.
>
> 17. Plaintiff's claims are barred in whole or in part because no common questions of law or fact exist among alleged class members sufficient to merit class action treatment.

ECF No. 12, PageID.251. Defendant's boilerplate Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses are frivolous because Plaintiff has not sought to certify a Rule 23 class action, but a collective action under the FLSA. *See*

15

Fed.R.Civ.P. 23.   Unlike class actions brought pursuant to Rule 23, representative actions under the FLSA brought pursuant to 29 U.S.C. Section 216 have no statutorily mandated class certification procedure to determine numerosity, commonality, typicality, and representativeness; the only statutory criterion for certification is that the putative plaintiffs be "similarly situated." Accordingly, Plaintiff request this Court strike Defendant's frivolous Fifteenth, Sixteenth, and Seventeenth Affirmative Defenses.

### G.   Eighteenth Affirmative Defense:

Defendant's Eighteenth affirmative defense states: "Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or acquiescence." ECF No. 12, PageID.252.   As a matter of law, one cannot waive, release, compromise, or acquiesce his or her rights under the FLSA.   *See, Brooklyn Savings Bank v. O-Neill*, 324 U.S. 697, 706-07 (1945) ("We are of the opinion that the same policy considerations which **forbid waiver of basic minimum and overtime wages under the Act also prohibit waiver of the employee's right to liquidated damages**.") (emphasis added).[3]  Thus, Plaintiff respectfully requests Defendant strike their eighteenth affirmative defense.

---

[3]  *See also e.g., Tho Dihn Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir. 2002); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997) (An individual cannot waive entitlement to FLSA benefits); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1983);   *Brennan v. Veteran Cleaning Services, Inc.*, 482 F.2d 1362 (5th Cir. 1973) ("It has long been recognized that the

### H.   Nineteenth Affirmative Defense:

Defendant's Nineteenth Affirmative Defense states: "Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment."  ECF No. 12, PageID.251.  Unjust enrichment is not an affirmative defense, and is also inapplicable to FLSA cases.  *See e.g., Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945) ("And even those employers who pay wages above the minimum and who maintain no substandard working conditions must respect the [FLSA's] statutory pattern.... employees are not to be deprived of the benefits of the Act simply because they are well paid...."); *Saenz v. Rod's Prod. Servs., LLC*, No. 2:14-CV-00525 RB-GBW, 2015 WL 12866986, at *7 (D.N.M. June 23, 2015) ("[T]he Court will not approve an affirmative claim of unjust enrichment to recover duly paid wages, even if Plaintiff

---

protection afforded by the Fair Labor Standards Act may not be waived by agreement between employer and employee."); *Benion v. LeCom Commc'ns, Inc.*, No. 15-14367, 2018 WL 7890861, at *1 (E.D. Mich. Dec. 7, 2018) ("An employee's right to overtime premium wages under the FLSA is mandatory and is not subject to bargaining, waiver, or modification by contract or settlement.") (citing *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 706 (1945))); *Lynch v. Designs By R&S, Inc.,* No. 05-80727-CIV, 2006 WL 8433640, at *2 (S.D. Fla. Aug. 17, 2006) ("**As courts have expressly noted that the equitable defense of waiver is not available under the FLSA, the court concludes that the Defendants' Affirmative Defense of waiver shall be stricken**.") (emphasis added).

was paid well under the contract.").[4] Thus, Plaintiff requests the Court Strike Defendant's nineteenth affirmative defense.

## I.   Twentieth Affirmative Defense

Defendant's Twentieth Affirmative Defense states: "Plaintiff's claims are barred in whole or in part by the doctrine of consent."  ECF No. 12, PageID.251. The doctrine of consent is not a valid affirmative defense to claims made under the FLSA.  *See Levine v. Merrill Lynch*, No. 09 CIV. 304 (PGG), 2009 WL 10691070, at *7 (S.D.N.Y. Dec. 22, 2009). ("**Because  the doctrine of consent is  not  a valid affirmative defense to claims made under the FLSA**, and because Plaintiff Kobakhidze alleges only claims under the FLSA, **her motion to strike this defense will be granted**.") (emphasis added).  Indeed, in *Barrentine v. Arkansas-Best Freight System*, the Supreme Court stated that:

> This Court's decisions interpreting the FLSA have  frequently emphasized the nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate.

---

[4] *See also e.g., Saarela v. Union Colony Protective Servs., Inc.*, No. 13-CV-01637-MSK-MJW, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014)( "Since *Donovan*, most courts considering the issue have generally agreed that setoffs and recoupments are disfavored in FLSA suits.")(internal citations omitted); *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir.1974) (holding that set-offs and counterclaims are inappropriate in cases brought to enforce the FLSA's minimum wage and overtime provisions.) *rev'd on other grounds by McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988)).

450 U.S. 728, 740 (1981) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)); *see also Craig v. Bridges Bros. Trucking LLC,* 823 F.3d 382, 388 (6th Cir. 2016) (reversing the district court's decision that would allow an employee to voluntarily opt out of her rights under the FLSA, reasoning that such a holding contradicts *Barrentine* which held that FLSA rights cannot be waived.). Accordingly, Plaintiff requests the Court Strike Defendant's Twentieth affirmative defense.

### J.    Twenty-First Affirmative Defense:

Defendant's Twenty-first affirmative defense states: "Defendant reserves the right to raise additional Affirmative Defenses as they may become known through the course of discovery."  ECF No. 12, PageID.252.  Catchall defenses are grossly improper because they do not provide Plaintiff or the Court fair notice of the claimed defenses – which, after all, is the goal of notice pleading.  As a result, catchall affirmative defenses are categorically dismissed and waived.  *See e.g.*, *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir.2004) (noting that when a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived); *Pitt*, 2021 WL 352000, at *4 (striking defendant's affirmative defense to amend the affirmative defenses with any additional affirmative defenses, because "'[A] reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15.'") (quoting *Paducah*

19

*River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011)).[5] Accordingly, Defendant's Twenty-First catchall Affirmative defense is improper and must be stricken.

