# EXHIBIT A

**From:** Michael Hanna x8310
**Sent:** Thursday, March 18, 2021 2:59 PM
**To:** 'Ronald G. Acho'
**Cc:** Haba Yono x8314; Andrea White x8311; Veronica Stewart x8313
**Subject:** 10638776 Guy, Justin vs. Absopure Water Company, LLC.: Rule 7.1 Conferral re Plaintiff's Motion to Strike

Counsel:

Please allow this correspondence to serve as Plaintiff's Local Rule 7.1 Conferral concerning Plaintiff's Motion to Strike Defendant's Frivolous Affirmative Defenses. As outlined herein, many of Defendant's affirmative defenses are either frivolous, procedurally impermissible, or insufficient as a matter of law. To avoid unnecessary Motion Practice, please withdraw Defendant's Affirmative Defense Nos. 1 – 6, 10-11, 15-22, and Defendant's wherefore clause, by **March 24, 2021** to avoid the filing of Plaintiff's Motion to Strike Defendant's Frivolous Affirmative Defenses.

Fed.R.Civ.P.12(f) allows a court to "strike from a pleading an insufficient defense or any redundant, immaterial, impertinent, or scandalous matter." An affirmative defense is insufficient where "as a matter of law, the defense cannot succeed under any circumstances." *Specialized Pharm. Servs., LLC v. Magnum Health & Rehab of Adrian, LLC,* No. 12–12785, 2013 WL 1431722, at *5–6 (E.D. Mich. Apr.9, 2013); *see also e.g., Flathead Michigan I, LLC v. Penninsula Dev., L.L.C.*, 2011 WL 940048 at *2 (E.D. Mich. March 16, 2011); *Ameriwood Indus. Int'l Corp. v. Arthur Andersen & Co.*, 961 F. Supp. 1078, 1083 (W.D.Mich.1997).

In analyzing these pleadings, the district courts in the Sixth Circuit have developed a three-prong test to determine whether an affirmative defense can survive a motion to strike. *See HCRI TRS Acquirer, LLC v. Iwer*, 708 F. Supp. 2d 687, 689 (N.D. Ohio 2010); *U.S. v. Quadrini*, 69 Fed. R. Serv. 3d 953, 956 (E.D. Mich. 2007). First, "the matter must be properly pleaded as an affirmative defense." *Williams v. Provident Inv. Counsel, Inc.*, 279 F. Supp. 2d 894, 901 (N.D. Ohio 2003) (citing *Heller Fin., Inc. v. Midwhey Powder Co., Inc*., 883 F.2d 1286, 1294 (7th Cir. 1989)). Second, the affirmative defense "must be adequately pleaded under the requirements of Fed. R. Civ. P. 8 and 9." *Id.*; *see also Iwer*, 708 F. Supp. 2d 687, 690 (N.D. Ohio 2010); *Microsoft Corp. v. Lutian*, 1:10 CV 1373, 2011 WL 4496531 (N.D. Ohio 2011). Finally, the affirmative defense must be able to "withstand a Rule 12(b)(6) challenge." *Id*.

*Bell Atlantic Corp. v. Twombly*'s holding that a complaint must state "'enough facts to state a claim to relief that is plausible on its face'" also applies "in the context of a defendant asserting an affirmative defense." *Safeco Ins. Co. of Am. v. O'Hara Corp.*, No. 08-CV-10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) (quoting *Twombley*, 127 S.Ct. 1955, 1964-64 (2007)). "In this vein, the court requires attorneys to accept a continuing obligation to eliminate unnecessary boilerplate in their pleadings." *Id.* at *1. Affirmative defenses should "provide enough notice to the opposing party that indeed there is some plausible, factual basis for the assertion and not simply a suggestion of the possibility that it may apply to the case." *Hayne v. Green Ford Sales, Inc.*, 263 F.R.D. 647, 650 (D.Kan.2009). "'[M]erely listing affirmative defenses is insufficient [as] 'they must be supported by factual allegations.'" *Lutian*, 2011 WL

