UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                  Case No. 20-cv-12734-MAG-EAS
                                     HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____/

| Michael N. Hanna (P81463) | **CUMMINGS, McCLOREY, DAVIS &** |
| --- | --- |
| Haba K. Yono (P81114) | **ACHO, PLC** |
| Morgan & Morgan, P.A. | By:   **RONALD G. ACHO** (P 23913) |
| 2000 Town Center, Suite 1900 | 17436 College Parkway |
| Southfield, MI 48075 | Livonia, MI  48152 |
| (248 251-1399 | (734) 261-2400 |
| mhanna@forthepeople.com | racho@cmda-law.com |
| hyono@forthepeople.com | **Attorneys for Defendant** |
| Attorneys for Plaintiff | |

_____/

**DEFENDANT ABSOPURE WATER COMPANY,
LLC'S AMENDED AFFIRMATIVE DEFENSES**

    **NOW COMES** the Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys**, CUMMINGS, McCLOREY, DAVIS & ACHO, PLC,** by Ronald G. Acho, and for its Amended Affirmative Defenses, states as follows:

**AMENDED AFFIRMATIVE DEFENSE NO. 1:**

1.  Plaintiff's Collective Action Complaint fails to state a claim upon which relief can be granted, and Defendant is entitled to summary judgment as a matter of law.

This cause of action does not have any legal basis. Plaintiff attempts to plead the Complaint in such a way, so as to avoid the actual law that covers this action. Even though it is styled as a Collective Action Complaint pursuant to the Fair Labor Standards Act, 29 U.S.C. § 201, *et seq.*, governed by the Department of Labor, it is not covered under the Fair Labor Standards Act. So, there is no cognizable claim.

**AMENDED AFFIRMATIVE DEFENSE NO. 2:**

2.  Plaintiff, and the putative members of the purported class, has failed to state a cause of action against the Defendant.

The Motor Carrier Act covers drivers who are involved in interstate commerce and exclusively covers any claims that would be made by Plaintiff. See 49 U.S.C. § 31502. The overtime provisions of the Fair Labor Standards Act do not apply to 'any employee with respect to whom the Secretary of Transportation has power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49.' 29 U.S.C. § 213(b)(1). This Complaint alleges no violations under the MCA.

**AMENDED AFFIRMATIVE DEFENSE NO. 3:**

3. To the extent that Plaintiff's claims, as well as the claims of the putative members of the purported class, are based on equitable grounds, they are barred by the doctrines of laches, waiver, estoppel and unclean hands.

The Plaintiff should not be permitted to present any claim as to his pay. As stated earlier, he is estopped from making any claims because he has nor properly alleged the law that governs his claim. Secondly, prior to his actual employment, Plaintiff was fully apprised of his compensation and how it was based. He never challenged his compensation at the time of his hire.

At the time he terminated his employment with Absopure, Plaintiff had been receiving his pay on a regular basis for approximately a year and a half. He saw his compensation, and never challenged it as being somehow improper. Therefore, he sat on any rights he may have had, and is estopped from making a claim at this late date.

**AMENDED AFFIRMATIVE DEFENSE NO. 4:**

4. There is no actual controversy giving rise to an actionable claim.

Plaintiff cannot make a claim under the Fair Labor Standards Act because his employment was not governed by the Secretary of the Department of Labor. There can be no actual controversy under the Fair Labor Standards Act because the Act

does not apply. The Motor Carrier Act covers drivers, like Plaintiff, who are involved in interstate commerce, and he would have no claim under the MCA.

**AMENDED AFFIRMATIVE DEFENSE NO. 5:**

5. Plaintiff is not entitled to the relief he seeks because he was at all times an exempt employee under 29 U.S.C. § 213(b)(1) and 29 C.F.R. § 782.2.

An employer's entitlement to an exemption under the FLSA is an affirmative defense. *Renfro v Indiana Michigan Power Co.*, 497 F3d 573, 576 (6th Cir. 2007). The exemption under the Motor Carrier Act ("MCA") applies if the Secretary of Transportation has the power to regulate a particular employee under the MCA, regardless of whether the Secretary has actually exercised that power. *Finn v. Dean Transp., Inc.* 53 F.Supp.3d 1043, 1051 (M.D. Tenn. 2014), citing *Baird v. Wagoner Transp. Co.*, 425 F.2d 407, 410 (6th Cir. 1970). "It is not material whether such qualifications and maximum hours of service have actually been established by the Secretary of Transportation; the controlling consideration is whether the employee comes within [the Secretary's] power to do so." 29 C.F.R. § 782.1.

The essential character of Plaintiff's work as a driver was interstate in nature. His transportation of the products was part of a "'practical and continuity of movement' across State lines from the point of origin to the point of destination". 29

4

C.F.R. § 782.7(b)(1) quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568 (1943).

6. Plaintiff was an employee to whom the Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49.

7. The Secretary of Transportation has jurisdiction over Plaintiff's work as a Sales Service Specialist Trainee.

8. The Secretary of Transportation has exclusive jurisdiction over the hours worked by Plaintiff's as a Sales Service Specialist Trainee in transporting product in interstate commerce.

9. The Department of Labor had no jurisdiction to impose any overtime requirements on Plaintiff.

**Amended Affirmative Defense No. 10:**

10. Plaintiff and the putative members of the purported class have suffered no damages.

Plaintiff and the putative members of the class are not entitled to relief under the Fair Labor Standards Act. The Department of Labor has no jurisdiction over the Plaintiff, nor any putative members. The jurisdiction lies with the Secretary of the Department of Transportation. The Fair Labor Standards Act exempts employees over whom the "Secretary of Transportation has the power to establish qualifications and maximum hours of service pursuant to the provisions of section 31502 of title 49". 29 U.S.C. § 213(b)(1).

