UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on behalf of those similarly situated,

    *Plaintiff,*

v.

**ABSOPURE WATER COMPANY, LLC,**

    *Defendant.*

Case No. 20-cv-12734

HON. MARK A. GOLDSMITH

---

**STIPULATED ORDER RELATING TO THE
DISCOVERY OF ELECTRONICALLY STORED INFORMATION**

*General Principles*

**Principle 1.01 (Purpose)**

    The purpose of these Principles is to assist courts in the administration of Federal Rule of Civil Procedure 1, to secure the just, speedy, and inexpensive determination of every civil case, and to promote, whenever possible, the early resolution of disputes regarding the discovery of electronically stored information ("ESI") without Court intervention. Understanding of the feasibility, reasonableness, costs, and benefits of various aspects of electronic discovery will

inevitably evolve as judges, attorneys, and parties to litigation gain more experience with ESI and as technology advances.

**Principle 1.02 (Cooperation)**

An attorney's zealous representation of a client is not compromised by conducting discovery in a cooperative manner. The failure of counsel or the parties to litigation to cooperate in facilitating and reasonably limiting discovery requests and responses raises litigation costs and contributes to the risk of sanctions.

**Principle 1.03 (Discovery Proportionality)**

The proportionality standard set forth in Fed. R. Civ. P. 26(b)(2)(C) should be applied in each case. To further the application of the proportionality standard in discovery, requests for production of ESI and related responses should be reasonably targeted, clear, and as specific as practicable. Where the discovery request is potentially burdensome to the responding party, the parties should consider options such as staging discovery and sampling, in an attempt to reduce the costs of production. If the discovery request seeks marginally relevant information, the requesting party should expect some cost shifting to be imposed by the Court in the absence of an agreement between the parties.

*Early Case Assessment Principles*

**Principle 2.01 (Duty to Meet and Confer on Discovery and to Identify Disputes for Early Resolution**)

(a) On or before August 12, 2021, counsel shall meet and discuss the application of the discovery process set forth in the Federal Rules of Civil Procedure and these Principles to their specific case. Among the issues to be discussed are:

(1) the identification of relevant and discoverable ESI and documents, including methods for identifying an initial subset of sources of ESI and documents that are most likely to contain the relevant and discoverable information as well as methodologies for culling the relevant and discoverable ESI and documents from that initial subset (see Principle 2.05);

(2) the scope of discoverable ESI and documents to be preserved by the parties;

(3) the formats for preservation and production of ESI and documents;

(4) the potential for conducting discovery in phases or stages as a method for reducing costs and burden; and

>> (5) the potential need for a protective order and any procedures to which the parties might agree for handling inadvertent production of privileged information and other privilege waiver issues pursuant to Rule 502(d) or (e) of the Federal Rules of Evidence.

(b) Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court as soon as possible.

(c) The attorneys for each party shall review and understand how their respective client's data is stored and retrieved before the meet and confer discussions in order to determine what issues must be addressed during the meet and confer discussions.

(d) If the Court determines that any counsel or party in a case has failed to cooperate and participate in good faith in the meet and confer process or is impeding the purpose of these Principles, the Court may require additional discussions prior to the commencement of discovery, and may impose sanctions, if appropriate.

**Principle 2.02 (E-Discovery Liaison(s))**

In most cases, the meet and confer process will be aided by participation of an e discovery liaison(s) as defined in this Principle. In the event of a dispute concerning the preservation or production of ESI, each party shall designate an individual(s) to act as e-discovery liaison(s) for purposes of meeting, conferring,

and attending court hearings on the subject. Regardless of whether the e-discovery liaison(s) is an attorney (in-house or outside counsel), a third party consultant, or an employee of the party, the e-discovery liaison(s) must:

    (a) be prepared to participate in e-discovery dispute resolution;

    (b) be knowledgeable about the party's e-discovery efforts;

    (c) be, or have reasonable access to those who are, familiar with the party's electronic information storage systems and capabilities in order to explain those systems and capabilities and answer relevant questions; and

    (d) be, or have reasonable access to those who are, knowledgeable about the technical aspects of e-discovery, including electronic document storage, organization, and format issues, and relevant information retrieval technology, including search methodology.

