UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.

_____/

Case No.: 20-cv-12734

Hon. Mark A. Goldsmith

## PLAINTIFF'S MEMORANDUM CONCERNING THE COURT'S ORDER ON PLAINTIFF'S MOTION TO STAY DISCOVERY

Pursuant to the Court's Order, (ECF No. 52), Plaintiff hereby submits this memorandum regarding Plaintiff's Motion to Stay Discovery.

### Introduction

The Court's Order Regarding Plaintiff's Motion to Stay Discovery states:

> "The Court also shared its view to the special discovery master that it believed an extension of discovery until March 1, 2022 and an extension of the dispositive motion deadline to March 29, 2022 would be appropriate. Any party wishing to place its views of this proposal on the docket may file a memorandum no later than December 13, 2021."

ECF No. 52, PageID.816. Plaintiff respectfully requests that the Court adopt the recommendation made by the Special Master, and enter a Stay until the Court enters its Order on Plaintiff's Motion to Compel.

The Order Appointing Special Discovery Master outlines several steps that need to take place before the Court will entertain a Plaintiff's Motion to Compel. *See* ECF No. 48. At this time, Plaintiff is currently waiting for Defendant to supplement its responses to the discovery requests in accordance with the Special Master's November 19, 2021 email. *See* **Exhibit A**. After Defendant supplements its discovery responses, Plaintiff will then need to abide by the procedures outlined in the Court's Order Appointing Special Discovery Master. *See* ECF No. 48. The final step in that process is the issuance of an Order on Plaintiff's Motion to Compel. Significantly, most of the steps leading up to the issuance of an Order on Plaintiff's Motion to Compel are outside of Plaintiff's control. There is also no way to calculate when an Order on Plaintiff's Motion to Compel will be entered at this time, and Plaintiff needs time to complete discovery and depositions after the Court enters this Order and discovery is produced in accordance with same.

Wherefore, Plaintiff respectfully requests the Court adopt the Special Master's recommendation, and enter a stay until the Court enters its Order on Plaintiff's Motion to Compel in accordance with the terms and conditions outlined in the Court's Order Appointing Special Discovery Master.

## Relevant Background

Plaintiff has diligently sought discovery responses for the last **eight months** to his **April 23, 2021** discovery requests, as is outlined in Plaintiff's Motion to

Stay Discovery. *See* ECF No. 49. After serving his discovery requests on April 23, 2021, Plaintiff attempted to confer with Defendant concerning its deficient discovery responses on numerous occasions, to no avail. Four months ago, and on August 13, 2021, Plaintiff filed his Motion to Compel. *See* ECF No. 35. On August 17, 2021, the Court entered its Order Regarding Plaintiff's Motion to Compel, which required the Parties to confer and ultimately submit a Joint Memorandum concerning any outstanding discovery. *See* ECF No. 36. Ultimately, the Parties submitted a Joint Memorandum that exceeded the requested page limit based on the number of outstanding discovery disputes. As a result, the Court entered its Opinion & Order Denying without Prejudice Plaintiff's Motion to Compel on August 19, 2021. *See* ECF No. 46. At that time, the Court Ordered the Parties to attempt to resolve their discovery disputes once more by conferring and, if unsuccessful, submit recommendations for appointment of a Special Discovery Master. *Id.*

Thereafter, the Parties submitted their recommendation and on November 3, 2021, the Court entered its Order Appointing Special Discovery Master, Kathleen Bogas. *See* ECF No. 48. In this Order, the Court set forth the following terms and conditions by which Ms. Bogas can perform her duties as a special discovery master:

1. Counsel must initially conduct a conference between themselves about any discovery dispute that has arisen and remains unresolved

3

and any future discovery dispute. The term "conference" means contact in-person, by phone, or by videoconferencing. Written exchanges by U.S. mail, text, or email alone are not sufficient.

2. If the counsel conference does not resolve the dispute, counsel for the party seeking discovery must promptly notify the special discovery master of the nature of the dispute (with a copy of the notification to opposing counsel) and await her instruction on how to proceed to a facilitation of the dispute. The special discovery master is authorized to instruct counsel to prepare written briefs or other documentation, to convene a conference of counsel and/or parties, and to take such other reasonable measures as she deems appropriate to resolve the dispute.

