UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on
behalf of those similarly situated,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC,**
a domestic limited liability company,

        Defendant.

Case No. 20-12734

Hon. Mark A. Goldsmith

**PLAINTIFF'S RESPONSE TO DEFENDANT'S JUNE 15, 2022
SUPPLEMENTAL AUTHORITY**

Plaintiff, Justin Guy, Responds to Defendant, Absopure Water Company, LLC's June 15, 2022 Notice of filing "Supplemental Authority."  ECF No. 65.

On June 15, 2022, Defendant submitted a letter to the Court and attached *Sw. Airlines Co. v. Saxon*, __ U.S. __, Case No. 21-309, 2022 WL 1914099, at *1 (2022) as "supplemental authority." In reality, the *Saxon* opinion is not remotely relevant to the present litigation and does not provide any "supplemental authority" to this matter because it is factually and legally disparate.

The *Saxon* decision provided involves **a dispute concerning a statutory exception to the Federal Arbitration Act** ("FAA").  The issue in *Saxon* is whether Southwest Airlines' ramp agents that load/unload airline cargo are exempt from the Federal Arbitration Act ("FAA") based on the statutory exception provided in 9

U.S.C. § 1 for "class of workers engaged in foreign or interstate commerce." In affirming the Seventh Circuit Court of Appeals' finding that the *Saxon* ramp agents are exempt from the FAA, the Supreme Court also discussed whether the *Saxon* "class of airline cargo loaders [are] 'engaged in foreign or interstate commerce' under § 1" of the FAA, and explained:

> The first sentence of § 1 of the FAA defines exempted "maritime transactions" to include, among other things, "agreements relating to wharfage, supplies furnished vessels or repairs to vessels, collisions, or any *other* matters in foreign commerce." (Emphasis added.) The use of "other" in the catchall provision indicates that Congress considered the preceding items to be "matters in foreign commerce." And agreements related to the enumerated "matte[r] in foreign commerce" of "wharfage," to take one example, included agreements for mere access to a wharf—which is simply a cargo-loading facility. See Black's 1226 (wharfage: "[m]oney paid for landing wares at a wharf, or for shipping or taking goods into a boat or barge from thence"); Webster's 2323 (similar); see also, *e.g.,* Black's 1226 (wharf: "A perpendicular bank or mound ... extending some distance into the water, for the convenience of lading and unlading ships and other vessels"). It stands to reason, then, that if payments to access a cargo-loading facility relate to a "matte[r] in foreign commerce," then an individual who actually loads cargo on foreign-bound ships docked along a wharf is himself engaged in such commerce. Likewise, any class of workers that loads or unloads cargo on or off airplanes bound for a different State or country is "engaged in foreign or interstate commerce."

*Id.*

The *Saxon* opinion is completely irrelevant to the present litigation. First, the present litigation does not involve the issue of whether the exemption found in § 1 of the FAA applies to preclude arbitration for a class of Loaders; it involves the issue of whether the Motor Carrier Act ("MCA") exempts Plaintiff and the putative

2

class of Truck Drivers from receiving overtime compensation under the Fair Labor Standards Act ("FLSA").

Second, *Saxon's* statutory discussion concerning the meaning of "engaged in commerce" is based on the statutory construction of § 1 of the FAA; not the MCA. "**The phrase 'in commerce' does not, of course, necessarily have a uniform meaning whenever used by congress**." *U.S. v. Am. Bldg. Maint. Indus.*, 422 U.S. 271, 277 (1975) (emphasis added); *See also Cir. City Stores, Inc. v. Adams*, 532 U.S. 105, 118, (2001) ("We must, of course, construe the "engaged in commerce" language in the FAA with reference to the statutory context in which it is found and in a manner consistent with the FAA's purpose.").

Third, the *Saxon* matter is factually disparate and involves airline ramp agents that loaded cargo on airplanes. Plaintiff and the putative class are not loaders; they are Truck Drivers.

Defendant's "Supplemental Authority" has nothing to do with the MCA exemption or the present litigation, did not overrule the plethora of cases cited in Plaintiff's briefings, and is due to be disregarded.

Dated: June 29, 2022

Respectfully submitted,

/s/Michael N. Hanna
Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075

3

(313) 251-1399
mhanna@forthepeople.com

*Attorneys for Plaintiff*

## PROOF OF SERVICE

The undersigned certifies that on June 29, 2022, the foregoing document was served electronically upon all attorneys of record.

*/s/ Veronica L. Stewart*
Veronica L. Stewart, Paralegal

4