UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.
_____/

Case No.: 20-CV-12734

Hon. Mark A. Goldsmith

## JOINT STATEMENT
## CONCERNING COLLECTIVE ACTION NOTICE

Pursuant to the Courts Order Granting in Part Plaintiff's Motion to Conditionally Certify a Collective Action, [ECF No. 77], the Parties hereby file this Joint Statement concerning the collective action notice.

The Parties' proposed collective action notice is attached as **Exhibit A**. The Parties have agreed to all but one sentence in this notice. The sentence at issue states:

> "The Court, however, has decided that Absopure's good faith defense fails as a matter of law such that Plaintiff is entitled to liquidated damages if he establishes an FLSA violation."

This sentence is highlighted, and included on page two of Exhibit A for the Court's consideration.

**Plaintiff's Position:**

Plaintiff maintains that this sentence should be included in the collective action notice. The sentence at issue is taken almost verbatim from the Court's Order Granting in Part Plaintiff's Motion for Summary Judgment, which states:

> "Given that Absopure does not argue it took affirmative steps to investigate and comply with its obligations under the FLSA, the Court finds that its good faith defense fails as a matter of law. Should Guy establish an FLSA violation, liquidated damages will be awardable."

ECF No. 70, PageID.4511-4512. Because the sentence at issue is derived from the Court's Order, Defendant's assertion that this language is confusing or misleading is meritless. It is an accurate statement concerning the current posture of this lawsuit.

The FLSA requires courts to ensure that employees receive "accurate and timely notice concerning the pendency of [a] collective action, so that they can make informed decisions about whether to participate." *Hoffmann–La Roche, Inc. v. Sperling,* 493 U.S. 165, 171 (1989). The proposed sentence is accurate, and will assist putative class members in reaching an informed decision about whether to participate. Indeed, a federal Court Order finding that Defendant's good faith defense fails as a matter of law is significant, and the type of information that a putative class member would want to know to assist them in making an informed decision about whether to participate. Defendant cannot, in good faith, assert that hiding this information from putative class members will enable them to make more "informed decisions about whether to participate." *Id.* Accordingly, Plaintiff

2

respectfully requests the Court permit the inclusion of this sentence in the notice.

**Defendant's Position:**

Defendant contends that this language is confusing, misleading, and unnecessary.  See Whitehorn v. Wolfgang's Steakhouse, Inc., 767 F. Supp. 2d 445, 450 (S.D.N.Y. 2011) (A district court has discretion regarding the form and content of the collective action notice and should reject language that is "unduly argumentative, meant to discourage participation in the lawsuit, or are unnecessary or misleading,").  The lack of "good faith" finding of the Court in its summary judgment order relates to damages and would have an effect only if liability is established.  The notice already informs recipients that they could be entitled to liquidated damages and thus, as a secondary issue, the statement in question is unnecessary for the purposes of the notice.  Further, the language is misleading, especially to non-lawyers, because it leaves the strong impression that a significant liability issue has been already decided, rather than just a secondary damages issue.  Even with respect to damages, anyone unfamiliar with FLSA cases would not understand its implications.  It would, therefore, be inappropriate to include this language in the notice.  See id.

Respectfully submitted,

Dated:  February 28, 2023

/s/ *Michael N. Hanna*           /s/ *Michael O. Cummings*

3

| | |
|---|---|
| MICHAEL N. HANNA (P81462) | Michael O. Cummings |
| MORGAN & MORGAN, P.A. | Cummings, McClorey, Davis, & Acho, P.C. |
| 2000 Town Center, Suite 1900 | 1185 Avenue of The Americas, Third Floor |
| Southfield, MI 48075 | New York, NY 10036 |
| (313) 739-1950 | (212) 547-8810 |
| mhanna@forthepeople.com | mcummings@cmda-law.com |
| *Attorneys for Plaintiff* | *Attorneys for Defendant* |

## CERTIFICATE OF SERVICE

The undersigned certifies that on February 28, 2023, the foregoing document was filed using the CM/ECF system, which will send notice of same to all counsel of record.

>*/s/ Michael N. Hanna*
>Michael N. Hanna (P81462)
>*Attorney for Plaintiff*