UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.   Case No. 20-cv-12734-MAG-EAS
    HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

---

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFF'S
MOTION FOR RECONSDERATION OF THE COURT'S ORDER
ON PLAINTIFF'S MOTIOIN FOR SUMMARY JUDGMENT**

    **NOW COMES** Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, **CUMMINGS, McCLOREY, DAVIS & ACHO, PLC**, by **RONALD G. ACHO**, and for its Response to Plaintiff's Motion for Reconsideration (Dkt. 78) of the Court's Order On Plaintiff's Motion For Summary Judgment (Dkt. 70), Absopure relies upon the attached Brief and any other documents attached as exhibits, which are hereby incorporated by reference.

    **WHEREFORE,** Defendant respectfully requests this Honorable Court deny Plaintiff's Motion for Reconsideration and award to Defendant any such other relief this Court deems appropriate.

                                  Respectfully submitted,

                                  s/ *Ronald G. Acho*
                                  Ronald G. Acho
                                  Cummings, McClorey, Davis & Acho, P.L.C.
                                  Attorneys for Defendants
                                  17436 College Parkway
                                  Livonia, MI 48152
                                  (734) 261-2400
Dated: March 3, 2023          racho@cmda-law.com
                                  P-23913

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No. 20-cv-12734-MAG-EAS
　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

---

**DEFENDANT'S BRIEF IN SUPPORT OF ITS
RESPONSE IN OPPOSITION TO
<u>PLAINTIFF'S MOTION FOR RECONSIDERATION</u>**

## **TABLE OF CONTENTS**

Table of Contents ....................................................................................................i

Index of Authorities ............................................................................................... ii

Concise Statement of Issues Presented ................................................................. iii

Controlling or Most Appropriate Authority for the Relief Sought ..........................iv

Introduction ............................................................................................................1

Legal Standards .....................................................................................................1

Argument ................................................................................................................4

Conclusion .............................................................................................................6

# INDEX OF AUTHORITIES

## CASES

*Anderson v. Libery Lobby, Inc.*, 477 U.S. 242 (1968)............................................3, 5

*Annabel v. Campbell,* No. 20-cv-11114, 2022 WL 17361965 (E.D. Mich. Dec. 1, 2022) ................................................................................................................1, 2, 4

*Burn Hookah Bar, Inc. v. City of Southfield,* No. 2:19-cv-11413, 2022 WL 730634, (E.D. Mich. Mar. 12, 2022) ..............................................................................................1

*Celotex Corp. v. Catrett*, 477 U.S. 317 (1986) .......................................................2

*Florists' Transworld Delivery, Inc. v. Fleurop-Interflora,* 261 F. Supp. 2d 837 (E.D. Mich. 2003) ...............................................................................................3, 4

*Matsushita-Electric Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986)............................................................................................2

*Mav of Michigan, Inc. v. American Country Insurance Co.*, 289 F. Supp. 2d 873 (E.D. Mich. 2003) ...............................................................................................3, 4

*Tolan v. Cotton*, 572 U.S. 650 (2014)..................................................................3, 5

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ .P. 56 ...................................................................................................2
Fed. R. Civ .P. 56(a)...............................................................................................2
Fed. R. Civ .P. 56(c)(1)........................................................................................3, 6

## EASTERN DISTRICT OF MICHIGAN LOCAL RULES

Local Rule 7.1(h)(2)........................................................................................1, 2, 4

ii

# **CONCISE STATEMENT OF ISSUES PRESENTED**

I. DID PLAINTIFF ESTABLISH THAT THERE IN NO GENUINE ISSUE OF MATERIAL FACT SUCH THAT HE IS ENTITLED TO SUMMARY JUDGEMENT THAT HE DROVE VEHICLES WITH A GROSS WEIGHT RATING OF 10,000 POUNDS OR LESS MORE THAN DE MINIMIS?

    Plaintiff would say, "Yes".

    Defendant would say, "No".
    .

