UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

    Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC

    Defendant.

Case No. 20-12734

HON. MARK A. GOLDSMITH

**OPINION & ORDER**
**(1) GRANTING PLAINTIFF'S MOTION FOR RECONSIDERATION (Dkt. 78) AND (2) GRANTING IN PART PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT (Dkt. 56)**

This matter is before the Court on Plaintiff Justin Guy's motion for reconsideration (Dkt. 78) of the aspect of this Court's February 8, 2023 opinion and order (Dkt. 70) denying in part and granting in part Guy's motion for summary judgment (Dkt. 56) that addressed the "small vehicle exception" to the Motor Carrier Act's (MCA) exemption to the Fair Labor Standards Act (FLSA). For the reasons discussed below, the motion for reconsideration is granted, and the Court grants that aspect of Guy's motion for summary judgment.[1]

### I. BACKGROUND

In its original opinion and order, the Court denied Guy's motion for summary judgment regarding the application of the SAFETEA-LU Technical Corrections Act of 2008's (TCA) "small vehicle exception" to the MCA's exemption to the FLSA. 2/8/23 Op. & Order at 13–15. Guy's summary judgment motion primarily made two arguments with respect to the TCA: (i) that the

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Absopure's response (Dkt. 83) and Guy's reply (Dkt. 87).

TCA requires Guy to show that he drove a vehicle weighing 10,000 pounds or less (small vehicles) for a de minimis amount of his work time, see Pl. Mot. for Summ. J. at PageID.1276; and (ii) that Guy's estimate that he drove small vehicles around two times per month meets this de minimis standard, see id. at PageID.1277. In response, Absopure argued that Guy must have exclusively driven small vehicles for the TCA to apply. See Def. Resp. to Mot. for Summ. J. at Page ID.4136–4138 (Dkt. 61). Finding that neither party had demonstrated an absence of a genuine issue of material fact, the Court declined to grant summary judgment to either party regarding the small vehicle exception.

Guy now seeks reconsideration of the denial of his motion for summary judgment relative to that issue.

## II. ANALYSIS

Motions for reconsideration may be granted under Eastern District of Michigan Local Rule 7.1(h)(2)(A) when the moving party shows that the "court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court the time of its prior decision . . . ."

The Court proceeds by reviewing the MCA exemption to the FLSA, the small vehicle exception to that exemption, and the parties' arguments as to whether summary judgment is proper on reconsideration.

### A. The MCA Exemption to the FLSA

The FLSA generally requires employers to pay an overtime rate to employees who work longer than 40 hours in a given workweek. 29 U.S.C. § 207(a). As relevant here, one of the exemptions to the FLSA's requirements is the MCA, which provides that § 207 does not apply to "any employee with respect to whom the Secretary of Transportation has power to establish

qualifications and maximum hours of service pursuant to the provisions of section 31502 of Title 49[.]" 29 U.S.C. § 213(b)(1). Section 31502, in turn, provides that "[t]he Secretary of Transportation may prescribe requirements for-- (1) qualifications and maximum hours of service of employees of, and safety of operation and equipment of, a motor carrier; and (2) qualifications and maximum hours of service of employees of, and standards of equipment of, a motor private carrier, when needed to promote safety of operation." 49 U.S.C § 31502(b).

### B. The Small Vehicle Exception to the MCA Exemption

The TCA provides an exception to the MCA exemption to the FLSA's requirements for certain "covered employees." See SAFETEA–LU TECHNICAL CORRECTIONS ACT OF 2008 § 306, PL 110–244, June 6, 2008, 122 Stat 1572. As set forth in that statute, the FLSA's overtime provision under § 207(a) "appl[ies] to a covered employee notwithstanding section 13(b)(1) of [the MCA]." Id. § 306(a). The TCA defines "covered employee" as an individual:

> (1) who is employed by a motor carrier or motor private carrier . . .
> (2) whose work, in whole or in part, is defined—
>     (A) as that of a driver, driver's helper, loader, or mechanic; and
>     (B) as affecting the safety of operation of motor vehicles weighing 10,000 pounds or less in transportation on public highways in interstate or foreign commerce, except vehicles—
>         (i) designed or used to transport more than 8 passengers (including the driver) for compensation;
>         (ii) designed or used to transport more than 15 passengers (including the driver) and not used to transport passengers for compensation; or
>         (iii) used in transporting material found by the Secretary of Transportation to be hazardous under section 5103 of title 49, United States Code, and transported in a quantity requiring placarding under regulations prescribed by the Secretary under section 5103 of title 49, United States Code; and
> (3) who performs duties on motor vehicles weighing 10,000 pounds or less.

Id. § 306(c) (emphasis added).

