UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

Case No. 20-cv-12734-MAG-EAS
HON. MARK A. GOLDSMITH

_____

## **DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES**

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves, pursuant to Federal Rule of Civil Procedure 15(a)(2), for an order allowing it to amend its affirmative defenses to add as an affirmative defense that Plaintiffs are exempt from the overtime provisions of the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 207(i) as receiving bona fide commissions as employees of a retail or services establishment.

In further support of their motion, Defendants rely on the attached brief and the accompanying attached exhibits, which establish that Defendant's proposed

defense is viable, that Plaintiffs have had notice of this defense and will suffer no substantial prejudice, and that there has been no undue delay in adding this defense.

Dated: June 22, 2023

Respectfully submitted,

*s/ Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

*and*

*/s/ Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

*Attorneys for Defendant Absopure Water Company, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

      Plaintiff,

v.                            Case No. 20-cv-12734-MAG-EAS
                                   HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

      Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S**
**MOTION TO AMEND AFFIRMATIVE DEFENSES**

# **TABLE OF CONTENTS**

Table of Contents ........................................................................................i

Index of Authorities ................................................................................. ii

Concise Statement of Issues Presented...................................................iv

Controlling or Most Appropriate Authority for the Relief Sought...........................v

ARGUMENT ............................................................................................1

I.  Defendant Should Be Allowed to Amend Its Affirmative Defenses ..................1

    A.  Leave to Amend Pleadings "Shall be Freely Given
        When Justice so Requires"...............................................................1

    B.  Defendant's Proposed Defense is Viable......................................3

    C.  Plaintiffs Have Had Notice of the Proposed Defense ...................6

    D.  No "Substantial Prejudice" Exists ..............................................10

    E.  There Has Been No Undue Delay in Adding The Defense .........12

CONCLUSION ......................................................................................13

# INDEX OF AUTHORITIES

## CASES

*Estes v. Kentucky Utilities Co.*, 636 F.2d 1131 (6th Cir. 1980) ..............................10

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................... 1-2

*Helix Energy Solutions Group, Inc. v. Hewitt,* 598 U.S. – ,143 S.Ct. 677 (2023) ........................................................................................7, 12

*Oliva v. Infinite Energy, Inc.*, 1:11-cv-00232-MP-GRJ, 2012 WL 11868265 (N.D. Fla. October 12, 2012) ................................................................4, 6

*Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001)..........................................................................................2

*Schmidt v. Eagle Waste & Recycling, Inc.*, 599, F.3d 626 (7th Cir. 2010) ...............2

*Taylor v HD and Associates LLC*, 45 F.4th 833 (5th Cir. 2022)..........................2, 7

*Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd.*, 246 F.Supp.2d 886 (S.D. Ohio 2003) ................................................................4

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001)..................................2

## FEDERAL STATUTES

29 U.S.C. § 207(i) ...................................................... 1, 3, 4, 6, and 11-14

## FEDERAL REGULATIONS

29 C.F.R. § 779.319 ......................................................................................4

29 C.F.R. § 779.322 ...................................................................................4, 11

29 C.F.R. § 779.329 ...................................................................................4, 11

29 C.F.R. § 779.412 ......................................................................................4

29 C.F.R. § 779.420. ......................................................................................4

29 C.F.R. § 779.512(a).................................................................................4

29 C.F.R. § 779.512(a)(7)............................................................................4

29 C.F.R. § 779.516.16.................................................................................4

## **FEDERAL RULES OF CIVIL PROCEDURE**

Fed. R. Civ. Pro. Rule 15(a)(2).................................................................1,2

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.    SHOULD DEFENDANT BE GRANTED LEAVE TO AMEND ITS
AFFIRMATIVE DEFENSES TO ADD THE AFFIRMATIVE DEFENSE
OF THE RETAIL OR SERVICES ESTABLISHMENT EXEMPTION
PURSUANT TO 29 U.S.C. § 207(i)?

Plaintiffs would say, "No".

