# EXHIBIT 4

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY,**

　　　　*Plaintiff,*

*v.*

Case No.: 20-CV-12734
Hon. Mark A. Goldsmith

**ABSOPURE WATER COMPANY, LLC,**

　　　　*Defendant.*
_____/

## DEFENDANT'S RESPONSES TO PLAINTIFF'S FIRST REQUEST FOR ADMISSIONS TO DEFENDANT, ABSOPURE WATER COMPANY, LLC

Defendant Absopure Water Company, LLC ("Defendant") responds to and objects to Plaintiff Justin Guy's First Request for Admissions ("Requests") as set forth below. The following responses are made solely for the purposes of this action. Each response is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusions of responses if it were introduced in court.

No incidental or implied admissions are intended by these responses. The fact that Defendant has objected to or responded to any Request shall not be deemed as admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Request or that such objection or response constitutes admissible evidence. The fact that Defendant has responded to part or all of any Request is not intended to and shall not be construed to be a waiver by Defendant of any part of any objection to the request.

The responses and objections are made based on information and writings currently available to and located by Defendant upon reasonable investigation. Defendant expressly reserves the right to modify, revise, supplement, or amended their responses as they deem

Trainee" and/or a "Sales Service Specialist".

Notwithstanding said objections, Defendant denies the Request as untrue.

**REQUEST FOR ADMISSION NO. 19:**

Admit that Plaintiff drove several vehicles for Defendant.

**RESPONSE TO REQUEST FOR ADMISSION NO. 19:**

Defendant objects to this Request on the basis that the terms "several" and "vehicle" are vague and ambiguous. Notwithstanding said objection, Defendant admits that Plaintiff drove more than one vehicle for Defendant.

**REQUEST FOR ADMISSION NO. 20:**

Admit that Plaintiff was compensated on a day-rate basis.

**RESPONSE TO REQUEST FOR ADMISSION NO. 20:**

Plaintiff was compensated on a commissioned basis, which also included a potential bonus. This Request is denied because a day-rate basis was only a floor that the Plaintiff received.

**REQUEST FOR ADMISSION NO. 21:**

Admit that during one or more workweeks from September 2018 to February 2020, Plaintiff worked in excess of forty (40) hours in a work week.

**RESPONSE TO REQUEST FOR ADMISSION NO. 21:**

Defendant objects to this Request on the basis that the Request assumes facts not in evidence. The request is vague, ambiguous, and ill-defined and is based on a false premise. Notwithstanding said objections, the Request is admitted.

## RESPONSE TO REQUEST FOR ADMISSION NO. 70:

Defendant objects to this question on the ground of (i) relevance. The Request seeks to obtain liability evidence as to putative collective action class members that have neither consented to join the collective action collective action nor been shown to be similarly situated to the Plaintiff. Moreover, Defendant objects to this Request for (ii) being overly broad and (iii) not reasonably calculated to lead to admissible evidence.

Defendant objects to the Definition of the term "Truck Driver" as overly broad, irrelevant, argumentative, vague, and/or ambiguous in that it includes categories of jobs other than that of which Plaintiff was employed i.e., any position other than a "Sales Service Specialist Trainee" and/or "Sales Service Specialist". Plaintiff defines Truck Driver to include any and "all other employees of Defendant who drove **any** motor vehicle for Defendant to transport goods for Defendant". This definition includes many employees in addition to a "Sales Service Specialist Trainee" and/or a "Sales Service Specialist".

Notwithstanding said objections, the Request is admitted.

Dated: May 24, 2021                                Respectfully Submitted,

Ronald G. Acho, P23913
Cummings, McClorey, Davis, & Acho PLC
17436 College Parkway
Livonia, MI 48152
T: (734) 261-2400
F: (734) 261-4510
E: racho@cmda-law.com