# EXHIBIT 5

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY,

    *Plaintiff*,

v.

Case No.: 20-CV-12734
Hon. Mark A. Goldsmith

ABSOPURE WATER COMPANY, LLC,

    *Defendant*.

_____/

## DEFENDANT ABSOPURE WATER COMPANY, LLC'S ANSWERS TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

Defendant Absopure Water Company, LLC ("Defendant") responds to and objects to Plaintiff Justin Guy's First Interrogatories ("Interrogatories") as set forth below. The following Answers to Interrogatories are made solely for the purposes of this action. Each Answer is subject to all objections as to relevance, materiality, and admissibility, and to any and all objections on any ground that would require exclusions of responses if it were introduced in court.

No incidental or implied admissions are intended by these Answers. The fact that Defendant has objected to or responded to any Interrogatory shall not be deemed as admission that Defendant accepts or admits the existence of any fact set forth or assumed by such Interrogatory or that such objection or Answer constitutes admissible evidence. The fact that Defendant has responded to part or all of any Interrogatory is not intended to and shall not be construed to be a waiver by Defendant of any part of any objection to the Interrogatory.

These Answers and objections are made based on information and writings currently available to, located by, and understood by Defendant upon reasonable investigation. However, given the broad nature of these Interrogatories, new information may be discovered by Defendant

1

c) provide the bates stamp numbers for the documentation evidencing your answer to this interrogatory and/or utilized to answer this interrogatory, which is responsive to Request for Production No. 48.

### RESPONSE TO INTERROGATORY NO. 5:

Defendant objects to this Interrogatory on the basis that it is overly broad, argumentative, vague, and/or ambiguous. Notwithstanding these objections, Defendant objected to Interrogatory No. 4 and did not answer. This Interrogatory is dependent upon Defendant's response to Interrogatory No. 4. Therefore, Defendant cannot properly formulate an answer.

### INTERROGATORY NO. 6:

Did Defendant compensate all of its Truck Drivers in Michigan on a day-rate basis for all of their hours worked in workweeks within the relevant time period, October 8, 2017 to present? If your answer is no, identify all Truck Drivers who you contend were not compensated in this manner, the workweeks these Truck Drivers were not compensated in this manner, and provide the method of compensation that these Truck Drivers received.

### RESPONSE TO INTERROGATORY NO. 6:

Defendant objects to this question on the ground of (i) relevance. The Interrogatory seeks to obtain liability evidence against putative class members that have neither consented to join the class nor been shown to be similarly situated to the Plaintiff. Defendant further objects to this Interrogatory for being (ii) overly broad and (iii) not reasonably calculated to lead to admissible evidence. Defendant objects to Plaintiff's Definition of the term "Truck Driver" as overly broad, irrelevant, argumentative, vague, and/or ambiguous in that it includes categories of jobs other than that of which Plaintiff was employed i.e., any position other than a "Sales Service Specialist

9

Trainee" and/or "Sales Service Specialist".

Plaintiff defines Truck Drivers as <u>all</u> employees of Defendant who drove a motor vehicle to transport goods for Defendant in Michigan. This definition includes many drivers who drove across state lines on a routine basis, drivers with commercial drivers licenses, and drivers that drove motor vehicles larger than 26,000 pounds, which create several new problematic issues for Plaintiff. He is not a proper class representative for Sales Service Specialist Trainees and Sales Service Specialists. Even if those issues were not controlling, the collective action class is defined, starting as "all intrastate delivery drivers" (see Compl. ¶. 70), when the majority of Defendant's drivers routinely cross state lines during deliveries. Yet, Truck Drivers herein is not limited to intrastate. For this reason, this Interrogatory goes beyond the scope of the Complaint. Further, Sales Service Specialist Trainees and Sales Service Specialists are compensated on a commission basis, plus a bonus, if applicable. If they do not meet the threshold for commission, they are given a flat rate.

### INTERROGATORY NO. 7:

Identify the job duties that Defendant's Truck Drivers in Michigan, including Plaintiff, were required to perform from October 8, 2017 to present. If you maintain that certain Truck Drivers in Michigan were required to perform different job duties, identify the various job duties, and indicate which Truck Driver was required to complete said duties.

### RESPONSE TO INTERROGATORY NO. 7:

With respect to Truck Drivers other than Plaintiff, Defendant objects to this question on the ground of (i) relevance. The Interrogatory seeks to obtain liability evidence against putative class members that have neither consented to join the class nor been shown to be similarly situated

10

Dated: May 24, 2021                                 Respectfully Submitted,

*/s/ Ronald G. Acho*

Ronald G. Acho, P23913
Cummings, McClorey, Davis, & Acho PLC
17436 College Parkway
Livonia, MI 48152
T: (734) 261-2400
F: (734) 261-4510
E: racho@cmda-law.com

31