UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

    Defendant.
_____/

Case No.: 20-cv-12734

Hon. Mark A. Goldsmith

**NOTICE OF INTERVENING BINDING AUTHORITY
CONCERNING THE SIXTH CIRCUIT'S STANDARD FOR FLSA
CERTIFICATION AND REQUEST TO STRIKE THE
JULY 14, 2023 DEADLINE TO FILE A
MOTION TO DECERTIFY COLLECTIVE ACTION**

    Plaintiff, Justin Guy, by and through his undersigned counsel, hereby files this Notice of Intervening Binding Authority concerning the Sixth Circuit's Standard for Fair Labor Standards Act ("FLSA") Certification and Request to Strike the July 14, 2023 Deadline to File a Motion to Decertify Collective Action.

    1.    On April 25, 2023, this Honorable Court entered an Order that, *inter alia*, any motion for decertification must be filed no later than July 14, 2023. ECF No. 102. The Court's Order was based on the commonly accepted and routinely adopted two-step approach for certification of FLSA collective actions.

    2.    Approximately one month later, and on May 19, 2023, the Sixth Circuit issued a binding published opinion rejecting the two-step approach for certification

of FLSA collective actions and requiring a singular determination. *See Clark v. A&L Homecare & Training Ctr.,* LLC 68 F.4th 1003 (6th Cir. 2023), attached as **Exhibit 1**.

3. In *Clark*, the Sixth Circuit postulates that the two-step approach may have proliferated for the last thirty years based on "anchoring bias", and indicates that **FLSA Opt-in plaintiffs are party plaintiffs that are added to the suit and cannot later be decertified**:

> Certification is a term borrowed from Civil Rule 23, which governs whether a case may proceed as a class action. And class actions under Rule 23 "are fundamentally different from collective actions under the FLSA." *Genesis Healthcare Corp. v. Symczyk*, 569 U.S. 66, 74, 133 S.Ct. 1523, 185 L.Ed.2d 636 (2013). Specifically, unlike a Rule 23 class action, an FLSA collective action is not representative—meaning that "all plaintiffs in an FLSA action must affirmatively choose to become parties by opting into the collective action." *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 402 (6th Cir. 2021) (cleaned up). Thus—in contrast to members of a Rule 23 class—**similarly situated employees who join an FLSA action become parties with "the same status in relation to the claims of the lawsuit as do the named plaintiffs."** *Id*. at 402-03 (cleaned up). In sum, under Rule 23, the district court certifies the action itself as a class action; whereas in an FLSA action, under § 216(b), **the district court simply adds parties to the suit. Hence the term "certification" has no place in FLSA actions**. *See, e.g.*, *Fischer v. Federal Express Corp.*, 42 F.4th 366, 376 (3d Cir. 2022).

*Clark*, 68 F.4th at 1009 (emphasis added).

4. As a result of this intervening binding authority, Plaintiff respectfully requests the Court strike the July 14, 2023 decertification deadline. ECF No. 102.

2

5. Aside from the fact that this intervening binding authority militates the striking of the July 14, 2023 decertification deadline for the Opt-in Plaintiffs who are party Plaintiffs in this action and cannot be decertified or removed, the Court has already made the requisite determination in its February 21, 2023 certification Order in accordance with the newly-minted *Clark* standard. *See* ECF No. 77.

6. This matter did not involve the typical motion for conditional certification that is routinely filed based on the pleadings and at the beginning of discovery. *See, cf., Lee v. Gab Telecom, Inc.,* 2013 WL 1632552, at *2 (E.D. Mich. Apr. 16, 2013) ("At this [conditional certification] stage, **which occurs <u>at the beginning of discovery</u>**, the plaintiff must show that 'his position is similar, but not identical, to the positions held by the putative class members.'") (citing *Comer v. Wal–Mart Stores, Inc.,* 454 F.3d 544, 546–47 (6th Cir.2006)) (emphasis added).

7. Rather, the Court in this matter entered a scheduling order requiring full discovery on the certification issues and set a subsequent deadline for filing the certification motion. *See* ECF No. 23. Based on this scheduling order, the Parties completed full discovery on the certification issues, and Plaintiff ultimately filed a subsequent motion to conditionally certify the FLSA collective action on March 29, 2022; more than seventeen (17) months after the Collective Action Complaint was filed on October 8, 2020. *See* ECF Nos 1, 58.

8. In analyzing the FLSA certification issues, *Clark* indicates that district courts are not required to ever make a conclusive determination of "similarly situated." *Id.* at 1010 ("Nor, as a practical matter, do we see how a district court can conclusively make 'similarly situated' determinations as to employees who are in no way present in the case."). Rather, the Sixth Circuit requires a one-time certification analysis to determine whether the similarly-situated employees performed similar tasks and were subject to the same timekeeping and compensation policies. *See id.* ("Whether other employees are similarly situated for the purpose of joining an FLSA suit typically depends on whether they performed the same tasks and were subject to the same policies—as to both **timekeeping and compensation**—as the original plaintiffs were.") (emphasis added).

9. Here, the district Court's February 21, 2023 Order exceeds the requisite determination. Specifically, the Order provides, in relevant part:

> As discussed below**, [plaintiff] has produced evidence that the prospective members of the collective action engaged in <u>the same job responsibilities</u>, were subject to <u>the same methods of timekeeping and compensation</u>, and were subject to the same policy whereby Absopure classified truck drivers as exempt employees**.

ECF No 77, PageID.4536 (emphasis added).

10. Indeed, Defendant's binding corporate representative testimony provides the uncontroverted contention that all of the Opt-in Plaintiffs are/were subject to the same timekeeping method and method of compensation. *See id.* at

PageID.4540 ("Similarly, Guy has produced evidence, via Absopure's corporate testimony, that the same system of timekeeping was employed with respect to all truck drivers during the relevant time period. That is to say, there was no timekeeping system, and Absopure did not record the time at which truck drivers arrived at the facility at the beginning of the workday or the time at which the drivers stopped working at the end of the day."); *see also* ECF No. 58, PageID.2254-2255.

11. This certification analysis is not a close call in this matter because this collective action is **limited to Defendant's drivers**. This is not a case involving disparate employment positions (e.g., a request to certify a putative class comprised of truck drivers, loaders, unloaders and warehouse associates).

Accordingly, Plaintiff respectfully requests this honorable Court strike the July 14, 2023 decertification deadline based on the *Clark* intervening binding authority.

Dated: June 29, 2023

Respectfully submitted,

/s/ *Michael N. Hanna*
Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 739-1950
mhanna@forthepeople.com

*Attorneys for Plaintiff*

**CERTIFICATE OF CONCURRENCE**

Undersigned counsel sought concurrence pertaining to the relief requested in this Motion in light of the referenced intervening binding authority, but Defendant did not provide concurrence.

**LOCAL RULE CERTIFICATION**

I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

**CERTIFICATE OF SERVICE**

The undersigned certifies that on June 29, 2023, the foregoing document was filed using the CM/ECF system, which will send notice of same to all counsel of record.

*/s/ Michael N. Hanna*
Michael N. Hanna (P81462)
*Attorney for Plaintiff*
