UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.                                                    Case No. 2:20-cv-12734-MAG-EAS
                                                      HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

_____

**DEFENDANT'S MOTION TO DECERITY COLLECTIVE ACTION STATUS**

     Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves for an order decertify the case as a collective action pursuant to the Federal Rules of Civil Procedure and 29 U.S.C. § 216(b).  Plaintiffs are not similarly situated and decertification is warranted.

     In further support of their motion, Defendants rely on the attached brief and the accompanying attached exhibits, which establish that Defendant's proposed defense is viable, that Plaintiffs have had notice of this defense and will suffer no substantial prejudice, and that there has been no undue delay in adding this defense.

Dated: July 14, 2023

Respectfully submitted,

*s/ Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

*and*

*/s/ Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

*Attorneys for Defendant Absopure Water
Company, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.                               Case No. 20-cv-12734-MAG-EAS
                                   HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

_____

# DEFENDANT'S BRIEF IN SUPPORT OF DEFENDANT'S MOTION TO DECERITY COLLECTIVE ACTION STATUS

## <u>TABLE OF CONTENTS</u>

Table of Contents ................................................................................................i

Concise Statement of Issues Presented ....................................................................iv

Controlling or Most Appropriate Authority for the Relief Sought............................v

ARGUMENT ................................................................................................1

I.   PROCEDURAL BACKGROUND ........................................................................3

II.  PLAINTIFFS ARE NOT SIMILARLY SITUATED.........................................6

III. PLAINTIFFS ARE NOT SIMILARLY SITUATED AND
     DECERTIFICATION IS WARRANTED.........................................................10

CONCLUSION ................................................................................................13

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.      SHOULD THIS CASE BE DECERTIFIED AS A FAIR LABOR
STANDARDS ACT COLLECTIVE ACTION BECAUSE PLAINTIFFS
ARE NOT "SIMILARLY SITUATED"?

Plaintiffs would say, "No".

Defendant would say, "Yes".

.

## CONTROLLING OR MOST APPROPRIATE
## <u>AUTHORITY FOR THE RELIEF SOUGHT</u>

**<u>CASES</u>**

*Clark v. A&L Homecare & Training Ctr., LLC* 68 F.4th 1003
(6th Cir. 2023)............................................................................1, 2, 11, 12

*Monroe v. FTS USA, LLC*, 860 F.3d 389 (6th Cir. 2017)............................1, 11, 12

*O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584
(6th Cir.2009)............................................................................1, 2, 11, 12


**<u>FEDERAL STATUTES</u>**

29 U.S.C. § 207(i) ........................................................ 1, 3, 4, 6, and 11-14

**ARGUMENT**

**INTRODUCTION**

In the context of deciding whether to decertify a conditionally certified FLSA collective action case, many courts have applied a three-factor test to determine whether plaintiffs are "similarly situated": "the factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action." *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir.2009). The first factor, "employment settings" includes the method of compensation. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017).

Recently, the Sixth Circuit has significantly changed this analysis by, among things, stressing that 1) FLSA collective actions are not "representative", but rather that "similarly situated employees who join an FLSA action become parties with the same status in relation to the claims of the lawsuit as do the named plaintiffs," and 2) "[wh]ether other employees are subject to individualized defenses," including those defense related to hours worked, are an important part of this analysis. *Clark v. A&L Homecare & Training Ctr., LLC* 68 F.4th 1003, 1009-10 (6th Cir. 2023). In light of *Clark*, each of the *O'Brien* factors heavily favor decertification.

. There is a significant divide between Sales Specialists, who are paid solely on a commission basis, and Specialist Trainees, who receive a minimum guarantee when their commissions for the day are below that threshold.  This is relevant to question of whether the retail/services establishment exemption under 29 U.S.C. § 207(i) would apply.

The second factor involves "individualized defenses."  In addition to the "bona fide commission" issue for the207(i) exemption noted above, these defenses include a) Plaintiffs whose effectively hourly rates were higher than 1 ½ times the federal minimum wage (§ 207(i) exemption), b) Plaintiffs who drove across state lines and are thus more certainly exempt under the MCA exemption, c) Plaintiffs who have not driven "small vehicles" while working more than 40 hours, (MCA exemption), d) Plaintiffs who have engaged in high amounts of sales activity and would be exempt as outside sales persons under 29 U.S.C. § 13(b), e) Plaintiffs who left Defendant prior to the 2-year FLSA statue of limitations, and f) Plaintiffs who worked less than 40 hours per week.  While some cases in the past have downplayed the 40-hour per week analysis as a mere damages issue, the Sixth Circuit in *Clark* has clearly abrogated those cases by stating that the hours worked question is an important part of the "similarly situated" analysis.  *See Clark, supra*, 68 F.4th, at 1010.

