UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

    Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC

    Defendant.
_____/

Case No. 20-12734

HON. MARK A. GOLDSMITH

**OPINION & ORDER
DENYING PLAINTIFF'S MOTION FOR SANCTIONS IN THE FORM OF DEFAULT
JUDGMENT (Dkt. 115)**

This matter is before the Court on Plaintiff Justin Guy's motion for sanctions in the form of default judgment (Dkt. 115).[1] For the reasons that follow, the Court denies the motion.

## I. BACKGROUND

Guy is a former employee of Absopure, where he worked as a driver transporting products within the state of Michigan. Guy has brought suit claiming that Absopure violated the Fair Labor Standards Act (FLSA) by not paying him overtime for hours worked in excess of 40 per week. Absopure has argued that Guy falls under the Motor Carrier Act (MCA) exemption to the FLSA and is not owed overtime wages.

The parties each filed a motion for summary judgment regarding the applicability of the MCA to Guy. See Absopure Mot. for Summ. J. (Dkt. 55); Guy Mot. for Summ. J. (Dkt. 56). In

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Defendant Absopure Water Company's response (Dkt. 117) and Guy's reply (Dkt. 118).

their respective summary judgment briefing, the parties disputed whether Guy was engaged in interstate commerce such that the MCA exemption to the FLSA applies to him. The Court denied summary judgment to both parties on this issue because the Court could not, as a matter of law, "determine . . . which entity [was] 'the shipper.'" 2/8/2023 Op. & Order at 11. It further concluded that the factfinder would be "best situated to address which entity controlled and directed shipment of the goods across state lines, and, if relevant, whether Absopure intended at the time of shipment that the goods would continue in interstate commerce after reaching its warehouse." Id.

Guy now asks the Court to sanction Absopure based on what he asserts are misrepresentations that Absopure made in its summary judgment briefing regarding its role in the shipment of products across state lines, or—stated another way—whether Absopure was the "shipper" for purposes of the MCA. Guy's motion requests monetary and non-monetary sanctions, including: (i) entry of default judgment as to liability and an order directing trial to proceed on damages alone; (ii) a jury instruction advising that Absopure misrepresented the facts; (iii) an order awarding Guy attorney fees and costs incurred for preparing the motion; and (iv) an order granting reconsideration of Guy's motion for summary judgment. Mot. for Sanctions at 24.

## II. ANALYSIS

"Federal district courts, generally, have at least three sources of authority to impose sanctions": (i) the Court's inherent authority, (ii) Federal Rule of Civil Procedure 11, and statutory authority under 28 U.S.C. § 1927. Oro Cap. Advisors, LLC v. Borror Constr. Co., LLC, No. 2:19-cv-4907, 2022 WL 4310925, at *2 (S.D. Ohio Sept. 19, 2022). Because Guy's motion appears to rely on all three sources of the Court's power to sanction, see Mot. for Sanctions, the Court discusses whether Guy's requested sanctions are justified under any of the three sources.

2

### A. Inherent Authority

The Court may exercise its inherent authority to sanction "bad-faith conduct, as well as conduct that is 'tantamount to bad faith.'" Plastech Holding Corp. v. WM Greentech Auto. Corp., 257 F. Supp. 3d 867, 872 (E.D. Mich. 2017) (quoting Metz v. Unizan Bank, 655 F.3d 485, 489 (6th Cir. 2011)). "A party may act in bad faith, for example, if it files a frivolous suit with an improper motive, or if it commits a fraud on the court." Id. "If a party has engaged in bad-faith conduct, appropriate sanctions may include the imposition of attorney's fees or the dismissal of the party's claims." Id. The "Court's power to sanction . . . must be exercised with restraint and discretion." Murray v. City of Columbus, Ohio, 534 F. App'x 479, 484 (6th Cir. 2013) (punctuation modified).

Guy submits that Absopure—in its motion for summary judgment—acted in bad faith by falsely representing that it "arranged or directed Mountain Valley's shipment of goods" to support its position that Absopure was the "shipper" of goods for purposes of the MCA exemption. Mot. for Sanctions at 5. In support of his position, Guy cites a declaration from Trevor Rogers, Employment Litigation & Regulatory Counsel of third-party J.B. Hunt Transportation Services. Id. at 10 (citing Rogers Decl. (Dkt. 115-2)). That affidavit refers to Mountain Valley as the "shipper," and it states that Mountain Valley "tenders freight to JB Hunt and directs JB Hunt to where delivery is expected." Id. (citing Rogers Decl.). Guy further points to a certificate of records produced by J.B. Hunt stating that there are no contractual service agreements between J.B. Hunt and Absopure. Id. at 11 (citing Cert. of Records (Dkt. 115-3)). According to Guy, J.B Hunt's submissions provide "incontrovertible proof of [Absopure's] fraudulent misrepresentations." Id.

