**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

    Plaintiff,

v.

Case No.: 20-CV-12734

Hon. Mark A. Goldsmith

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.
_____/

**PLAINTIFF'S PORTION OF THE JOINT STATEMENT PURSUANT TO THE COURT'S ORDER [ECF NOS. 134 AND 135]**

Pursuant to the Court's Order, [ECF Nos. 134 and 135], Plaintiff hereby files his portion of the Court's requested Joint Statement setting forth the manner in which the Parties intend to present their cases at trial, which was required to be filed by 10:00 a.m. on August 28, 2023.  *See* ECF No. 135.

Plaintiff repeatedly attempted to confer with Defendant's counsel concerning their portion of the Joint Statement via email on August 24, 2023, August 25, 2023, and August 27, 2023, and left a voicemail on August 28, 2023. *See* **Exhibit A**.  At 9:42 a.m., (i.e. 18 minutes before the deadline to file), Defendant's counsel Michael Cummings, Esq. responded to Plaintiff's counsel's repeated conferral efforts, stating:

1

> We will be getting our witness list to you shortly and it will include any Plaintiff you do not bring for your case in chief.

*Id.* To ensure compliance with the Court's Order, Plaintiff has unilaterally filed his portion of the Joint Statement.

**Plaintiff's Statement Pursuant to the Court's Order:[1]**

**I. Plaintiffs' witnesses:**

- Plaintiff's Expert Witness, Martin K. Williams – Mr. Williams will testify about his expert report concerning the Plaintiffs' damages calculation. Plaintiff estimates that Mr. Williams' direct examination will take one to two hours.

- Plaintiff intends to call roughly five of the Plaintiffs depending on, *inter alia*, availability of these manual laborers. The Plaintiffs will testify about their estimates as to their hours worked, amount/type of compensation received, brief background concerning their employment, and potentially provide an estimate concerning the amount of times they drove vehicles that weighed less than 10,001 pounds, contingent on whether this testimony is necessary based as discussed, *infra*. Plaintiff anticipates the direct examination for each of these Plaintiffs witness will take approximately thirty (30) minutes each.

- **Proposed stipulation for the small vehicle exception:** On May 10, 2023, the Court entered its Opinion & Order granting Plaintiff's Motion for

---

[1] Plaintiff's estimates provided in this joint statement are subject to change based on Plaintiff's final trial preparations.

Reconsideration and Granting in Part Plaintiff's Motion for Summary Judgment. *See* ECF No. 109. Thereafter, the Parties filed a Joint Statement pursuant to the Court's Order, indicating that "[t]he Parties agree that this Order applies to the Opt-in Plaintiffs who drove a vehicle that weighs less than 10,001 pounds at least two times per month during their employment with Defendant and renders the Motor Carrier Act [MCA] Exemption inapplicable to these Opt-in Plaintiffs." ECF No. 111. Plaintiff has begun conferring with Defendant on a process to stipulate to the identity of the Opt-in Plaintiffs subject to the small vehicle exception. This stipulation will save valuable trial time on an issue for which the court granted summary judgment and for which the parties entered into a stipulation concerning the conceptual undisputed application. At 9:42 a.m. on August 28, 2023, Defendant's counsel responded to this conferral, stating:

> "We don't see how the affidavits from Plaintiffs would save a significant amount of time. Defendant reserves the right to cross examine each Plaintiff at trial on all of his assertions."

*Id.* To the extent Defendant does not agree to stipulate to the application of the small vehicle exception to the applicable Plaintiffs, which appears to be the case based on Defendant's last minute response to the conferral, Plaintiff can either move for an order affirming the application of the small vehicle exception on these individuals based on their sworn testimony, or call these individuals to briefly testify (if necessary) as rebuttal witnesses to the extent they did not already testify in Plaintiff's

3

case in chief. It may likely be unnecessary for these witnesses to testify, either way, because it is doubtful that Defendant can even survive a Plaintiff's motion for directed verdict concerning its MCA exemption affirmative defense as a threshold matter to even require consideration of the small vehicle exception to the MCA exemption. Plaintiff anticipates moving for a directed verdict on the MCA exemption affirmative defense after Defendant's case in chief, and will then assess the necessity of introducing any additional rebuttal evidence pertaining to the small vehicle exception.

- Plaintiff has not decided whether he intends to call Defendant's corporate representative during his case in chief, but to the extent that he does, Plaintiff anticipates that direct of the corporate representative will take two to three hours, and will cover liability, recordkeeping, and willfulness.

- Plaintiff has not finalized his trial preparation and these estimates are subject to change. Plaintiff reserves the right to call any non-objectionable witness listed by Defendant. Plaintiff is also not in a position to ascertain what witness he will call as rebuttal witnesses to the extent necessary.

## II. Plaintiff's pretrial motions

Plaintiff intends to file a motion in limine to preclude any irrelevant inquiries unrelated to the Plaintiffs' hours worked, compensation received, and application of

the MCA exemption. Plaintiff also intends to file a motion to preclude cumulative evidence and/or for representative testimony, depending on Defendant's position.

Plaintiff has not prepared his pretrial motions at this time and these estimates are subject to change.

Dated: August 28, 2023

Respectfully submitted,

By: /s/ *Michael N. Hanna*
Michael N. Hanna
MORGAN & MORGAN, P.A.
Michigan Bar No.: P81462
Florida Bar No.: 85035
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 739-1953
mhanna@forthepeople.com

and

*/s/ Andrew R. Frisch*
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
(954) WORKERS
afrisch@forthepeople.com

*Attorneys for Plaintiff*

## LOCAL RULE CERTIFICATION

I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-

inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed using the CM/ECF system on August 28, 2023, which I understand will send a notice of same to all counsel of record.

*/s/ Michael N. Hanna*
Michael N. Hanna
