UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

    Plaintiff,                            Case No. 20-12734

v.                                       HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC

    Defendant.
_____/

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION TO AMEND AFFIRMATIVE DEFENSES (Dkt. 119)

This matter is before the Court on Defendant Absopure Water Company, LLC's motion to amend its affirmative defenses (Dkt. 119).[1] For the reasons that follow, the Court denies the motion.

### I. BACKGROUND

Guy is a former employee of Absopure, where he worked as a driver transporting products within the state of Michigan. Guy has brought suit claiming that Absopure violated the Fair Labor Standards Act (FLSA) by not paying him overtime for hours worked in excess of 40 per week.

The procedural posture of this case provides relevant context for the Court's discussion of Absopure's motion. Absopure timely filed its answer and affirmative defenses in March of 2021 (Dkt. 12). Following Guy's motion to strike Absopure's affirmative defenses (Dkt. 15), the

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). In addition to the motion, the briefing includes Plaintiff Justin Guy's response (Dkt. 121) and Absopure's reply (Dkt. 123).

Court ordered Absopure to amend its affirmative defenses on or before April 16, 2021 (Dkt. 17); Absopure did so on April 14, 2021 (Dkt. 21). Shortly after, the court entered a scheduling order setting May 4, 2021 as the deadline for the parties to add or amend their pleadings. See 4/20/2021 Order (Dkt. 23). Following a period of discovery, the Court ruled on the parties' summary judgment motions based on the Motor Carriers Act exemption—the issue that the parties had contended was dispositive of the case. 2/8/23 Op. & Order (Dkt. 70). A couple of weeks later, the Court conditionally certified the case as a collective action. 2/21/23 Op. & Order (Dkt. 77). A December 5, 2023 trial date was also set. 3/10/23 Order (Dkt. 89).

Two months later, Absopure filed the instant motion, asking for leave to add an affirmative defense that Plaintiffs are exempt from the FLSA's overtime provisions under 29 U.S.C § 207(i). See Mot. Under that provision, employers are exempt from the FLSA if they are a retail or service establishment that pays its employees in excess of one and one-half times the applicable minimum hourly rate and more than half of the compensation is earned from the sale of goods or services. 29 U.S.C. § 207(i).

For the reasons that follow, the Court denies Absopure's motion.

## II. ANALYSIS

The Court proceeds by discussing the legal standard that applies to Absopure's motion and next discusses the merits of the motion under that standard.

### A. Governing Legal Standard

There are two potential standards that courts are required to consider in determining whether to grant a party leave to amend its pleading. Pizella v. E.L. Thompson Assocs., LLC, No. 3:18-cv-00023, 2019 WL 10960444, at *1 (M.D. Tenn. Aug. 22, 2019). Under Rule 15(a)(2), a party may amend its pleading with leave of court, and "'the court should freely give

2

leave' to amend, unless factors like bad faith, futility, or undue prejudice counsel against permitting amendment." Cosgrove v. Pettigrew, No. 1:21-cv-10379, 2022 WL 20152239, at *1 (E.D. Mich. May 9, 2022) (quoting Fed. R. Civ. P. 15(a)(2)).

Courts may also grant a party leave to amend its pleading pursuant to Rule 16(b). Under that rule, a court "must issue a scheduling order that itself must limit the time, among other things, in which the parties may amend the pleadings in the case." In re Nat'l Prescription Opiate Litig., 956 F.3d 838, 843 (6th Cir. 2020) (punctuation modified). This rule "ensures that at some point both the parties and the pleadings will be fixed." Id. (punctuation modified). Once a deadline to amend pleadings under the scheduling order has passed, a court may only modify the scheduling order to allow a party to amend its pleadings on a showing of good cause. See Leary v. Daeschner, 349 F.3d 888, 907 (6th Cir. 2003).

The parties dispute which standard applies here. Absopure argues that Rule 15(b)'s permissive standard should apply. See Br. Supp. Mot; Reply at 2–3. Guy asserts that Rule 16(b)'s more demanding "good cause" standard applies.

The Court agrees with Guy. The Court entered a scheduling order requiring the parties to amend their pleadings by May 4, 2021. See 4/20/2021 Order (stating that "parties may not be added or pleadings amended more than 14 days after issuance of this Order, absent a showing of good cause"). Because Absopure has moved to amend its pleadings after the May 4, 2021 deadline, "the [C]ourt's discretion to allow [these amendments] [is] limited by . . . Rule 16(b)." In re Nat'l, 956 F.3d at 843.

