UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                                              Case No. 2:20-cv-12734-MAG-EAS
                                                          HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S MOTION FOR PARTIAL SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves for an order dismissing certain Opt-In Plaintiffs from the case and limiting the claims of other Opt-In Plaintiffs based on the statute of limitations set forth in 29 U.S.C. Sections 255(a) and 256 (b). In accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter did not concur with the relief requested.

In further support of their motion, Defendants rely on the attached brief and the accompanying attached exhibits.

Dated: September 8, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                      Case No. 20-cv-12734-MAG-EAS
                                        HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR PARTIAL
SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

# **TABLE OF CONTENTS**

Table of Contents ................................................................................................................. i

Concise Statement of Issues Presented ............................................................................. ii

Controlling or Most Appropriate Authority for the Relief Sought ........................... iii

ARGUMENT ..................................................................................................................... 1

INTRODUCTION ............................................................................................................ 1

I.   PROCEDURAL AND FACUAL BACKGROUND ........................................ 2

    A.   Certification and Filing of Consents to Join ................................................. 2

    B.   Several Opt-In Plaintiffs Are Asserting Claims Prior to the
         Limitation Periods .......................................................................................... 3

II.  OPT-IN PLAINTIFFS' CLAIMS SHOULD BE LIMITED TO TWO OR
     THREE YEARS PRIOR TO THE FILING OF THEIR CONSENT FORMS .... 4

    A.   The Statute of Limitations in FLSA Actions ............................................... 4

    B.   Equitable Tolling Should Not Apply ........................................................... 5

CONCLUSION ................................................................................................................. 8

## CONCISE STATEMENT OF ISSUES PRESENTED

I. SHOULD OPT-IN PLAINTIFFS BE BARRED FROM PURSUING CLAIMS OCCURING PRIOR TO THE STATUTE OF LIMITATIONS PERIODS ACCORDING TO 29 U.S.C. §§ 255(A) AND 256(B) BASED ON THE DATE EACH PLAINTIFF FILED A CONSENT TO JOIN THE CASE?

        Plaintiffs would say, "No".

        Defendant would say, "Yes".
        .

# CONTROLLING OR MOST APPROPRIATE AUTHORITY FOR THE RELIEF SOUGHT

## CASES

*Archer v. Sullivan Cty.*, 129 F.3d 1263, 1997 WL 720406
(6th Cir. 1997) .......................................................................................... 1, 4-7

## FEDERAL STATUTES

29 U.S.C. § 255(a) ....................................................................................... 1, 2, 4, 8

29 U.S.C. § 256(b) ....................................................................................... 1, 5, 8

# **ARGUMENT**

## **INTRODUCTION**

The statute of limitations for FLSA cases is two years from commencement of the action or three years if an employer is found to be in willful violation. 29 U.S.C.A. § 255(a). For plaintiffs who opt into a collective action, the action is considered to commence on the date the opt-in plaintiff files a consent to join the action. 29 U.S.C.A. § 256(b). The 26 Opt-In Plaintiffs in this case filed notices of their consent in March and April of 2023. They can thus only claim violations beginning in March/April of 2021 if the two-year limitation period applies or March/April of 2020 should they prove willful violations. Since several of them were no longer working for Defendant during these periods, they should be dismissed from this action altogether. The other Opt-In Plaintiffs should have any claims limited to those within the period of limitation.

The Opt-In Plaintiffs cannot claim equitable tolling because they were under constructive notice of the potential for FLSA violations from the very first moment of their employment yet did nothing for many years to pursue any claim. As the Sixth Circuit has made clear, "statutes of limitations protect important social interests in certainty, accuracy, and repose and should not be trivialized by 'promiscuous application of tolling doctrines.'" *Archer v. Sullivan Cty.*, 129 F.3d 1263, 1997 WL 720406, \*4 (6th Cir. 1997). The statue of limitations of 29. U.S.C.

§ 255 (a) thus applies to limit claims prior to two or three years before filing their consent forms.

