UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONt

JUSTIN GUY, individually and on
behalf of those similarly situated,

      Plaintiff,

v.                          Case No. 20-cv-12734-MAG-EAS
                                HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

      Defendant.

_____

**DEFENDANT'S COMBINED MOTIONS IN LIMINE TO EXCLUDE 1) TESTIMONY AND EVIDENCE ON THE SMALL VEHICLE EXCEPTION, 2) PLAINTIFFS' THIRD SUPPLEMENTAL INITIAL DISCLOSURES, AND 3) EXPERT TESTIMONY**

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves as follows

1.     To prohibit Plaintiffs from offering any testimony or evidence related to the Small Vehicle Exception to the Motor Carrier Act exemption pursuant to Federal Rule of Civil Procedure 37(b)(2) for failure to respond to the Court's order directing them to respond to Defendant's interrogatories

2.      To exclude Plaintiffs' use of "Exhibit A" to their Third Supplemental Initial Disclosures and any testimony, document, or exhibit based on it as impermissible hearsay pursuant to Federal Rule of Evidence 801.

3.      To exclude testimony from Plaintiffs' proffered expert Martin Williams as lacking evidentiary foundation, being misleading, prejudicial, and based on speculation.

In accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter did not concur with the relief requested.

In further support of its combined motion, Defendant relies on the attached brief and the accompanying attached exhibits.

Dated: September 8, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

      Plaintiff,

v.                                                  Case No. 20-cv-12734-MAG-EAS
                                                    HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

      Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS COMBINED MOTIONS IN
LIMINE TO EXCLUDE 1) TESTIMONY AND EVIDENCE ON THE SMALL
VEHICLE EXCEPTION, 2) PLAINTIFFS' THIRD SUPPLEMENTAL INITIAL
DISCLOSURES, AND 3) EXPERT TESTIMONY**

# **TABLE OF CONTENTS**

Table of Contents ................................................................................. i

Concise Statement of Issues Presented ...................................................... ii

Controlling or Most Appropriate Authority for the Relief Sought......................... iii

INTRODUCTION ........................................................................................ 1

ARGUMENT ............................................................................................. 3

I.   Factual and Procedural Background............................................................ 3

    A.  Defendant's Discovery Requests Served on Opt-In Plaintiffs ..................... 3

    B.  Plaintiffs' Late and Missing Responses .................................................. 5

    C.  Plaintiffs' Expert Report and Testimony ................................................ 6

II.  Opt-In Plaintiffs Should be Barred From Submitting Evidence
    On the Issue of the Number of Times They Drove Small Vehicles ................. 9

    A.  Federal Rule of Civil Procedure 37 Calls for Barring Evidence
    at Trial When a Party Fails to Respond to Interrogatories and
    Discovery Orders ............................................................................ 9

    B.  Plaintiffs' Failures Have Been Willful and Defendant is Prejudiced .......... 11

III. Exhibit A to Plaintiffs' Third Supplement Initial Disclosures
    Should be Excluded as Inadmissible Hearsay ................................................ 12

IV. Plaintiffs' Expert Testimony Should be Excluded. ....................................... 12

CONCLUSION .......................................................................................... 15

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.   SHOULD PLAINTIFFS BE BARRED FROM SUBMITTING EVIDENCE
     RELATED TO THE SMALL VEHICLE EXCEPTION TO THE MOTOR
     CARRIER ACT EXEMPTION PURSUANT TO FEDERAL RULE OF
     CIVIL PROCEDURE 37(B)(2) FOR FAILURE TO RESPOND TO THE
     COURT'S ORDER DIRECTING THEM TO RESPOND TO
     DEFENDANT'S INTERROGATORIES?

          Plaintiffs would say, "No".

          Defendant would say, "Yes".


II.  SHOULD THE "EXHIBIT A" TO PLAINTIFFS' THIRD
     SUPPLEMENTAL INITIAL DISCLORES AND ALL TESTIMONY AND
     EXHIBITS DERIVED FROM IT BE EXCLUDED FROM TRIAL?

          Plaintiffs would say, "No".

          Defendant would say, "Yes".


III. SHOULD PLAINTIFFS' EXPERT BE BARRED FROM TESTIFYING?

          Plaintiffs would say, "No".

          Defendant would say, "Yes".


.

