UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                          Case No. 2:20-cv-12734-MAG-EAS
                                          HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

_____

## DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGEMENT MOTION

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves, pursuant Section II.C1. of the Court's April 20, 2021 Case Management and Scheduling Order (Dkt. 23), for leave to file a second summary judgment motion based of the statute of limitations for FLSA collective actions as set forth in 29 U.S.C. §§ 255(a) and 256(b).

In accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter did not concur with the relief requested.

In further support of its motion, Defendant relies on the attached brief and the accompanying attached exhibits.

WHEREFORE, Defendant Absopure Water Company, LLC respectfully requests that this Court grant its motion for leave to file a econd motion for summary judgment.

Dated: September 15, 2023

                              Respectfully submitted,

| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
|---|---|
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.	Case No. 20-cv-12734-MAG-EAS
    HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGEMENT MOTION**

## TABLE OF CONTENTS

Table of Contents ..................................................................................................i

Concise Statement of Issues Presented ................................................................ ii

Controlling or Most Appropriate Authority for the Relief Sought......................... iii

INTRODUCTION .................................................................................................1

I.   PROCEDURAL AND FACUAL BACKGROUND ........................................2

II.  ARGUMENT ...................................................................................................4

CONCLUSION .....................................................................................................5

## **CONCISE STATEMENT OF ISSUE PRESENTED**

I.     SHOULD DEFENDANT BE GRANTED LEAVE TO FILE A SECOND SUMMARY JUDGMENT MOTION BASED ON THE STATUTE OF LIMITATIONS?

        Plaintiffs would say, "No".

        Defendant would say, "Yes".
        .

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT

### CASES

*Inge v. Rock Financial Corp.*, 281 F.3d 613 (6th Cir. 2002)..................................4, 5

### FEDERAL RULES OF CIVIL PROCEDURE

Fed. R. Civ. Pro.16(b)(4) ........................................................................................4

## **INTRODUCTION**

Defendant hereby files this motion for leave to file a second summary judge motion ("Motion for Leave") to file a partial summary judgment based on the statute of limitations, as set forth in 29 U.S.C. §§ 255(a) and 256(b) ("SOL Motion", filed concurrently with this Motion for Leave). Defendant files this Motion for Leave pursuant to Section II.C.1. of this Court's April 20, 2021 Case Management and Scheduling Order ("April 2021 Order" (Dkt. 23)), which requires leave of the Court for a party to "file more than one motion for summary judgment". (Dkt. 23, PageID.341).

It is appropriate for Defendant to file the SOL Motion at this time. The April 2021 Order set a January 15, 2022 deadline for the parties to file "Motions for Summary Judgment on the MCA exemption". (*Id.* at PageID.337). The Order, however, did not set any date for other summary judgment or dispositive motions. (*Id.*). The Court's general Case Management and Scheduling Order, referenced in the Practice Guidelines, places the deadline for "Dispositive Motions" after the deadline for "Expert Discovery" and before the deadline for "Joint Final Pretrial Order". This is the current posture of this case. Close of expert discovery was September 1, 2023 and the Joint Final Pretrial Order is due October 2, 2023. (Dkts. 89, PageID.4602 and 102, PageID.4654). Accordingly, there is no need to change the case schedule.

Further, there can be no prejudice to Plaintiffs. The statute of limitations has been at issue from the very beginning of the case and Plaintiffs have been provided a full opportunity for discovery on this issue. Granting leave for Defendant to file the SOL Motion is therefore warranted.

**I.     PROCEDURAL AND FACTUAL BACKGROUND**

Plaintiff Guy filed his complaint on October 8, 2020 as an FLSA "collective action". (Dkt. 1). Defendant filed its answer on March 11, 2021, which included the statute of limitations as an affirmative defense. (Dkt. 12, PageID.251). Defendant again included the statute of limitations as an affirmative defense in its April 14, 2021 Amended Affirmative Defenses. (Dkt. 21, PageID.331).

The Court issued its first Case Management and Scheduling Order on April 20, 2021 (Dkt. 23). The April 2021 Order set a January 15, 2022 deadline for the parties to file "Motions for Summary Judgment on the MCA exemption". (*Id.* at PageID.337). The Order did not set any date for other summary judgment or dispositive motions. (*Id.*). Instead, the Order put the date for "All other motions" as "TBD" after a ruling on certification and further required leave of the Court for a party to "file more than one motion for summary judgment". (Dkt. 23, PageID. 337 and 341).

