# EXHIBIT 3

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.
_____/

Case No.: 20-CV-12734

Hon. Mark A. Goldsmith

### PLAINTIFF'S RESPONSE TO DEFENDANT'S STATEMENT OF RELEVANT FACTS

Plaintiff, Justin Guy, on behalf of himself and those similarly-situated Opt-in Plaintiffs, hereby Responds to Defendant's "Statement of Relevant Facts".

### Defendant's Interrogatory Nos. 1 and 3.

1. Identify the job titles or positions You held as part of Your employment with Absopure during the Relevant Time Period, including the dates You held such job titles or positions.

3. Identify the date(s) You received a commercial driver's license ("CDL"), if any, and the dates that any such CDLs expired, if any have.

**Defendant's Statement No. 1**: The Plaintiffs in this case have been employed by Defendant in only one or both of two positions: Sales and Service Specialist ("Sales Specialist") and "Sales and Service Specialist Trainee" ("Sales Specialist Trainee," and, together with Sale Specialists, "Specialists").

**Plaintiff's Response to Defendant's Statement No. 1:** Defendant employs

a singular Truck Driver position in Michigan, though its document production refers to its drivers interchangeably as either "Route and Sales Delivery Drivers" or "Sales and Service Specialists," and interchangeably refers to the Drivers "in training" as "Sales and Service Specialist Trainees," or "Entry Level Route Delivery" Drivers. For example, Defendant claims that Plaintiff's official job title was "Sales and Service Specialist Trainee," but acknowledges that its internal documentation refers to him as a "driver" and "delivery driver", and that the job postings indicate they are for a "Delivery Driver" position. 30(b)(6) Dep. 114:14-115:3. Defendant testified that the advertisements identify its Driver position as "Delivery Driver" because they "want (applicants) to understand that [ ] the sales position involves route delivery." *Id.* at 122:25-123:5. Substantively, these job postings are for the same position that Defendant now refers to as "Sales Service Specialists Trainees and Sales Service Specialists." *See* Defendant's Second Supp. Answer to Request for Production ("RFP") No. 8.[1] Plaintiffs understood their job title to be that of a "Delivery Driver", which is consistent with their "Driver's Application for Employment." Plaintiff's Dep. 55:20-25. Ultimately, job titles are irrelevant, and the relevant consideration is

---

[1] *See also* 30(b)(6) Dep. 117:16-22; 117:23:118:2 ("Q. Okay. So, you take out ads asking for 'route delivery driver' but for purposes of this litigation, you're referring to the employees hired under this ad as 'sales and service associates', correct? A. "sales and service specialists, yes."); 118:6-119:7 ("Entry-level route delivery" job postings are also referred to as "Sales service specialists."); 119:4-7 ("Affirming that "all of the individuals in these job postings are" also referred to as "sales and service specialists.").

1

whether the putative class members are/were subject to similar policy and practice that led to the FLSA violation. *See, e.g., Bernardez v. Firstsource Sols. USA, LLC*, 2019 WL 4345986, at *6 (W.D. Ky. Sept. 12, 2019).

**Defendant's Statement No. 2:** All Specialists begin their employment with Defendant as Sales Specialist Trainees. Once a Sales Specialist Trainee has a) obtained their commercial driver's license ("CDL"), and b) has been assigned a regular route, he or she then becomes a Sales Specialist. Not all Sales Specialist Trainees stay employed by Defendant long enough to become Sales Specialists.

**Response to Defendant's Statement No. 2:** *See* Response to Defendant's Statement No. 1. Plaintiff, Justin Guy, for example, worked for Defendant for more than one year, yet Defendant's documentation still referred to him as a "trainee" even though he was employed "long enough."

**Defendant's Statement No. 3:** Below is a list of the positions held by Plaintiffs beginning October 8, 2017 and the dates those positions where held and information regarding each Plaintiff's CDL. Further, attached as Exhibit A is a list of the bates number ranges with Plaintiffs' driving records that provide CDL information. *See* Chart and Defendant's Ex. A at Defendant's Statement of Relevant Facts.

**Response to Defendant's Statement No 3**: With respect to position title, *see* Response to Defendant's Statement No. 1. With respect to dates of employment and dates of obtaining a CDL License, the Opt-in Plaintiffs interviewed thus far do not dispute the dates of employment or CDL license status provided.

**Defendant's Interrogatory Nos. 2, 7 and 8**

2. Identify and describe the job duties and activities for each position You held as part of Your employment with Absopure during the Relevant Time Period.