# EXHIBIT 4

PATRICK BYRNE
June 14, 2023

```
                UNITED STATES DISTRICT COURT

                EASTERN DISTRICT OF MICHIGAN

                      SOUTHERN DIVISION


JUSTIN GUY, individually on behalf

of himself and others similarly situated,

            Plaintiff,

     vs.                              Case No. 20-cv-12734

                                      Hon. Mark A. Goldsmith

ABSOPURE WATER COMPANY, LLC, a

Domestic Limited Liability Company,

            Defendant.
_____



     The Remote Deposition of PATRICK BYRNE,

     Commencing at 10:04 a.m.,

     Wednesday, June 14, 2023,

     Before Helen F. Benhart, CSR-2614,

     Appearing remotely from Wayne County, Michigan.
```

PATRICK BYRNE
June 14, 2023

```
 1   REMOTE APPEARANCES:
 2
 3   MICHAEL N. HANNA
 4   Morgan & Morgan, P.A.
 5   2000 Town Center
 6   Suite 1900
 7   Southfield, Michigan  48075
 8   (313) 251-1399
 9   mhanna@forthepeople.com
10        Appearing on behalf of the Plaintiff.
11
12   MICHAEL O. CUMMINGS
13   Cummings, McClorey, Davis & Acho, P.L.C.
14   1185 Avenue of the Americas
15   3rd Floor
16   New York, New York 10036
17   (212) 547-8810
18   mcummings@cmda-law.com
19        Appearing on behalf of the Defendant.
20
21   ALSO PRESENT:
22   JONI HYSKA
23
24
25
```

| | TABLE OF CONTENTS | |
|---|---|---|
| WITNESS | | PAGE |
| PATRICK BYRNE | | |
| EXAMINATION BY MR. HANNA: | | 4 |
| EXAMINATION BY MR. CUMMINGS: | | 123 |

| EXHIBITS | | |
|---|---|---|
| EXHIBIT | | PAGE |
| (Exhibits not offered.) | | |

1  Remote Proceedings

2  Wednesday, June 14, 2023

3  10:04 a.m.

4

5                    THE REPORTER:  The attorneys participating

6      in this deposition acknowledge that I am not

7      physically present in the deposition room.  They

8      further acknowledge that in lieu of an oath

9      administered in person, the witness will verbally

10     declare his testimony in this matter is under penalty

11     of perjury.  The parties and their counsel consent to

12     this arrangement and waive any objections to this

13     manner of reporting.  Please indicate your agreement

14     by stating your name and your agreement on the record.

15                    MR. HANNA:  This is Michael Hanna and I

16     agree.

17                    MR. CUMMINGS:  Michael Cummings, I agree.

18                    **THE WITNESS:  Patrick Byrne and I agree.**

19                          **PATRICK BYRNE,**

20     **Was thereupon called as a witness herein, and after**

21     **having been first duly sworn to testify to the truth,**

22     **the whole truth and nothing but the truth, was**

23     **examined and testified as follows:**

24                              EXAMINATION

25  BY MR. HANNA:

PATRICK BYRNE
June 14, 2023

| | | |
|---|---|---|
| 1 | Q. | Good morning, Mr. Byrne. |
| 2 | A. | Good morning. |
| 3 | Q. | You understand you were just placed under oath, right? |
| 4 | A. | Yes. |
| 5 | Q. | You were deposed before in this matter, correct? |
| 6 | A. | Yes. |
| 7 | Q. | You previously served as the company's corporate |
| 8 | | representative, correct? |
| 9 | A. | Yes. |
| 10 | Q. | You provided several other statements under oath as |
| 11 | | well in this matter under penalty of perjury, correct? |
| 12 | A. | Yes. |
| 13 | Q. | Who prepared those statements for you? |
| 14 | A. | I prepared -- I mean, I -- well, which statement |
| 15 | | exactly? |
| 16 | Q. | All of them. Who prepared them? |
| 17 | A. | I don't know if I -- |
| 18 | | MR. CUMMINGS: Objection, vague. Go ahead. |
| 19 | | THE WITNESS: I don't know if I could tell |
| 20 | | you all of them. If you -- I don't know that every |
| 21 | | one had the same genesis. I don't know if you're |
| 22 | | just -- I don't know. I don't know what you mean by |
| 23 | | the question. |
| 24 | BY MR. HANNA: | |
| 25 | Q. | Why don't you tell me about everyone who prepared a |

