UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

      Plaintiff,

v.                                                           Case No. 2:20-cv-12734-MAG-EAS
                                                             HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

      Defendant.

_____

**DEFENDANT'S SECOND MOTION FOR SUMMARY
JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves, pursuant to Federal Rule of Civil Procedure 56(a), for an order dismissing certain Opt-In Plaintiffs from the case and limiting the claims of other Opt-In Plaintiffs based on the statute of limitations set forth in 29 U.S.C. Sections 255(a) and 256 (b).  In accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter did not concur with the relief requested.

In further support of their motion, Defendants rely on the attached brief and the accompanying attached exhibits.

Dated: September 15, 2023

Respectfully submitted,

_s/ Ronald G. Acho_
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

/s/ _Michael O. Cummings_
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

_Attorneys for Defendant Absopure Water Company, LLC_

2

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.

                            Case No. 20-cv-12734-MAG-EAS
                            HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS SECOND MOTION FOR
SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

# **TABLE OF CONTENTS**

Table of Contents ..................................................................................i

Concise Statement of Issues Presented ..................................................... ii

Controlling or Most Appropriate Authority for the Relief Sought........................ iii

STATEMENT OF MATERIAL FACTS ...................................................1

ARGUMENT ..................................................................................10

INTRODUCTION ............................................................................10

I.    PROCEDURAL AND FACUAL BACKGROUND ......................................11

    A.    Certification and Filing of Consents to Join .............................11

    B.    Several Opt-In Plaintiffs Are Asserting Claims Prior to the
        Limitation Periods..................................................................12

II.   OPT-IN PLAINTIFFS' CLAIMS SHOULD BE LIMITED TO TWO OR
    THREE YEARS PRIOR TO THE FILING OF THEIR CONSENT FORMS ..14

    A.    The Statute of Limitations in FLSA Actions ...........................14

    B.    Equitable Tolling Should Not Apply .......................................14

CONCLUSION ................................................................................18

## <u>CONCISE STATEMENT OF ISSUES PRESENTED</u>

I.    SHOULD OPT-IN PLAINTIFFS BE LIMITED TO CLAIMS OCCURING
      WITHIN THE STATUTE OF LIMITATIONS PERIODS SET FORTH IN
      29 U.S.C. §§ 255(A) AND 256(6) BASED ON THE DATE EACH OPT-IN
      PLAINTIFF FILED A CONSENT TO JOIN THE CASE?

Plaintiffs would say, "No".

Defendant would say, "Yes".
.

## CONTROLLING OR MOST APPROPRIATE
## AUTHORITY FOR THE RELIEF SOUGHT

### CASES

*Archer v. Sullivan Cty.*, 129 F.3d 1263, 1997 WL 720406
(6th Cir. 1997) .......................................................................... 11, 14-16, 18

### FEDERAL STATUTES

29 U.S.C. § 255(a) ...................................................................11, 11, 14, 18

29 U.S.C. § 256(b) ...................................................................10, 14, 18

## STATEMENT OF MATERIAL FACTS

1.    Plaintiff Justin Guy was an employee of Defendant Absopure Water Company, LLC ("Absopure") from September 24, 2018 to February 4, 2020. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

2.    Plaintiff Guy filed his Complaint on October 8, 2020 as an FLSA "collective action".  (Dkt. 1: Collective Action Complaint, PageID.1-20).

3.    Defendant filed its answer on March 11, 2021.  (Dkt.12: Answer to Complaint, PageID.229-254).

4.    Plaintiff Guy moved to conditionally certify the case as an FLSA collective action on March 29, 2022. (Dkt. 58: Motion to Conditionally Certify, PageID.2246-2276).

5.    The Court granted conditional certification on February 21, 2023.  (Dkt. 77: Order & Opinion, PageID.4534-4543).

6.    Thereafter, Plaintiff sent out notices to potential collective employees pursuant to the Court's order.  (Dkt. 82: Order Approving Notice, PageID.4567).

