UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on
behalf of those similarly situated,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC,**
a domestic limited liability company,

        Defendant.

Case No. 20-12734

Hon. Mark A. Goldsmith

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION FOR LEAVE TO FILE SECOND SUMMARY JUDGMENT MOTION
AND REQUEST FOR SANCTIONS**

Plaintiff, Justin Guy, on behalf of himself and the finally certified collective action Opt-in Plaintiffs, by and through his counsel, hereby files his Response to Defendant's Motion for Leave to file a Second Summary Judgment Motion, [ECF No. 146], and Requests Sanctions for $10,000 for having to respond to this frivolous and vexatious Motion.

**INTRODUCTION**

Throughout this case, Defendant and its counsel have ignored the Court's Orders and the Federal Rules of Civil Procedure. By its instant Motion, Defendant has not only disregarded the Court's prior Order (which denied the very relief sought again here) and the Federal Rules of Civil Procedure but have also sought to renege on the

Parties' docketed stipulation regarding equitable tolling.

Defendant's Motion for Leave to file a Second Motion for Summary Judgment based on the statute of limitations is frivolous and futile **because the Parties <u>agreed to equitably toll the statute of limitations</u>**. This agreement is expressly provided in the Parties' March 23, 2021 Joint Discovery Plan, signed by counsel for Plaintiff and Defendant, and filed with the Court, which states in relevant part:

> **The parties request the Court stay and equitably toll all other deadlines in this matter until the completion of the class-certification period**.

ECF No. 14, PageID.260 (emphasis added). The Parties' agreement and request to bifurcate and conduct discovery prior to filing a motion for conditional certification was predicated on the Parties agreeing to equitably toll the statute of limitations for the putative class members, and Plaintiff would have never agreed to proceed in this manner but for the Parties' agreement for equitable tolling.

Procedurally, Defendant's "Motion for Leave to File Second Summary Judgment Motion", [ECF No. 146], is really a Motion for Reconsideration of the Court's Opinion & Order Denying Defendant's Motion to Extend Case Deadlines and Compel Depositions of Plaintiffs. *See* ECF No. 141. **Defendant has already moved for leave to, *inter alia*, reopen the dispositive motion deadline to file a second motion for summary judgment**. *See* ECF No. 128, PageID.6168 ("Accordingly, Defendant is proposing the following amended case schedule … **Dispositive** and all

2

other pre-trial motions …) (emphasis added). While the Court **Denied Defendant's Motion to Extend Case Deadlines** and Compel Depositions, [ECF NO. 141], Defendant disregarded the Court's Order and filed its Second Motion for Summary Judgment anyway. Here, again, Defendant has ignored the Court's Order Denying Defendant's Motion to Extend Case Deadlines, and also ignored the Federal Rules of Civil Procedure requiring a Party to file a Motion for Reconsideration to address a previously denied Motion, **as opposed to renaming and refiling the previously-denied motion in an effort to circumvent the high burden associated with Motions for Reconsideration of non-final orders,** as set forth in E.D. Mich. Local Rule 7.1(h)(2).

Plaintiff would be severely prejudiced if the Court were to entertain permitting Defendant to renege on its prior agreement. First, Plaintiff relied on the Parties stipulation regarding tolling when he agreed to bifurcate discovery. Plaintiff would not have agreed to bifurcated discovery and would have otherwise promptly moved to conditionally certify the collective action and for equitable tolling but for the Parties' agreement for equitable tolling. Second, Plaintiff did not conduct discovery pertaining to equitable tolling to address the statute of limitations because of the Parties' stipulation regarding equitable tolling. Plaintiff would be severely prejudiced if the Court were to allow Defendant to 1) ignore the Court's prior Order which denied the identical relief sought by its instant Motion; 2) ignore the Federal Rules of Civil

3

Procedure and the applicable standard for motions for reconsideration; 3) renege on the Parties' stipulation regarding equitable tolling; and 4) require Plaintiff to respond to a Motion for Summary Judgment without the benefit of discovery, because Plaintiff understood that the issue of equitable tolling was resolved by the Parties stipulation.

