UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                    Case No. 20-cv-12734-MAG-EAS
                                     HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S REPLY IN SUPPORT OF
ITS COMBINED MOTIONS IN LIMINE**

Plaintiffs' arguments in their Response amount to the proposition that parties are always free to change their testimony without consequence of any kind, long after discovery is closed and no matter how much that late testimony changes or contradicts their earlier discovery responses. The Federal Rules of Civil Procedure, it would seem, are mere suggestions.

The facts here are very simple. Per the Court's order, Plaintiffs provided Responses on June 9, 2023 to Defendant's Statements of Relevant Facts. (Dkt. 143-3). Defendant had provided these Statements pursuant to the Court's order after Plaintiffs had objected to Defendant's discovery requests, including interrogatories. Those interrogatories and Defendant's Statements directly addressed the issues of

hours worked and small vehicle usage. (*Id.*). Plaintiffs' Responses disagreed with Defendant's statements on hours worked to a certain extent and also stated that Plaintiffs did not know about small vehicle usage. (Dkt. 143-3, PageID.6677, 6684, 6686 (Exh. 2, pp. 9, 15, and 18, Response Nos. 18, 35and 39)). On July 27, 2023, after close of discovery, several Plaintiffs then changed their positions on hours work from their Responses via an "Exhibit A" to their Third Supplement Initial Disclosures. (Dkt. 143-8, PageID.6722). These supplemental disclosures were silent about small vehicle usage. (*Id.* 143-8, PageID.6717-22).

Finally, just one week ago, along with its Response to this Motion, Plaintiffs served a set of declarations reasserting their allegations of hours worked for most of the Plaintiffs (Dkt. 152-7, PageID.7219-72-56 (Response, Exh. F)). These declarations made no mention of small vehicle usage. (*Id.*). Instead, Plaintiffs submitted a "Supplemental Responses to Defendant's Statement of Facts" that put in estimates of usage for some of the Plaintiffs (along with a deceptive complaint about allegedly inadequate disclosures). (*See* Dkt. 152-6, PageID.7216-7217).

### A. Plaintiffs Have Provided No Allegations Whatsoever From Some Opt-In Plaintiffs

In their Response, Plaintiffs rely on the fact that they have now provided declarations from many Plaintiffs on hours worked and some allegations about small vehicle usage. (Dkt. 152, PageID.7179, 7194 (referring to their Exhs. F and E,

2

respectively). These, however, do not include all of the Plaintiffs. Plaintiffs have not provided declarations from Ryan Clendennin, Matthew Jackson, Anthony Newkirk, Jesse Skonieczny, and Jordan Tampa. ((Dkt. 152-7, PageID.7219-72-56). There is thus no foundation for the allegations in their "Exhibit A" nor for any of the statements of their expert with respect to these missing Plaintiffs. Defendant's Motions in Limine should be granted with respect to those Plaintiffs for this reason alone.

Similarly, Plaintiffs have not provided small vehicle usage allegations from Plaintiffs Aaron Armstead, Duane Armstead, Matthew Jackson, Anthony Newkirk, Terry Pemberton, and Kyle Winconek. (Dkt. 152-6, PageID.7217-18). Defendant's Motion in Limine on the small vehicle exception should likewise be granted with respect to these Plaintiffs.

### B. Plaintiffs' Claims of Inadequate Disclosure On Vehicle Usage are Unfounded

Plaintiffs spend considerable time on allegations that Defendant had made adequate disclosures concerning vehicle usage. Their entire argument is founded on a deceptive characterization of Defendant' 30(b)(6), aided by selective cropping of the transcript, and Plaintiffs' own forgetfulness about the information Defendant supplied to Plaintiffs early in the case.

Contrary to Plaintiffs' allegation, Defendant did, in fact, produce to Plaintiffs a document listing all of the routes, the vehicle numbers, and vehicle weights for all Plaintiffs going back to October of 2017. (Dkt. 143-2, PageID.6657 (bearing bates numbers ABS 003581-003738)). After receiving this list, Plaintiff requested the VIN numbers of those vehicles so that they could verify the listed weights. As as was confirmed in the deposition, Defendant then produced a list of all the VIN numbers corresponding to all of the vehicles along with the weights and route numbers. (Dkt. 152-4, PageID.7205, Byrne Tr. 53:15-24). Yes, as Mr. Byrne then testified, some of the older trucks has not been included in that particular VIN list since they had been taken out of service. (*Id.* at PageID.7206, Tr. 54:2-9). Mr Byrne also testified that he believed (correctly it turns out) that VIN numbers for older trucks had already been produced. (*Id.* Tr. 54:11-15).

Contrary to Plaintiffs' memory failure, Defendant had previously produced the VIN numbers for all of the vehicles in its fleet. (*See e.g.* Exh. 10, Defendant's Second Supplemental Responses to Interrogatories, pp. 10-12). Thus Defendant had not only provided *all* weights for *all* vehicles driven by *all* Plaintiffs going back to 2017, Defendant had also provided *all* the VIN numbers for *all* those vehicles so that those weights could be verified. Plaintiffs' story of not getting all of the information is therefore a complete fabrication and cannot in any way justify their failure to provide their allegations on small vehicle usage.

### C. Plaintiffs Expert Report is Without Foundation

Plaintiffs do not dispute that Mr. Williams' calculation of damages is still entirely based on 1) their unsigned, unverified "Exhibit A", and 2) complete speculation on some kind of global estimate of what hours worked might be. Plaintiffs now claim that claims made in Exhibit A can be verified by signed declarations. (Dkt. 152, PageID.7185).

As noted above in Section A, several plaintiffs have not provided declarations. Further, those declarations would still be mere hearsay if Plaintiffs do not appear at trial. Fed. R. Evid. 801(a)-(c). Plaintiffs have explicitly stated that most of them will not appear at trial. (Dkt. 137, PageID.6359). The declarations for all other Plaintiffs will thus remain hearsay. Again, while an expert can sometimes rely on hearsay, expert testimony cannot provide a vehicle to insert otherwise inadmissible testimony into a trial. *Mike's Train House, Inc. v. Lionel, L.LC.*, 472 F.3d 398, 409(6th Cir. 2006).

### CONCLUSION

For the foregoing reasons and those set forth in its Combined Motions in Limine, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to issue orders excluding Plaintiffs from presenting at trial 1) any testimony or evidence related to the Small Vehicle Exception to the Motor Carrier

Act, 2) Exhibit A to their Third Supplemental Initial Disclosures, and 3) the purported expert testimony of Martin Williams.

Dated: September 29, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: September 29, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 29, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: September 29, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506