## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

      Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

      Defendant.

_____/

Case No.:  20-CV-12734

Hon. Mark A. Goldsmith

## <u>PROPOSED JOINT STIPULATED JURY INSTRUCTIONS</u>

**PRELIMINARY INSTRUCTIONS (BEFORE EVIDENCE)**

**INSTRUCTION NO. _____**

*Introductory paragraph*

     Ladies and gentlemen: You are now the jury in this case, and I want to take a few minutes to tell you something about your duties as jurors and to give you some instructions. At the end of the trial, I will give you more detailed instructions. Those instructions will control your deliberations.

     One of my duties is to decide all questions of law and procedure. From time to time during the trial and at the end of the trial, I will instruct you on the rules of law that you must follow in making your decision.

     You should not take anything I may say or do during the trial as indicating what I think of the evidence or what your verdict should be.

Source:    Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, p. 355 (citing Ninth Circuit Manual of Model Civil Jury Instructions § 1.1 and Fifth Circuit Pattern Jury Instructions (Civil))

**INSTRUCTION NO. _____**

*Claims and Defenses*

The positions of the parties can be summarized as follows:

Plaintiffs claim that Defendant violated the overtime law, called the Fair Labor Standards Act, or FLSA, by failing to pay overtime premium pay, typically referred to as time and one half, when they worked in excess of 40 hours per week.

Defendant claims that Plaintiffs are not owed any overtime pay because Plaintiffs are all exempt employees, and the Fair Labor Standards Act does not require an employer to pay overtime to exempt employees. Defendant claims that it correctly classified Plaintiffs as exempt employees under the Motor Carrier Exemption.

While Plaintiffs dispute that Defendant can demonstrate the factors necessary for the Motor Carrier Exemption, Plaintiffs contend that they are excepted from the Motor Carrier Exemption because they drove small vehicles in addition to driving larger vehicles.

Your job will be to determine three things.  First, whether Plaintiffs worked in excess of 40 hours per week in one or more workweeks.  Second, if they did whether Plaintiffs were exempt from the overtime pay requirements under the Motor Carrier Exemption.  Third, if Plaintiffs drove small vehicles that weigh 10,000 pounds or less beyond a trivial or insignificant amount of times for their work duties, which includes but may not be limited to 2 or more times per month, such that they are excepted from the Motor Carrier Exemption.

What I have just given you is only a preliminary outline. At the end of the trial I will give you a final instruction on these matters. If there is any difference between what I just told you, and what I tell you in the instructions I give you at the end of the trial, the instructions given at the end of the trial govern.

Source:       Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, pp. 356 (citing Federal Jury Practice and Instructions § 101.03 (5th ed. 2000); First Circuit Pattern Jury Instructions (Criminal Cases) § 1.04) (modified for facts of case); ECF No. 109

**INSTRUCTION NO. _____**

*Order of Trial*

The trial will proceed in the following manner:

First, Plaintiff's attorney may make an opening statement. Next, Defendant's attorney may make an opening statement. An opening statement is not evidence but is simply a summary of what the attorney expects the evidence to be.

After the opening statements, Plaintiff will call witnesses and present evidence. Then, Defendant will have an opportunity to call witnesses and present evidence. After the parties' main cases are completed, Plaintiff may be permitted to present rebuttal evidence.

After the evidence has been presented, the attorneys will make closing arguments and I will instruct you on the law that applies to the case.

After that, you will go to the jury room to deliberate on your verdict.

Source:      Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, pp. 355-56 (citing Eighth Circuit Manual of Model Civil Jury Instructions § 1.06; Fifth Circuit Pattern Jury Instructions (Civil); and Ninth Circuit Manual of Model Civil Jury Instructions § 1.2) (modified to reflect change in order)

**INSTRUCTION NO. _____**

*Evidence*

The evidence consists of the testimony of the witnesses, the exhibits admitted in evidence, and stipulations.

A stipulation is an agreement between both sides that certain facts are true.

The Parties have agreed on the following facts:

1.      Defendant Absopure is an "employer" as defined under the federal wage law – the Fair Labor Standards Act ("FLSA").

2.      Plaintiffs are or were all "employees" as defined under the FLSA.

3.      Defendant is an enterprise covered under the FLSA.

4.      Defendant stipulates that some, but not all, Plaintiffs worked in excess of forty (40) hours in various workweeks for Defendant during the relevant time period.

