UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.
_____/

Case No.: 20-cv-12734

Hon. Mark A. Goldsmith

## PLAINTIFF'S OBJECTIONS TO DEFENDANT'S EXHIBITS

Plaintiff, by and through his undersigned counsel, hereby submits his objections to Defendant's Exhibits pursuant to the Court's Order.

### Introduction

Defendant's Trial Exhibit list, which Defendant exchanged two (2) days after the Court's deadline to exchange Exhibits, is attached as **Exhibit** ("Ex.") **A.** In essence, Defendant lazily listed each and very document it produced in discovery as a Trial Exhibit "just in case," without actually putting in any effort to consider what exhibits it may actually need to advance its frivolous defense. Additionally, Defendant produced various demonstrative exhibits and summary charts that it apparently desires to introduce into evidence. Plaintiff objects to the following Exhibits.

1

I. **Defendant's Exhibit Nos. 2, 3, and 4**

Defendant's Exhibit numbers 2, 3 and 4 purported to be invoices from Mountain Valley. *See* **Exs. B, C and D**. Plaintiff objects to these documents because they are hearsay. Additionally, Defendant has not identified any witnesses from Mountain Valley, and these documents necessarily cannot be authenticated.

II. **Defendant's Exhibit Nos. 5, 6 and 7**

Defendant's Exhibit numbers 5, 6 and 7 purport to be documents from the Federal Motor Carrier Safety Administration ("FMCSA"). *See* **Exs. E, F and G**. Plaintiff objects to these documents because they are hearsay. Additionally, Defendant has not identified any witnesses from FMCSA, and these documents cannot be authenticated. To the extent Defendant claims these documents are public records, Plaintiff objects to these records because they do not comply with Fed.R.Evid. 1005 because they are not certified copies of public records.

III. **Exhibit 8 – Inventory Turn Report**

Defendant's Exhibit number 8 is attached as **Ex. H**. Plaintiff objects to the Defendant's Inventory turn report because it constitutes impermissible hearsay. This document also purports to be a summary, but Defendant failed to produce the underlying records at any point during this case. Rather, as Defendant confirmed in its Third Supplemental Discovery Response, Defendant created this "report," and produced it with a disclaimer and admitted **there are no underlying documents**.

*See* ECF No. 56-12, PageId.2065 ("There are no documents that exist which identify when a specific load of product received by Absopure is actually delivered to a customer.")

Defendant admits that it did not contemporaneously "monitor" this data; rather it created this chart, which took a "substantial period of time to create," for purposes of litigation, by after-the-fact cross-referencing the number of items purchased with the number of items sold and delivered by its drivers to its customers. 30(b)(6) Dep. 201-03, ECF No. 56-2, PageID.1485-87. The "report" references the "number of turns," which is a **fictional figure** created out of thin air by Defendant that estimates the number of times the "inventory was depleted 100 percent." *Id.* Of course, this never occurs because Defendant always maintains some goods in stock. *Id*. Defendant than extrapolates from this fictional figure the "average days" the average item is in stock by dividing the number of days Plaintiff worked (852) by "number of turns." *Id.*; 203:7-14 (The "average number of days per turn" is "something that's not in [the] natural course of this document", but "**added to this document for purposes of litigation**.") (emphasis added).

This purported summary is inadmissible because Defendant failed to provide Plaintiff with a copy of the underlying documents. *See U.S. v. Miller*, 771 F.2d 1219 (9th Cir. 1985). Furthermore, the documents were not made in the regular course of business but were created solely for purposes of litigation. *U.S. v. Willis*, 322 F.2d

3

548 (3rd Cir. 1963). Additionally, the probative value of this summary is substantially outweighed by its prejudicial impact, confusing the issues, and the potential for misleading the jury. *See* Fed.R.Evid. 403.

### IV.     Exhibits 70-95 - Commission Sheets for Plaintiffs

Defendant's Exhibit nos. 70-95 are "commissions sheets". A sample of these commission sheets is attached as **Ex. I**. It is not clear what Defendant's "commission sheets" are. These documents appear to contain partial information with heavy redactions, but it is not clear. To the extent these documents were contemporaneously maintained business records, and Defendant produced the entire "commission sheets", Plaintiff does not object.  To the extent, however, these documents are summaries of other documents not produced that purport to provide this information, Plaintiff objects.

### V.     Exhibits 130--157 – Handheld Check in/ Check Out Times

Defendant's Exhibit nos. 130-157 are "Handheld Check in/ Check out times". A sample of these "Handheld Check in/Check out times" is attached as **Ex. J**. It is not clear what these documents are. These documents appear to contain partial documents with certain redactions, but it is not clear. To the extent these documents were contemporaneously maintained business records, and Defendant produced the entire the "Handheld Check in/ Check out Times", Plaintiff does not object.  To the

extent, however, these documents are summaries of other documents not produced that provide this information, Plaintiff objects.