### K. Twenty-Second Affirmative Defense:

Defendant's Twenty-Second Affirmative Defense states: "Defendant demands a reply to each and every Affirmative Defense herein." ECF No. 12, PageID.252. This is plainly not an affirmative defense, and there is no nothing in the Federal Rules of Civil of Procedure that permits such a demand for a "reply" to its affirmative defenses. Plaintiff conferred with Defendant, and asked Defendant "under what authority does Defendant 'demand a reply' to its affirmative defenses?" **Ex. A**, p. 9. However, Defendant ignored Plaintiff's conferral, and has

---

[5] *See also e.g., Grace v. Ross Dress for Less, Inc.,* No. 5:19-CV-199-TBR, 2020 WL 695658, at *1 (W.D. Ky. Feb. 11, 2020) (granting plaintiff's motion to strike defendant's affirmative defense that reserved the right to assert additional defenses because it failed to provide proper notice of the intended defense); *Toney,* 2010 WL 11623057, at *2 ("The Defendants assert in the Fifth Amended Affirmative Defense that they reserve the right to assert additional defenses. The Defendants have failed to cite any cases which permit them to reserve the right to bring additional Affirmative Defenses at a later date. Therefore, the Court will strike the Fifth Amended Affirmative Defense."); *Gonzalez v. Spears Holdings, Inc.,* 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009) (striking a reservation of rights clause asserted as an affirmative defense); *Curry v. High Springs Fam. Prac. Clinic & Diagnosis Ctr. Inc.*, No. 1:08-CV-00008-MP-AK, 2008 WL 5157683, at *5 (N.D. Fla. Dec. 9, 2008); *Visco Fin. Services, Ltd. v. Siegel*, 08-C-4029, 2008 WL 4900530 at * 7 (N.D. Ill. Nov. 13, 2008) ("Affirmative defense 24 states that "[Siegel] reserves the right to assert additional affirmative defenses upon information and discovery," which is impermissibly pled because if a party does not bring an affirmative defense in its first responsive pleading, then it is waived); *Ayers*, 2007 WL 4181910, at *2.

20

not withdrawn its Twenty-Second Affirmative defense.  Defendant's defense is again frivolous, and Plaintiff requests this Court to strike the defense.

### L.      Defendant's Wherefore Clause:

Defendant includes a "Wherefore clause" that requests the Court "dismiss this matter in its entirety and award Defendant its costs and reasonable attorney fees associated with this action." ECF No. 12, PageID.252.  First, Defendant cannot seek to "strike" Plaintiff's Complaint in its wherefore clause to its affirmative defenses.  Second, Defendant request for attorneys' fees is improper. Section 29 U.S.C. 216(b) provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action."  It is axiomatic that this provision is interpreted to allow prevailing plaintiffs, not prevailing defendants to recover attorneys' fees and costs under cases brought under the FLSA. *See e.g., Fegley v. Higgins,* 19 F.3d 1126, 1135 (6th Cir. 1994) (holding that defendants may not recover attorney's fees in defending FLSA actions); *Gonzalez v. Holdings, Inc.*, 2009 WL 2391233 (S.D.Fla. July 31, 2009) (striking reservation of rights cause claiming entitlement to fees in Defendant's answer in FLSA case); *Perez-Nunez v. North Broward Hosp.Dist.*, 2009 WL 723873 (S.D.Fla. July 31, 2009) (same); *Hutton c. Grumpie's Pizza and Subs*, *Inc.*, 2008 WL 1995091 (S.D.Fla. May 7, 2008) (striking Defendant's wherefore clause in FLSA case seeking

attorneys' fees); *Ayers*, 2007 WL 4181910 (striking FLSA Defendant's affirmative defense seeking attorneys' fees); *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680 (S.D. Fla. July 13, 2004) ("The FLSA, however, **is not a two-way fee-shifting statute**. Attorney's fees are awarded to prevailing plaintiffs, but no similar provision is made for prevailing defendants.") (emphasis added). Thus, Defendant's wherefore clause is improperly pled and/or insufficient, and must also be stricken.

## <u>CONCLUSION</u>

Plaintiff respectfully requests the entry of an Order striking Defendant's First, Second, Third, Fourth, Tenth, Eleventh, Fifteenth, Sixteenth, Seventeenth, Eighteenth, Nineteenth, Twentieth, Twenty-First, Twenty-Second Affirmative Defense, as well as Defendant's wherefore clause following Defendant's Twenty-Second Affirmative Defense.   Plaintiff also respectfully requests the entry of an Order striking Defendant's Fifth affirmative defense or, in the alternative, an Order requiring Defendant to provide a more definite statement concerning its fifth affirmative defense, and any other relief this Court deems just and proper.

Dated: April 1, 2021

Respectfully submitted,

By: /s/ *Michael N. Hanna,*
    **MORGAN & MORGAN, P.A.**
    **MICHAEL N. HANNA**
    Michigan Bar No.: P81463
    Florida Bar No.: 85035
    **HABA K. YONO**
    Michigan Bar No.: P81114
    Attorney for Plaintiff
    2000 Town Center, Suite 1900
    Southfield, MI  48075
    (313) 739-1953
    mhanna@forthepeople.com
    hyono@forthepeople.com

23

## **LOCAL RULE CERTIFICATION**

LOCAL RULE CERTIFICATION: I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

## **CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed using the CM/ECF system on April 1, 2021, which I understand will send a notice of same to all counsel of record.

*/s/ Michael N. Hanna*
Michael N. Hanna

24