<a>

<b>

</b>
</a>

4496531 at * 3 (quoting *Openmethods*, 2011 WL 2292149 at *2 (quoting *Iqbal*, 129 S.Ct. at 1949))). "**It is unacceptable for a party's attorney simply to mouth [affirmative defenses] in formula-like fashion ('laches,' 'estoppel,' 'statute of limitations' or what have you), for that does not do the job of apprising opposing counsel and this Court of the predicate for the claimed defense—which after all is the goal of notice pleading**." *Reis Robotics USA, Inc. v. Concept Indus., Inc.*, 462 F. Supp. 2d 897, 907 (N.D. Ill. 2006) (emphasis added); *Bd. of Trustees of IBEW Local Union No. 100 Pension Tr. Fund v. Fresno's Best Indus. Elec., Inc.*, No. 1:13-CV-01545-AWI, 2014 WL 1245800, at *4 (E.D. Cal. Mar. 24, 2014) ("Simply identifying an affirmative defense by name does not provide fair notice of the nature of the defense or how it applies in this action no matter which standard applies.").

Furthermore, since Defendant controls virtually all of the documents and information in this case, it should certainly fall on them to be more forthcoming in their planned defenses in this case. Again, as many of the courts have noted, this is both for the opposing side's benefit, as well as for the Court. Here, Defendant's affirmative defenses are so factually deficient that, absent costly and protracted discovery, Plaintiff cannot sufficiently address these defenses in discovery. Courts have recognized the costly effect to the Court and litigants for having to litigate a matter with boilerplate affirmative defenses. *See Iwer*, 708 F.Supp.2d 691 ("Boilerplate affirmative defenses that provide little or no factual support can have the same detrimental effect on the cost of litigation as poorly worded complaints."); *see also Shinew v. Wszola*, 2009 WL 1076279 at *4 (E.D. Mich. Apr.21, 2009) ("The *Twombly* decision also observed that discovery costs required to explore the factual basis for a pleaded claim or defense are a problem.").

As discussed, *infra*, Defendant's formulaic recitations of template affirmative defenses are so factually insufficient and substantively baseless that they fail to even provide Plaintiff's counsel with notice of Defendant's defenses, let alone meet the *Iqbal/Twombley* standard.

**Defendant's Affirmative Defenses:**

**First and Second Affirmative Defense:**

    Defendant's First and Second Affirmative Defenses states:

1. Plaintiff's Collective Action Complaint fails to state a claim upon which relief can be granted, and Defendant is entitled to summary judgment as a matter of law.
2. Plaintiff, and the putative members of the purported class, has failed to state a cause of action against the Defendant.

ECF No. 12, PageID.249. First, the Court has denied Defendant's Motion to Dismiss based on Rule 12(b)(6). *Guy v. Absopure Water Co.,* No. 20-12734, 2021 WL 735787, at *1 (E.D. Mich. Feb. 25, 2021). Second, this defense is procedurally improper and must be stricken because "[f]ailure to state a claim is not an affirmative defense." *J & J Sports Prod., Inc. v. Delgado*, 2011 WL 219594, *2 (E.D. Cal. January 19, 2011). Indeed, district courts in the Sixth Circuit and beyond specifically held that "the affirmative defense of failure to state a claim fails as a matter of law." *Teco Coal Corp. v. Orlando Utilities Com'n*, 6:07-CV-444-KKC, 2010 WL

2

8750622 at * 17 (E.D. Ky. Sept. 17, 2010); *see also Reeves v. Wallington*, 2008 WL 5060400 at * 1(E.D. Mich. 2008); *Stafford v. Connecticut Life Ins. Co.*, 95 C 7152, 1996 WL 197677 at * 2 (N.D. Ill. 1996); *Barnes v. AT&T Pension Ben. Plan-Nonbargained Program*, 718 F. Supp. 2d 1167, 1174 (N.D. Cal. 2010) ("Failure to state a claim is not a proper affirmative defense ....")This is because "[a] defense which points out a defect in the plaintiff's *prima facie* case is not an affirmative defense." *Zeron v. C & C Drywall Corp., Inc.*, No. 09-60861-CIV, 2009 WL 2461771, at *2 (S.D. Fla. Aug. 10, 2009). "**When a party incorrectly labels a 'negative averment as an affirmative defense rather than as a specific denial [,]... the proper remedy is not [to] strike the claim, but rather to treat [it] as a specific denial**." *Id.* at * 2 (emphasis added).