The Motor Carrier Act ("MCA") covers drivers who are involved in interstate commerce. This Complaint alleges no violations under the MCA. The Courts that have been presented with the same questions as those raised by this Plaintiff and the putative class members have consistently and repeatedly applied the MCA exemption in rulings dealing with this specific issue, and dismiss those cases.

11. Plaintiff and the putative members of the purported class lack standing to assert any of the alleged claims.

12. At all times, Defendant acted in good faith pursuant to, and in conformance with, applicable administrative orders, administrative rulings, approvals and/or interpretations of the United States Department of Labor, and had reasonable grounds to believe that its actions were not in violation of the Fair Labor

Standards Act. See 29 U.S.C. § 259.

13. Plaintiff, and the putative members of the purported class, are not entitled to liquidated damages because Defendant acted in good faith at all times and had reasonable grounds to believe that its actions were not in violation of the Fair Labor Standards Act. See 29 U.S.C. § 260.

14. Plaintiff's claims are barred, and/or limited, by the appropriate statute of limitations, including but not limited to 29 U.S.C. § 255.

**AMENDED AFFIRMATIVE DEFENSE NO. 15:**

15. Plaintiff may not maintain this action as a class action. The Collective Action Complaint fails to satisfy the requirements of maintaining a class action under federal law, including, but not limited to 29 U.S.C. § 216(b).

Plaintiff cannot maintain his claim as a class action, or as he argues a collective action. Since the claim is pled under the Fair Labor Standards Act, the Plaintiff would have no standing. He could not represent others who would similarly lack standing under the Fair Labor Standards Act.

## **AMENDED AFFIRMATIVE DEFENSE NO. 16:**

16. Plaintiff's claims are barred in whole or in part because the class is not so numerous that joinder of all members is impracticable.

In addition to the other legal impediments to Plaintiff's claim, numerosity is still another hurdle than cannot be overcome. Plaintiff seeks to join others, but based upon information and belief, there are only six other drivers in the classification that this Plaintiff held.

## **AMENDED AFFIRMATIVE DEFENSE NO. 17:**

17. Plaintiff's claims are barred in whole or in part because no common questions of law or fact exist among alleged class members sufficient to merit class action treatment.

Plaintiff's situation is not the same as others, as he would allege. In fact, based upon a cursory review, this Plaintiff would have virtually no damages whatsoever. It appears obvious that this Complaint was filed simply to achieve a settlement for attorney fee purposes, and not because of there are a large class of drivers that would have any claim whatsoever. As outlined earlier, this Complaint is styled as a Fair Labor Standards Act case, but clearly it is not. Simply the fact that Plaintiff has called it a Fair Labor Standards Act claim does not make it so.

**AMENDED AFFIRMATIVE DEFENSE NO. 18:**

18.     Plaintiff's claims are barred in whole or in part by the doctrine of waiver and/or acquiescence.

Based on information and belief, Absopure anticipates that Plaintiff may assert that a lack of understanding or misunderstanding of Absopure's pay practices. Yet, Plaintiff continued working for a year and a half with full knowledge from the outset of his employment that Absopure would pay him a set day rate, not an hourly rate, and did not pay overtime. Plaintiff's pay stubs reflected a per day pay rate, and Plaintiff continued working for Absopure for almost two years with full knowledge of the day-rate basis on which he was being paid.

**AMENDED AFFIRMATIVE DEFENSE NO. 19:**

19.     Plaintiff's claims are barred in whole or in part by the doctrine of unjust enrichment.

This claim has been pled as a claim under the Fair Labor Standards Act, but it is not. As outlined earlier, Plaintiff should not be permitted to present any claims relating to his pay. Before he began his employment, Plaintiff was fully informed of how he was going to be paid. Further, throughout his employment, Plaintiff received regular pay checks, which he did not challenge.

**AMENDED AFFIRMATIVE DEFENSE NO. 20:**

20. Plaintiff's claims are barred in whole or in part by the doctrine of consent.

Plaintiff was aware of, and fully informed of, Absopure's pay practices. He continued working for Absopure for a year and a half with full knowledge of the day-rate basis on which he was being paid.

**AMENDED AFFIRMATIVE DEFENSE NO. 21:**

21. Defendant reserves the right to raise additional Affirmative Defenses as they may become known through the course of discovery.

As previously outlined, Plaintiff's Complaint does not accurately reflect the facts, or even cite the law, that is applicable in this case. Defendant is uncertain as to what facts or what arguments Plaintiff may make during the case. As a consequence, every possible defense has been asserted and should be preserved until discovery is completed. Absopure believes this case is simple and straightforward. Nonetheless, since Plaintiff makes various assertions and arguments in his Complaint, and could make other unforeseen assertions, there is no guarantee they can all be anticipated by Absopure at this time.

**Amended Affirmative Defense No. 22:**

22. Withdrawn.

Respectfully submitted,

/s/ *Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, PLC
17436 College Parkway
Livonia, MI  48152
Telephone: (734) 261-2400
Telefax: (734) 261-4510

Dated: April 14, 2021    racho@cmda-law.com

## CERTIFICATE OF SERVICE

I hereby certify that on April 14, 2021, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system which will send notification of such filing to the attorneys of record via the Court's e-filing system.

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
Phone: (734) 261-2400
Primary E-mail: racho@cmda-law.com
P-23913