**Principle 2.03 (Preservation Requests and Orders)**

    (a) Appropriate preservation requests and preservation orders further the goals of these Principles. Vague and overly broad preservation requests do not further the goals of these Principles and are therefore disfavored. Vague and overly broad preservation orders should not be sought or entered. The information sought to be preserved through the use of a preservation letter request or order should be reasonable in scope and mindful of the factors set forth in Rule 26(b)(2)(C).

(b) To the extent counsel or a party requests preservation of ESI through the use of a preservation letter, such requests should attempt to ensure the preservation of relevant and discoverable information and to facilitate cooperation between requesting and receiving counsel and parties by transmitting specific and useful information. Examples of such specific and useful information include, but are not limited to:

(1) names of the parties;

(2) factual background of the potential legal claim(s) and identification of potential cause(s) of action;

(3) names of potential witnesses and other people reasonably anticipated to have relevant evidence;

(4) relevant time period; and

(5) other information that may assist the responding party in assessing what information to preserve.

(c) If the recipient of a preservation request chooses to respond, that response should provide the requesting counsel or party with useful and specific information regarding the preservation efforts undertaken by the responding party. Examples of such useful and specific information include, but are not limited to, information that:

(1) identifies what information the responding party is willing to preserve and the steps being taken in response to the preservation letter;

(2) identifies any disagreement(s) with the request to preserve; and

(3) identifies any further preservation issues that were not raised.

(d) Nothing in these Principles shall be construed as requiring the sending of a preservation request or requiring the sending of a response to such a request.

**Principle 2.04 (Scope of Preservation)**

(a) Every party to litigation and its counsel are responsible for taking reasonable and proportionate steps to preserve relevant and discoverable ESI within its possession, custody, or control. Determining which steps are reasonable and proportionate in particular litigation is a fact specific inquiry that will vary from case to case. The parties and counsel should address preservation issues at the outset of a case, and should continue to address them as the case progresses and their understanding of the issues and the facts improves.

(b) Discovery concerning the preservation and collection efforts of another party may be appropriate but, if used unadvisedly, can also contribute to the unnecessary expense and delay and may inappropriately implicate work product and attorney client privileged matter. Accordingly, prior to initiating such discovery a party shall confer with the party from whom the information is sought concerning: (i) the specific need for such discovery, including its relevance to

issues likely to arise in the litigation; and (ii) the suitability of alternative means for obtaining the information. Nothing herein exempts deponents on merits issues from answering questions concerning the preservation and collection of their documents, ESI, and tangible things.

(c) On or before August 12, 2021, the parties and counsel should meet and confer and be prepared to discuss reasonably foreseeable preservation issues that relate directly to the information that the other party is seeking. The parties and counsel need not raise every conceivable issue that may arise concerning their preservation efforts; however, the identification of any such preservation issues should be specific.

(d) The following categories of ESI generally are not discoverable in most cases, and if any party intends to request the preservation or production of these categories, then that intention should be discussed at the meet and confer or as soon thereafter as practicable:

(1) "deleted," "slack," "fragmented," or "unallocated" data on hard drives;

(2) random access memory (RAM) or other ephemeral data;

(3) on-line access data such as temporary internet files, history, cache, cookies, etc;

(4) data in metadata fields that are frequently updated automatically, such as last-opened dates;

(5) backup data that is substantially duplicative of data that is more accessible elsewhere; and

(6) other forms of ESI whose preservation requires extraordinary affirmative measures that are not utilized in the ordinary course of business.

(e) If there is a dispute concerning the scope of a party's preservation efforts, the parties or their counsel must meet and confer and fully explain their reasons for believing that additional efforts are, or are not, reasonable and proportionate, pursuant to Rule 26(b)(2)(C). If the parties are unable to resolve a preservation issue, then the issue should be raised promptly with the Court.

(f) Absent an order of the Court upon a showing of good cause or stipulation by the parties, a party from whom ESI has been requested shall not be required to search for responsive ESI:

(1) from more than twenty (20) key custodians;

(2) that was created more than five (5) years before the filing of the lawsuit;

(3) from sources that are not reasonably accessible without undue burden or cost; or

(4) for more than 160 hours, exclusive of time spent reviewing the ESI determined to be responsive for privilege or work product protection, provided that the producing party can demonstrate that the search was effectively designed and efficiently conducted. A party from whom ESI has

9

been requested must maintain detailed time records to demonstrate what was done and the time spent doing it, for review by an adversary and the Court, if requested.