3. If the special discovery master concludes that the dispute cannot be resolved consensually, she must inform counsel of that fact in writing. Within seven days of the notification, the party seeking discovery must file a motion to compel discovery, or the issue will be deemed abandoned. Within seven days of the filing of the motion, the opposing party must file a response to the motion. Within three days of the filing of the response, the moving party may file a reply brief. The motion and supporting brief may not exceed a total of 15 pages (exclusive of attachments). The same limit applies to the response and supporting brief. The reply may not exceed five pages (exclusive of attachments). The special discovery master is authorized to conduct further conferences with counsel to resolve the motion. If the motion is not resolved, she must file, within 14 days following the conclusion of briefing, a report containing her recommendation on the resolution of the dispute. Within three days of the filing of the report, the parties may file memoranda in support or opposition to the recommendation. Thereafter, the Court will rule on the motion. As used herein, the term "days" means calendar days.

ECF No. 48.

Again, Plaintiff diligently followed the Court's instructions. The day after the Court entered this Order, and on November 4, 2021, Plaintiff conferred with

Defendant in accordance with step one of this Order. At that time, Defendant reiterated the fact that **it will not supplement its discovery responses.**

The next day, and on November 5, 2021, Plaintiff began the process outlined in step two of the Court's Order Appointing Special Discovery Master. *See* ECF No. 48. Thereafter, Ms. Bogas conducted a zoom meeting in accordance with the Court's Order on November 15, 2021, and follow up meetings with the Parties individually. On November 19, 2021, Ms. Bogas sent the Parties a correspondence concerning the summary of what the Defendant agreed to produce. *See* **Exhibit A**. Among other things, Defendant voluntarily agreed to:

1. Produce an affidavit in lieu of responding to Interrogatory Nos. 6 and 7;
2. Remove its General Objections;
3. Comply with Federal Rules of Civil Procedure 34(b)(2)(C) and 33(d);
4. Produce a privilege log that comports with the Federal Rules of Civil Procedure;
5. Supplement and/or Respond to Plaintiff's Request for Production Nos. 1, 4, 5, 9, 20, 51 – 57, 59-62, and 65;
6. Supplement and/or Respond to Interrogatory Nos. 1, 2, 6, 7, 14 and 15; and
7. Supplement and/or Respond to request for admission Nos. 1, 2 and 5.

*See Id.* Defendant also agreed to limit its "fixed and persistent intent" argument to "Mountain Valley Spring Water." *Id.* at p. 2. As a result, Plaintiff agreed to limit the corresponding discovery requests concerning Defendant's alleged "fixed and persistent intent" argument as it relates to the MCA exemption affirmative defense

5

to "Mountain Valley Spring Water", and Defendant agreed to supplement its responses to Request for Production Nos. 32, 33, 35, 36, 37, 39–50, and interrogatory Nos 4 and 5 accordingly. *Id.*

In essence, the Special Discovery Master was very successful at reasoning with Defendant and its counsel, and able to obtain their concurrence to supplement **all but two of the requests for production that Plaintiff sought to compel**.[1] **Put another way, Defendant is now agreeing to voluntarily produce discovery responses to virtually all of Plaintiff discovery requests, where Defendant previously refused to respond to these clearly discoverable requests, despite Plaintiff's diligent and exhaustive conferral efforts.** This information is, and always has been, undisputedly relevant and discoverable, and there is no good faith reason to explain why Defendant did not initially produce this discovery in May 2021, or in response to the numerous detailed conferrals previously provided, to avoid this mess.

If Defendant abides by the agreement that it made with the Special Discovery Master, and provides complete discovery responses as outlined in the

---

[1] Defendant indicated that it will not supplement its response to Request for Production No. 22, and a Court Order is therefore required for same. The only remaining request, RFP No. 38, requests the Defendant produce certain discovery related to conditional certification, where the Case Management and Scheduling Order expressly permits "Discovery as to conditional certification issues . . ." ECF No. 23, PageId.337. In the spirit of compromise, Plaintiff agreed to hold this clearly discoverable request in abeyance until certification is decided by the Court.