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

## CASES

*Anderson v. Libery Lobby, Inc.*, 477 U.S. 242 (1968)..........................................3, 5

*Annabel v. Campbell,* No. 20-cv-11114, 2022 WL 17361965 (E.D. Mich. Dec. 1, 2022) ...............................................................................................................1, 2, 4

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ .P. 56(c)(1)..............................................................................................3, 6

## EASTERN DISTRICT OF MICHIGAN LOCAL RULES

Local Rule 7.1(h)(2)..........................................................................................1, 2, 4

## INTRODUCTION

Plaintiff's argument for reconsideration regarding the small vehicle exception boils down two incorrect assertions: 1) that his self-serving, uncorroborated, "estimate," contained in a declaration submitted after his deposition, of driving small vehicles two times a month should be considered as uncontestable fact, and 2) that Defendant's lack of documents detailing which vehicles Plaintiff drove are proof that it is completely unable to contradict this "estimate." Neither assertion is correct. Courts have quite understandably applied significant skepticism to such self-serving testimony. Further, Plaintiff's "estimate" is dubious in light of the highly-selective memory he displayed during his deposition, claiming to "not remember" many facts that would normally be at least as memorable. Finally, Defendant has several avenues available to it to challenge this "estimate," including cross-examination of Plaintiff in a further deposition or at trial and obtaining contradictory testimony from "similarly situated" employees now that this is a collective action.

## LEGAL STANDARDS

"A party may move for reconsideration of a non-final order under Local Rule 7.1(h)(2)." *Annabel v. Campbell*, No. 20-cv-11114, 2022 WL 17361965, at *1 (E.D. Mich. Dec. 1, 2022), quoting *Burn Hookah Bar, Inc. v. City of Southfield*, No. 2:19-cv-11413, 2022 WL 730634, at *1 (E.D. Mich. Mar. 12, 2022). Local Rule 7.1(h)(2) states in pertinent part:

1

(2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

(A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

(B) An intervening change in controlling law warrants a different outcome; and

(C) New facts warrant a different outcome and the new facts could not have been discovered with reasonable diligence before the prior decision.

LR 7.1(h)(2). "A motion for reconsideration is 'not an opportunity to reargue a case' and/or 'to raise [new] arguments which could, and should, have been made' earlier. *Annabel, supra*, slip opinion at *1. (citations omitted.)

Federal Rule of Civil Procedure (hereinafter "FRCP") 56 only allows summary judgment against a party who fails to establish the existence of an element essential to that party's case and on which that party bears the burden of proof at trial. *Celotex Corp. v. Catrett*, 477 U.S. 317, 322-323 (1986). Summary judgment is only appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." FRCP 56(a). The movant has the initial burden of showing "the absence of a genuine issue of material fact" and the "non-moving party must come forward with specific facts showing that there is a genuine issue for trial." *Matsushita-Electric Indus. Co. v.*

2

*Zenith Radio Corp.*, 475 U.S. 574, 586 (1986). While a "scintilla of evidence" is insufficient. *Anderson v. Libery Lobby, Inc.*, 477 U.S. 242, 252 (1968), the evidentiary showing to create genuine material issues of fact is a low bar since evidence is interpreted "in the light most favorable to the opposing party." *Tolan v. Cotton*, 572 U.S. 650, 657 (2014); *Anderson*, 477 U.S. at p. 255.

Notably, Rule 56 states that summary judgment is warranted when a party "cannot" establish that there is a genuine issue of material fact, not merely that the party has not yet shown the existence of a material fact. FRCP 56(c)(1) ("(1) Supporting Factual Positions. A party asserting that a fact *cannot* be or is genuinely disputed must support the assertion by: . . . (B) showing . . . that an adverse party *cannot* produce admissible evidence to support the fact.") (emphasis added).

In the summary judgment context, courts have been skeptical about unsupported, self-serving testimony. *See e.g. Mav of Michigan, Inc. v. American Country Insurance Co.*, 289 F. Supp. 2d 873, n. 3 (E.D. Mich. 2003) ("It is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact."); *see also Florists' Transworld Delivery, Inc. v. Fleurop-Interflora*, 261 F. Supp. 2d 837, 854 (E.D. Mich. 2003) ("Plaintiffs have offered nothing to support their conclusory and self-serving allegation that their cause of action accrued in 1999 and is therefore insufficient to create a genuine issue of fact.")

3

## ARGUMENT

Plaintiff's motion for reconsideration is no more than a rehash of his original arguments and does not specifically describe what "mistake" the Court supposedly made. *See Annabel v. Campbell*, *supra*, 2022 WL 17361965, at *1; LR 7.1(h)(2)(A).