Guy and Absopure offer competing interpretations of the TCA's definition of "covered employee." Guy interprets the "in whole or in part" modifier in § 306(c)(2) to mean that the small vehicle exception to the MCA exemption is a de minimis exception and asserts that drivers who operate small vehicles for 1% or more of their routes satisfy the threshold. See Mot. Recons. at PageID.4550 (citing Oddo v. Bimbo Bakeries U.S.A., Inc., 391 F. Supp. 3d 466, 474 (E.D. Pa. 2019)). Absopure interprets the TCA to require that employees exclusively drive small vehicles to trigger an exception to the MCA exemption. See Def. Resp. to Mot. Summ. J. at PageID.4136–4138.

Courts in this circuit have applied the de minimis standard. See Byers v. Care Transp. Inc., No. 13-cv-15174, 2015 WL 5608287, at *8 (E.D. Mich. Sept. 24, 2015); Gowey v. True Grip & Lighting, Inc., 520 F. Supp. 3d 1013, 1017 (E.D. Tenn. 2021). Although the United States Court of Appeals for the Sixth Circuit has not specifically defined the meaning of "de minimis" in the context of the TCA, courts applying this term typically consider whether the employee's duties involving small vehicles "are otherwise trivial, casual, or insignificant." Gowey, F. Supp. 3d at 1021 (citing Oddo, 391 F. Supp. 3d at 473); see also Byers, 2015 WL 5608287, at *8 n. 11. This Court joins other courts in that interpretation of the TCA provision.

C. **The Court's Reconsideration of Guy's Summary Judgment Evidence**

As set forth in its opinion and order, the Court was not convinced that Guy proffered evidence sufficient to meet the de minimis threshold. See 2/8/23 Op. & Order at 15. Guy estimates that he "drove" small vehicles around two times per month, Guy Decl. ¶¶ 6–8 (Dkt. 56-15), an estimate that equates to 9% of his routes, Mot. Recons. at PageID.4549. Initially, it was not clear to the Court that Guy's use of the term "drove" meant a full daily route. However, a review of Guy's deposition testimony clarifies that his declaration means just that. As Guy explained, he

drove the same route each workday. Guy Dep. 86:8–87:13 (Dkt. 56-4) (summarizing work duties); id. at 180:1–183:11 (explaining that he had a permanent route assignment). Thus, Guy's testimony makes clear that when he "drove" small vehicles twice per month, he did so as part of driving a permanent, daily route, two days of every month.

The Court concludes that its initial misapprehension of Guy's declaration warrants reconsideration of the Court's prior opinion and order. Given the above evidence, Guy has shown that his work involving small vehicles was beyond a trivial or insignificant level of his work duties. See Byers, 2015 WL 5608287, at *8 n. 11. Moreover, Absopure does not meaningfully dispute Guy's evidence regarding his use of small vehicles. Rather, Absopure merely produces evidence that Guy had also often driven large vehicles as part of his work. See 3/21/22 Byrne Aff. ¶ 3 (Dkt. 55-22) (stating that Guy "regularly and routinely" operated vehicles weighing more than 10,001 pounds). But whether Guy also regularly drove large vehicles in addition to small vehicles has no bearing on whether Guy has met the de minimis threshold. Absent evidence disputing Guy's declaration regarding his use of small vehicles, Absopure cannot carry its burden at summary judgment. Martin v. Ind. Mich. Power Co., 381 F.3d 574, 578 (6th Cir. 2004) (remanding for entry of summary judgment in favor of plaintiff and explaining that employer carries burden of establishing that employee meets each element of a claimed exemption); see also Roche v. S-3 Pump Serv., Inc., 154 F. Supp. 3d 441, 448 (W.D. Tex. 2016) ("[I]t is the employer's burden to demonstrate that the employees exclusively drove vehicles greater than 10,000 pounds during a workweek.").

Because there is no genuine dispute that more than a de minimis portion of Guy's work involved driving small vehicles, Guy is entitled to summary judgment with respect to that exception to the MCA exemption to the FLSA's overtime provisions.

### III. CONCLUSION

For the foregoing reasons, the Court grants Guy's motion for reconsideration (Dkt. 78). The Court grants in part Guy's motion for summary judgment (Dkt. 56) as to the applicability of the small vehicle exception to the MCA exemption.

On or before May 15, 2023, the parties must file a joint statement regarding how this decision bears on outstanding issues in the case, including the current discovery disputes. The joint statement must set forth points of agreement and disagreement and may not exceed 10 pages.

SO ORDERED

Dated: May 10, 2023         s/Mark A. Goldsmith
      Detroit, Michigan         MARK A. GOLDSMITH
                                                  United States District Judge