Defendant would say, "Yes".
.

iv

# CONTROLLING OR MOST APPROPRIATE
# AUTHORITY FOR THE RELIEF SOUGHT

## CASES

*Estes v. Kentucky Utilities Co.*, 636 F.2d 1131 (6th Cir. 1980) ..............................10

*Foman v. Davis*, 371 U.S. 178 (1962) .................................................... 1-2

*Oliva v. Infinite Energy, Inc.*, 1:11-cv-00232-MP-GRJ, 2012 WL 11868265 (N.D. Fla. October 12, 2012) ................................................................4, 6

*Taylor v HD and Associates LLC*, 45 F.4th 833 (5th Cir. 2022)..........................2, 7

*Viciedo v. New Horizons Computer Learning Center of Columbus, Ltd.*, 246 F.Supp.2d 886 (S.D. Ohio 2003) ...............................................................4

*Wade v. Knoxville Utilities Bd.*, 259 F.3d 452 (6th Cir. 2001)................................2

## FEDERAL STATUTES

29 U.S.C. § 207(i) ...................................................... 1, 3, 4, 6, and 11-14

## FEDERAL REGULATIONS

29 C.F.R. § 779.319 ......................................................................4

29 C.F.R. § 779.322 ....................................................................4, 11

29 C.F.R. § 779.329 ....................................................................4, 11

29 C.F.R. § 779.412 ......................................................................4

## FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. Pro. Rule 15(a)(2).............................................................1,2

## INTRODUCTION

Defendant Absopure Water Company, LLC ("Defendant") hereby requests leave of the Court to amend its affirmative defenses to include the defense that Plaintiffs are exempt from the requirement to pay overtime under the Fair Labor Standards Act ("FLSA") pursuant to 29 U.S.C. § 207(i) pertaining to employees of a retail or service establishment who receive bone fide commissions.

This is a viable defense and its addition to the case will not create substantial prejudice to Plaintiffs. Plaintiffs have been on notice since the very beginning of the case that this defense could be added. Discovery is still open in the case and, and in any event, little to no further discovery is needed to litigate this defense. Finally, adding this defense is timely because it has become significantly more relevant and viable now that this case has become a collective action.

## ARGUMENT

## I.    DEFENDANT SHOULD BE ALLOWED TO AMEND ITS AFFIRMATIVE DEFENSES

### A.    Leave to Amend Pleadings "Shall be Freely Given When Justice so Requires"

Rule 15(a) provides that a party may amend its pleading "with … the court's leave. The court should freely give leave when justice so requires." Fed.R.Civ.P. 15(a)(2). As the Supreme Court elaborated in *Foman v. Davis*, 371 U.S. 178, 182

(1962): "Rule 15(a) declares that leave to amend 'shall be freely given when justice so requires'; this mandate is to be heeded." *Id.* Therefore, "[i]f the underlying facts or circumstances relied upon by a [party] may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits." *Id.* Leave should be given "[i]n the absence of … undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc." *Id.*

Delay alone "[is] not sufficient reason to deny" a motion to amend. *Wade v. Knoxville Utilities Bd.*, 259 F.3d 452, 459 (6th Cir. 2001). Rather, "[n]otice and substantial prejudice to the opposing party are critical factors in determining whether an amendment should be granted." *Id.* at 458-459. *See, also Schmidt v. Eagle Waste & Recycling, Inc.*, 599, F.3d 626, 632 (7th Cir. 2010) ("While Fed.R.Civ.P. 8(c) directs parties to raise affirmative defenses in the pleadings, a delay in raising an affirmative defense only results in waiver if the other party is prejudiced as a result."); *Taylor v HD and Associates LLC*, 45 F.4th 833, 838 (5th Cir. 2022) ("A defendant does not waive a defense if it was raised at a pragmatically sufficient time and did not prejudice the plaintiff in its ability to respond."); *Owens v. Kaiser Foundation Health Plan, Inc.*, 244 F.3d 708, 713 (9th Cir. 2001) ("Assuming arguendo that Kaiser had unreasonably delayed the filing of the motion to amend its

answer, '[u]ndue delay by itself ... is insufficient to justify denying a motion to amend.'").