Finally, the third factor, fairness and procedural impact, strongly favors decertification. As has been discussed in the case, Defendant does not directly record the time that employees end their workdays (and sometimes not the when they begin). A significant time segment thus needs to be estimated. Discovery so far has resulted in widely varying estimates (from 20 to 120 minutes). With the current 27 Plaintiffs, well over 5,000 workdays are thus potentially in dispute. Lumping together plaintiffs with significantly different likelihoods of establishing liability makes the case practically impossible to manage. For these reasons, this case should not be litigated as a collective action.

## I.    PROCEDURAL BACKGROUND

### A.    Pre-Conditional Certification Pleadings

Plaintiff Guy filed his complaint on October 8, 2020 as an FLSA "collective action". (Dkt. 1). After the Court denied Defendant's motion to dismiss (Dkt. 11), Defendant filed its answer on March 11, 2021. (Dkt.12).

In response to Plaintiff's motion strike its affirmative defenses (Dkt. 15) and the Court's granting leave (Dkt. 17), Defendant filed its amended affirmative defenses on April 15, 2021. (Dkt. 21). These defenses included the Motor Carrier Act ("MCA") exemption pursuant to 29 U.S.C. § 213(b)(1), and reserved the right to add further defenses as the case proceeded. (*Id.,* PageID.328 and 334).

Thereafter, on April 20, 2021, the Court entered a case management and scheduling order for the pre-certification stage of the case, providing deadlines for initial disclosures, discovery on conditional certification and the MCA exemption, motions for summary judgment on the MCA exemption, a motion to conditionally certify and for amending pleadings.  (Dkt., 23, PageID.337).  The deadline for amending pleadings was May 4, 2021, just three days after initial disclosures were due and well before the December 15 discovery deadlines.  (*Id.* at PageID.337 and 339).

## B.    Summary Adjudication of the MCA Exemption

After conducting discovery, the parties each filed summary judgment motions on the MCA exemption.  (Dkts. 55 (Defendant) and 56 (Plaintiff)).  Because Plaintiff Guy did not drive across state lines for this routes, Defendant's discussion of the interstate commerce issue focused on whether it was a "shipper" with "fixed and persisting intent to have the shipment continue in interstate commerce to its ultimate destination."  (Dkt. 55, PageID.859-865).

Plaintiff's motion, in addition to challenging the main issues of the MCA exemption (and willfulness and liquidated damages), and also argued that the small vehicle exception applied.  (Dkt. 56, PageID.1274-77).

With respect to the main issues of the MCA exemption, the Court denied both parties' motions on the basis of finding disputed material facts.  (Dkt. 70,

PageID.4494).  These facts include 1) whether Defendant is the "shipper", which included the question of "which entity had primary control and direction over the interstate transportation of Mountain Valley products" and "whether Absopure or Mountain Valley arranged the interstate transportation with JB Hunt" (*Id.* PageID.4500-03); 2) whether shipments were made base on customer demand (*Id.* PageID.4504-05); and whether Defendant had modern systems enabling tracking of incoming and outgoing shipments.  (*Id.* PageID.4505-06).

The Court also initially denied Plaintiff's motion on the small vehicle exception (*Id.* PageID.4506-08), however, in response to Plaintiff's motion to reconsider, granted summary judgment.  (Dkt. 109).

### C.    Conditional Certification as a Collective Action

The Court granted conditional certification on February 21, 2023.  (Dkt. 77). The Court adopted Plaintiff's class definition as:

> All Truck Drivers employed by Defendant in Michigan who worked over forty (40) hours in one or more workweeks from October 8, 2017 to present and: 1) drove routes exclusively within the state of Michigan during such workweek(s), and/or 2) drove vehicles that weighted [sic] less than 10,001 pounds during such workweek(s).

(*Id.* at PageID.4535).

The Court applied the "fairly lenient" standard then thought to be applicable to such motions. (*Id.* at PageID.4535).  The Court then found that "Guy has made a colorable showing that the prospective co-plaintiffs share the same primary job duties, are

subject to the same methods of timekeeping and compensation, and are subject to the same alleged FLSA violation premised on their misclassification as exempt employees." (*Id.* at PageID.4540).

After notices were sent, 26 additional employees opted into the case. (*See* Dkts. 90-101).