The Court finds that this evidence fails to establish that Absopure has engaged in bad faith or conduct that is tantamount to bad faith. See Plastech, 257 F. Supp. 3d at 872. As the Court

3

explained in its February 8, 2023 summary judgment opinion, whether an entity is a "shipper" depends on whether that entity "functionally plays the most significant role in directing and controlling the transportation of goods." 2/8/2023 Op. & Order at 10 (citing Collins v. Heritage Wine Cellars, Ltd., 589 F.3d at 896, 898). Absopure submits that, because it is the entity that determines the timing, quantity, and location of products shipped, it "plays the most significant role in directing and controlling the transportation of goods," and is, therefore, the "shipper." See Resp. to Mot. for Sanctions at 3

To be sure, Guy has marshalled evidence—such as deposition testimony from Absopure's corporate representative (Dkt. 56-2), the Rogers declaration, and a J.B. Hunt certificate of records—that Guy asserts supports his argument. See Mot. for Sanctions at 5, 10–11 (citing Byrne Dep., Rogers Decl., and Cert. of Records). But such evidence does not show that Absopure made any false statements or otherwise acted in bad faith. See Young v. Overly, No. 3:16-cv-00062, 2017 WL 4355561, at *4 (E.D. Ky. Sept. 29, 2017)) ("A legal argument, even if ultimately ruled against, does not bring sanctions, and is simply how the legal system operates."). Indeed, Absopure has supplied its own evidence in support of its position that it is the "shipper." See Resp. to Mot. for Sanctions at 3; Absopure Mot. for Summ. J. at 18–19. As the Court has previously explained, this is precisely the sort of factual dispute reserved for resolution by the factfinder. See 2/8/2023 Op. & Order at 11; see also Hostettler v. Coll. of Wooster, 895 F.3d 844, 852 (6th Cir. 2018) (explaining that at summary judgment "credibility judgments and weighing of the evidence [by the court] are improper").

Guy's case law similarly fails to support his position. Guy points to several cases supporting the proposition that the sanction of default judgment is warranted here. See Mot. for Sanctions at 13–14. But these cases are readily distinguishable from this case. These cases

4

involved egregious abuses of the discovery process—such as the falsification of documents or violation of court orders—that are of an entirely different color from the conduct Guy argues is objectionable in this case.[2] Guy does not premise his motion for sanctions on discovery abuses; rather, his complaint is that Absopure misled the Court by asserting that it "arranged" for the shipments of goods and is therefore the "shipper" under the MCA—which is a merits contention involving a hybrid of facts and law. See Mot. for Sanctions at 14. Moreover, some of the cases upon which Guy relies resulted in courts declining to impose sanctions on parties accused of conduct that is much more egregious than the conduct at issue here.[3]

Because the Court finds that Absopure did not engage in bad faith or conduct tantamount to bad faith, the Court declines to impose sanctions pursuant to its inherent authority.

---

[2] See Mot. for Sanctions at 13–14 (citing Hino Motors Mfg. USA, Inc. v. Hetman, No. 20-cv-10031, 2021 WL 6285280, at *3 (E.D. Mich. Dec. 14, 2021) (sanctioning defendant after finding that defendant acted in bad faith by fabricating invoices used at his deposition, concealing email accounts, failing to preserve evidence, and falsely claiming that all email correspondence was contained on a particular computer); Blackwell v. Simon, No. 1:18-cv-1261, 2020 WL 5351022, at *10 (W.D. Mich. Mar. 20, 2020), report and recommendation adopted, No. 1:18-cv-1261, 2020 WL 2553146 (W.D. Mich. May 20, 2020) (awarding sanction of dismissal where "Plaintiff's motion for a protective order misrepresented to the Court the nature of the discovery propounded and who propounded it"); Webasto Thermo & Comfort N. Am., Inc. v. Bestop, Inc., 323 F. Supp. 3d 935, 942–943 (E.D. Mich. 2018) (awarding sanctions after attorney acted "recklessly" in failing to investigate production of misleadingly altered exhibit)).

[3] See Mot. for Sanctions at 13–14 (citing Victor v. Reynolds, No. 1:20-cv-13218, 2023 WL 112459, at *14 (E.D. Mich. Jan. 5, 2023) (declining to sanction defendants by entry of default judgment against them under Rule 37(b) despite finding that defendants partially violated court order to produce records); Peltz v. Moretti, 292 Fed. Appx. 475, 478 (6th Cir. Sept. 11, 2008) (reversing district court's grant of discovery sanctions that "effectively ended the case" where one of the sanctioned parties "defied a court order compelling discovery")).

5

**B. 28 U.S.C. 1927**

Guy appears to also pursue sanctions under 28 U.S.C. § 1927. See Mot. for Sanctions at 19, 21 (citing § 1927 for proposition that bad faith is not required for a court to impose sanctions under that provision).