None of Absopure's arguments to the contrary has merit. Absopure first contends that the "structure" of the scheduling order "indicates that further motions to amend pleadings in the post-certification state were likewise contemplated." Reply at 2. Absopure's interpretation of

3

the scheduling order is incorrect. As the text of the order makes clear, "[u]nless a different date is specified on page 1, parties may not be added or pleadings amended more than 14 days after issuance of this Order, absent a showing of good cause." 4/20/2021 Order. The scheduling order did not specify any other date by which the parties could amend their pleadings. Thus, May 14, 2021 remained the operative deadline to do so. And contrary to Absopure's assertion, see Reply at 2, nowhere in the order is it "contemplated" that additional motions to amend pleadings would be permitted "in the post-certification stage."

Absopure next asserts that Rule 16 does not apply because the Court "did not indicate that a Rule 16 motion would be required based on the Scheduling Order" during an April 24 status conference.[2] Reply at 2. The Court is not required to reiterate at a conference what is provided for in the rules. Both Rule 16(b) and the scheduling order make clear that a showing of good cause would be required for pleadings amended after May 4, 2021. See Fed. R. Civ. P. 16(b)(4) ("A schedule may be modified only for good cause and with the judge's consent."); 4/20/2021 Order ("[P]arties may not be added or pleadings amended more than 14 days after issuance of this Order, absent a showing of good cause.").

Absopure also contends that the scheduling order is no longer valid in light of the recent decision in Clark v. A&L Homecare & Training Ctr., LLC, 68 F.4th 1003 (6th Cir. 2023). Reply at 2–3. According to Absopure, Clark "set a new standard for allowing opt-in plaintiffs to join the case, and a new procedure calling for discovery on potential plaintiffs before joining the case . . . ." Id. at 3. The Court recognizes that the Clark decision impacts the procedure for court-facilitated notice to potential plaintiffs who may be similarly situated to the initial plaintiff and may wish to opt in to an FLSA action. See McCall v. Soft-Lite L.L.C., No. 5:22-cv-816, 2023

---

[2] Absopure's reply refers to an "April 23 hearing." The Court interprets Absopure's reply as referring to the status conference conducted on April 24, 2023. See 4/25/2023 Order.

WL 4904023, at *5 (N.D. Ohio Aug. 1, 2023) (explaining that "[t]he holding of Clark is that, for there to be Court-facilitated notice to potential plaintiffs, [named-plaintiff] must move for such notice and, in his motion, must show a "strong likelihood" that other employees of [defendant] are 'similarly situated' to him"). But the Court does not see—nor does Absopure adequately explain—how Clark renders this Court's scheduling order invalid or in need of revision by the Court. Whatever Clark's impact may be on this case, it does not speak to the timing for raising affirmative defenses going to the merits of the case.

Because the deadline for the parties to amend their pleadings has long passed, Absopure is required to show good cause for amendment under Rule 16(b).

**B. Good Cause under Rule 16**

To satisfy Rule 16(b)'s good cause requirement, Absopure must show that "despite [its] diligence [it] could not meet the original deadline." Shane v. Bunzl Dist. USA, Inc., 275 F. App'x 535, 536 (6th Cir. 2008). In addition, although prejudice to the non-movant is "not an express component of Rule 16, it is nonetheless a relevant consideration" in the analysis. Leary, 349 F.3d at 906.

Absopure argues good cause exists because the § 207(i) exemption "applies with much greater certainty" to opt-in plaintiffs than it does to Guy because (i) many opt-in plaintiffs are paid on a pure commission basis, and (ii) many opt-in plaintiffs earn more than Guy, a fact which Absopure asserts makes it "much more likely that they would exceed" § 207(i)'s minimum wage threshold for weeks worked. Reply at 3–4. Absopure adds that, because it did not have an opportunity to conduct "pre-certification" discovery of the opt-in plaintiffs, it cannot be said that it "lacked diligence" in attempting to amend its affirmative defenses now. Id. at 6.

5

Absopure's argument lacks merit. Absopure cannot plausibly assert that it was not aware of the potential relevance of § 207(i) exemption as defense until learning the identities of the opt-in plaintiffs following the distribution of the Court-approved notice in March of 2023. As an initial matter, Absopure, the employer, is in the best position to know how its employees are compensated and whether § 207(i) is applicable to this FLSA action. Indeed, Absopure's own briefing makes clear that "the potential for the [§ 207(i)] exemption has been in play" throughout this litigation. Br. Supp. Mot at 7. As Absopure points out, the potential relevance of the § 207(i) exemption has "been clearly at issue from the beginning of the case." Id. at 7–8 (punctuation modified) (citing Guy Dep. at 84 (explaining that he was told that he would get paid in part by commission); Req. for Admis. No. 20 (stating that Guy was "compensated on a commissioned basis"); Resp. to Interrog. No. 6 (answering that employees who are "Sales Service Specialist Trainees and Sales Service Specialists are compensated on a commission basis)). Absopure was on notice from the outset of this litigation that § 207(i) may be a relevant defense to the claims brought by Guy and the opt-in plaintiffs who might join the case.