## I. PROCEDURAL AND FACTUAL BACKGROUND

### A. Certification and Filing of Consents to Join

Plaintiff Guy filed his complaint on October 8, 2020 as an FLSA "collective action". (Dkt. 1). Defendant filed its answer on March 11, 2021. (Dkt.12). Plaintiff Guy moved to conditionally certify the case as an FLSA collective action on March 29, 2022. (Dkt. 58). The Court granted conditional certification on February 21, 2023. (Dkt. 77). Thereafter, Plaintiff sent out notices to potential collective employees pursuant to the Court's order. (Dkt. 82). Twenty-Six Opt-In Plaintiffs filed the following consent forms with the Court on the following dates:

| Last Name | First Name | Date Consent Filed | Docket No. |
|---|---|---|---|
| Aniol | John | March 22, 2023 | 92-1 |
| Armstead | Aaron | March 29, 2023 | 95-1 |
| Armstead | Dwane | March 30, 2023 | 96-1 |
| Banks | Erick | March 22, 2023 | 92-1 |
| Belonga | Lucas | March 24, 2023 | 93-1 |
| Brown | Keith | April 3, 2023 | 97-1 |
| Childs | Dannielle | April 5, 2023 | 98-1 |
| Clendennin | Ryan | April 10, 2023 | 99-1 |
| Fish | Caleb | March 9. 2023 | 86-1 |
| Householder | Boaz | March 9. 2023 | 86-1 |
| Jacek | Shawn | March 28, 2023 | 94-1 |
| Jackson | Matthew | March 28, 2023 | 94-1 |

| | | | |
|---|---|---|---|
| Johnson | Gary | March 14, 2023 | 90-1 |
| Lammer | Ricardo | April 5, 2023 | 98-1 |
| Newkirk | Antony | March 29, 2023 | 95-1 |
| Okimoto | Paul | April 14, 2023 | 100-1 |
| Pemberton | Terry | March 28, 2023 | 94-1 |
| Perry | Charles | April 10, 2023 | 99-1 |
| Phipps | Kevin | April 20, 2023 | 101-1 |
| Redmer | Nathan | March 9. 2023 | 86-1 |
| Rhodes | Ryan | March 14, 2023 | 90-1 |
| Skonieczny | Jesse | March 22, 2023 | 92-1 |
| Sujkowski | David | March 20, 2023 | 91-1 |
| Tampa | Jordan | March 9. 2023 | 86-1 |
| Winconek | Kyle | March 9. 2023 | 86-1 |
| Woldt | George | March 29, 2023 | 95-1 |

**B.  Several Opt-In Plaintiffs Are Asserting Claims Prior to the Limitation Periods**

The following is a list of Opt-In Plaintiffs who left Defendant's employ more than two or three years prior to filing their consent forms:

| Name | Termination Date | Three-Year SOL Date |
|---|---|---|
| Aaron Armstead | September 21, 2018 | March 29, 2020 |
| Dwane Armstead | October 4, 2018 | March 30, 2020 |
| Eric Banks | August 31, 2018 | March 22, 2020 |
| Ryan Clendennin | July 6, 2018 | April 10, 2020 |
| Shawn Jacek | November 27, 2018 | March 28, 2020 |
| Matthew Jackson | February 8, 2019 | March 28, 2020 |
| Ricardo Lammer | October 3, 2019 | April 5, 2020 |
| Charles Perry | October 5, 2018 | April 10, 2020 |
| | | **Two-Year SOL Date** |
| Keith Brown | July 1, 2020 | April 3, 2021 |

3

(Exhibit 1, Defendant's Statements of Relevant Facts, pp. 3-4).

The following employees began working prior to the two- and three-year limitation periods and are asserting claims prior to those periods:

| Name | Start Date | Three-Year SOL Date |
|---|---|---|
| John Aniol | January 10, 2000 | March 22, 2020 |
| Keith Brown | December 4, 2006 | March 30, 2020 |
| Caleb Fish | April 30, 2018 | March 9. 2020 |
| Kevin Phipps | September 11, 2017 | April 20, 2020 |
| Jordan Tampa | August 26, 2019 | March 9. 2020 |
|  |  | **Two-Year SOL Date** |
| David Sujkowski | February 1, 2021 | March 20, 2021 |
| Kyle Winconek | January 25, 2021 | March 9. 2021 |

(*Id.*)

## II. OPT-IN PLAINTIFFS' CLAIMS SHOULD BE LIMITED TO TWO OR THREE YEARS PRIOR TO THE FILING OF THEIR CONSENT FORMS

### A. The Statute of Limitations in FLSA Actions

"An action to recover unpaid overtime compensation must be 'commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Archer v. Sullivan Cty.*, 129 F.3d 1263, 1997 WL 720406, *2 (6th Cir. 1997) (citing 29 U.S.C. § 255(a)). "An action is 'commenced,' under the FLSA, on the date the complaint is filed, subject to certain exceptions. 29 U.S.C. § 256." *Id.* "In the case of a collective action such as this one, if the individual

4

claimants do not immediately file written consents to become parties plaintiff the action is considered to be commenced when the written consents are filed." *Id.* (citing 29 U.S.C. § 256(b)).