# CONTROLLING OR MOST APPROPRIATE

## <u>CASES</u>

*Ford Motor Co. v. InterMotive, Inc.*, No. 4:17-cv-11584, 2021 WL 978820, at *7 (E.D. Mich. Mar. 16, 2021) ). ............................................................ 10-12

*Mike's Train House, Inc. v. Lionel, L.LC.*, 472 F.3d 398, (6th Cir. 2006). ....... 12-13

*United States v. L.E. Cooke Co.,* 991 F.2d 336 (6th Cir.1993). .............................14

## <u>FEDERAL RULES OF CIVIL PROCEDURE</u>

Fed. R. Civ. Pro. 37(c) .................................................................................9

Fed. R. Civ. Pro. Rule 37(b)(2)(A)(ii) ....................................................10

## <u>FEDERAL RULES OF EVIDENCE</u>

Fed. R. Evid. 801(a)-(c) ...........................................................................12

Fed. R. Evid. 802 .....................................................................................12

Fed. R. Evid. 703 ..................................................................................1213

## INTRODUCTION

## ARGUMENT

## I.   FACTUAL AND PROCEDURAL BACKGROUND

### A.   Defendant's Discovery Requests Served on Opt-In Plaintiffs

Defendant served a number of discovery requests on the Opt-In Plaintiffs, including interrogatories directly to Plaintiffs' assertions of hours worked and issues related to the Motor Carrier Act exemption to the FLSA overtime requirements and particularly to the small vehicle exception:

4.   Identify each specific calendar week You claim to have worked more than 40 hours during that week while employed by Absopure during the Relevant Time Period.

5.   For each week identified in response to Interrogatory No. 4, describe the facts upon which You base that allegation, including the total number of hours You claim to have worked during that week, the total number of overtime hours You are claiming for that week, how You determined those hours, and identify any documents, communications or other evidence You claim support Your allegations concerning the

18.   If You claim that You are or were not exempt from the overtime provisions of the FLSA pursuant to section 13(b)(1) of the FLSA (29 U.S.C. § 213(b)(1)) as being an employee with respect to whom the Secretary of Transportation has power to establish qualifications, describe with specificity all of the bases for such claim including all of the facts, documents, and communications on which You are relying.

19.    Identify each day that You drove a vehicle for Absopure during the Relevant Time Period that weighed than 10,000 pounds or less and each day that you drove a vehicle that weighed 10,001 pounds or more.

(Dkt. 107, PageID.4674-75).

Plaintiffs objected to Defendant's requests and, in response, the Court ordered, inter alia, that 1) no request for admission be answered, 2) no request related to unpleaded defenses be answered, 3) that Plaintiffs' obligations to respond Defendant's remaining requests would be suspended and first, a) Defendant should provide the information that it had concerning its allowed interrogatories by May 26, 2023, b) Plaintiff should respond identifying any disagreements with Defendant's statements by June 2 with available information, and c) then respond with the remainder by June 9, 2023.  (Dkt. 114).

In accordance with the order, on May 26, 2023, Defendant provided Plaintiffs a set of Statements of Relevant Facts, addressing the issues in each of its interrogatories.  (Exh. 1).  Along with the Statements, Defendant produced a document listing all of the times that each Plaintiff "checked out" their trucks just prior to leaving on their routes for the day and times for when each Plaintiff "checked in" their trucks shortly after returning from their routes.  (Exh. 1, p. 15, Statement No. 37; Dkt. 124-5, PageID.5305-5749).  These times came from the handheld inventory system that each Plaintiff used.  (*Id.*, pp. 8 and11, Statement Nos. 17 and 29 Statement).  As outlined in the Statements of Fact, having this "check-out" and

2

"check-in" data meant that the most significant issue for determining total hours worked was to determine the amount of time Plaintiffs spent working before "checking out" their trucks and after "checking in" their trucks. (*Id.*, pp. 6-8, 11-13, Statement Nos. 7-18, 29-35). Accordingly, Defendant provided estimates of typical ranges for each of these time periods: 10-20 minutes between arrival and checking out, and 20-30 minutes between checking in and completing work, for a total range of time from 30-50 for both periods. (*Id.*, pp. 8 and 13, Statement Nos. 18 and 35).

In addition to "check out" and "check in" times from the handheld devices, the vast majority of Specialists, the vast majority of time, swiped their ID badges to clock-in for the day immediately upon starting work each day. (*Id.*, p. 6, Statement Nos. 5-7). Although Defendant uses this primarily to confirm attendance, it nevertheless functions as an accurate measure of clock-in times. (*Id.*). This would leave the range of uncertainty with respect to Specialists' work hours primarily to the period after Specialists check-in their trucks.