Guy moved to conditionally certify the case as an FLSA collective action on March 29, 2022. (Dkt. 58). The Court granted conditional certification on February

2

21, 2023. (Dkt. 77). On February 28, 2023, Defendant sent to Plaintiffs' counsel a list of all potential collective action plaintiffs that included their start and termination dates. (Exhibit ("Exh.") 1). Thereafter, Plaintiff sent out notices to potential collective plaintiffs pursuant to the Court's order. (Dkt. 82). Twenty-Six Opt-In Plaintiffs filed consent forms with the Court in March and April 2023. (Dkts. 86-1, 90-1, 91-1, 92-1, 95-1, 96-1, 97-1, 98-1, 99-1, and 100-1).

The Court set additional case deadlines post-certification, including pretrial motions due September 8 and the Joint Final Pretrial Order due October 2. (Dkts. 89, PageID.4602 and 102, PageID.4654).

On May 26, 2023, Defendant provided Plaintiffs with a verified list of the start and termination dates of all the Opt-In Plaintiffs as part of its Statement of Relevant Facts. (Exh. 2, pp. 3-5, 17). Plaintiffs have not disputed these dates in their responses. (Exh. 3, p. 2). Plaintiffs were given the opportunity to depose Defendant's 30(b)(6) corporate witness regarding all matters in Defendant's Statement of Relevant Facts. (Exh. 4).

Defendant filed a motion for partial summary judgment based on the statute of limitations on September 8, 2023 (Dkt. 142), which the Court struck for failure to comply with Section II.C.1 of the April 2021 Order and for failure to include a statement of material facts. (Dkt. 144). Accordingly, Defendant now files this

3

Motion for Leave and a corrected second motion for summary judgment ("SOL Motion").

**II.  ARGUMENT**

Defendant respectfully submits that granting leave to file its SOL Motion is appropriate. The current stage of the case, after close of expert discovery and before the filing of the Joint Final Pretrial Order, is in line with the Court's general Case Management Schedule referenced in the Practice Guidelines for "dispositive motions." (*See* Exh. 5). Further, there is no prejudice to Plaintiffs, who have had a full opportunity for discovery on this matter. (*See* Exh. 2, pp. 3-5; (Exh. 3, p. 2; Exh. 4). The SOL Motion, should it be granted in whole or part, would simplify and shorten trial of the case.

Federal Rule of Civil Procedure 16(b)(4) addresses requests to modify a scheduling order.  Fed. R. Civ. Pro 16(b)(4).  Defendant believes that no modification is implicated since no specific date for "dispositive" (other than those specifically on the MCA exemption) has been scheduled. However, should the September 8 date for "pretrial motions" (Dkt. 102) be considered to be controlling, Defendant submits that it has been diligent in filing this Motion for Leave and the concurrent SOL Motion. *See Inge v. Rock Financial Corp.*, 281 F.3d 613, 625 (6th Cir. 2002) (the moving party must show "diligence" in attempting to meet the case schedule). Although procedurally defective, Defendant's September 8, 2023 motion

4

for partial summary judgment contained the factual and legal assertions Defendant is relying on. (*See* Dkt. 142). Further, Defendant is filing this Motion for Leave and the corrected SOL Motion only four days after the Court order striking its original motion. (*See* Dkt. 144). Again, having been apprised of Defendant's arguments, Plaintiffs would not be prejudiced in any way. *See Inge, supra,* 281 F.3d at 626. ("prejudice is demonstrated when a party has insufficient time to conduct discovery on a new issue raised in an untimely manner.")

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to grant leave for it to file its corrected second motion for partial summary judgment based on the statute of limitations filed concurrently with this motion.

Dated: September 15, 2023

Respectfully submitted,

<u>s/ Ronald G. Acho</u>
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

*Attorneys for Defendant Absopure Water Company, LLC*

5

## **CERTIFICATE OF CONCURRENCE**

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion, and that Plaintiffs' counsel declined to concur.

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: September 15, 2023

> /s/ *Michael O. Cummings*
> Michael O. Cummings
> Cummings, McClorey, Davis & Acho, P.C.
> Attorneys for Defendants
> 1185 Avenue of The Americas, Third Floor
> New York, NY 10036
> (212) 547-8810
> mcummings@cmda-law.com
> N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 15, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: September 15, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506