| | |
|---|---|
| 1 | statement that you signed under penalty of perjury in |
| 2 | connection with this lawsuit. |
| 3 |         MR. CUMMINGS:  Objection, compound, and it |
| 4 | looks like it's outside the scope.  We were -- the |
| 5 | scope on the subpoena mentioned documents recently |
| 6 | produced, so I think it would greatly helpful if you |
| 7 | were to point to particular ones because it's a broad |
| 8 | question. |
| 9 |         MR. HANNA:  Mr. Cummings, are you familiar |
| 10 | with the order that was placed for conduct in |
| 11 | depositions that we've placed against your firm? |
| 12 |         MR. CUMMINGS:  Yes, and I'm telling you -- |
| 13 |         MR. HANNA:  So don't make -- |
| 14 |         MR. CUMMINGS:  -- your question is -- |
| 15 |         MR. HANNA:  -- speaking objections, and as |
| 16 | you should know as a practicing lawyer, for 30(b)(6) |
| 17 | depositions we can ask questions that the deponent had |
| 18 | in his personal knowledge. |
| 19 |         MR. CUMMINGS:  Right. |
| 20 |         MR. HANNA:  Let me finish, please.  Don't |
| 21 | interrupt me when I'm making a record.  Don't talk |
| 22 | over me.  The court reporter can only take one person |
| 23 | down.  We can ask him questions that he's required to |
| 24 | prepare for and things in his personal capacity, which |
| 25 | is what I'm doing right now.  This should not be very |

```
 1        controversial so --
 2                 MR. CUMMINGS:  The form of your question
 3        is.
 4                 MR. HANNA:  I understand.  You've placed
 5        your objection to form.  We got it on the record.
 6        Thank you.
 7   BY MR. HANNA:
 8   Q.   Patrick, who prepared any of the declarations that you
 9        testified and signed under oath in this lawsuit under
10        penalty of perjury?
11   A.   I mean, I work with counsel and I reviewed and, you
12        know, verified that everything was truthful and
13        accurate.
14   Q.   Which counsel?  Which counsel -- strike that.  Which
15        counsel did you specifically work with in connection
16        with any of the statements that you signed under
17        penalty of perjury in this lawsuit?
18   A.   Mr. Hyska and then the attorneys from CDMA.
19   Q.   So Mr. Hyska is the individual that provided you with
20        the declarations for you to sign under penalty of
21        perjury in this lawsuit?
22                 MR. CUMMINGS:  Objection, assumes --
23        presumes basis.
24   BY MR. HANNA:
25   Q.   That's not a real objection, but go ahead, Patrick.
```

| | | |
|---|---|---|
| 1 | A. | Typically the documents were sent to me for review by |
| 2 | | someone from CDMA, and without -- I mean, I don't |
| 3 | | recall the attorney's name on every document that I've |
| 4 | | looked at. |
| 5 | Q. | And you've signed off on each and every one of those, |
| 6 | | correct? |
| 7 | A. | Yes. |
| 8 | Q. | Okay. And did you ever make any changes to the |
| 9 | | content that they contained? |
| 10 | A. | Yeah. There were certainly revisions based upon my |
| 11 | | review, yes. |
| 12 | Q. | Okay. And do you swear to the accuracy of and |
| 13 | | truthfulness of everything you signed in this matter |
| 14 | | under oath under penalty of perjury? |
| 15 | A. | Yes. |
| 16 | Q. | Okay. All right. You are designated as the corporate |
| 17 | | representative for -- as the individual with the most |
| 18 | | knowledge regarding the documents produced in this |
| 19 | | lawsuit, correct? |
| 20 | A. | Yes. |
| 21 | Q. | Okay. I want to go over some of that. Before we get |
| 22 | | into that, it's my understanding from your counsel |
| 23 | | that your company was hacked by Kronos during the |
| 24 | | Kronos hack, I guess it would be in late 2021 to 2022, |
| 25 | | is that correct? |