7.    The 26 Opt-In Plaintiffs in this case filed notices of their consent in March and April of 2023. (*See* Dkts. 86-1, 90-1. 91-1, 92-1, 94-1, 95-1, 96-1, 97-1, 98-1, 99-1, 100-1 and 101-1 and Statement of Facts ("SOF") Nos. 9, 12, 15, 18, 21, 24, 27, 30, 33, 36, 39, 42, 45, 48, 51, 54, *infra*).

**Several Opt-In Plaintiffs Stopped Working For Absopure**
**Prior to the Two and Three Year Statute of Limitations Period.**

8.    Opt-In Plaintiff Aaron Armstead was an employee of Absopure from May 14, 2018 to September 21, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 3).

9.    Opt-In Plaintiff Aaron Armstead filed his Consent to Join the Action on March 29, 2023. (Dkt. 95-1, Consent to Join Action, PageID.4630).

10.    Over four and a half years (58.5 months) elapsed from the date Opt-In-Plaintiff Aaron Armstead began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 3; Dkt. 95-1, PageID.4630.)

11.    Opt-In Plaintiff Dwane Armstead was an employee of Absopure from June 11, 2018 to October 4, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 3).

12.    Opt-In Plaintiff Dwane Armstead filed his Consent to Join the Action on March 30, 2023. (Dkt. 96-1, Consent to Join Action, PageID.4635).

13.    Over four and a half years (57 months) elapsed from the date Opt-In-Plaintiff Dwane Armstead began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 3; Dkt. 95-1, PageID.4635.)

14.    Opt-In Plaintiff Erick Banks was an employee of Absopure from April 23, 2018 to August 31, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 3).

15.     Opt-In Plaintiff Erick Banks filed his Consent to Join the Action on March 22, 2023. (Dkt. 92-1, Consent to Join Action, PageID.4618).

16.     Nearly five years (59 months) elapsed from the date Opt-In Plaintiff Banks began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 3; Dkt. 92-1, PageID.4618.)

17.     Opt-In Plaintiff Ryan Clendennin was an employee of Absopure from July 25, 2017 to July 6, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

18.     Opt-In Plaintiff Ryan Clendennin filed his Consent to Join the Action on April 10, 2023. (Dkt. 99-1, Consent to Join Action, PageID.4645).

19.     Over five and a half years (68 months) elapsed from the date Opt-In-Plaintiff Clendennin began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 86-1, PageID.4645.)

20.     Opt-In Plaintiff Shawn Jacek was an employee of Absopure from October 15, 2018 to November 27, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

21.     Opt-In Plaintiff Shawn Jacek filed his Consent to Join the Action on March 28, 2023. (Dkt. 94-1, Consent to Join Action, PageID.4625).

22.     Almost four and a half years (53 months) elapsed from the date Opt-In-Plaintiff Jacek began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 86-1, PageID.4625.)

23.     Opt-In Plaintiff Matthew Jackson was an employee of Absopure from November 19, 2018 to February 8, 2019. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

24.     Opt-In Plaintiff Matthew Jackson filed his Consent to Join the Action on March 28, 2023. (Dkt. 94-1, Consent to Join Action, PageID.4626).

25.     Almost four and a half years (52 months) elapsed from the date Opt-In-Plaintiff Jackson began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 86-1, PageID.4626.)

26.     Opt-In Plaintiff Ricardo Lamar was an employee of Absopure from April 8, 2019 to October 2, 2019. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

27.     Opt-In Plaintiff Ricardo Lammer filed his Consent to Join the Action on April 5, 2023. (Dkt. 95-1, Consent to Join Action, PageID.4642).

28.     Nearly four years (48 months) elapsed from the date Opt-In-Plaintiff Lammer began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 95-1, PageID.4642.)

29.     Opt-In Plaintiff Charles Perry was an employee of Absopure from July 11, 2016 to October 5, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

30.     Opt-In Plaintiff Charles Perry filed his Consent to Join the Action on April 10, 2023. (Dkt. 99-1, Consent to Join Action, PageID.4646).

31.     Over six and a half years (80 months) elapsed from the date Opt-In-Plaintiff Perry began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 99-1, PageID.4646.)