Respectfully, given Defendant's tactics throughout the pendency of this case, it is apparent that absent sanctions, Defendant will not curb its vexatious conduct. Defendant's repeated bad-faith motions do nothing but serve as billing opportunities for Defendant's counsel. Given the Parties' conferral and Plaintiff's explicit notice regarding the frivolous nature of Defendant's Motion (*see* **Exhibit A),** there can be no doubt that Defendant is acutely aware of the baseless nature of its Motion.

Wherefore, Plaintiff respectfully requests the Court Deny Defendant's Motion for Leave, Strike Defendant's improperly re-filed Second Motion for Summary Judgment, and issue sanctions for $10,000.

## **RELEVANT BACKGROUND & ARGUMENT**

This Fair Labor Standards Act ("FLSA") collective action has been the subject of extensive litigation since Plaintiff filed his lawsuit almost 3 years ago, largely due to Defendant's repeated vexatious and frivolous motion practice. *See* Docket, generally. After the Court Denied Defendant's meritless Motion to Dismiss, [ECF No. 11], the Parties conferred and entered into a Joint Discovery Plan, which included a request to bifurcate discovery to allow for discovery as to conditional

4

certification issues and the named Plaintiff's claims, and then to dispense with dispositive motion practice before class certification. *See* ECF No. 14. Defendant seemingly jointly requested this bifurcated discovery plan because it was so confident in its Motor Carrier Act ("MCA") Exemption affirmative defense and, therefore, believed the proposed discovery plan would best serve its interest in avoiding class issues if Plaintiff's lawsuit gets dismissed on summary judgment before having to deal with class issues. *See id.*, PageID.259-260.

A critical component of this bifurcated discovery plan was the Parties' agreement to equitably toll this collective action so as to avoid prejudicing the putative class members until the completion of the class certification. Accordingly, the Parties' Joint Discovery Plan expressly indicates:

> **"The parties request the Court stay and equitably toll all other deadlines in this matter until the completion of the class-certification period**."

ECF No. 14, PageID.260 (emphasis added). Plaintiff would have never agreed to bifurcate discovery in this matter if the Parties did not agree to equitable tolling. Instead, Plaintiff's counsel would have immediately moved to conditionally certify the collective action and moved to equitably toll the statute of limitations in the interm, as Plaintiff's counsel has done on other FLSA collective action lawsuits. *See, e.g.*, *Kutzback v. LMS Intellibound, LLC,* 233 F. Supp. 3d 623 (W.D. Tenn.

5

2017) (Granting plaintiff's motion to equitably toll the statute of limitations for potential opt-in plaintiffs for 400 days for a class of over 3,000 opt-in Plaintiffs).[1]

The Court, in turn, entered a Scheduling Order providing for bifurcated discovery where discovery as to conditional certification issues and the individual Plaintiff would complete before dispositive motions and motions for conditional certification, [ECF No. 23], and Plaintiff did not immediately move for conditional certification or equitable tolling in reliance on the Parties' agreement.

Thereafter, Plaintiff incurred significant delays in the prosecution of this collective action based on Defendant's frivolous positions in discovery, a special discovery master was appointed, Plaintiff moved to stay and/or extend discovery, and the Court Granted Plaintiff's Motion in part and entered an Order extending

---

[1] Notably, the Parties' Joint Discovery Plan was entered roughly two years before the recent *Clark v. A&L Homecare & Training Ctr.*, LLC opinion and at a time when motions to conditionally certify collective actions were historically filed at the onset of litigation to avoid tolling for putative class members. 68 F.4th 1003, 1009 (6th Cir. 2023). And the delay necessitated by the "strong likelihood" similarly situated analysis announced in *Clark* discusses equitable tolling for this exact purpose. *See Id.* at 1012 ("I fully join the majority opinion but write separately because **equitable tolling should be made available to plaintiffs in collective actions under the Fair Labor Standards Act (FLSA), 29 U.S.C. § 201** *et seq*… **The heightened standard we announce, with its concomitant discovery and requirement to litigate defenses, may significantly lengthen the period before potential plaintiffs are notified of a pending FLSA lawsuit. As a result, many potential plaintiffs may not learn of the FLSA action until after the limitations period for some or all of their claims has run**.") (emphasis added). Following the same logic, Plaintiff only agreed to incur these delays to establish a clearer picture before conditional certification even before the *Clark* opinion was entered because the Parties agreed to equitable tolling.