5.      Defendant did not compensate Plaintiffs with a time-and-a-half premium for their overtime hours worked.

6.      While the Plaintiffs transported various goods, the Parties stipulated to treating products from Mountain Valley as representative of the goods that the drivers delivered that originated outside of Michigan.

7.      Mountain Valley does not possess the requisite fixed and persistent transportation intent.

8.      With respect to the Small Vehicle Exception, the Parties stipulated that, at the very least, the drivers who drove vehicles that weigh less than 10,001 pounds two times per month are subject to the small vehicle exception.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.04; 30(b)(6) Dep. 218:11-14; 222:1-4; 30(b)(6) 71:6-9; ECF No. 70, PageID.4495; ECF No. 70, fn. 7 (referencing PageID.4126-27); ECF No. 111

**INSTRUCTION NO. _____**

*Testimony of Witnesses (Deciding What to Believe)*

You must decide whether the testimony of each of the witnesses is truthful and accurate, in part, in whole, or not at all. You also must decide what weight, if any, you give to the testimony of each witness.

In evaluating the testimony of any witness, including any party to the case, you may consider, among other things:

- the ability and opportunity the witness had to see, hear, or know the things that the witness testified about;

- the witness's memory;

- any interest, bias, or prejudice the witness may have;

- the witness's intelligence;

- the manner of the witness while testifying;

- the witness's age;

- and the reasonableness of the witness's testimony in light of all the evidence in the case.

These rules also apply to corporate representatives. A corporate representative is a person who designated by a company to testify on behalf of the company concerning information known or reasonably to the company.

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.13; Fed.R.Civ.P. 30(b)(6)

6

## INSTRUCTION NO._____

*Corporate Representative*

When a corporation names a person as a corporate representative to testify in a deposition or trial, that person has a duty to make a good faith effort to thoroughly prepare answers regarding the topics listed in the notice. The duty to prepare includes reviewing documents or evidence held by the corporation's lawyer. Those documents belong to the corporation rather than the lawyer.

If you find that the corporate representative did not make a good faith effort to prepare for the corporate representative deposition, you may consider that in deciding whether to believe the claims made by the corporation.

When the corporate representative testifies in court or during a deposition, that person's testimony is binding on the corporation as that person is speaking for the corporation and not rendering her own personal opinions.

Source: *Great American Ins. Co. of New York v. Vegas Const. Co., Inc.,* 251 F.R.D. 534, 540-41 (D. Nev. 2008) (The corporation has an "obligation to make a conscientious, **good faith** effort to produce a **thoroughly educated witness** about the noticed deposition topics and facts known to the corporation or **its counsel."** The corporation is "required to educate" its designee so that she may provide "knowledgeable answers" regarding company files, documents, "witness testimony and exhibits, or any other sources available to the corporation, **including factual information learned through or from its counsel."** (emphasis added)); *Sprint Communications Co., L.P. v. Theglobe.com, Inc.,* 236 F.R.D. 524, 529 (D.Kan. 2006) ("When a corporation produces [a corporaterepresentative] to testify to corporate knowledge, the employee must provide responsive underlying factual information even though such information was transmitted **through or from corporate lawyers."** (emphasis added)).; *Brazos River Auth. v. GE Ionics, Inc.,* 469 F.3d 416, 433 (5th Cir. 2006) ("When a corporation produces an employee pursuant to a [corporaterepresentative deposition] notice, it represents that the **employee has the authority to speak on behalf of the corporation** with respect to the areas within the notice of deposition. This extends not only to facts, but also to subjective beliefs and opinions." (emphasis added)).

**INSTRUCTION NO. _____**

*Impeachment Of Witnesses*

You should also ask yourself whether there was evidence tending to prove that the witness testified falsely concerning some important fact; or, whether there was evidence that at some other time the witness said or did something, or failed to say or do something, which was different from the testimony the witness gave before you during the trial.

You should keep in mind, of course, that a simple mistake by a witness does not necessarily mean that the witness was not telling the truth as he or she remembers it, because people naturally tend to forget some things or remember other things inaccurately.  So, if a witness has made a misstatement, you need to consider whether that misstatement was simply an innocent lapse of memory or an intentional falsehood; and the significance of that may depend on whether it has to do with an important fact or with only an unimportant detail.

Source:  Eleventh Circuit Pattern Jury Instructions, Basic Instructions, Instruction No. 4.1 (2005).