### VI. Exhibits 126 and 127 – Out of State Deliveries and Plaintiff's Route Assignment

Defendant's "list of out of state deliveries" can be found at ECF No. 58-8 and Exhibit 127 concerning a purported "List of Plaintiff's Route Assignment" is attached as **Ex. K**. Plaintiff objects to these lists because they constitute impermissible hearsay. These documents are also represented to be summaries, but Defendant failed to produce the underlying records which they contend Exhibits 126 and 127 supposedly summarize. Summaries are inadmissible where Defendant failed to provide Plaintiff with a copy of the underlying documents. *See U.S. v. Miller*, 771 F.2d 1219 (9th Cir. 1985). These documents, furthermore, were not made in the regular course of business, but created for purposes of litigation. *U.S. v. Willis*, 322 F.2d 548 (3rd Cir. 1963).

### VII. Exhibits 158-184 – Personnel Records

In the spirit of "throwing everything and seeing what sticks", Defendant's Exhibit Nos. 158-184 are the entire personnel file for each of the Plaintiffs.[1] Plaintiff objects to the Personnel files being entered as Exhibits. These exhibits include roughly 58 pages of various documents per Plaintiff, referred to collectively as

---

[1] Plaintiff has not attached these exhibits as an exhibit to this motion because the personnel file include confidential information.

"Personnel Records." As this Court has previously indicated, "[e]ach individual exhibit must be listed in the JFPO as its own exhibit. A single exhibit should not contain multiple individual exhibits." *Gray v. City of Detroit*, No. 2:18-CV-12146, 2021 WL 2885807, at *4 (E.D. Mich. July 9, 2021).

Substantively, these records are largely irrelevant to the claims and defenses in this matter, and also contain multiple levels of hearsay. These records also include public documents that are neither authenticated nor certified (*see* Fed.R.Evid. 1005), and impermissibly include Plaintiff's confidential information.

## VIII. Exhibit 185 – Check out/Check in Times All Specialists

A representative sample of Exhibit 185 is attached as **Ex. L**. First, Plaintiff objects to these exhibits because they were produced after discovery closed and on August 15, 2023. Second, Plaintiff objects to these exhibits because they are unauthenticated hearsay. These Exhibits also appear to be improper "summary" records.

## IX. Exhibits 213-239 – Hours Worked Tables for Plaintiffs

A representative sample of Defendant's "Hours worked Tables" is attached as **Ex. M**. First, Plaintiff objects to these Exhibits because they were never produced in discovery. Second, Plaintiff objects to these exhibits which are inadmissible hearsay. Third, Plaintiff objects to these exhibits because they are not originals and appear to be summary charts of documents not previously produced. *See* Fed.R.Evid. 1006.

6

### X. Exhibits 240-241 – Demonstrative Exhibits

Defendant's Exhibit 240 is attached as **Ex. N**, and Defendant's Exhibit 241 is attached as **Ex. O**. Plaintiff objects to these demonstrative exhibits, which are not evidence, contain hearsay, and lack foundation. These exhibits are also confusing, and of limited probative value (because the parties do not dispute that Mountain Valley products originated in Arkansas.) Thus, the Court should also exclude this "evidence" because its probative value is outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. *See* Fed.R.Evid. 403.

### XI. Defendant's Exhibit 242 – Demonstrative for Shipment Procedure

Defendant's Exhibit 242 is attached as **Ex. P**. Plaintiff objects to this demonstrative exhibit, which is not evidence, contains hearsay, and lacks foundation. It is also confusing and is in direct contradiction with the documentary record evidence. As a result, its probative value is substantially outweighed by a danger of unfair prejudice, confusing the issues, misleading the jury, undue delay, and wasting time. *See* Fed.R.Evid. 403. Additionally, the document also violates the best evidence rule. *See* Fed.R.Evid. 1002. Where the contents of a document are in issue, the document itself is the best evidence thereof, and it must be produced, or its absence must be properly accounted for before any form of secondary evidence may be admitted in evidence.

## XII. Defendant's Exhibit 243 – Demonstrative Showing Absopure Time Records

Defendant's Exhibit no. 243 is attached as **Ex. Q.** Plaintiff objects to this demonstrative exhibit, which is not evidence, contains hearsay, and lacks foundation. It is also confusing, and the probative value is vastly outweighed but its prejudicial impact. *See* Fed.R.Evid. 403. This document also violates the best evidence rule. *See* Fed.R.Evid. 1002.

## XIII. Defendant's unidentified "Additional potential exhibits

Plaintiff objects to Defendant's reservation of rights because it is simply a vague "placeholder" and to the extent it intends to include additional exhibits not timely disclosed.

## CERTIFICATE OF CONFERRAL

Undersigned Counsel sought concurrence on the relief requested in this motion on October 3, 2023. Defendant has not provided concurrence.

Dated: October 10, 2023

Respectfully submitted,

*/s/ Michael N. Hanna*
Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

- and -

8

>Andrew R. Frisch
>MORGAN & MORGAN, P.A.
>8151 Peters Road, Suite 4000
>Plantation, FL 33324
>(954) WORKERS
>afrisch@forthepeople.com
>
>*Attorneys for Plaintiffs*

## LOCAL RULE CERTIFICATION

I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

>*/s/ Michael N. Hanna*
>Michael N. Hanna

## CERTIFICATE OF SERVICE

The undersigned certifies that on October 10, 2023, the foregoing document was filed using the CM/ECF system, which will send notice of same to all counsel of record.

>*/s/ Michael N. Hanna*
>Michael N. Hanna (P81462)
>Attorney for Plaintiff