Here, Defendant failed to provide any support for its formulaic recitation of the Rule 12(b)(6). Plaintiff cannot be expected to address any concerns in his complaint as to why said complaint "fails to state a cause of action" without notice as to what Defendant allegedly believes is insufficient in his detailed pleadings. Defendant provides absolutely no factual support for this conclusory allegation, and there is nothing to guide this Court or Plaintiff as to what claim fails for relief. *See Safeco Ins. Co. of America v. O'Hara Corp.*, No. 08–10545, 2008 WL 2558015, at *1 (E.D. Mich. June 25, 2008) ("**Boilerplate defenses clutter the docket and, further, create unnecessary work. Opposing counsel generally must respond to such defenses with interrogatories or other discovery aimed at ascertaining which defenses are truly at issue and which are merely asserted without factual basis but in an abundance of caution**.") (emphasis added). Accordingly, Plaintiff requests that you withdraw Defendant's vague and untenable first and second affirmative defense, or Plaintiff will move to strike as a matter of law.

**Third Affirmative Defense:**

> Defendant's Third Affirmative Defense states:
>
> To the extent that Plaintiff's claims, as well as the claims of the putative members of the purported class, are based on equitable grounds, they are barred by the doctrine of laches, estoppel, and unclean hands.

ECF No. 12, PageID.250. Defendant's third boilerplate affirmative defense is really three affirmative defenses in one based on the *equitable* doctrine of laches, estoppel, and unclean hands. However, all of these affirmative defenses are inappropriate and unavailable in FLSA cases as a matter of law.

With respect to the laches affirmative defense, it has been stricken as it is not available in FLSA matters. *See e.g., Lynch v. Designs By R&S, Inc.,* No. 05-80727-CIV, 2006 WL 8433640, at *1 (S.D. Fla. Aug. 17, 2006) (striking Defendant's laches affirmative defense because "**the defense of laches is not available in a FLSA cause of action**.") (emphasis added); *Ayers v. Consol. Const. Servs. of SW Fla., Inc.,* No. 2:07–CV–123, 2007 WL 4181910, at *1–2 (M.D.Fla. Nov. 26, 2006) (granting motion to strike laches and estoppel affirmative defenses because of "the general rule that an employee cannot waive her rights under the FLSA without supervision by the Secretary of Labor or the Court"); *Perez–Nunez v. North Broward Hosp. Dist.,* No. 008–

61583–CIV, 2009 WL 723873, at *2 (S.D.Fla. Mar.13, 2009) ("The doctrines of waiver, estoppel and laches are generally not applicable to FLSA claims.")

With respect to the estoppel affirmative defense, it is also inapplicable in FLSA matters. *See e.g., Burry v. National Trailer Convoy, Inc.*, 338 F. 2d 422 (6th Cir. 1964) ("Defendant's contentions of estoppel and violation of the parol evidence rule are fallacious . . . . Appellant's contention that plaintiff is precluded from challenging his own time sheets by estoppel and the parol evidence rule are inconsistent with both the language and the policy of the Fair Labor Standards Act.") (citing *Caserta v. Home Lines Agency, Inc.,* 273 F.2d 943, 946 (2d Cir. 1959)); *Handler v. Thrasher*, 191 F. 2d 120 (10th Cir. 1951); *Hallemeier v. Schnuck Markets, Inc.,* 1994 WL 171443 (D. Kan. 1994); *D.A. Schulte, Inc. v. Gangi*, 328 U.S. 108, 114-15 (1946) ("neither wages nor the damages for withholding them are capable of reduction by compromise" under the FLSA); *Toney v. Dech Corp.,* No. 2:10-CV-529, 2010 WL 11623057, at *1 (M.D. Fla. Nov. 30, 2010) ("**The general rule is that the defense of estoppel is not available in FLSA cases**.") (emphasis added).

With respect to Defendant's unclean hands affirmative defense, the courts have held that it is also unavailable in FLSA cases. *See e.g., Lee v. Askin Trucking, Inc.*, No. 05-14335-CIV, 2006 WL 8430906, at *3 (S.D. Fla. Feb. 8, 2006) ("**Because the affirmative defense of waiver and the related defenses of estoppel and unclean hands are unavailable under the FLSA**, the Court concludes that they are unavailable under Florida law.") (emphasis added); *Brock v. Mr. W Fireworks, Inc.,* 545 F.3d 338, 345 (5th Cir.1987) ("**There is neither a logical nor legal nexus between the operators subjective desires regarding their preferred method of payment and a finding of their employment status. Subjective beliefs cannot transmogrify objective economic realities**.") (emphasis added).  Accordingly, Plaintiff requests Defendant withdraw its third affirmative defense to avoid further motion practice.