**Principle 2.05 (Identification of Electronically Stored Information)**

(a) On or before August 12, 2021, counsel or the parties shall discuss potential methodologies for identifying ESI for production.

(b) Topics for discussion may include, but are not limited to, any plans to:

(1) eliminate duplicative ESI and whether such elimination will occur only within each particular custodian's data set or whether it will occur across all custodians;

(2) filter data based on file type, date ranges, sender, receiver, custodian, search terms, or other similar parameters; and

(3) use keyword searching, mathematical, or thesaurus-based topic or concept clustering, or other advanced culling technologies.

**Principle 2.06 (Production Format)**

(a) The Parties agree to the production of ESI in either native format, or Single-Page Tagged Image File Format ("TIFF"). The Court Orders the parties to produce ESI in native format; the parties have the option of additionally producing the ESI in PDF form.

(b) On or before August 12, 2021, the parties should confer on whether ESI stored in a database or a database management system can be produced by querying the database for discoverable information, resulting in a report or a reasonably usable and exportable electronic file for review by the requesting counsel or party.

(c) ESI and other tangible or hard copy documents that are not text searchable need not be made text-searchable.

(d) Generally, the requesting party is responsible for the incremental cost of creating its copy of requested information. Counsel or the parties are encouraged to discuss cost sharing for optical character recognition (OCR) or other upgrades of paper documents or non-text-searchable electronic images that may be contemplated by each party.

***Education Provisions*** **Principle 3.01 (Judicial Expectations of Counsel)**

Because discovery of ESI is being sought more frequently in civil litigation and the production and review of ESI can involve greater expense than discovery of paper documents, it is in the interest of justice that all judges, counsel, and parties to litigation become familiar with the fundamentals of discovery of ESI. It is expected by the judges adopting these Principles that all counsel will have done the following in connection with each litigation matter in which they file an appearance:

(1) Familiarize themselves with the electronic discovery provisions of Federal Rules of Civil Procedure, including Rules 26, 33, 34, 37, and 45, as well as any applicable State Rules of Procedure;

(2) Familiarize themselves with the Advisory Committee Report on the 2006 Amendments to the Federal Rules of Civil Procedure, available at: http://www.uscourts.gov/uscourts/RulesAndPolicies/rules/EDiscovery_w_Notes.pdf; and

(3) Familiarize themselves with these Principles.

**Principle 3.02 (Duty of Continuing Education)**

Judges, attorneys, and parties to litigation should continue to educate themselves on electronic discovery by consulting applicable case law, pertinent statutes, the Federal Rules of Civil Procedure, the Federal Rules of Evidence, The Sedona Conference® publications relating to electronic discovery,[1] additional materials available on web sites of the courts,[2] and of other organizations[3] providing education information regarding the discovery of ESI.[4]

**Principle 3.03 (Non-Waiver of Attorney-Client Privilege or Work Product Protection)**

---

[1] www.thesedonaconference.org/
[2] E.g., www.ilnd.uscourts.gov/home/
[3] E.g., www.discoverypilot.com, www.fjc.gov (Under Educational Programs and Materials)
[4] E.g., www.du.edu/legalinstitute

12

As part of their duty to cooperate during discovery, the parties are expected to discuss whether the costs and burdens of discovery, especially ESI, may be reduced by entering into a non-waiver agreement pursuant to Fed. R. Evid. 502(e). The parties also should discuss whether to use computer-assisted search methodology to facilitate pre-production review of ESI to identify information that is beyond the scope of discovery because it is attorney-client privileged or work product-protected.

**Principle 3.04 (Discovery From Nonparties)**

Parties issuing requests for ESI from nonparties should attempt to informally meet and confer with the nonparty (or counsel, if represented). During this meeting, counsel should discuss the same issues with regard to requests for ESI that they would with opposing counsel as set forth above. If an agreement cannot be reached with the nonparty, the standards outlined above will apply generally to the discovery of ESI sought pursuant to Rule 45.

SO ORDERED.