November 19, 2021 email attached as **Exhibit A**, Plaintiff will only need to file a Motion to Compel Request for Production No. 22 once the appropriate time comes in accordance with the Court's Order Appointing Special Discovery Master. While Plaintiff is hopeful, he is not confident that Defendant will actually abide by the agreement its counsel made with the Special Discovery Master, and provide complete discovery responses as outlined in **Exhibit A**.[2]

Even if Defendant provides complete discovery responses in accordance with its agreement, there is no telling **when** Defendant will honor this agreement, and produce the outstanding discovery. Indeed, the Special Discovery Master sent the email concerning the agreement she reached with Defendant to supplement its discovery responses on November 19, 2021. *See* **Ex. A**. Approximately one month has passed since the Special Discovery Master sent this email. To date, Defendant has not supplemented **any** of its discovery responses.

If, or perhaps when, Defendant supplements its discovery responses, Plaintiff will then need time to review/process Defendant's supplemental production in accordance with the Special Discovery Master's Order to ensure Defendant's responses are complete, and discuss any remaining issues with the Special Discovery Master to see if Defendant will at that time voluntarily agree to

---

[2] An overview of Defendant's deleterious discovery practices that ultimately led to the necessity of appointing a Special Discovery Master is outlined in Plaintiff's Motion to Stay Discovery. *See* ECF No. 49.

cure any remaining deficiencies. Thereafter, the Court's Order Appointing Special Discovery Master requires the following procedure:

1) "If the special discovery master concludes that the dispute cannot be resolved consensually, she must inform counsel of that fact in writing." ECF No. 48.

2) "Within **seven days** of the notification, the party seeking discovery must file a motion to compel discovery, or the issue will be deemed abandoned." *Id.*

3) "Within **seven days** of the filing of the motion, the opposing party must file a response to the motion." *Id.*

4) "Within **three days** of the filing of the response, the moving party may file a reply brief." *Id.*

5) Thereafter, "[t]he special discovery master is authorized to conduct further conferences with counsel to resolve the motion." *Id.*

6) "If the motion is not resolved, she must file, within **14 days** following the conclusion of briefing, a report containing her recommendation on the resolution of the dispute." *Id.*

7) "Within **three days** of the filing of the report, the parties may file memoranda in support or opposition to the recommendation." *Id.*

8) "Thereafter, the Court will rule on the motion." *Id.*

(emphasis added). It is unlikely that these steps will even be complete by the Court's proposed March 1, 2021 discovery cutoff to provide Plaintiff with any time, let alone a reasonable amount of time, to conduct the critical and necessary depositions in this FLSA collective action.

Again, Plaintiff has done **everything within his power** to obtain discovery in this FLSA collective action for the last eight months, and has also diligently abided by all of the Court Orders in his efforts to obtain discovery responses to the clearly discoverable requests, as outlined in his August 13, 2021 Motion to Compel. A limited extension to complete discovery at this time will only serve to reward Defendant for its obstructionist tactics in discovery that have significantly delayed this litigation, and punishes the Plaintiff who—as the record reflects—has been very diligent in his pursuit to obtain clearly relevant discovery in this collective action.

The discovery deadline in this matter is necessarily contingent on the date that the Court enters its Order on Plaintiff's Motion to Compel in accordance with the procedures outlined in the Court's Order Appointing a Special Discovery Master. An appropriate discovery deadline can only be assessed once the Court enters its Order on Plaintiff's Motion to Compel.

Wherefore, Plaintiff respectfully requests the Court adopt the Special Discovery Master's recommendation, and enter a Stay until the Court enters an Order on Plaintiff's upcoming Motion to Compel, which will be filed when permitted in accordance with the Court's Order Appointing a Special Discovery Master.

Dated: December 13, 2021

Respectfully submitted,

/s/    Michael N. Hanna
Michael N. Hanna (P81462)
**MORGAN & MORGAN, P.A**
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

*Attorney for Plaintiff*

## LOCAL RULE CERTIFICATION

LOCAL RULE CERTIFICATION: I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 13, 2021, a copy of Plaintiffs' Motion was electronically filed with the Clerk of Court of the United States District Court for the Eastern District of Michigan, using the CM/ECF system, which will send a Notice of Electronic filing to all parties of record.

                                                   */s/ Veronica Stewart*
                                                   Veronica Stewart, Paralegal