As with his original summary adjudication motion, Plaintiff's argument for reconsideration on the small vehicle exception to MCA exemption rests primarily on his statement in his declaration that he "estimates that he drove vehicles that weigh less than 10,001 pounds approximately two times per month, which equates to 9% of his routes." Guy Mot. Dkt. at PageID.1264, 1277; Guy Recon. Mtn. at PageID.4547-48.

Plaintiff treats his "estimate" as if it is an established fact. It is not. As noted above, courts place much less weight on uncorroborated, self-serving testimony such as Plaintiff's declaration. *See Mav of Michigan, Inc. v. American Country* Insurance Co., 289 F. Supp. 2d at n. 3 (E.D. Mich. 2003) ("It is well settled that conclusory allegations and self-serving affidavits, without support in the record, do not create a triable issue of fact."); *Florists' Transworld Delivery, Inc. v. Fleurop-Interflora*, 261 F. Supp. 2d at 854 (E.D. Mich. 2003). Further, Plaintiff's estimate was made in a declaration submitted after his deposition in this case. *See* Guy Decl. PageID.2225-26 (Dkt. 56-15); Guy Dep. Tr. p. 1, PageID.4165 (Dkt. 61-4). There has thus been no chance to determine how this "estimate" would hold up under cross examination.

4

Finally, Plaintiff, in his deposition, claimed he could not remember many things in the same time period of his "estimate." For example, he does not remember if he was ever told by Absopure that he would get paid overtime. Guy Dep. Tr. 26:18-23, PageID.4172 (Dkt. 61-4). He does not remember how much he made at Absopure. *Id.* 33:17-18, PageID.4173. He says that, apart from not getting paid overtime, he was not treated well but cannot recall when that was. *Id.* 36:17-37:3, PageID.4174 He says he complained about "a lot of stuff", but cannot remember what it was. *Id.* 92:17-93:3, PageID.4188. He does not remember whether anyone at Absopure told him he needed a commercial driver's license (CDL). *Id.* 63:7-10, PageID.4181. He could not remember how many times he took CDL test. *Id.* 164:19-166:8, PageID.4206-07.

It is doubtful, therefore, seen in the light most favorable to Absopure, that Plaintiff's "estimate" could satisfy his burden of proof at all, let alone completely eliminate any issue of fact for purposes of summary judgment, even if there were no contradictory evidence. *See Tolan v. Cotton*, 572 U.S. at 657; *Anderson*, 477 U.S. at p. 255.

Next, Plaintiff goes on to state that "Defendant is *incapable* of refuting this estimate because it does not maintain—and as a result has not produced—documents that identify which vehicle is/was assigned to each Driver on any specific workday." PageID.4549 (emphasis). Plaintiff has not demonstrated that Absopure *cannot* show

5

evidence, merely that it has not yet done so. *See* FRCP 56(c)(1). As the Court simply noted, "it is unclear how Absopure could provide its own estimate regarding precisely how often Guy drove small vehicles." Order p. 15, PageID.4508 (Dkt. 70). "Unclear how" and "incapable of refuting" are two different statements. The Court has recently conditionally certified this case as an FLSA collective action. (Dkt. 77). There will thus be more discovery. Among the evidence that could shed light on Plaintiff's "estimate" is the testimony of the other "similarly situated" employees, who might have very different "estimates" than Plaintiff's and thus refute his testimony.

## **CONCLUSION**

In view of the foregoing, Defendant respectfully requests this Honorable Court deny Plaintiff's Motion for Reconsideration and award to Defendant any such other relief this Court deems appropriate.

Respectfully submitted,

s/ *Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
Attorneys for Defendants
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

Dated: March 3, 2023

6

## LOCAL RULE CERTIFICATION

I, Ronald G. Acho, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: March 3, 2023

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
Attorneys for Defendant
racho@cmda-law.com
(P 23913)

## CERTIFICATE OF SERVICE

I hereby certify that on March 3, 2023, I caused to electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: March 3, 2023

/s/ *Ronald G. Acho*
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152(734) 261-2400
Attorneys for Defendant
racho@cmda-law.com
(P 23913)