### B.  Defendant's Proposed Defense is Viable

Defendant proposes to add the affirmative defense that Plaintiffs are exempt on the basis of being paid a bona fide commission as employees of a retail or service establishment pursuant to 29 U.S.C. § 207(i) of the FLSA.  Defendant's proposed second amended affirmative defenses are attached hereto as Exhibit ("Exh.") 1, (see ¶ 23).

Section 207(i) states:

"(i) Employment by retail or service establishment

No employer shall be deemed to have violated subsection (a) by employing any employee of a retail or service establishment for a workweek in excess of the applicable workweek specified therein, if (1) the regular rate of pay of such employee is in excess of one and one-half times the minimum hourly rate applicable to him under section 206 of this title, and (2) more than half his compensation for a representative period (not less than one month) represents commissions on goods or services. In determining the proportion of compensation representing commissions, all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services without regard to whether the computed commissions exceed the draw or guarantee."

29 U.S.C. § 207(i)

To qualify for this exemption, Defendant thus must show that: 1) it is a "retail or service establishment", 2) it paid its employees a regular rate of more than 1 ½

times the federal minimum wage for each hour worked; and (3) employees received

more than half of their compensation (for a representative period of not less than one

month) in the form of commissions earned from the sale of goods or services. *See*

29 U.S.C. § 207(i); 29 C.F.R. § 779.412.

Further, to qualify as a "retail or service establishment", Defendant must show

a) it is open to the general public (29 C.F.R. § 779.319) and b) that at least 75 percent

of its annual sales "are recognized as retail sales or services in the particular

industry" and are not for resale.  29 C.F.R. §§ 779.322 and 329.

Employers claiming the retail establishment exemption are also subject to a

number of record-keeping requirements.  29 C.F.R. §§ 779.420, 512(a), and 516.16.

The requirement most likely to be in dispute in this case is:

> Hours worked each workday and total hours worked each workweek
> (for purposes of this section, a "workday" is any fixed period of 24
> consecutive hours and a "workweek" is any fixed and regularly
> recurring period of 7 consecutive workdays),

29 C.F.R. §§ 779.512(a)(7)

However, a failure to comply with record keeping requirements "would not

result in a finding that the retail-service exemption is inapplicable . . ." *Viciedo v.*

*New Horizons Computer Learning Center of Columbus, Ltd*., 246 F.Supp.2d 886,

899-900 (S.D. Ohio 2003); *see also Oliva v. Infinite Energy, Inc.*, 1:11-cv-00232-

MP-GRJ, 2012 WL 11868265 at *10  (N.D. Fla. October 12, 2012) ("if a defendant

fails to maintain the proper employment records the result is not to impose a default-

like penalty against the defendant, but instead that the Court must estimate the amount of hours worked.")

Defendant can and will prove each element of this defense. Over seventy-five percent of its sales are of consumer items to end customers and are not for resale, including bottled water, coffee and related items. (Exh. 2, Declaration of Patrick Byrne in Support of Motion to Amend Affirmative Defenses ("Byrne Dec.") ¶ 4). Further, both of Defendant's locations, Plymouth and Grand Rapids, are open to the public, such that consumers can walk in or call in to make orders and have done so. (*Id.*, ¶ 5).

Defendant will also prove that Plaintiffs have been paid more than one and one-half times the federal minimum wage. No Plaintiff has been paid less than $120.00 for any workday during the relevant period. (Exh. 2, Byrne Dec. ¶¶ 7-8).[1] Given the minimum wage of $7.25 per hour, Plaintiffs would have had both to earn only this minimum without additional commission and have worked more than 11 hours for every day of the week worked. ($120 ÷ ($7.25 /hr. × 1.5) = 11.03 hours), i.e., 55 hours in a five-day week, 66 hours in a six-day week. The time records will show that no Plaintiff has done this.