### D.   Post-Certification Schedule and Discovery

The Court also entered a series of orders on post-certification scheduling, including the following:

| Event | Deadline | Dkt. No. |
|---|---|---|
| Written discovery requests | May 1, 2023 | 102 |
| Fact depositions | July 1, 2023 | 102 |
| Motion to decertify | July 14, 2023 | 102 |
| Expert Reports | August 1, 2023 | 102 |
| Expert depositions | September 1, 2023 | 102 |
| Pre-trial motions | September 8, 2023 | 102 |
| Joint Final Pretrial Order | October 2, 2023 | 89 |
| Final Pretrial Conference | November 13, 2023 | 89 |
| Trial-Jury | December 5, 2023 | 89 |

The parties filed various discovery requests by the May 1 deadline. Plaintiffs objected to Defendant's requests and, in response, the Court ordered, *inter alia*, that 1) no request for admission be answered, 2) no request related to unpleaded defenses be answered, 3) that Plaintiffs' obligations to respond Defendant's remain requests

would be suspended and first, a) Defendant should provide the information that it had concerning its allowed interrogatories by May 26, 2023, b) Plaintiff should respond identifying disputes by June 2 with available information, and c) then respond with the remainder by June 9, 2023.  (Dkt. 114)

Subsequently, in addition to producing a number of documents, Defendant provided a 30(b)(6) witness to Plaintiff on June 14 and deposed three of the Opt-In Plaintiffs (completed July 5 due to scheduling issues).

## II.    PLAINTIFFS ARE NOT SIMILARLY SITUATED

Although the class definition refers to them as "Trucker Drivers", all of the Plaintiffs, including original Plaintiff Guy and the Opt-In Plaintiffs, were employed by Defendant in only one or both of two positions: Sales and Service Specialist ("Sales Specialist") and "Sales and Service Specialist Trainee" ("Sales Specialist Trainee," and, together with Sale Specialists, "Specialists").  (Exhibit ("Exh") 1, Stat. 1, p. 2).

### A.    Plaintiffs are Differently Situated with Respect to the MCA Exemption

As noted above, much of the discussion in the parties' MCA exemption motions for summary judgment centered around whether the goods being shipped by the Specialist were in interstate commerce.  (*See* Dkts. 55 and 56).  This was necessitated because Plaintiff Guy never drove an out of state route.  (Dkt. 56,

PageID.1257).  However, several other Plaintiffs have regularly driven routes that crossed state lines, (Exh. 2 (Kevin Phipps, Charles Perry, Ryan Clendennin, Eric Banks)).  None of Plaintiffs arguments would apply when these routes were driven.

Further, a number of Plaintiffs never drove small vehicles, those weighing less than 10,000 lbs., during the relevant period.  (*See* Exh. 3, showing weights vehicles on each tour correlated to employee numbers).  These include Plaintiffs Brown, Childs, Fish, Boaz Householder, Johnson, Lammer, Newkirk, Redmer, Rhodes, and Woldt.  (*See* Exh. 4, correlating Plaintiffs' employee names and numbers).  This exception that the Court found applied to Mr. Guy would thus apply to these Plaintiffs.

### B.    Plaintiffs are Differently Situated with Respect to the Section 207(i) Exemption

As Defendant showed in its motion to amend its affirmatives defenses (Dkt. 119), Plaintiffs are differently situated on two key issues regarding the section 207(i) retail/services establishment exemption.  First, Defendant pays its Sales Specialist Trainees, like Plaintiff Guy, receive a minimum guaranteed amount when their commissions do not exceed that minimum.  (Dkt. 119-3, PageID.4910, Byrne Dec. ¶¶ 6 and 7).  Plaintiffs will certainly argue that this minimum guarantee constitutes a "daily wage" payment that does not qualify for the section 207(i) exemption.  In contrast, Sales Specialists are paid on pure commission basis without any guarantee.

(*Id.,* PageID.4910-11, Byrne Dec. ¶ 7).  This would thus eliminate one of Plaintiffs' major arguments.   Two Plaintiffs have only been Sales Specialists during the relevant period, Aniol and Brown, and others have been for part of that timeframe. (Exh. 1, Statement 3).

Second, among the Sales Specialist Trainees, those who have obtained their commercial driver's license ("CDL") receive a higher minimum guarantee than those without them. (Dkt. 119-3, PageID.4911, Byrne Dec. ¶ 8).   In order for the 207(i) exemption to apply, employees must earn at least 1.5 times the federal minimum wage.  See 29 U.S.C. 207(i).  The higher minimum guarantee means that Trainees with CDLs would have to work many more hours in a week to fall below that level, drastically reducing the possibility that the exemption would not apply. (Dkt 119, PageID.4893).  Plaintiff Guy never received his CDL and thus had the lower minimum guarantee.  (*Id.*, PageID.4892).  At least eight other Trainees did. (Exh. 1, Statement 3).  Of course, Sale Specialists received higher amounts than the Trainees.

### C.    Plaintiffs are Differently Situated with respect to the Statute of Limitations

The statute of limitations for FLSA actions is two years.  29 U.S.C. § 255(a). Five of the Plaintiffs left Defendant prior to October 8, 2018.  (Exh. 1, Statement 3).