A court may award sanctions under § 1927 against "[a]ny attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiplies the proceedings in any case unreasonably and vexatiously . . . ." 28 U.S.C. § 1927. Importantly, § 1927 "authorizes the imposition of sanctions on only an attorney . . . . [and] allows a court to require an attorney who so multiplies the proceedings in any case unreasonably and vexatiously to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." Rentz v. Dynasty Apparel Indus., Inc., 556 F.3d 389, 395–396 (6th Cir. 2009) (punctuation modified). An attorney is sanctionable under § 1927 "without a finding of bad faith, at least when an attorney knows or reasonably should know that a claim pursued is frivolous, or that his or her litigation tactics will needlessly obstruct the litigation of nonfrivolous claims." Id. (punctuation modified).

Guy's motion does not specify which of the requested sanctions he seeks under § 1927. To the extent Guy seeks any non-monetary sanctions against Absopure under § 1927, Guy's motion fails. Section 1927 permits sanctions against attorneys for "excess costs, expenses, and attorneys' fees"; it does not authorize the Court to impose non-monetary sanctions.

Guy's motion for sanctions under § 1927 also fails with respect to its request for attorney fees. As discussed above, Absopure's position that it is the "shipper" for purposes of the MCA does not amount to a false misrepresentation, nor is it devoid of evidentiary support. In setting forth this position, Absopure has not unreasonably or vexatiously multiplied the proceedings in

6

this case. See BAC Home Loans Servicing, L.P. v. Wells Fargo, N.A., No. 11-10327, 2013 WL 1147761, at *5 (E.D. Mich. Mar. 19, 2013) (rejecting request for sanctions under § 1927 after finding that plaintiff's counsel "presented a colorable claim that was not determined to be frivolous or meritless"). The Court denies Guy's request for attorney fees under § 1927.

### C. Rule 11

Although Guy's motion is not entirely clear regarding whether Guy seeks sanctions under Federal Rule of Civil Procedure 11, see Mot. for Sanctions at 14, the Court nonetheless finds that Guy's motion for sanctions fares no better under this rule.[4]

Under Rule 11(b), "sanctions may be imposed if a reasonable inquiry discloses the pleading, motion, or paper is (1) not well grounded in fact, (2) not warranted by existing law or a good faith argument for the extension, modification or reversal of existing law, or (3) interposed for any improper purpose such as harassment or delay." Merritt v. Int'l Ass'n of Machinists & Aerospace Workers, 613 F.3d 609, 626 (6th Cir. 2010) (punctuation modified). Importantly, however, "Rule 11(c)(2) sets forth a 'safe harbor' provision that requires that a motion for sanctions not be filed until 21 days after service." McGowan v. Kroger Co. Mich. 709, No. 16-13216, 2018 WL 4352680, at *1 (E.D. Mich. Sept. 12, 2018). This safe harbor provision is "an absolute requirement." Mabbitt v. Midwestern Audit Serv., Inc., No. 07-11550, 2008 WL 1840620, at *1 (E.D. Mich. Apr. 23, 2008) (rejecting defendant's motion for sanctions where defendant failed to provide plaintiff with 21-day opportunity to correct the objectionable filing).

---

[4] Although Guy's motion does not expressly request sanctions under Rule 11, he cites several cases awarding sanctions under Rule 11. See Mot. for Sanctions at 14 n.5 (citing Goka v. Bobbitt, 862 F.2d 646 (7th Cir. 1998) (explaining that parties are subject to Rule 11 when a party knows that a material factual dispute exists but nonetheless files for summary judgment)); id. at 15, (citing Blackwell, 2020 WL 5351022, at *11 (finding that "[c]ounsel for [plaintiff] violated Rule 11 by filing false and misleading papers with the Court")); id. at 22 n.11 (citing Advo Sys., Inc. v. Walters, 110 F.R.D. 426, 431 (E.D. Mich. 1986) (awarding sanctions under Rule 11)).

7

Guy's motion (i) fails to satisfy the procedural requirements under Rule 11(c), and (ii) fails to demonstrate that Absopure engaged in conduct sanctionable under Rule 11(b).

Guy's motion does not comply with Rule 11(c)'s safe harbor provision because he failed to provide Absopure the requisite opportunity to cure by first serving the motion on Absopure and waiting 21 days after service to allow Absopure to withdraw the alleged misstatements. Indeed, Guy does not dispute that he did not provide Absopure with a 21-day opportunity to cure. Guy's failure to comply with Rule 11(c) is alone grounds to deny his motion for sanctions under Rule 11.

As to Rule 11's substantive requirements, the Court finds that sanctions are not warranted. As discussed above, Guy has not established that Absopure's argument that it is the "shipper" for purposes of the MCA (i) was not well-grounded in fact; (ii) in bad faith; or (iii) interposed for purposes of harassment or delay. See Merritt, 613 F.3d at 626.

The Court rejects Guy's motion for sanctions under to Rule 11.

### III. CONCLUSION

For the foregoing reasons, the Court denies Guy's motion for sanctions (Dkt. 115).

SO ORDERED.

Dated: August 21, 2023　　　　　　　　　　　　s/Mark A. Goldsmith
　　Detroit, Michigan　　　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge

8