Moreover, Absopure had the opportunity to assert § 207(i) as an affirmative defense when it timely filed its amended affirmative defenses in April of 2021 (Dkt. 21)—it chose not to do so. By attempting to amend its affirmative defenses now, more than two years after its deadline, Absopure has shown that it was not diligent in complying with the scheduling order in this case. See Church Joint Venture, L.P. v. Blasingame, 947 F.3d 925, 934 (6th Cir. 2020) (finding that the "failure of [plaintiff] to realize it could have made claims" against defendant was "not an adequate reason" for failing to timely seek leave to amend). [3]

---

[3] Absopure also argues that delay alone is not sufficient reason to deny a motion to amend and cites several cases in support of that proposition. Br. Supp. Mot at 2 (citing Wade v. Knoxville Utilities Bd., 259 F.3d 452, 459 (6th Cir. 2001) (affirming district court's denial of plaintiff's

Absopure also argues Guy would not be prejudiced by Absopure's request. Br. Supp. Mot. at 10. Again, the Court disagrees. The parties have already filed—and the Court has ruled on—the parties' motions for summary judgment. 2/8/2023 Order. The deadline to conduct fact discovery in this case closed on July 1, 2023. See 4/25/2023 Order (Dkt. 102). Trial is scheduled to begin in a little over three months. See 3/10/2023 Order (Dkt. 89). Absopure's introduction of a new affirmative defense at this "late stage in the proceedings" would significantly prejudice Guy's ability to adequately prepare for trial. Davidson v. Arlington Cmty. Sch. Bd. of Educ., 847 F. App'x 304, 312 (6th Cir. 2021) (affirming district court's denial of plaintiff's motion to amend complaint four months after defendant moved for summary judgement); see also Church, 947 F.3d at 934 ("Allowing amendment after summary judgment motions have been decided is especially problematic."). And as Guy points out, Resp. at 13, Absopure's proposed amendment may require additional discovery, further delaying resolution of this case. Heaps v. Safelite Sols., LLC, No. 2:10-cv-729, 2011 WL 13150529, at *5 (S.D. Ohio Oct. 7, 2011) (denying plaintiff's motion to amend pleadings to add additional class members in part because a "grant of the motion . . . would prolong the eventual resolution of this case, would result in prejudice to [defendant] and would further burden this Court's docket").

---

motion to amend its complaint under Rule 15); Schmidt v. Eagle Waste & Recycling, Inc., 599, F.3d 626, 632 (7th Cir. 2010) (affirming district court's grant of summary judgment in favor of defendant and concluding that defendant did not waive issue of administrative exemptions to FLSA where defendant asserted defense in opening summary judgment brief); Taylor v HD and Assoc. LLC, 45 F.4th 833, 838 (5th Cir. 2022) (affirming district court's grant of summary judgment in favor of defendant and finding that defendant did not waive § 207(i) defense where defendant raised the exemption in summary judgment briefing but failed to raise it as an affirmative defense); Owens v. Kaiser Foundation Health Plan, Inc., 244 F.3d 708, 713 (9th Cir. 2001) (affirming district court's decision permitting defendant to amend its answer under Rule 15 to assert res judicata as affirmative defense shortly after defense became available following the dismissal of a previously-filed action asserted by plaintiffs)). But none of these cases addresses requests for amendments of pleadings under Rule 16(b)'s good cause requirements, which is the standard that applies here.

Granting the motion would almost certainly require adjourning the trial, thereby adversely impacting the Court's efforts to efficiently manage its docket.

Because (i) Absopure was not diligent in attempting to meet the Court's deadline for the amendment of pleadings and (ii) such amendment would prejudice Guy and this Court's docket, the Court concludes that Absopure has not demonstrated good cause to amend its affirmative defenses under Rule 16(b).[4]

### III. CONCLUSION

For the foregoing reasons, the Court denies Absopure's motion to amend affirmative defenses (Dkt. 119).

SO ORDERED.

Dated: August 31, 2023  
Detroit, Michigan

s/Mark A. Goldsmith  
MARK A. GOLDSMITH  
United States District Judge

### CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record and any unrepresented parties via the Court's ECF System to their respective email or First Class U.S. mail addresses disclosed on the Notice of Electronic Filing on August 31, 2023.

s/Jennifer McCoy  
Case Manager

---

[4] Given that the Court concludes that Absopure has failed to show good cause for leave to amend its affirmative defenses under Rule 16(b), "the Court need not determine whether leave to amend is appropriate under Rule 15(a)." Heaps, 2011 WL 13150529, at *5. Nonetheless, the Court concludes that Absopure's motion for leave should be denied under that Rule, as well. Absopure unduly delayed by waiting more than two years to seek leave to amend its affirmative defenses. And as noted above, amendment at this late stage in the case would prejudice Guy and burden the Court's docket. See id. (denying leave to amend under both Rule 15 and Rule 16, where plaintiff sought to amend its complaint four months after the deadline and amendment would prejudice opposing party and burden the court).

8