### B. Equitable Tolling Should Not Apply

"The doctrine [of equitable tolling] permits a plaintiff to avoid the bar of the statute of limitations if 'despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.' *Archer v. Sullivan Cty.*, *supra*, 1997 WL 720406, *3 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990), *cert. denied*, 501 U.S. 1261 (1991)). The party seeking equitable tolling bears the burden of proving he is entitled to it. *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

"The factors to be considered in this connection include the following: (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights. *Archer, supra*, at *3 (citing *EEOC v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094 (6th Cir.), *cert. denied*, 117 S. Ct 385 (1996)). These factors are not comprehensive, nor must all factors be met in each case. *Allen, supra*, 366 F.3d at 401. Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated

5

deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir.2000) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).

When plaintiffs "have lacked actual notice of [a] violation of the Act and of the filing deadline, it is 'well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.'" *Id.* at *4 (citing *Rose v. Dole*, 945 F.2d 1331, 1335 (6th Cir.1991)). "The statute itself gave the plaintiffs constructive notice of the fact that the county was violating their rights under the FLSA and of the deadline for filing suit." *Id.*

> "the entire purpose of statutes of limitations is to provide finitude to liability for wrongs." We are also mindful of Judge Posner's admonition in *Cada* that statutes of limitations "protect important social interests in certainty, accuracy, and repose" and should not be trivialized by "promiscuous application of tolling doctrines." 920 F.2d at 453.

*Id.* at *5 (citations omitted)

These factors clearly disfavor any equitable tolling of the statute of limitations.

As the *Archer* court noted "the statue itself" gives plaintiffs notice about any potential violation. *Id.* at *4. Further, it is undisputed that each Opt-In Plaintiff was informed about the Defendant's methods of determining pay – commissions or commissions with guaranteed minimums – from the very beginning of employment

6

and that this payment would not include "overtime" payments when they worked more than 40 hours in a week. (*See e.g.,* Exh. 2 Deposition of Justin Guy Tr. pp. 30-31; Exh. 3, Deposition of Keith Brown Tr., pp. 29, 33; Exh. 4, Deposition of Terry Pemberton Tr., pp. 29, 33; Exh. 5, Deposition of David Sujkowski Tr., pp. 24-25). Receiving "time and a half" for overtime is a common practice that is commonly known by nearly all workers. (Exh. 6, U.S. Dept. of Labor, DOLQ129633231, *Worker Classification Knowledge Survey Volume I—Technical Report*, 11/16/2016, pp. 25-26 (showing 93% workers know whether or not they are entitled to overtime)). Further, the vast majority of workers who are not entitled to overtime know the reason why. *Id.* Thus, Plaintiffs would have been immediately put on effective notice of any potential violation of the FLSA. *See Sandoz v. Cingular Wireless, L.L.C,* 700 Fed.Appx. 317, 321 (5th Cir. 2017) ("The timesheets and paycheck memos that were available to all Cingular employees provided the information necessary to trigger a duty to inquire as to whether the Opt-In Plaintiffs' hourly wages fell below the minimum wage required by the FLSA.")

    In spite of this knowledge, the Opt-In Plaintiffs did nothing to pursue any potential claim for years, in many cases for five or six and even thirteen years. (Exh. 1, pp. 3-4). They cannot show diligence. *Archer*, at * 3. Equitable estoppel is thus not warranted in this case and the statute of limitations should apply to dismiss the

7

Opt-In Plaintiffs' claims for alleged violations occurring prior to two or three years before the filing of their consent forms. *See* 29 U.S.C. §§ 255(a) and § 256(b).

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to apply the statute of limitations pursuant to 29 U.S.C. §§ 255(a) and 256(b) and dismiss Opt-In Plaintiffs' claims for alleged violations occurring prior to two or three years before the filing of their consent forms.

Dated: September 8, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

## **CERTIFICATE OF CONCURRENCE**

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel on September 7, 2023, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion, and that Plaintiffs' counsel declined to concur.

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: September 8, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

9

I hereby certify that on September 8, 2032 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: September 8, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506