Further, Defendant provided a list of vehicle assignments made to each Plaintiff each day that included the weights of the vehicles. (*Id.* p. 15, Statement No. 38).

Plaintiffs did not provide any response to Defendant's Statements on June 2, 2023, only On June 9. (Exh. 2). Among other responses, Plaintiffs provided its own estimates for the arrival to check-out and check-in to completing work times: 30-90

3

minutes before check-out and 90-120 minutes after check-in, for a total range of time of 120-210 minutes or 2 to 3 ½ hours. (Exh. 2, pp. 9, Response Nos. 18 and 35). Plaintiffs also provided more detailed contentions concerning those time periods. (*See id.* pp. 4-9 and 14-16, Response Nos. 7-18 and 31-35).

Plaintiffs, however, did not respond to Statement No. 13 concerning small vehicles, i.e., those 10,000 lbs. or less, other than to state that "Plaintiff's counsel is conferring with the Opt-in Plaintiffs concerning this statement. Plaintiffs cannot confirm the accuracy of this statement." (*Id.* at p. 18, response to Interrogatory No. 19).

On June 14, 2023, Plaintiffs' deposed Defendant's Rule 30(b)(6) witness who provided to testify on all of the Statements of Relevant Facts and documents produced. (Exh. 3 Byrne Deposition Transcript ("Byrne Tr.") 1). Plaintiffs' counsel questioned the witness extensively about the vehicle weight information (*Id. at* 47:14-54:24). Further, Mr. Byrne confirmed Defendant's use of the Kronos system that effectively gives clock-in times for the vast majority of Specialists and that Defendant produced this information regarding Plaintiffs. (*Id.,* Byrne Tr. 18:4-25:16).

Defendant then deposed three of the Opt-In Plaintiffs, Terry Pemberton, Keith Brown, and David Sujkowski. Pemberton testified that he estimated his typical time between arrival and check-out was "around max 30 minutes, minimum 15, 20."

4

(Exh. 4, Pemberton Tr. 13:17-21.).  He further testified that it typically took him about 30 minutes after checking in his truck before he left for the day – adding up to a total of about an hour or less for both time periods.  (*Id.* Tr. 31:5-17)  Keith Brown testified that his time before check-out was typically 30 to 40 minutes and after check-in was 45 minutes to an hour – totaling between 75 minutes to an hour and 40 minutes for both periods.  (Exh. 5 Brown Tr. 19:16-20, 28:9-18).  David Sujkowski testified that his time before check-out was typically 30 to 40 minutes and after check-in was 20 to 30 minutes – totaling between 50 minutes to an hour and 10 minutes for both periods.  (Exh. 6, Sujkowski Tr. 13:23-14:3, 35:18-36:6).  The witnesses also testified that, while these were typical times, they could occasionally be longer depending on the circumstances.  (*e.g.*, Exh. 4, 31:18-22; Exh. 5 Tr. 19:16-20, 28:9-18, Exh. 6, Tr. 14:4-11).

Each of these witnesses also testified that they clocked-in with their ID badges immediately upon starting work every day.  (Exh. 4, Pemberton Tr. 8:20-9:7; Exh. 5, Brown 10:16-11:6; Exh. 6, Tr. Sujkowski 7:4-9).

## B.    Plaintiffs' Late and Missing Responses

On July 27, 2023, Plaintiffs served on Defendant its Third Supplemental Amended initial disclosures.  (Exh. 7).  These disclosures included an "Exhibit A" that listed estimated daily start and end times for many of the Opt-In Plaintiffs.  (*Id.*, at Exhibit A).  Notably, this Exhibit A does list any times for Plaintiffs Matthew

Jackson, Anthony Newkirk, Paul Okimoto, Jesse, Skonieczny, and Terry Pemberton. (*Id.*).  The disclosure provides some explanation as to why Mr. Pemberton was not listed but none for the other four missing Plaintiffs.  (*Id.* at p. 4).  Further, although one might assume that Plaintiffs' counsel got this information by interviewing the Plaintiffs, the disclosure does not say so.   (*Id.* at p. 4).   No Plaintiff signed a verification or other statement attesting to the accuracy of the alleged start and end times.  (*See id.*, pp. 1-4).