32.     Opt-In Plaintiff Keith Brown, Jr. was an employee of Absopure from December 4, 2006 to July 1, 2020. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 3).

33.     Opt-In Plaintiff Keith Brown, Jr. filed his Consent to Join the Action on April 3, 2023. (Dkt. 97-1, Consent to Join Action, PageID.4638).

34.     Over sixteen- and one-half years elapsed from the date Opt-In-Plaintiff Brown began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 3; Dkt. 97-1, PageID.4638.)

**Several Opt-In Plaintiffs Are Claiming Damages**
**That Occurred Prior to the Statute of Limitations Period**

35.     Opt-In Plaintiff John Aniol was an employee of Absopure from January 10, 2000 to March 29, 2022. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 3).

36.    Opt-In Plaintiff John Aniol filed his Consent to Join the Action on March 22, 2023. (Dkt. 92-1, Consent to Join Action, PageID.4617).

37.    Over 23 years elapsed from the date Opt-In Plaintiff Aniol began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 3; Dkt. 92-1, PageID.4617.)

38.    Opt-In Plaintiff Danielle Childs is a current employee of Absopure, and he began his employment on December 5, 2019. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

39.    Opt-In Plaintiff Danielle Childs filed his Consent to Join the Action on April 5, 2023. (Dkt. 98-1, Consent to Join Action, PageID.4641).

40.    Over three years (40 months) elapsed from the date Opt-In-Plaintiff Childs began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 98-1, PageID.4641.)

41.    Opt-In Plaintiff Caleb Fish is a current employee of Absopure, and he began his employment on April 30, 2018. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

42.    Opt-In Plaintiff Caleb Fish filed his Consent to Join the Action on March 9, 2023. (Dkt. 86-1, Consent to Join Action, PageID.4588).

43.    Over four and a half years (58 months) elapsed from the date Opt-In-Plaintiff Fish began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 86-1, PageID.4588.)

44.    Opt-In Plaintiff Kevin Phipps was an employee of Absopure from September 11, 2017 to August 16, 2021. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

45.    Opt-In Plaintiff Kevin Phipps filed his Consent to Join the Action on April 20, 2023. (Dkt. 101-1, Consent to Join Action, PageID.4650).

46.    Over six and a half years (67 months) elapsed from the date Opt-In-Plaintiff Phipps began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 86-1, PageID.4588.)

47.    Opt-In Plaintiff Jordan Tampa was an employee of Absopure from August 26, 2019 to January 4. 2022. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 5).

48.    Opt-In Plaintiff Jordan Tampa filed his Consent to Join the Action on March 9, 2023. (Dkt. 86-1, Consent to Join Action, PageID.4591).

49.    Over three and a half years (42 months) elapsed from the date Opt-In-Plaintiff Tampa began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 5; Dkt. 86-1, PageID.4591.)

7

50.     Opt-In Plaintiff Kyle Winconek was an employee of Absopure from January 25, 2021 to March 27, 2022. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 5).

51.     Opt-In Plaintiff Kyle Winconek filed his Consent to Join the Action on March 9, 2023. (Dkt. 86-1, Consent to Join Action, PageID.4592).

52.     Over two years (26 months) elapsed from the date Opt-In-Plaintiff Winconek began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 5; Dkt. 86-1, PageID.4592.)

53.     Opt-In Plaintiff David Sujkowski was an employee of Absopure from February 1, 2021 to March 21, 2022. (Exhibit 1: Defendant's Statement of Relevant Facts, p. 4).

54.     Opt-In Plaintiff David Sujkowski filed his Consent to Join the Action on March 20, 2023. (Dkt. 91-1, Consent to Join Action, PageID.4614).

55.     Over two years (25 months) elapsed from the date Opt-In Plaintiff Sujkowski began working for Absopure until the time he filed his consent form. (See Exhibit 1, p. 4; Dkt. 91-1, PageID.4614.)