6

discovery until March 1, 2022, and extended the dispositive motion deadline until March 29, 2022. *See* ECF Nos. 48, 49, and 54.

Plaintiff, in turn, moved to conditionally certify the collective action on March 29, 2022 for a period beginning "**on October 8, 2017**", or three years from the filing of the Complaint. ECF No. 58, PageID.2246. Recognizing the agreement for equitable tolling, Defendant's response to conditional certification did not argue that the motion should be limited to a proposed class beginning on March 29, 2019 (i.e., 3 years from the date Plaintiff filed his Motion for Conditional Certification). *See* Defendant's Response, ECF No. 60. The Court, in turn, Conditionally Certified the collective action for all putative class members who worked for Defendant beginning on October 8, 2017. *See* ECF No. 77. Thereafter, the Parties jointly agreed to send notice to a putative class that worked for Defendant "from October 8, 2017." *See* ECF No. 79-1. And Defendant produced a class list for putative class members that work/worked for Defendant beginning on October 8, 2017. Thereafter, in its Motion to Decertify the Collective Action, Defendant once again conceded to the Parties' tolling agreement, and in fact argued that Plaintiffs are "differently situated with respect to the statute of limitations" in an effort to exclude Opt-in Plaintiffs that worked "**prior to October 8, 2018.**" ECF No. 124 (emphasis added). In other words, Defendant acknowledged the existence of equitable tolling, but mistakenly argued that the Plaintiffs who are only subject to a willful violation and

7

only worked in the third year **prior to the filing of the complaint** are not similarly situated. And the Court rejected this argument **based on this reasoning**. *See* ECF No. 145, p. 11 ("Absopure also contends that Plaintiffs are differently situated **with respect to the applicable statute of limitation**. Br. Supp. Mot. to Decertify at 9. It asserts that five Plaintiffs were no longer employed by Absopure **as of October 8, 2018**, and therefore, their claims are barred by the FLSA's two-year statutory limitation period. Id. (citing 29 U.S.C. § 255(a)).") (Emphasis added).

After Defendant lost on its meritless Motion for Summary Judgment, [ECF No. 70], Defendant sought to manufacture several new defenses in this matter, which includes attempting to assert new affirmative defenses.[2] Additionally, Defendant sought to Reopen discovery by filing a Motion to Extend Case Deadlines and Compel Depositions of Plaintiffs. *See* ECF No. 128. There, Defendant moved to, *inter alia*, **reopen the dispositive motion deadline to file a second motion for summary judgment**, and premised its meritless request (and others) based on Plaintiff's Third Supplemental Initial Disclosures. *See* ECF No. 128, PageID.6168 ("Accordingly, Defendant is proposing the following amended case schedule … **Dispositive** and all other pre-trial motions …") (emphasis added). Plaintiff's counsel expended time and resources, and filed a detailed Response to Defendant's meritless motion, which includes addressing the fact that the deadline to file motions for

---

[2] *See* additional background provided at ECF No. 129.

summary judgment has long expired. *See, e.g.*, ECF No. 129, PageID.6295 ("[T]he **dispositive** motion deadline **expired on March 29, 2022**. Defendant has already filed its Motion for Summary Judgment, which [h]as been denied.") On September 5, 2023, the Court **Denied Defendant's Motion to Extend Case Deadlines** and Compel Depositions. *See* ECF NO. 141. But because Defendant seemingly does not believe that this Court's Orders have any weight, Defendant went ahead and filed its Second Motion for Summary Judgment. Here, again, Defendant has ignored the Court's Order Denying Defendant's Motion to Extend Case Deadlines, and also ignored the Federal Rules of Civil Procedure requiring a Party to file a Motion for Reconsideration to address a previously denied motion, as opposed to **renaming and refiling the previously-denied motion in an effort to circumvent the high burden associated with Motions for Reconsideration** of non-final orders as set forth in E.D. Mich. Local Rule 7.1(h)(2).