**INSTRUCTION NO. _____**

*Definition of "Direct" and "Circumstantial" Evidence*

You may have heard the phrases "direct evidence" and "circumstantial evidence." Direct evidence is proof that does not require an inference, such as the testimony of someone who claims to have personal knowledge of a fact. Circumstantial evidence is proof of a fact, or a series of facts, that tends to show that some other fact is true.

As an example, <u>direct evidence</u> that it is raining is testimony from a witness who says, "I was outside a minute ago and I saw it raining." <u>Circumstantial evidence</u> that it is raining is the observation of someone entering a room carrying a wet umbrella.

The law makes no distinction between the weight to be given to either direct or circumstantial evidence. You should decide how much weight to give to any evidence. When the time comes to deliberate on your verdict, you should consider all the evidence in the case, including the circumstantial evidence.

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.12

**INSTRUCTION NO. _____**

*Weighing the Evidence*

You should use common sense in weighing the evidence and consider the evidence in light of your own observations in life.

In our lives, we often look at one fact and conclude from it that another fact exists. In law we call this an "inference." A jury is allowed to make reasonable inferences. Any inference you make must be reasonable and must be based on the evidence in the case.

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.11

**INSTRUCTION NO. \_\_\_\_\_**

*Rulings on Objections*

From time to time during the trial I may be called upon to make rulings of law on objections or motions made by the lawyers. You should not infer or conclude from any ruling or other comment I may make that I have any opinions about how you should decide this case. And if I should sustain an objection to a question that goes unanswered by a witness, you should not guess or speculate what the answer might have been, and you should not draw any inferences or conclusions from the question itself.

Source:        Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, p. 359 (citing Eleventh Circuit Pattern Jury Instructions (Civil Cases))

**INSTRUCTION NO. _____**

*Judge's Comments to Lawyer*

I have a duty to caution or warn an attorney who does something that I believe is not in keeping with the rules of evidence or procedure. You are not to draw any inference against the side whom I may caution or warn during the trial.

Source:        Seventh Circuit Civil Pattern Jury Instructions 2.14

**INSTRUCTION NO. _____**

*Bench Conferences*

At times during the trial it may be necessary for me to talk with the lawyers here at the bench out of your hearing, or by calling a recess. We meet because often during a trial something comes up that doesn't involve the jury.

We will, of course, do what we can to keep the number and length of these conferences to a minimum, but you should remember the importance of the matter you are here to determine and should be patient even though the case may seem to go slowly.

Source:      Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, p. 359 (citing Fifth Circuit Pattern Jury Instructions § 2.7 (civil); Eighth Circuit Manual of Model Civil Jury Instructions § 1.03; Eleventh Circuit Pattern Jury Instructions (Civil Cases))

**INSTRUCTION NO. _____**

*Note-Taking – Allowed*

Any notes you take during this trial are only aids to your memory. The notes are not evidence. If you do not take notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony .

When you leave the courthouse during the trial, your notes should be left in the jury room. When you leave at night, your notes will be secured and not read by anyone. At the end of the trial, your notes will be destroyed, and no one will be allowed to read the notes before they are destroyed.

Source:      Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, p. 359 (citing Ninth Circuit Manual of Model Civil Jury Instructions § 1.11; Eighth Circuit Manual of Model Civil Jury Instructions § 1.04)

**INSTRUCTION NO. _____**

*No Transcript Available to Jury*

Pay close attention to the testimony as it is given. At the end of the trial you must make your decision based on what you recall of the evidence. You will not have a written transcript to consult.

Source:        Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, p. 360 (citing Eighth Circuit Manual of Model Civil Jury Instructions § 1.04)

**INSTRUCTION NO. _____**

*Judge's Questions*

During the trial, I may sometimes ask a witness questions. Do not assume that because I ask questions I hold any opinion on the matters I ask about, or on how the case should be decided.

Source:       Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, p. 361 (citing Federal Jury Practice and Instructions § 101.30 (5th ed. 2000)

**INSTRUCTION NO. _____**

*Jury Conduct*

All jurors must follow certain rules of conduct, and you must follow them, too.

First, you must not discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. You must not let others discuss the case with you. If anyone tries to talk to you about the case please let me know about it immediately;

Second, you must not read any news stories or articles or listen to any radio or television reports about the case or about anyone who has anything to do with it;

Third, you must not do any research, such as consulting dictionaries, searching the Internet or using other reference materials, and do not make any investigation about the case on your own.