**Fourth Affirmative Defense:**

> Defendant's Forth Affirmative Defense states:
>
> There is no actual controversy giving rise to an actionable claim.

ECF No. 12, PageID.250.  I cannot comprehend how this is an affirmative defense.  Indeed, there is a controversy.  *See* Complaint, ECF No. 1.  Please withdraw Defendant's frivolous forth affirmative defense.

**Fifth Affirmative Defense:**

Plaintiff requests that Defendant withdraw or provide a more definite statement as to Defendant's Fifth Affirmative Defense.  Defendant's Fifth Affirmative Defense states:

> Plaintiff is not entitled to the relief he seeks because he was at all times an exempt employee under 29 U.S.C. § 213(b)(1) and 29 C.F.R. § 782.2.

ECF No. 12, PageID.250. I understand Defendant mistakenly believes that Plaintiff is exempt under the Motor Carrier Act and has attempted to articulate same in its Affirmative Defense Nos. 6-9. Notably, Plaintiff is not requesting Defendant withdraw its affirmative defense nos. 6-9. However, in light of Affirmative Defense Nos. 6-9, Defendant's vague Fifth affirmative defense needs to be withdrawn, or a more definite statement needs to be provided. "**A claim of exemption under the FLSA is an affirmative defense that, pursuant to Fed.R.Civ.P.8(c), must be specifically pleaded or it will be deemed waived**." *Morrison v. Executive Aircraft Refinishing, Inc.*, 434 F.Supp.2d 1314, 1318-19 (S.D.Fla.2005) (citing *Schwind v. EW & Assocs., Inc.,* 357 F.Supp.2d 691, 697-98 (S.D.N.Y.2005)) (emphasis added); *See also Exclusively Cats Veterinary Hosp., P.C. v. Pharm. Credit Corp.*, No. 13-CV-14376, 2014 WL 4715532, at *3 (E.D. Mich. Sept. 22, 2014). ("Plaintiff cannot reasonably prepare a response to this defense [plaintiff's claim are barred in whole or in part by the Telephone Consumer Protection Act (TCPA)] without at least knowing which provision of the TCPA allegedly bars plaintiff's claims. The Court will therefore order defendant to provide a more definite statement of this defense pursuant to Rule 12(e)."); *Judkins v. Bloomen Int'l, Inc.,* No. 809-CV-02538-T-17TBM, 2010 WL 2510665, at *3 (M.D. Fla. June 21, 2010) (striking Defendant's vague affirmative defense that this matter should be dismissed because Plaintiff is "exempt from some or all of the FLSA's requirements", reasoning that "the exemptions of Section 13 are numerous" and defendant "fails to both allege evidentiary facts and provide fair notice of the asserted defense of exemption.").

**Tenth Affirmative Defense:**

Defendant's Tenth Affirmative Defense states:

Plaintiff and the putative members of the purported class have suffered no damages.

ECF No. 12, PageID.250. This appears to be a simple defense to the case; not an affirmative defense. *See Toney*, 2010 WL 11623057, at *2 ("In the Fourth Amended Affirmative Defense, the Defendants 'deny any liability; however, regardless of liability, Plaintiff has suffered no damages as a result of Defendants' purported violations.' (Doc. 21, p. 3). **The Defendants cite no cases to support this affirmative defense, and this affirmative defense appears to be a simple defense of the case. The Court will strike the Fourth Amended Affirmative Defense**.") (emphasis added). Please withdraw Defendant's tenth affirmative defense.

**Eleventh Affirmative Defense:**

Defendant's Eleventh Affirmative Defense states:

Plaintiff and the putative members of the purported class lack standing to assert any of the alleged claims.

ECF No. 12, PageID.251. Lack of standing is not an affirmative defense. *See Hernandez v. Cty. of Monterey*, 306 F.R.D. 279, 286 (N.D. Cal. 2015) ("[**L**]**ack of standing is not in fact**

**an affirmative defense**." ) (emphasis added); *Rosario v. 11343 Penrose Inc.,* No. 2:20-CV-04715-SB-RAO, 2020 WL 8812460, at *11 (C.D. Cal. Oct. 26, 2020) (same); *Vogel v. Huntington Oaks Del. Partners, LLC*, 291 F.R.D. 438, 442 (C.D. Cal. 2013) (explaining that "assert[ing] that [the plaintiff] lacks standing" is "not an affirmative defense"). Rather, a motion to dismiss for lack of standing is properly brought under a Rule 12(b)(1) motion in lieu of filing a responsive pleading. Please withdraw your Eleventh affirmative defense.