Dated:  August 18, 2021          s/Mark A. Goldsmith
        Detroit, Michigan         MARK A. GOLDSMITH
                                  United States District Judge

*Counsel for the parties agree to the above Stipulated Order:*

/s/ Michael N. Hanna            /s/ *Jordan Fields*
MICHAEL HANNA (P81462)          JORDAN FIELDS (P76989)
Attorney for Plaintiff

Attorney for Defendant

Addendum A to Order Relating to Electronically Stored Information:
CHECKLIST FOR August 12, 2021 MEET AND CONFER REGARDING
ELECTRONICALLY STORED INFORMATION

In cases where the discovery of electronically stored information ("ESI") is likely to be a significant cost or burden, the Court encourages the parties to engage in on-going meet and confer discussions and use the following Checklist to guide those discussions. These discussions should be framed in the context of the specific claims and defenses involved. The usefulness of particular topics on the checklist, and the timing of discussion about these topics, may depend on the nature and complexity of the matter.

**I. Preservation**

- The ranges of creation or receipt dates for any ESI to be preserve

- The description of data from sources that are not reasonably accessible and that will not be reviewed for responsiveness or produced, but that will be preserved pursuant to Federal Rule of Civil Procedure 26(b)(2)(B).

- The description of data from sources that (a) the party believes could contain relevant information but (b) has determined, under the proportionality factors, should not be preserved.

- Whether or not to continue any interdiction of any document destruction program, such as ongoing erasures of e-mails, voicemails, and other electronically-recorded material.

- The names and/or general job titles or descriptions of custodians for whom ESI will be preserved (e.g., "HR head," "scientist," "marketing manager," etc.).

- The number of custodians for whom ESI will be preserved.

- o The list of systems, if any, that contain ESI not associated with individual custodians and that will be preserved, such as enterprise databases.

- o Any disputes related to scope or manner of preservation.

## II. Liaison

- o The identity of each party's e-discovery liaison.

## III. Informal Discovery About Location and Types of Systems

- o Identification of systems from which discovery will be prioritized (e.g., email, finance, HR systems).
- o Description of systems in which potentially discoverable information is stored.
- o Location of systems in which potentially discoverable information is stored.
- o How potentially discoverable information is stored.
- o How discoverable information can be collected from systems and media in which it is stored.

## IV. Proportionality and Costs

- o The amount and nature of the claims being made by either party.
- o The nature and scope of burdens associated with the proposed preservation and discovery of ESI.
- o The likely benefit of the proposed discovery.
- o Costs that the parties will share to reduce overall discovery expenses, such as the use of a common electronic discovery vendor or a shared document repository, or other cost-saving measures.
- o Limits on the scope of preservation or other cost-saving measures.
- o Whether there is potentially discoverable ESI that will not be preserved consistent with this Court's Principle 1.03 (Discovery Proportionality).

## V. Search

- o The search method(s), including specific words or phrases or other methodology, that will be used to identify discoverable ESI and filter out ESI that is not subject to discovery.
- o The quality control method(s) the producing party will use to evaluate whether a production is missing relevant ESI or contains substantial amounts of irrelevant ESI.

### VI. Phasing

- Whether it is appropriate to conduct discovery of ESI in phases.
- Sources of ESI most likely to contain discoverable information and that will be included in the first phases of Fed. R. Civ. P. 34 document discovery.
- Sources of ESI less likely to contain discoverable information from which discovery will be postponed or avoided.
- Custodians (by name or role) most likely to have discoverable information and whose ESI will be included in the first phases of document discovery.
- Custodians (by name or role) less likely to have discoverable information and from whom discovery of ESI will be postponed or avoided.
- The time period during which discoverable information was most likely to have been created or received.

### VII. Production

- The formats in which structured ESI (database, collaboration sites, etc.) will be produced.
- The formats in which unstructured ESI (email, presentations, word processing, etc.) will be produced.
- The extent, if any, to which metadata will be produced and the fields of metadata to be produced.
- The production format(s) that ensure(s) that any inherent searchablility of ESI is not degraded when produced.

### VIII. Privilege

- How any production of privileged or work product protected information will be handled.
- Whether the parties can agree upon alternative ways to identify documents withheld on the grounds of privilege or work product to reduce the burdens of such identification.
- Whether the parties will enter into a Fed. R. Evid. 502(d) Stipulation and Order that addresses inadvertent or agreed production.