---

[1] The paystubs for all Plaintiffs have been produced as confidential documents bearing bates numbers ABS 002465-3524. A review of those documents reveal that all Plaintiffs employed prior to May 7, 2018, when the minimum was only $100.00 per day (see Byrne Dec. ¶ 7), nevertheless received at least $120.00 per day.

Defendant will prove that Plaintiffs are paid by commission.  This will be undisputed for the Sales Specialists who receive no minimum guaranteed payment. (Exh. 2, Byrne Dec. ¶ 7).  Plaintiffs will undoubtedly argue that the minimum guaranteed payment received by the Sales Specialists Trainees is a "daily wage" and thus these Plaintiffs are not exempt.  However, Section 207(i) specifically states that a guaranteed minimum still counts as a bona fide "commission":

> all earnings resulting from the application of a bona fide commission rate shall be deemed commissions on goods or services **without regard to whether the computed commissions exceed the draw or guarantee.**

29 U.S.C. § 207(i)

Finally, Defendant will prove that the records it keeps – clock-in times at the beginning of each workday and inventory check-out and check-in times for the trucks – are adequate for the purpose of recording keeping.  *See Oliva v. Infinite Energy, Inc.*, *supra,* 2012 WL 11868265 at *10 (employee activity logs can provide an accurate estimate of time worked.)

## C.    Plaintiffs Have Had Notice of the Proposed Defense

Plaintiffs have had ample notice since the beginning of the case that an affirmative defense based on the retail or service establishment exemption was a possibility.  First, as a general rule, the mere fact that this is an FLSA action put Plaintiffs on notice that all exemptions are at issue:

> FLSA defendants need not plead specific exemptions because plaintiffs are "put on notice by the very nature of the suit that these exemptions would be relevant to the determination of [HDA's] liability." "[T]here is some play in the joints" as long as the plaintiff is not surprised by the affirmative defense, nor prejudiced in their ability to respond. How and how much HDA paid technicians was clearly at issue. The technicians were on notice of this defense and HDA did not waive it.

*Taylor v HD and Associates LLC*, 45 F.4th 833, 838-39 (5th Cir. 2022) (citations omitted)

"How and how much" Defendant paid Plaintiffs has been "clearly at issue" from the beginning of the case. More to the point, the potential for the bona fide commission/retail or service establishment exemption has been in play. In the Complaint, Plaintiff Guy worded his allegations of method of payment to studiously avoid any suggestion that the bona fide commissions/retail-services establishment might apply.

> 28. Plaintiff was compensated on a ***day-rate basis***.
>
> 29. Plaintiff received a day rate of approximately $120/day.
>
> 30. Plaintiff also received additional compensation ***based on the number of items he delivered.***

(Dkt. 1, PageID.5 (emphasis added); *cf. Helix Energy Solutions Group, Inc. v. Hewitt,* 598 U.S. – ,143 S.Ct. 677, 678 (2023) ("daily-rate workers" are not exempt).

This is in contrast to how Guy described his payment in his deposition:

> Q:  (BY MR. ACHO): Okay. When you applied for the job, did they describe how you would get paid?

> A      Yeah. Drive the truck, deliver the water and get $120 a day, plus ***commission*** off of what I drop off.
>
> Q      Well, what did they say about the commission?
>
> A      The ***commissions***, you had to like, I think, deliver it was a certain amount of water.  I don't know, something like that.  But whatever — you know, I mean, the delivered, you just get a ***commission*** for it, you know.

(Exh. 3, Guy Dep. Tr. 84:4-13 (emphasis added)).

Next, in its Answer to the Complaint, Defendant put Plaintiffs on notice that "Defendant reserves the right to raise additional Affirmative Defenses as they may become known through the course of discovery."  (Dkt. 12, PageID.252).

Further, very early during discovery, Defendant explicitly characterized its payments to Plaintiff Guy as "on a commissioned basis" with a guaranteed minimum:

> **REQUEST FOR ADMISSION NO. 20:**
>
> Admit that Plaintiff was compensated on a day-rate basis.
>
> **RESPONSE TO REQUEST FOR ADMISSION NO. 20:**
>
> Plaintiff was compensated on a ***commissioned*** basis, which also included a potential bonus. This Request is denied because a day-rate basis was only a floor that the Plaintiff received.