### D.  Plaintiffs are Differently Situated with Respect to Hours Worked.

Given that Plaintiffs drive different routes and drive them at their own pace, their hours worked varies widely.  (*See* Exh. 5, showing check-in and check-out times on hand held devices for over 7,000 days that Plaintiffs worked in the relevant period).  Further, according to Plaintiffs' testimony, the amount of time they spend after returning from their routes also varies widely, for 20 to 120 minutes.  (Exh. 6, Plaintiffs' Responses No. 45).  Whether any given Plaintiff worked more or less than 40 hours in a week is a highly individualized inquiry.

### III.  PLAINTIFFS ARE NOT SIMILARLY SITUATED AND DECERTIFICATION IS WARRANTED

As noted above, the analysis of whether a conditionally certified collective action normally consists of looking at three factors to determine whether plaintiffs are "similarly situated": "the factual and employment settings of the individual plaintiffs, the different defenses to which the plaintiffs may be subject on an individual basis, and the degree of fairness and procedural impact of certifying the action as a collective action."  *O'Brien v. Ed Donnelly Enterprises, Inc.*, 575 F.3d 567, 584 (6th Cir.2009).  At the decertification stage, courts apply a more rigorous standard than for the initial conditional certification.  *Pacheco v. Boar's Head Provisions Co., Inc.,* 671 F. Supp. 2d 957, 959 (E.D. Mich. 2009)The first factor,

"employment settings" includes the method of compensation. *Monroe v. FTS USA, LLC*, 860 F.3d 389, 402 (6th Cir. 2017).

Recently, the Sixth Circuit has significantly changed this analysis by, among things, stressing that 1) FLSA collective actions are not "representative", but rather that "similarly situated employees who join an FLSA action become parties with the same status in relation to the claims of the lawsuit as do the named plaintiffs," and 2) "[wh]ether other employees are subject to individualized defenses," including those defense related to hours worked, are an important part of this analysis. *Clark v. A&L Homecare & Training Ctr., LLC* 68 F.4th 1003, 1009-10 (6th Cir. 2023).

Plaintiffs' differences in compensation between how Sales Specialists and Sales Specialist Trainees, namely the former receiving a pure commission and the later receiving a minimum guarantee, is almost certainly going to be the most contested issue with respect to the section 207(i) retail/services establishment exemption. (*See* Section II.A, *supra*; 29 U.S.C. § 207(i) ("bona fide commission"). This difference in compensation weighs in favor decertification regard both the first and *O'Brien* factors. *See O'Brien*, 575 F.3d, at 584.

*Clark* places special emphasis on the second *O'Brien* factor, "hether other employees are subject to individualized defenses". *Clark*, 68 F.4th, at 1010. Plaintiffs have significant differences with respect to MCA and 207(i) exemptions. (*See* Sections II.A-B, *supra*) *Clark* also emphasizes statute of limitations defenses.

11

*Clark*, 68 F.4[th], at 1010; Section II.C, *supra*).  Finally, *Clark* heavily emphasizes individual differences in work hours as a factor:

> For example, an employer's records might show that an employee worked less than 40 hours per week during a certain period; the employee might be ready to testify that she worked more.

*Clark*, 68 F.4[th], at 1010.

As noted above, there is great individual issues with respect to the over 7,000 employee days that need to be resolved.  (Section II.D, *supra*).  This also weighs heavily in favor of the third *O'Brien* factor, fairness and procedural impact.  *O'Brien,* 575 F.3d, at 584.

In cases where an employer's time records are not precise, an "employee's burden of proof on damages can be relaxed" with respect to proving hours worked. *Monroe,* 860 F.3d, at 399.  The burden of proof, then shifts back to the employer to prove that any estimate by the employee is incorrect.  *Id.*  In a case such as this, such a showing, involving over 7,000 highly variable and unique inquiries is impractically impossible to accomplish with any thoroughness.  It is critical then, that employees with highly disparate situations not be carelessly lumped together in a collective action.

## <u>**CONCLUSION**</u>

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to decertify this case as collective action.

Dated: July 14, 2023

Respectfully submitted,

<u>*s/ Ronald G. Acho*</u>
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

*and*

<u>/s/ *Michael O. Cummings*</u>
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

***Attorneys for Defendant Absopure Water Company, LLC***

## CERTIFICATE OF CONCURRENCE

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel on July 14, 2023, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion, and that Plaintiffs' counsel declined to concur.

## LOCAL RULE CERTIFICATION

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: July 14, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on June 22, 2022, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: July 14, 2023

<div style="margin-left:40%">

/s/ <u>*Michael O. Cummings*</u>
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

</div>