With respect to the small vehicle exception, at no time have the Opt-In Plaintiffs provided any assertion whatsoever about how often they have driven vehicles weighing 10,000 pounds or less.  Nor had they indicated that any such assertions would be forthcoming before Plaintiffs' counsel mentioned the subject during the August 21, 2023 hearing with the Court on outstanding motions.  After the hearing, Plaintiffs' counsel offered to provide assertions about small vehicles, but only on the express condition that Defendant agree to stipulate and forego any opportunity to question Plaintiffs at trial.  (Dkt. 137, PageID.6360-61).  As of the date of this motion, Plaintiffs have yet to provide any statement about their small vehicle assignments.

### C.    Plaintiffs' Expert Report and Testimony

On August 1, 2023, Plaintiffs submitted the expert report of Martin K. Williams of Forensic Accounting Advisors (Exh. 8).  Along with the report proper,

Mr. Williams submitted an Excel spreadsheet containing the details of his calculations. (*See* Exh. 8, pp. 5-8 ¶¶ 16, 18, 20 and 22; Exh. 9, Excerpts from "Absopure Damage Analysis" spreadsheet).

"Exhibit B" to the report lists the documents that Mr. Williams Relied on. (Exh. 8, p. 3, ¶ 10, Exh. B). Among the documents Mr. Williams reviewed were Plaintiffs' Third Supplemental Initial Disclosures, bi-weekly pay statements, "Timesheets", and "Commission Sheets". (*Id.* Exh. B). As to the Supplemental Disclosures, Mr. Williams, relied specifically on the "Exhibit A" to those disclosures. (*Id.*, p. 3 ¶ 11(i)). The "Timesheets" refer to the clock-in time data for the Plaintiffs from Defendant's Kronos System. (*See* Exh. 1, p. 6, Statement Nos. 5-7).

Notably, Mr. Williams did not review any "check-out" or "check-in" data, Defendants' Statements of Relevant Facts, Plaintiffs' Responses to the Statements of Relevant Facts, nor any deposition testimony. (Exh. 8, p. 3, ¶ 10, Exh. B). Although he had them, Mr. Williams did not use the "Timesheets" with clock-in times in any calculation of hours worked. (*Id.* p. 3, ¶ 11(i)).

Instead, Mr. Williams took the start and end times from Exhibit A, and then added up a total of purported hours worked for each day, with one total of hours for each Plaintiff for weekdays and another total hours for Saturdays for every single

work day during the relevant periods.  (*See* Exh. 9, Page 2[1], "Average Hours Worked" sheet "Stare_End_Date" (grey columns G and J)).

The report contains four summary tables that purport to show total damages based on different assumptions: Table 1 assumes a 3-year statue of limitations without liquidated damages; Table 2 assumes a 3-year statue of limitations with liquidated damages; Table 3 assumes a 2-year statue of limitations without liquidated damages; Table 4 assumes a 2-year statue of limitations with liquidated damages.  (Exh. 8, pp. 5-8, ¶¶ 15, 17, 19, and 21; Exh. 9, Pages 1a and 1b, from the "Summary" sheet).

Each table contains five columns, each with different assumptions for "Estimated Hours per Workday" for each plaintiff.  (*Id.*)  The first column "Per Plaintiff", uses the allegations of start and times from the "Exhibit A" to Plaintiffs' Supplemental Initial Disclosures.  (Exh. 8, p. 3, ¶ 10, Exh. B; Exh. 9, Page 2," (grey columns G and J)).  Each of the remaining columns assumes that all of the Plaintiffs had the exact same number of hours worked each day for all of the days in the respective time periods – 9, 10, 11, and 12 hours, respectively).  The totals for each column are calculated using the number of days worked in each workweek, multiplied by the assumed hours per day (per Plaintiff, 9, 10, 11 and 12 hours), and

---

[1] "PAGE" numbers are not from the original spreadsheet but have been added in the lower left in Exhibit 9 for ease of reference.

then applying overtime premiums to all week purportedly over 40 hours. (*See, e.g.,* Exh. 9, Page 3, showing calculations for Plaintiff Justin Guy).