**Opt-In Plaintiffs Were Put on Effective Notice of Potential FLSA Violations at the Beginning of Their Employment**

56.     Each Opt-In Plaintiff was informed about the Defendant's methods of determining pay – commissions or commissions with guaranteed minimums – from the very beginning of employment and that this payment would not include

8

"overtime" payments when they worked more than 40 hours in a week.  (Dkt. No. 119-3, PageID.4909-4911); Exh. 2 Deposition of Justin Guy Tr. pp. 30-31; Exh. 3, Deposition of Keith Brown Tr., pp. 29, 33; Exh. 4, Deposition of Terry Pemberton Tr., pp. 29, 33; Exh. 5, Deposition of David Sujkowski Tr., pp. 24-25).

57.    Receiving "time and a half" for overtime is a common practice that is commonly known by 92-97% of all workers.  (Exh. 6, U.S. Dept. of Labor, DOLQ129633231, *Worker Classification Knowledge Survey Volume I—Technical Report*, 11/16/2016, pp. 25-27 (showing 92-97% of workers know whether or not they    are    entitled    to    overtime)    Found    at https://www.dol.gov/sites/dolgov/files/OASP/legacy/files/Worker_Classification_ Knowledge_Survey_Vol_I_Technical_Report.pdf. (visited Sep. 14, 2023); *See also* https://www.dol.gov/sites/dolgov/files/OASP/legacy/files/Worker_Classification_ Knowledge_Survey_Vol_2_Methods.pdf. (visited Sep. 14, 2023)).

58.    The vast majority, 79%-87%, of workers who are not entitled to overtime know the reason why.  (*Id.*)

**ARGUMENT**

**INTRODUCTION**

The statute of limitations for FLSA cases is two years from commencement

of the action or three years if an employer is found to be in willful violation.  29

U.S.C.A. § 255(a).  For plaintiffs who opt into a collective action, the action is

considered to commence on the date the opt-in plaintiff files a consent to join the

action. 29 U.S.C.A. § 256(b).  The 26 Opt-In Plaintiffs in this case filed notices of

their consent in March and April of 2023.  They can thus only claim violations

beginning in March/April of 2021 if the two-year limitation period applies or

March/April of 2020 should they prove willful violations.  Since several of them

were no longer working for Defendant during these periods, they should be

dismissed from this action altogether.  The other Opt-In Plaintiffs should have any

claims limited to those after commencement of the period of limitation.

The Opt-In Plaintiffs cannot claim equitable tolling because they were under

constructive notice of the potential for FLSA violations from the very first moment

of their employment yet did nothing for many years to pursue any claim.  As the

Sixth Circuit has made clear, "statutes of limitations protect important social

interests in certainty, accuracy, and repose and should not be trivialized by

'promiscuous application of tolling doctrines.'"  *Archer v. Sullivan Cty.*, 129 F.3d

1263, 1997 WL 720406, *4 (6th Cir. 1997).  The statute of limitations as set forth in

29. U.S.C. §§ 255 (a) and 256(b) thus applies to limit the Opt-In Plaintiffs' claims prior to two or three years before filing their consent forms.

## I.      PROCEDURAL AND FACTUAL BACKGROUND
### A.      Certification and Filing of Consents to Join

Plaintiff Guy filed his complaint on October 8, 2020 as an FLSA "collective action". (Dkt. 1). Defendant filed its answer on March 11, 2021. (Dkt.12). Plaintiff Guy moved to conditionally certify the case as an FLSA collective action on March 29, 2022. (Dkt. 58). The Court granted conditional certification on February 21, 2023. (Dkt. 77). Thereafter, Plaintiff sent out notices to potential collective employees pursuant to the Court's order. (Dkt. 82). Twenty-Six Opt-In Plaintiffs filed the following consent forms with the Court on the following dates:

| Last Name | First Name | Date Consent Filed | Docket No. |
|---|---|---|---|
| Aniol | John | March 22, 2023 | 92-1 |
| Armstead | Aaron | March 29, 2023 | 95-1 |
| Armstead | Dwane | March 30, 2023 | 96-1 |
| Banks | Erick | March 22, 2023 | 92-1 |
| Belonga | Lucas | March 24, 2023 | 93-1 |
| Brown | Keith | April 3, 2023 | 97-1 |
| Childs | Dannielle | April 5, 2023 | 98-1 |
| Clendennin | Ryan | April 10, 2023 | 99-1 |
| Fish | Caleb | March 9. 2023 | 86-1 |
| Householder | Boaz | March 9. 2023 | 86-1 |
| Jacek | Shawn | March 28, 2023 | 94-1 |
| Jackson | Matthew | March 28, 2023 | 94-1 |

| Johnson | Gary | March 14, 2023 | 90-1 |
| Lammer | Ricardo | April 5, 2023 | 98-1 |
| Newkirk | Antony | March 29, 2023 | 95-1 |
| Okimoto | Paul | April 14, 2023 | 100-1 |
| Pemberton | Terry | March 28, 2023 | 94-1 |
| Perry | Charles | April 10, 2023 | 99-1 |
| Phipps | Kevin | April 20, 2023 | 101-1 |
| Redmer | Nathan | March 9. 2023 | 86-1 |
| Rhodes | Ryan | March 14, 2023 | 90-1 |
| Skonieczny | Jesse | March 22, 2023 | 92-1 |
| Sujkowski | David | March 20, 2023 | 91-1 |
| Tampa | Jordan | March 9. 2023 | 86-1 |
| Winconek | Kyle | March 9. 2023 | 86-1 |
| Woldt | George | March 29, 2023 | 95-1 |

**B.** **Several Opt-In Plaintiffs Are Asserting Claims Prior to the Limitation Periods**

**1.** **Opt-In Plaintiffs Who Were Terminated Prior to the Limitations Periods**

The following is a list of Opt-In Plaintiffs who left Defendant's employ more than two or three years prior to filing their consent forms:

| Name | Termination Date | Three-Year SOL Date |
| --- | --- | --- |
| Aaron Armstead | September 21, 2018 | March 29, 2020 |
| Dwane Armstead | October 4, 2018 | March 30, 2020 |
| Eric Banks | August 31, 2018 | March 22, 2020 |
| Ryan Clendennin | July 6, 2018 | April 10, 2020 |
| Shawn Jacek | November 27, 2018 | March 28, 2020 |
| Matthew Jackson | February 8, 2019 | March 28, 2020 |
| Ricardo Lammer | October 3, 2019 | April 5, 2020 |

12

| Charles Perry | October 5, 2018 | April 10, 2020 |
| **Name** | **Termination Date** | **Two-Year SOL Date** |
| Keith Brown | July 1, 2020 | April 3, 2021 |

(Exhibit 1, Defendant's Statements of Relevant Facts, pp. 3-4; Dkts, 92-1, 94-1, 95-1, 96-1, 97-1, 98-1, and 99-1).

**2.     Opt-In Plaintiffs Who Began Working Prior to the Limitations Periods and Continued Into Those Periods**

The following employees, who continued their employment after the limitation periods, began their employment prior to the two- and three-year limitation periods and are asserting claims from those prior periods:

| Name | Start Date | Three-Year SOL Date |
| --- | --- | --- |
| John Aniol | January 10, 2000 | March 22, 2020 |
| Keith Brown | December 4, 2006 | March 30, 2020 |
| Caleb Fish | April 30, 2018 | March 9. 2020 |
| Kevin Phipps | September 11, 2017 | April 20, 2020 |
| Jordan Tampa | August 26, 2019 | March 9. 2020 |
|  |  | **Two-Year SOL Date** |
| David Sujkowski | February 1, 2021 | March 20, 2021 |
| Kyle Winconek | January 25, 2021 | March 9. 2021 |

(Exh. 1, pp. 3-5; ; Dkts, 86-1, 91-1, 92-1, 95-1, and 101-1).

13

## II.    OPT-IN PLAINTIFFS' CLAIMS SHOULD BE LIMITED TO TWO OR THREE YEARS PRIOR TO THE FILING OF THEIR CONSENT FORMS

Federal Rule of Civil Procedure 56(a), provides that "[t]he court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."