Defendant's "Motion for Leave to File Second Summary Judgment Motion", [ECF No. 146], is really a Motion for Reconsideration of the Court's Opinion & Order Denying Defendant's Motion to Extend Case Deadlines and Compel Depositions of Plaintiffs, which the Court previously denied. *See* ECF No. 141. Defendant has failed to even reference the relevant standard let alone argue that it has met same for reconsideration, because it cannot. Defendant's frivolous Motion is due to be Denied on this basis alone.

In addition, Plaintiffs would severely be prejudiced if the Court were to allow Defendant to renege on its stipulation regarding equitable tolling three years into the litigation. Plaintiff would have never accepted the proposed course of action but for Defendant's agreement regarding equitable tolling. Based on the Parties' agreement, Plaintiff jointly requested, and the Court Granted, bifurcated discovery, Plaintiff waited until March 29, 2022 to move for conditional certification, never moved to equitably toll the statute of limitations, and never conducted discovery based on equitable tolling grounds.

On September 14, 2023, Defendant sought concurrence pertaining to Defendant's Motion for Leave to file its Second Motion for Summary Judgment. In response, Plaintiff's counsel sent a detailed response conferral outlining the aforementioned and indicated that Plaintiff will seek sanctions under Federal Rules of Civil Procedure, Rule 11, for Defendant's bad faith and frivolous litigation tactics, as outlined *supra*. See **Exhibit A**. Defendant did not respond to this correspondence, and instead filed its Motion without addressing the elephant in the room.

Defendant's Motion for Leave attempts to blame the Court's April 20, 2021 Case Management and Scheduling Order for not setting another deadline to file "other" dispositive motion deadlines. *See* ECF No. 146, PageID.6768. Defendant's argument is not well taken given the aforementioned procedural history, and the fact that the Court's April 20, 2021 Case Management and Scheduling Order for

10

bifurcated discovery was **predicated on the Parties' request for same** as set forth in the March 23, 2021 Joint Discovery Plan. In reality, Defendant seeks to blame the Court for its failed strategy, and also seeks to renege on the Parties' prior agreement concerning equitable tolling by challenging the statute of limitations, which is not an issue since the Parties agreed to equitable tolling.

Plaintiffs would be severely prejudiced if the Court were to permit Defendant to renege on the Parties' agreement concerning equitable tolling at this late stage. In reliance on the Parties' agreement for equitable tolling, Plaintiff 1) agreed to bifurcate discovery which set and delayed a deadline to file a motion for conditional certification, 2) did not file a motion for conditional certification until March 29, 2022, 3) did not move for equitable tolling, and 4) did not conduct discovery pertaining to equitable tolling grounds. Defendant claims that Plaintiff would not be prejudice because they "had a full opportunity for discovery on this matter" is absurd; the Parties agreed to equitable tolling and, therefore, no discovery was ever conducted on this topic by anyone, and **all** prior collective action motion practice was predicated on a class period beginning on October 8, 2017. *See supra*.

It is clear that, absent sanctions, Defendant will continue to abuse the judicial process at every turn. Thus, Plaintiff respectfully requests that the Court sanctions Defendant and its attorneys.

Wherefore, Plaintiff respectfully requests the Court Deny Defendant's Motion

for Leave, Strike Defendant's Motion for Summary Judgment, and issue sanctions for $10,000.

Dated: September 19, 2023

Respectfully submitted,

/s/Michael N. Hanna
Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

*Attorneys for Plaintiff*

## PROOF OF SERVICE

The undersigned certifies that on September 19, 2023, the foregoing document was served electronically upon all attorneys of record.

/s/ Michael N. Hanna, Esq.
Michael N. Hanna, Esq.