Fourth, if you need to communicate with me, you must give a signed note to the bailiff to give to me; and

Fifth, you must not make up your mind about what the verdict should be until after you have gone to the jury room to decide that case and you and your fellow jurors have discussed the evidence. Keep an open mind until then.

Source:       Seventh Circuit Civil Pattern Jury Instructions, Sample Preliminary Instructions, pp. 361-62 (citing Ninth Circuit Manual of Model Civil Jury Instructions § 1.9)

**(DURING EVIDENCE)**

**INSTRUCTION NO. _____**

*Cautionary Instruction Before Recess*

We are about to take our first break during the trial, and I want to remind you of the instruction I gave you earlier. Until the trial is over, you are not to discuss this case with anyone, including your fellow jurors, members of your family, people involved in the trial, or anyone else. If anyone approaches you and tries to talk to you about the case, do not tell your fellow jurors but advise me about it immediately. Do not read or listen to any news reports of the trial. This includes not accessing the Internet (including Google) to look up any factual or legal issue associated with this case.  Finally, remember to keep an open mind until all the evidence has been received and you have heard the views of your fellow jurors.

I may not repeat these things to you before every break that we take, but keep them in mind throughout the trial.

Source:        Seventh Circuit Civil Pattern Jury Instruction 2.01

**INSTRUCTION NO. _____**

*Recordings*
[IF NEEDED]

You are about to hear a recording that has been received in evidence. This recording is proper evidence and you may consider it, just as any other evidence.

Source:         Seventh Circuit Civil Pattern Jury Instruction 2.07

**INSTRUCTION NO. _____**

*Deposition as Substantive Evidence*
[AS NEEDED FOR SPECIFIC WITNESSES]

A deposition is the sworn testimony of a witness taken before trial. The witness is placed under oath to tell the truth and lawyers for each party may ask questions. The questions and answers are recorded.

The deposition of [Witness], which was taken on [date], is about to be presented to you. Deposition testimony is entitled to the same consideration and is to be judged, insofar as possible, in the same way as if the witness had been present to testify.

Do not place any significance on the behavior or tone of voice of any person reading the questions or answers.

Source:        Seventh Circuit Civil Pattern Jury Instruction 2.8

**(AFTER EVIDENCE)**

**INSTRUCTION NO. _____**

*Functions of the Court and the Jury*

Members of the jury, you have seen and heard all the evidence and arguments of the attorneys. Now I will instruct you on the law.

You have two duties as a jury. Your first duty is to decide the facts from the evidence in the case. This is your job, and yours alone.

Your second duty is to apply the law that I give you to the facts. You must follow these instructions, even if you disagree with them. Each of the instructions is important, and you must follow all of them.

Perform these duties fairly and impartially. Do not allow sympathy, prejudice, fear, or public opinion to influence you. You should not be influenced by any person's age, race, color, religion, national ancestry, or sex.

Nothing I say now, and nothing I said or did during the trial, is meant to indicate any opinion on my part about what the facts are or about what your verdict should be.

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.01

**INSTRUCTION NO. _____**

*No Inference from Judge's Questions*

During this trial, I have asked a witness a question myself. Do not assume that because I asked questions I hold any opinion on the matters I asked about, or on what the outcome of the case should be.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.02

**INSTRUCTION NO. _____**

*All Litigants Equal Before the Law*

In this case the Defendant is a corporation. All parties are equal before the law. A corporation is entitled to the same fair consideration that you would give any individual person. A corporation is not entitled to more or less consideration than you would give to any individual person.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.03

**INSTRUCTION NO. _____**

*Deposition Testimony*
[IF NECESSARY]

  During the trial, certain testimony was presented to you by the reading of depositions [and video]. You should give this testimony the same consideration you would give it had the witnesses appeared and testified here in court.

Source:  Seventh Circuit Civil Pattern Jury Instruction 1.05

**INSTRUCTION NO. _____**

*What is Not Evidence*

Certain things are not to be considered as evidence. I will list them for you:

First, if I told you to disregard any testimony or exhibits or struck any testimony or exhibits from the record, such testimony or exhibits are not evidence and must not be considered.

Second, anything that you may have seen or heard outside the courtroom is not evidence and must be entirely disregarded.

Third, questions and objections or comments by the lawyers are not evidence. Lawyers have a duty to object when they believe a question is improper. You should not be influenced by any objection, and you should not infer from my rulings that I have any view as to how you should decide the case.