**Fifteenth, Sixteenth and Seventeenth Affirmative Defense:**

>Defendant's Fifteenth, Sixteenth, and Seventeenth Affirmative Defense states:
>
>15. Plaintiff may not maintain this action as a class action. The Collective Action Complaint fails to satisfy the requirements of maintaining a class action under federal law, including, but not limited to 29 U.S.C. § 216(b).
>
>16. Plaintiff's claims are barred in whole or in part because the class is not so numerous that joinder of all members is impracticable.
>
>17. Plaintiff's claims are barred in whole or in part because no common questions of law or fact exist among alleged class members sufficient to merit class action treatment.

ECF No. 12, PageID.251. Defendant's boilerplate fifteenth, sixteenth, and seventeenth affirmative defenses are frivolous because Plaintiff has not sought to certify a Rule 23 class action, but a collective action under the FLSA. A collective action is not required to "satisfy the requirements of maintaining a class action under federal law", including numerosity, joinder, or other Rule 23 class action requirements. Accordingly, please withdraw Defendant's frivolous fifteenth, sixteenth and seventeenth affirmative defense.

**Eighteenth Affirmative Defense:**

>Defendant's Eighteenth affirmative defense states:
>
>Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or acquiescence.

ECF No. 12, PageID.252. As a matter of law, one cannot waive, release, compromise, or acquiesce his or her rights under the FLSA. *See e.g., Brooklyn Savings Bank v. O-Neill*, 324 U.S. 697, 706-07 (1945) (**holding that right to minimum wage under the FLSA cannot be waived**) (emphasis added); *Brennan v. Veteran Cleaning Services, Inc.*, 482 F.2d 1362 (5th Cir. 1973) ("It has long been recognized that the protection afforded by the Fair Labor Standards Act may not be waived by agreement between employer and employee."); *Lynch v. Designs By R&S, Inc.,* No. 05-80727-CIV, 2006 WL 8433640, at *2 (S.D. Fla. Aug. 17, 2006) ("**As courts have expressly noted that the equitable defense of waiver is not available under the FLSA, the court concludes that the Defendants' Affirmative Defense of waiver shall be stricken**.") (emphasis added); *Lynch v. Designs By R&S, Inc.,* No. 05-80727-CIV, 2006 WL 8433640, at *2

6

(S.D. Fla. Aug. 17, 2006) ("As courts have expressly noted that the equitable defense of waiver is not available under the FLSA, the court concludes that the Defendants' Affirmative Defense of waiver shall be stricken."); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F.2d 1350 (11th Cir. 1983); *Tho Dihn Tran v. Alphonse Hotel Corp.*, 281 F.3d 23 (2d Cir. 2002); *Reich v. Stewart*, 121 F.3d 400, 407 (8th Cir. 1997) (An individual cannot waive entitlement to FLSA benefits).

Please withdraw Defendant's eighteenth affirmative defense, or Plaintiff will also move to strike same as a matter of law.

**Nineteenth Affirmative Defense:**

> Defendant's nineteenth affirmative defense states:
>
> Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

ECF No. 12, PageID.251. Unjust enrichment is not an affirmative defense, and is also inapplicable to FLSA cases. *See e.g., Jewell Ridge Coal Corp. v. Local No. 6167, United Mine Workers of Am.*, 325 U.S. 161, 167 (1945) ("And even those employers who pay wages above the minimum and who maintain no substandard working conditions must respect the [FLSA's] statutory pattern.... employees are not to be deprived of the benefits of the Act simply because they are well paid...."); *Saenz v. Rod's Prod. Servs., LLC*, No. 2:14-CV-00525 RB-GBW, 2015 WL 12866986, at *7 (D.N.M. June 23, 2015) ("[T]he Court will not approve an affirmative claim of unjust enrichment to recover duly paid wages, even if Plaintiff was paid well under the contract."); *Saarela v. Union Colony Protective Servs., Inc.*, No. 13-CV-01637-MSK-MJW, 2014 WL 3408771, at *5 (D. Colo. July 14, 2014) ("Since *Donovan,* most courts considering the issue have generally agreed that "setoffs and recoupments are disfavored in FLSA suits."); *Brennan v. Heard,* 491 F.2d 1, 4 (5th Cir.1974) (holding that set-offs and counterclaims are inappropriate in cases brought to enforce the FLSA's minimum wage and overtime provisions.) *rev'd on other grounds by McLaughlin v. Richland Shoe Co.,* 486 U.S. 128 (1988)). Please withdraw.