(Exh. 4, Defendant's May,24, 2021 Responses to Plaintiff's Requests for Admission, p. 13. (italics emphasis added)).

Similarly, in response to Plaintiff's First Set of Interrogatories:

**INTERROGATORY NO. 6**:

Did Defendant compensate all of its Truck Drivers in Michigan on a day-rate basis for all of their hours worked in workweeks within the relevant time period, October 8, 2017 to present? If your answer is no, identify all Truck Drivers who you contend were not compensated in this manner, the workweeks these Truck Drivers were not compensated in this manner, and provide the method of compensation that these Truck Drivers received.

**RESPONSE TO INTERROGATORY NO. 6**:

.  .  .  .   Sales Service Specialist Trainees and Sales Service Specialists *are compensated on a commission basis*, plus a bonus, if applicable. If they do not meet the threshold for commission, they are given a flat rate.

(Exh 5. Defendant's May,24, 2021 Answers to Plaintiff's First Set of Interrogatories,

p. 10. (italics emphasis added)).

Finally, Defendant again informed Plaintiff that employees were paid on a

commissioned basis during the 30(b)(6) deposition of its corporate witness:

Q.     Okay.· What -- what's the difference in the method of compensation between the sales and service specialists and the sales and service specialist trainees?

A.     All of them are paid based on sales commission.· Only the S3Ts have a guaranteed minimum.

Q.     The guaranteed minimum of what?· $120?

A.     Correct.

Q.     And so there's no guaranteed minimum in the -- in the payment for -- the daily payment for the sales and service specialists?

A.     There's no daily payment for the sales and service specialists.· There's -- it's -- it's all just a minimum amount.· And there's no guaranteed minimum for sales and service specialists.

(Exh. 6, Byrne Dep Tr. 120:1-14

Plaintiffs had a full opportunity to investigate how the sales and service specialists and sales and service specialist trainees were compensated.  (*See*, Exh. 6, Byrne Dep. Tr. 119:3-121:20, 141:16-144:3, 147:20-149:10, 165:7-166:8, 196:1-12, 214:9-215:16, 216:10-219:7, 220:12-222:4)

Finally, after the Court's Orders on summary judgment and conditional certification of this case as a collective action, Plaintiffs served document requests directed at ***all*** possible exemptions Defendant might assert, not just the Motor Carrier Act exemption.  (Exh. 7. Opt-In Plaintiff Gary Johnson Jr.'s First Set of Requests for Production, No. 6).  It is thus clear that Plaintiffs have been fully aware of the possibility of this defense since the beginning and throughout the case.

### D.    No "Substantial Prejudice" Exists

"[P]rejudice is demonstrated when a party has insufficient time to conduct discovery on a new issue raised in an untimely manner."  *Estes v. Kentucky Utilities Co.*, 636 F.2d 1131, 1134 (6th Cir. 1980).  "Allowance of the amendment would then force that party to go to trial without adequate preparation on the new issue."  *Id.*  Plaintiffs have had, and continue to have, every opportunity to conduct discovery and prepare for trial on this issue.

10

Discovery remains open. (Dkt. 89, Order Setting Schedule; Dkt. 102, Order Following April 24, 2023 Status Conference).  More importantly, practically no further discovery is necessary.

As noted above, Plaintiffs have had full information on how Defendant's commission, minimum guarantee, and bonus compensation worked and full opportunity to obtain discovery on issues relevant to the retail/service establishment exemption.  (See Section I.C, *supra*)

As also noted above in Section I.B, the most important contended issue for the retail/service establishment exemption will likely be ***legal***, not factual, i.e., whether the daily guaranteed minimum paid to specialist trainees is a "draw or guarantee" that is part of a "bona fide commission" pursuant to Section 207(i) or a "daily wage" that is not.  All the underlying facts have been produced and no further discovery is necessary on this point.