## II.   OPT-IN PLAINTIFFS SHOULD BE BARRED FROM SUBMITTING EVIDENCE ON THE ISSUE OF THE NUMBER OF TIMES THEY DROVE SMALL VEHICLES

### A.   Federal Rule of Civil Procedure 37 Calls for Barring Evidence at Trial When a Party Fails to Respond to Interrogatories and Discovery Orders

The Federal Rules of Civil Procedure provide that when a party fails to supplement interrogatory response or fails to obey a discovery order, the Court may impose the sanction of barring that party to present evidence on that topic at trial. Rule 37(c) states:

> (c) Failure to Disclose, to Supplement an Earlier Response, or to Admit.
>
>> (1) Failure to Disclose or Supplement. If a party fails to provide information or identify a witness as required by Rule 26(a) or (e), the party is not allowed to use that information or witness to supply evidence on a motion, at a hearing, or at a trial, unless the failure was substantially justified or is harmless. In addition to or instead of this sanction, the court, on motion and after giving an opportunity to be heard:
>>
>>> (A) may order payment of the reasonable expenses, including attorney's fees, caused by the failure;
>>>
>>> (B) may inform the jury of the party's failure; and
>>>
>>> (C) may impose other appropriate sanctions, including any of the orders listed in Rule 37(b)(2)(A)(i)—(vi).

Fed. R. Civ. Pro. 37(c)

Rule 26 (e) refers to the obligation to supplement interrogatory responses.  Fed. R. Civ. Pro. Rule 26(e).

Federal Rule of Civil Procedure 37(b)(2)(A)(ii) provides for the same type of sanctions for failing to obey a Court's discovery orders:

> (2) Sanctions Sought in the District Where the Action Is Pending.
>
>> (A) For Not Obeying a Discovery Order. If a party or a party's officer, director, or managing agent—or a witness designated under Rule 30(b)(6) or 31(a)(4)—fails to obey an order to provide or permit discovery, including an order under Rule 26(f), 35, or 37(a), the court where the action is pending may issue further just orders. They may include the following:
>>
>>> . . .
>>>
>>> (ii) prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence;

Fed. R. Civ. Pro. Rule 37(b)(2)(A)(ii)

"In the Sixth Circuit, courts consider four factors when deciding whether to impose Rule 37 sanctions." *Ford Motor Co. v. InterMotive, Inc*., No. 4:17-cv-11584, 2021 WL 978820, at *7 (E.D. Mich. Mar. 16, 2021) (citing *Reg'l Refuse Sys., Inc. v. Inland Reclamation Co.*, 842 F.2d 150, 155 (6th Cir. 1988)).

> First, whether "the party's failure to cooperate in discovery is due to willfulness, bad faith, or fault."  Second, "whether the adversary was prejudiced by the party's failure to cooperate in discovery."  Third, "whether the party was warned that failure to cooperate could lead to the sanction."  Finally, and not relevant here because dismissal is not at issue, "whether less drastic sanctions were first imposed or considered" before issuing a sanction by dismissing the case.

*Id.*

In *Ford Motor Co.*, the court found that the Ford Motor had willfully failed to cooperate in discovery and that this had prejudiced the defendant and thus sanctions of deciding the issue of damages was appropriate. *Ford Motor Co.*, 2021 WL 978820, at *9-*11.

### B.    Plaintiffs' Failures Have Been Willful and Defendant is Prejudiced

There can be no dispute that Plaintiffs failure to provide any substantive response to Defendant's interrogatories on the small vehicle exception were willful. The small vehicle exception was a key dispute in summary judgment motions. (Dkts. 56, 63, 70, 78, 83, 87, 109, and 111).  Plaintiffs' counsel specifically stated that they were "conferring with the Opt-in Plaintiffs concerning this statement" in their June 9, 2023 Responses.  (Exh. 2 at p. 18, response to Interrogatory No. 19).  It is now three months later and no further response has been forthcoming.

Given this late stage of the case Defendant is significantly prejudiced.  Pretrial Motions are due today.  (Dkt. 102).  The Joint Pre-Trial Statement is due in less than a month.   (Dkt. 89).   Defendant has no reasonable chance to respond to any allegations Plaintiffs may make (at some yet-to-be-determined time).

In light of this willfulness and prejudice, it is appropriate for this Court to impose the sanction of preventing Plaintiffs from presenting any testimony or

evidence on the small vehicle exception at trial  *See Ford Motor Co.*, 2021 WL 978820, at *9-*11.