### A.    The Statute of Limitations in FLSA Actions

"An action to recover unpaid overtime compensation must be 'commenced within two years after the cause of action accrued, except that a cause of action arising out of a willful violation may be commenced within three years after the cause of action accrued.'" *Archer v. Sullivan Cty.*, 129 F.3d 1263, 1997 WL 720406, *2 (6th Cir. 1997) (citing 29 U.S.C. § 255(a)). "An action is 'commenced,' under the FLSA, on the date the complaint is filed, subject to certain exceptions. 29 U.S.C. § 256." *Id.* "In the case of a collective action such as this one, if the individual claimants do not immediately file written consents to become parties plaintiff the action is considered to be commenced when the written consents are filed." *Id.* (citing 29 U.S.C. § 256(b)).

### B.    Equitable Tolling Should Not Apply

"The doctrine [of equitable tolling] permits a plaintiff to avoid the bar of the statute of limitations if 'despite all due diligence he is unable to obtain vital information bearing on the existence of his claim.' *Archer v. Sullivan Cty.*, *supra*,

14

1997 WL 720406, *3 (quoting *Cada v. Baxter Healthcare Corp.*, 920 F.2d 446, 451 (7th Cir.1990), *cert. denied*, 501 U.S. 1261 (1991)).  The party seeking equitable tolling bears the burden of proving he is entitled to it.  *See Allen v. Yukins*, 366 F.3d 396, 401 (6th Cir. 2004).

"The factors to be considered in this connection include the following: (1) whether the plaintiffs lacked actual notice of their rights and obligations; (2) whether they lacked constructive notice; (3) the diligence with which they pursued their rights; (4) whether the defendant would be prejudiced if the statute were tolled; and (5) the reasonableness of the plaintiffs' remaining ignorant of their rights. *Archer, supra*, at *3 (citing *EEOC v. Kentucky State Police Dep't,* 80 F.3d 1086, 1094 (6th Cir.), *cert. denied*, 117 S. Ct 385 (1996)).  These factors are not comprehensive, nor must all factors be met in each case.  *Allen, supra*, 366 F.3d at 401.  Typically, "equitable tolling applies only when a litigant's failure to meet a legally-mandated deadline unavoidably arose from circumstances beyond that litigant's control." *Graham–Humphreys v. Memphis Brooks Museum of Art, Inc.*, 209 F.3d 552, 561-62 (6th Cir.2000) (citing *Baldwin County Welcome Center v. Brown*, 466 U.S. 147, 151, 104 S.Ct. 1723, 80 L.Ed.2d 196 (1984)).

When plaintiffs "have lacked actual notice of [a] violation of the Act and of the filing deadline, it is 'well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling.'"  *Archer, supra*, at *4 (citing *Rose v. Dole*, 945 F.2d

1331, 1335 (6th Cir.1991)).  "The statute itself gave the plaintiffs constructive notice

of the fact that the county was violating their rights under the FLSA and of the

deadline for filing suit."  *Id.*

> "the entire purpose of statutes of limitations is to provide finitude to
> liability for wrongs." We are also mindful of Judge Posner's
> admonition in *Cada* that statutes of limitations "protect important social
> interests in certainty, accuracy, and repose" and should not be
> trivialized by "promiscuous application of tolling doctrines." 920 F.2d
> at 453.

*Id.* at *5 (citations omitted)

These factors clearly disfavor any equitable tolling of the statute of

limitations.

As the *Archer* court noted "the statue itself" gives plaintiffs notice about any

potential violation.  *Id.* at *4.  Further, it is undisputed that each Opt-In Plaintiff was

informed about the Defendant's methods of determining pay – commissions or

commissions with guaranteed minimums – from the very beginning of employment

and that this payment would not include "overtime" payments when they worked

more than 40 hours in a week.   (Dkt. No. 119-3, PageID.4909-4911); Exh. 2

Deposition of Justin Guy Tr. pp. 30-31; Exh. 3, Deposition of Keith Brown Tr., pp.