Fourth, the lawyers' opening statements and closing arguments to you are not evidence. Their purpose is to discuss the issues and the evidence. If the evidence as you remember it differs from what the lawyers said, your memory is what counts.

Source:         Seventh Circuit Civil Pattern Jury Instruction 1.06

**INSTRUCTION NO. _____**

*Note-Taking*

Any notes you have taken during this trial are only aids to your memory. The notes are not evidence. If you have not taken notes, you should rely on your independent recollection of the evidence and not be unduly influenced by the notes of other jurors. Notes are not entitled to any greater weight than the recollections or impressions of each juror about the testimony.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.07

**INSTRUCTION NO. _____**

*Consideration of All Evidence Regardless of Who Produced*

      In determining whether any fact has been proved, you should consider all of the evidence bearing on the question regardless of who introduced it.

Source:      Seventh Circuit Civil Pattern Jury Instruction 1.08

**INSTRUCTION NO. _____**

*Prior Inconsistent Statements or Acts*

You may consider statements given by [*Party or their corporate representative*] [*Witness under oath*] before trial as evidence of the truth of what he said in the earlier statements, as well as in deciding what weight to give his testimony.

With respect to other witnesses, the law is different. If you decide that, before the trial, one of these witnesses made a statement [not under oath] [or acted in a manner] that is inconsistent with his testimony here in court, you may consider the earlier statement [or conduct] only in deciding whether his testimony here in court was true and what weight to give to his testimony here in court.

In considering a prior inconsistent statement or conduct, you should consider whether it was simply an innocent error or an intentional falsehood and whether it concerns an important fact or an unimportant detail.

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.14

**INSTRUCTION NO. _____**

*Lawyer Interviewing Witness*

It is proper for a lawyer to meet with any witness in preparation for trial.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.16

**INSTRUCTION NO. _____**

*Number of Witnesses*

You may find the testimony of one witness or a few witnesses more persuasive than the testimony of a larger number. You need not accept the testimony of the larger number of witnesses.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.17

**INSTRUCTION NO. _____**

*Absence of Evidence*

The law does not require any party to call as a witness every person who might have knowledge of the facts related to this trial. Similarly, the law does not require any party to present as exhibits all papers and things mentioned during this trial.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.18

**INSTRUCTION NO. _____**

*Expert Witnesses*
[IF NECESSARY]

You have heard a witness, Martin Williams, give opinions about matters requiring special knowledge or skill. You should judge his testimony in the same way that you judge the testimony of any other witness. The fact that such person has given an opinion does not mean that you are required to accept it. Give the testimony whatever weight you think it deserves, considering the reasons given for the opinion, the witness's qualifications, and all of the other evidence in the case.

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.21

**INSTRUCTION NO. _____**

*Summaries*
[IF NECESSARY]

*Stipulated*

 The parties agree that [*describe summary in evidence*] accurately summarizes the contents of documents, records, or books. You should consider these summaries just like all of the other evidence in the case.

Source:  Seventh Circuit Civil Pattern Jury Instruction 1.23

**INSTRUCTION NO. _____**

*Demonstrative Exhibits*

Certain [*describe demonstrative exhibit, e.g., models, diagrams, devices, sketches*] have been shown to you. Those [*short description*] are used for convenience and to help explain the facts of the case. They are not themselves evidence or proof of any facts.

Source:       Seventh Circuit Civil Pattern Jury Instruction 1.24

**INSTRUCTION NO. _____**

*Judicial Notice*
[IF NECESSARY]

I have decided to accept as proved the fact that [*e.g., the city of Milwaukee is north of the city of Chicago*]. You must now treat this fact as having been proved for the purpose of this case.

Source:        Seventh Circuit Civil Pattern Jury Instruction 2.06

**INSTRUCTION NO. \_\_\_\_\_**

*Fair Labor Standards Act – 29 U.S.C. §§ 201 et seq. – Generally*

In this case, Plaintiffs claim that Defendant did not pay Plaintiffs the overtime pay required by the federal Fair Labor Standards Act, also known as the FLSA. Defendant claims that it was not required to pay overtime to Plaintiffs because Plaintiffs are exempt employees and, therefore, the FLSA does not require Defendant to pay them overtime.  Plaintiffs claim that the exemption does not apply to them, and that an exception to the exemption applies, either way.