**Twentieth Affirmative Defense:**

> Defendant's Twentieth Affirmative Defense states:
>
> Plaintiff's claims are barred in whole or in part by the doctrine of consent.

ECF No. 12, PageID.251. The doctrine of consent is not a valid affirmative defense to claims made under the FLSA. *See Levine v. Merrill Lynch*, No. 09 CIV. 304 (PGG), 2009 WL 10691070, at *7 (S.D.N.Y. Dec. 22, 2009). ("**Because the doctrine of consent is not a valid affirmative defense to claims made under the FLSA**, and because Plaintiff Kobakhidze alleges only claims under the FLSA, **her motion to strike this defense will be granted**.") (emphasis added). Indeed in *Barrentine v. Arkansas-Best Freight System*, the Supreme Court stated that "[t]his Court's decisions interpreting the FLSA have frequently emphasized the

7

nonwaivable nature of an individual employee's right to a minimum wage and to overtime pay under the Act. Thus, we have held that FLSA rights cannot be abridged by contract or otherwise waived because this would 'nullify the purposes' of the statute and thwart the legislative policies it was designed to effectuate." 450 U.S. 728, 740 (1981) (quoting *Brooklyn Savings Bank v. O'Neil*, 324 U.S. 697, 707 (1945)). Please withdraw Defendant's Twentieth affirmative defense.

**Twenty-First Affirmative Defense:**

>Defendant's Twenty-first affirmative defense states:
>
>Defendant reserves the right to raise additional Affirmative Defenses as they may become known through the course of discovery.

ECF No. 12, PageID.252.  Catchall defenses are grossly improper because they do not provide Plaintiff or the Court fair notice of the claimed defenses – which, after all, is the goal of notice pleading. As a result, catchall affirmative defenses are categorically dismissed and waived. *See e.g.*, *Pitt v. Twp. of Lee*, No. 20-CV-13021, 2021 WL 352000, at *4 (E.D. Mich. Feb. 2, 2021) (striking defendant's affirmative defense to amend the affirmative defenses with any additional affirmative defenses, because "'[A] reservation of right seeking to preserve unknown affirmative defenses subverts Federal Rule of Procedure 15.'") (quoting *Paducah River Painting, Inc. v. McNational Inc.*, No. 5:11-CV-00135-R, 2011 WL 5525938, at *5 (W.D. Ky. Nov. 14, 2011)); *Grace v. Ross Dress for Less, Inc.,* No. 5:19-CV-199-TBR, 2020 WL 695658, at *1 (W.D. Ky. Feb. 11, 2020) (granting plaintiff's motion to strike defendant's affirmative defense that reserved the right to assert additional defenses because it failed to provide proper notice of the intended defense); *Visco Fin. Services, Ltd. v. Siegel*, 08C4029, 2008 WL 4900530 at * 7 (N.D. Ill. 2008) ("Affirmative defense 24 states that "[Siegel] reserves the right to assert additional affirmative defenses upon information and discovery," which is impermissibly pled because if a party does not bring an affirmative defense in its first responsive pleading, then it is waived); *Castro v. Chicago Hous. Auth.*, 360 F.3d 721, 735 (7th Cir.2004) (noting that when a defendant does not raise defenses at the time of filing an answer, those defenses are deemed waived); *Toney v. Dech Corp.,* No. 210CV529FTM36DNF, 2010 WL 11623057, at *2 (M.D. Fla. Nov. 30, 2010) ("The Defendants assert in the Fifth Amended Affirmative Defense that they reserve the right to assert additional defenses. The Defendants have failed to cite any cases which permit them to reserve the right to bring additional Affirmative Defenses at a later date. Therefore, the Court will strike the Fifth Amended Affirmative Defense."); *Curry v. High Springs Family Practice Clinic & Diagnosis Ctr.*, No. 1:08-cv-00008-MP-AK, 2008 U.S. Dist. LEXIS 99462, at *15-16; *Ayers v. Consol. Constr. Servs. of SW Florida*, No. 2:07-cv-123-FtM-29DNF, 2007 U.S. Dist. LEXIS 86596, at *5 (M.D.Fla. Nov. 26, 2007) (striking a reservation of rights clause asserted as an affirmative defense); *Gonzalez v. Spears Holdings, Inc.*, 2009 WL 2391233, at *4 (S.D. Fla. July 31, 2009)(same). Accordingly, Defendant's Twenty-First Affirmative defense is improper and should be withdrawn or Plaintiff will move to strike same.