The other major elements of the Section 207(i) exemption likewise require no or minimal discovery.  Defendant has provided to Plaintiffs a breakout of its annual sales for the relevant time period showing that greater than 75 percent of those sales are "retail."  (Byrne Dec. ¶ 4; *See* 29 C.F.R. §§ 779.322 and 329.  Further, Defendant has provided to Plaintiffs records of the clock-in times and check-out and check-in devices on their handheld devices that can establish that Plaintiffs at all times made more than one and one-half time the minimum wage.  *See* 29 U.S.C. § 207(i).

11

In any event, Defendant agrees to respond quickly to any further discovery requests Plaintiffs make regarding this exemption and to make witnesses available for deposition.

### E.    There Has Been No Undue Delay in Adding The Defense

There is no "undue delay" in Defendant's formally asserting this defense. First, as noted above, Defendant has put forth the most important facts and arguments for the retail-services establishment exemption defense from early in discovery.   (Section I.C, *supra*). Second, the Court's relatively recent order conditionally certifying the case as a collective action has made the defense significantly stronger and more relevant.

One of the key issues with respect to the retail-service exemption is whether or not the guaranteed minimum that Defendant pays to its Specialist Trainees counts is an acceptable "draw or guarantee" pursuant to Section 207(i) or is instead a "daily wage" which would mean that the Specialists Trainees would not be exempt.  *See Helix Energy Solutions Group, Inc.*, *v. Hewitt, supra*, 143 S.Ct. at 678.  Original Plaintiff Guy was employed exclusively as Specialist Trainee and he never obtained his commercial driver's license ("CDL").  (Exh. 6, Byrne Tr. p. 114: 14-17; Exh. 3, Guy Tr. p. 60: 9-18).  Several of the new Opt-In Plaintiffs, in contrast, have been employed in the position of Specialists.  (Exh. 8, Defendant's Statement of Relevant Facts, Statement No. 3, pp. 3-5).  Specialists are not paid any minimum guarantee

on commissions and thus any "daily wage" argument Plaintiffs might assert would be inapplicable to them.  (Exh. 2, Byrne Dec. ¶ 7).

A second issue arises over whether Plaintiffs earned at least 1.5 times the federal minimum wage.  *See* 29 U.S.C. 207(i).  Specialist Trainees who have obtained their CDLs have a higher minimum guarantee than those without – $140 per day vs. $120 per day up until 2021 and then $140 and $170, respectively thereafter.  (Exh. 2, Byrne Dec. ¶ 8).  At the $140 level, a Plaintiff would need to have worked over 12.8 hours per day to fall below the 1.5 times minimum wage threshold each day of the week rather 11 hours at the $120 level.  Further, Specialists always earned more than the minimum amounts paid to Specialist Trainees, with or without CDLs.  For example, for one of the Specialists (Employee No. 017118), the lowest amount he during the relevant time was 1,824.93 for a two-week period.  *See* Exh. 9, Pay Stub).  At 1.5 times the federal minimum wage ($10.875/ hr.) he would have had to work 167.9 hours in the two-week period, over 83.5 hours per week, over 16.75 hours per day.  Thus, by adding Specialist Trainees with CDLs and Specialists to this case, the grant of collective action status has made the retail - services establishment exemption defense significantly stronger and more relevant.

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to grant leave for it to amend its

affirmative defenses to add the retail-service establishment exemption of 29 U.S.C.

§ 207(i) and accordingly be allowed to file the proposed second amended affirmative

defenses in the form of attached Exhibit 1.

Dated: June 22, 2023

Respectfully submitted,

*s/ Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

*and*

*/s/ Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

**Attorneys for Defendant Absopure Water Company, LLC**

## <u>CERTIFICATE OF CONCURRENCE</u>

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel on June 12, 2023, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion, and that Plaintiffs' counsel declined to concur.

## <u>LOCAL RULE CERTIFICATION</u>

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: June 22, 2023

/s/ <u>*Michael O. Cummings*</u>
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## <u>CERTIFICATE OF SERVICE</u>

15

I hereby certify that on June 22, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: June 22, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

16