## III.   EXHIBIT A TO PLAINTIFFS' THIRD SUPPLEMENTAL INITIAL DISCLOSURES SHOULD BE EXCLUDED AS INADMISSABLE HEARSAY

Federal Rule of Civil of Procedure 33(b) requires that interrogatory responses be made under oath and signed by the party making them.  Fed. R. Civ. Pro. 33(b)(3) and (5).  Statements made in declarations must likewise be signed.  28 U.S. Code § 1746.  Plaintiffs' Third Supplement Initial Disclosures, Exhibit A, however, does not contain the signature of any Plaintiff, only Plaintiffs' counsel.  (Exh. 7).  Plaintiffs' counsel statements in Exhibit A, as statements about Plaintiffs' allegations of their start and end times, are clearly hearsay.  Fed. R. Evid. 801(a)-(c).  They do not fall into any of the exceptions.  *See* Fed. R. Evid. 803, 804 and 807.  Exhibit A is therefore inadmissible.  Fed. R. Evid. 802.  Plaintiffs, therefore, should be barred from presenting Exhibit A at trial, or any exhibit or testimony based on it, without further direct testimony from the Plaintiffs.

## IV.   PLAINTIFFS' EXPERT TESTIMONY SHOULD EXCLUDED

"Rule 703 of the Federal Rules of Evidence allows an expert to rely on facts not admitted into evidence if those facts are 'of a type reasonably relied upon by experts in the particular field in forming opinions or inferences upon the subject.'"

*Mike's Train House, Inc. v. Lionel, L.LC.*, 472 F.3d 398, 409(6th Cir. 2006) (citing Fed.R.Evid. 703).  "Although an expert may testify as to his or her opinion formed from facts not admitted into evidence, '[f]acts or data that are otherwise inadmissible shall not be disclosed to the jury by the proponent of the opinion or inference unless the court determines that their probative value in assisting the jury to evaluate the expert's opinion substantially outweighs their prejudicial effect.'"  *Id.* In *Mike's Train House*, the Sixth Circuit then went on to reverse a jury verdict where an expert's reliance on hearsay recitation of another expert's opinion and "the jury would not have learned of [the other expert's] conclusions" without such reliance. *Id.* at 410.

As noted above, Plaintiffs have yet to provide any direct testimony regarding their start and end times.  (*See* Section I.B, *supra*).  Further, Plaintiffs have stated that they do not intend to provide any such direct testimony for most of the Opt-In Plaintiffs.  (Dkt. 137).  It thus appears that Plaintiffs improperly plan to use the expert's testimony as the means of getting the unfounded allegations of Exhibit A to the jury.  *See Mike's Train House* 472 F.3d at 410.  Defendant would thus have no opportunity to cross examine most of Plaintiffs on these allegations.  Plaintiffs' experts' recitation of the unfounded hearsay statements of Exhibit A would then constitute double hearsay.  Plaintiffs' expert would thus lend the aura of authority to completely unfounded allegations and would have a great prejudicial effect.  *Id.*  For

13

this reason, the expert's testimony regarding damages based on Exhibit A should be excluded.

The rest of the expert's damages, assuming fixed daily times of either, 9, 10, 11, or 12 hours worked, is not based on any alleged evidence whatsoever, admissible or not.  ((Exh. 8, pp. 5-8, ¶¶ 15, 17, 19, and 21; Exh. 9).  The expert's calculations are based on pure speculation and should therefore not be admitted.  *See United States v. L.E. Cooke Co.,* 991 F.2d 336, 342 (6th Cir.1993) ("Where an expert's testimony amounts to 'mere guess or speculation,' the court should exclude his testimony.")

## **<u>CONCLUSION</u>**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to issue orders excluding Plaintiffs from presenting at trial 1) any testimony or evidence related to the Small Vehicle Exception to the Motor Carrier Act, 2) Exhibit A to their Third Supplemental Initial Disclosures, and 3) the purported expert testimony of Martin Williams.

Dated: September 8, 2023

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

**Attorneys for Defendant Absopure Water Company, LLC**

## CERTIFICATE OF CONCURRENCE

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion. Plaintiffs' counsel declined to concur in the motion to compel and has not responded regarding the motion to extend the schedule.

## LOCAL RULE CERTIFICATION

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: September 8, 2023

> /s/ *Michael O. Cummings*
> Michael O. Cummings
> Cummings, McClorey, Davis & Acho, P.C.
> Attorneys for Defendants
> 1185 Avenue of The Americas, Third Floor
> (212) 547-8810
> mcummings@cmda-law.com
> N.Y. Bar No. 2701506

## <u>CERTIFICATE OF SERVICE</u>

I hereby certify that on September 8, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: September 8, 2023

<div style="margin-left: 40%;">

/s/ <u>*Michael O. Cummings*</u>
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

</div>