29, 33; Exh. 4, Deposition of Terry Pemberton Tr., pp. 29, 33; Exh. 5, Deposition of

David Sujkowski Tr., pp. 24-25).   Receiving "time and a half" for overtime is a

common practice that is known by nearly all workers.  (Exh. 6, U.S. Dept. of Labor,

DOLQ129633231, *Worker Classification Knowledge Survey Volume I—Technical*

*Report*, 11/16/2016, pp. 25-27 (showing 92-97% of workers know whether or not they are entitled to overtime))[1]. Further, the vast majority of workers who are not entitled to overtime know the reason why. *Id.* Thus, Plaintiffs would have been immediately put on effective notice of any potential violation of the FLSA. *See Sandoz v. Cingular Wireless, L.L.C,* 700 Fed.Appx. 317, 321 (5th Cir. 2017) ("The timesheets and paycheck memos that were available to all Cingular employees provided the information necessary to trigger a duty to inquire as to whether the Opt-In Plaintiffs' hourly wages fell below the minimum wage required by the FLSA.").

In spite of this knowledge, the Opt-In Plaintiffs did nothing to pursue any potential claim for years, in many cases for five or six and even twenty-three years. Below is a chart showing the length of time form beginning employment at Defendant to filing of the consent form for each Opt-In Plaintiff subject to this Motion:

| Name | Time From Employment to Filing Consent |
|---|---|
| Aaron Armstead | 58.5 months, ~ 4 ½ years |
| Dwane Armstead | 57 months, ~ 4 ½ years |
| Eric Banks | 59 months, ~ 5 years |
| Ryan Clendennin | 68 months, ~ 5 ½ years |
| Shawn Jacek | 53 months, ~ 4 ½ years |

---

[1] Found at
https://www.dol.gov/sites/dolgov/files/OASP/legacy/files/Worker_Classification_Knowledge_Survey_Vol_I_Technical_Report.pdf. *See also*
https://www.dol.gov/sites/dolgov/files/OASP/legacy/files/Worker_Classification_Knowledge_Survey_Vol_2_Methods.pdf

| Matthew Jackson | 52 months, ~ 4 ½ years |
| Ricardo Lammer | 48 months, ~ 4 years |
| Charles Perry | 80 months, ~ 6 ½ years |
| Keith Brown | 184 months, ~ 16 ½ years |
| John Aniol | 278 months, ~ 23 years |
| Daniel Childs | 40 months ~ 3 ½ years |
| Caleb Fish | 58 months, ~ 4 ½ years |
| Kevin Phipps | 67 months, ~ 6 ½ years |
| Jordan Tampa | 42 months, 3 ½ years |
| David Sujkowski | 25 months, ~2 years |
| Kyle Winconek | 25 months, ~ 2 years |

(Exh. 1, pp. 3-5: Dkts, 86-1, 91-1; 92-1, 94-1, 95-1, 96-1, 97-1, 98-1, 99-1, and 101-1).

These Opt-In Plaintiffs cannot show diligence. *Archer*, at * 3.

Equitable estoppel is thus not warranted in this case and the statute of limitations should apply to dismiss the Opt-In Plaintiffs' claims for alleged violations occurring prior to two or three years before the filing of their consent forms. *See* 29 U.S.C. §§ 255(a) and § 256(b).

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to apply the statute of limitations pursuant to 29 U.S.C. §§ 255(a) and 256(b) and dismiss Opt-In Plaintiffs' claims for alleged violations occurring prior to two or three years before the filing of their consent forms.

18

Dated: September 15, 2023

Respectfully submitted,

*s/ Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho,
P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho,
P.C.
1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

*Attorneys for Defendant Absopure Water Company, LLC*

## CERTIFICATE OF CONCURRENCE

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel on September 7, 2023, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion, and that Plaintiffs' counsel declined to concur.

## LOCAL RULE CERTIFICATION

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: September 15, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

20

<u>**CERTIFICATE OF SERVICE**</u>

I hereby certify that on September 15, 2032 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: September 15, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506