Plaintiffs and Defendant agree that, if no exemption applies, Plaintiffs are entitled to overtime pay in the weeks they worked more than 40 hours.  Plaintiffs and Defendant also agree that, if an exemption does apply, Plaintiffs are not entitled to overtime pay.

Source:        Seventh Circuit Civil Pattern Jury Instruction 2.06

**INSTRUCTION NO. _____**

*Hours Worked and Deductions*

Under the law, an employee must be paid for all hours worked by his employer(s).  Hours worked include any time the employee is permitted to work, whether requested or required by the employer or not, and regardless of whether the work is directly related to the business operations of the employer(s) or is the type of work the employee was hired to perform.  Work performed away from the employer's premises, while running errands, or while waiting, is hours worked. Rest or other periods of 20 minutes or less may not be deducted from the hours worked by an employee and must, therefore, be counted as hours of work. Actual meal periods of 20 minutes or more during which the employee performs no duties and is completely relieved from duty are not hours worked.

An employer may not attempt to add together separate periods less than 20 minutes in duration to create a deduction from actual work hours.  As an example, an employee who takes six (6) breaks of ten (10) minutes each is not subject to a one (1) hour deduction.  Likewise, an employer cannot add together three (3) separate 19-minute periods and claim the employee should have 57 minutes deducted from their actual work time.

Source:       29 C.F.R. §§785. 18 and 785.19; *Martin v. Waldbaum, Inc.,* 1993 U.S. Dist. LEXIS 16007 at *5-6 (E.D.N.Y. Oct. 14, 1992); *Usery v. Godwin Hardware, Inc.,* 426 F.Supp. 1243, 1265 (W.D. Mich. 1976); *Brennan v. State of New Jersey*, 364 F.Supp. 156, 158 (D.N.J. 1973); *Mitchell v. Turner,* 286 F.2d 104, (5th Cir. 1960).

**INSTRUCTION NO. _____**

*Burdens of Proof Regarding Hours Worked in A Work Week*

To prove a violation of the FLSA, plaintiff bears the burden of proving that she performed more than 40 hours of work in a work week.  In FLSA cases, if the employer kept inaccurate or inadequate records, then the plaintiff may satisfy a relaxed burden of proof by estimating damages with a just and reasonable inference.

If the FLSA plaintiff provides a reasonable estimate of damages, then the burden "shifts to the employer to come forward with evidence of the precise amount of work performed or with evidence to negative the reasonableness of the inference to be drawn from the [plaintiff]'s evidence."

If the employer cannot negate the estimate, then you may award the reasonably inferred, though perhaps approximate, damages.

Source:  *Timberline II*, No. 20-1529, 2022 WL 705835, at *5 (6th Cir. Mar. 9, 2022) (quoting *O'Brien v. Ed Donnelly Enters., Inc.*, 575 F.3d 567, 602 (6th Cir. 2009)); *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398–99 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 687, 66 S.Ct. 1187, 90 L.Ed. 1515 (1946)); *Walsh v. Timberline S., LLC*, No. 1:16-CV-11552, 2023 WL 2207996, at *3 (E.D. Mich. Feb. 24, 2023); *Acosta v. Off Duty Police Servs.*, 915 F.3d 1050, 1064 (6th Cir. 2019) (quoting *U.S. Dep't of Lab. v. Cole Enters.*, 62 F.3d 775, 779 (6th Cir. 1995)).

**INSTRUCTION NO. _____**

*DOT Certificate Standing Alone is Insufficient*

The mere issuance of a certificate by the Interstate Commerce Commission (which regulated motor carriers prior to the DOT) is insufficient to bring employees within the MCA exemption when those employees drive only intrastate routes.

Source:        *See Baird v. Wagoner Transp. Co.*, 425 F.2d 407, 413 (6th Cir. 1970); *see also Mazzarella v. Fast Rig Support, LLC*, 823 F.3d 786, 792 (3d Cir. 2016) ("The DOT certificate merely authorizes Defendants to engage in interstate transportation. It provides no information about whether Defendants' drivers actually drove across state lines or otherwise engaged in interstate commerce.").

# INSTRUCTION NO. _____

*Interstate Commerce*

The dispositive inquiry here is not whether Absopure's trucks had DOT registration numbers; rather, the dispositive inquiry is whether Absopure's drivers transport goods in interstate commerce, thus rendering Absopure a motor private carrier. This means that Absopure must prove that drivers travel or transport the goods across state lines, or transport the goods in a "'practical continuity of movement' across State lines from the point of origin to the point of departure."