**Twenty-Second Affirmative Defense:**

>Defendant demands a reply to each and every Affirmative Defense herein.

8

ECF No. 12, PageID.252. Under what authority does Defendant "demand a reply" to its affirmative defenses? Defendant's pleadings are again frivolous, and Plaintiff requests that Defendant withdraws its twenty-second Affirmative Defenses, or Plaintiff will be forced to file a Motion to Strike same.

**Defendant's Wherefore Clause:**

Defendant includes a Wherefore clause that requests the Court "dismiss this matter in its entirety and award Defendant its costs and reasonable attorney fees associated with this action." ECF No. 12, PageID.252. First, Defendant cannot seek to "strike" Plaintiff's Complaint in its wherefore clause to its affirmative defenses. Second, Defendant request for attorneys' fees is improper. Section 29 U.S.C. 216(b) provides that the Court "shall, in addition to any judgment awarded to the plaintiff or plaintiffs, allow a reasonable attorney's fee to be paid by the defendant, and costs of the action." It is axiomatic that this provision is interpreted to allow prevailing plaintiffs, not prevailing defendants to recover attorneys' fees and costs under cases brought under the FLSA. *See e.g., Fegley v. Higgins,* 19 F.3d 1126, 1135 (6th Cir.1994) (holding that defendants may not recover attorney's fees in defending FLSA actions); *Bell v. Mynt Entertainment, LLC*, 223 F.R.D. 680 (S.D. Fla. 2004) ("The FLSA, however, **is not a two-way fee-shifting statute**. Attorney's fees are awarded to prevailing plaintiffs, but no similar provision is made for prevailing defendants.") (emphasis added); *Gonzalez v. Holdings, Inc.*, 2009 WL 2391233 (S.D.Fla.2009) (striking reservation of rights cause claiming entitlement to fees in Defendant's answer in FLSA case); P*erez-Nunez v. North Broward Hosp.Dist.*, 2009 WL 723873 (S.D.Fla.2009) (same); *Hutton c. Grumpie's Pizza and Subs*, *Inc.*, 2008 WL 1995091 (S.D.Fla.2008) (striking Defendant's wherefore clause in FLSA case seeking attorneys' fees); *Ayers v. Consolidated Const. Services of SW Fla., Inc.*, 2007 WL 4181910 (M.D.Fla. 2007)(striking FLSA Defendant's affirmative defense seeking attorneys' fees). Defendant's pleadings are frivolous, and Plaintiff requests that Defendant amend and withdraw its wherefore clause, or Plaintiff will be forced to file a Motion to Strike same.

**Conclusion:**

It is my hope that after providing this legal authority, Defendant will withdraw its frivolous affirmative defenses in an effort to avoid further motion practice. If Defendant does not withdraw its frivolous affirmative defenses by March 24, 2021, Plaintiff will Move to Strike same, and seek the appropriate relief. "[A] court must not tolerate shotgun pleading of affirmative defenses, and should strike vague and ambiguous defenses which do not respond to any particular count, allegation or legal basis of a complaint." *Morrison v. Exec. Aircraft Refinishing, Inc.,* 434 F. Supp. 2d 1314, 1318 (S.D. Fla. 2005).

If you'd like to further discuss, I'm happy to do so.


Regards,

**Michael Hanna**
Attorney
My Bio

**P:** (313) 739-1950
**F:** (313) 739-1975
**A:** 2000 Town Center, Suite 1900, Southfield, MI 48075

**MORGAN & MORGAN**
FOR THE **PEOPLE**.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | RESULTS

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.