The motor carrier act exemption only applies to the drivers of a Private Motor Carrier, such as Absopure, for the specific workweeks that they drove interstate commerce.

For the workweeks where the drivers did not drive out of state, the MCA exemption can apply if their intrastate transportation is part of a continuous movement in interstate commerce. In order for Absopure to meet its burden of proof regarding the MCA Exemption, Absopure must prove by a preponderance of evidence that Plaintiffs transported goods as part of a practical continuity of movement in interstate commerce.

Source:         29 C.F.R. 782.7(b)(1) (quoting *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 568, 63 S.Ct. 332, 87 L.Ed. 460 (1943)); *Baird v. Wagoner Transp. Co.*, 425 F.2d 407, 413 (6th Cir. 1970); *Goldberg v. Faber Indus., Inc.*, 291 F.2d 232, 234 (7th Cir. 1961); 49 U.S.C. § 13102(15); 29 CFR 782.2(b)(4);  ECF No. 70.

**INSTRUCTION NO. _____**

*Practical Continuity of Movement in Interstate Commerce*

Plaintiffs and Absopure have agreed that products from Mountain Valley Spring Company are representative of all the goods that the drivers delivered that originated outside of Michigan.

In order to prove the requisite practical continuity of movement in interstate commerce, Absopure must demonstrate both that: (1) Absopure was the shipper of the Mountain Valley goods from out of state; and (2) Absopure had a fixed and persistent intent regarding the ultimate destination of the Mountain Valley goods after passing through their warehouse at the time it shipped the goods from out of state.

Source:  ECF No. 70.

**INSTRUCTION NO. _____**

*TCA Exception*

To be exempt from the FLSA's overtime provisions, Absopure must prove by a preponderance of the evidence that Plaintiffs exclusively performed work with vehicles weighing more than 10,000 pounds each workweek. If more than a *de minimis* (e.g., beyond trivial or insignificant) part of an employee's work is done with vehicles weighing 10,000 pounds or less in a particular workweek, the employee is eligible for overtime pay during that workweek for any hours worked in excess of 40.  Vehicles weighing 10,000 pounds or less are referred to as "small vehicles".

Here, the Parties have stipulated that driving a small vehicle two or more times a month is more than a "de minimus" amount and the driver would not subject to the MCA exemption. Additionally, you may find that a plaintiff is subject to the small vehicle exception if they drove vehicles that weigh 10,000 pounds or less beyond a trivial or insignificant amount of times for their work duties, which includes but may not be limited to 2 or more times per month

Source:  Section 306 of the SAFETEA-LU Technical Corrections Act of 2008 ("TCA"); Pub. L. No. 110-224, 112 Stat. 1572 (2008); Order, ECF No. 109.

**JURY INSTRUCTION NO.**

**Waiver**

The law holds that an employee cannot waive, release or compromise the right to overtime wages absent approval by a Court or the Department of Labor.  An employer is legally obligated to pay overtime regardless of whether an employee demands it and even if an employee agrees to forego payment of overtime.  An employer is liable for overtime wages if it knew or should have known that an employee is working overtime; thus, actual knowledge is not the standard.

Source:  *Brooklyn Savings Bank v. O-Neil*, 324 U.S. 697, 706-07 (1945); *Reich v. Department of Conservation & Natural Resources*, 28 F. 3d 1076, 1082 (11th  Cir. 1984); *Mireles v. Frio Foods, Inc.,* 899 F. 2d 1407, 1411 (5th Cir. 1990); *Lynn's Food Stores, Inc. v. U.S. Dept. of Labor*, 679 F. 2d 1350 (11th Cir. 1983); *Tho Dihn Tran v Alphonse Hotel Brennan v. Veterans Cleaning Service, Inc.,* 482 F.2d 1362, 1370 (5th Cir. 1973); *Gaylord v. Miami-Dade County*, 78 F. Supp. 2d 1320, 1325 (S.D. Fla. 1999); *Cunningham v. Gibson Electric Co., Inc.*, 43 F.Supp.2d 965, 975 (N.D. Ill. 1999); *Ballard v. Consolidated Steel Corp.,* 61 F. Supp. 966 (S.D. Cal. 1945).

**INSTRUCTION NO. _____**

*Willfulness*

If you find that Defendant failed to prove that the MCA exemption applies to some or all of the Plaintiffs, you must then determine if the Plaintiffs have proven by a preponderance of the evidence that Defendant acted willfully in its failure to pay Plaintiffs overtime under the FLSA.

An employer acts willfully if it knew, or showed reckless disregard for whether, its conduct was prohibited by the FLSA. An employer acts with reckless disregard when it acts, or fails to act, with a conscious lack of concern for the consequences. Reckless disregard is a conscious lack of concern for the consequences. That means that Defendant knew, or should have known, of facts that would lead a reasonable person to believe that it was violating the law. Conduct is not willful if the employer acted reasonably and in good faith in determining its legal obligations and honestly believed that it was not required to pay overtime compensation to the Plaintiff FLSA Class.

It is then the Plaintiffs' burden to prove to you by a preponderance of the evidence that Defendant acted willfully in improperly classifying the plaintiffs as exempt. If you find that the Plaintiffs have met this burden, you should indicate "yes" on the jury interrogatory form. If you find that the Plaintiffs have failed to prove that Defendant acted willfully, you should indicate "no" on the jury interrogatory form.

Source:    *McLaughlin v. Richland Shoe Co.*, 486 U.S. 128 (1988); *Tomeo v. W&E Communs., Inc.*, No. 14 C 2431, 2016 U.S. Dist. LEXIS 136689, at *43-44 (N.D. Ill. Sep. 30, 2016).

**INSTRUCTION NO. _____**

*Calculation of Damages*

Where non-exempt employees are paid on a "piece-rate, salary, commission, or other basis," the overtime compensation due to employees must be computed on the basis of the hourly rate derived therefrom. Commissions are payments for hours worked and must be included in the regular rate. Thus, the numerator of the regular rate equation must include all remuneration for employment paid to, or on behalf of, the employee.  When the commission is paid on a weekly basis, it is added to the employee's other earnings for that workweek, and the total is divided by the total number of hours worked in the workweek to obtain the employee's regular hourly rate for the particular workweek. The employee must then be paid *extra compensation* at one-half of that rate for each hour worked in excess of the applicable maximum hours standard.

Source:  29 C.F.R. § 778.109; 29 U.S.C. § 207(e); 29 C.FR. § 778.117

**INSTRUCTION NO. _____**

*Selection of Presiding Juror; General Verdict*

Upon retiring to the jury room, you must select a presiding juror. The presiding juror will preside over your deliberations and will be your representative here in court.

Forms of verdict have been prepared for you.

[Forms of verdict read.]

(Take these forms to the jury room, and when you have reached unanimous agreement on the verdict, your presiding juror will fill in, date, and sign the appropriate form.)

Source:          Seventh Circuit Civil Pattern Jury Instruction 1.32

**INSTRUCTION NO. _____**

*Disagreement Among Jurors*

The verdict[s] must represent the considered judgment of each juror. Your verdict[s], whether for or against the parties, must be unanimous.

You should make every reasonable effort to reach a verdict. In doing so, you should consult with one another, express your own views, and listen to the opinions of your fellow jurors. Discuss your differences with an open mind. Do not hesitate to reexamine your own views and change your opinion if you come to believe it is wrong. But you should not surrender your honest beliefs about the weight or effect of evidence solely because of the opinions of other jurors or for the purpose of returning a unanimous verdict.

All of you should give fair and equal consideration to all the evidence and deliberate with the goal of reaching an agreement that is consistent with the individual judgment of each juror. You are impartial judges of the facts.

Source:        Seventh Circuit Civil Pattern Jury Instruction 1.34

Respectfully submitted,

Dated:  October 10, 2023

/s/ *Michael N. Hanna*                          /s/ *Michael O. Cummings*
MICHAEL N. HANNA (P81462)          Michael O. Cummings
MORGAN & MORGAN, P.A.               Cummings, McClorey, Davis, & Acho, P.C.
2000 Town Center, Suite 1900            1185 Avenue of The Americas, Third Floor
Southfield, MI 48075                           New York, NY  10036
(313) 739-1950                                    (212) 547-8810
mhanna@forthepeople.com                mcummings@cmda-law.com

*Attorneys for Plaintiff*                        *Attorneys for Defendant*

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 10, 2023 the foregoing document was filed using the CM/ECF system, which will send notice of same to all counsel of record.

/s/ *Michael N. Hanna*
Michael N. Hanna (P81462)
Attorney for Plaintiff