UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONt

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.                                    Case No. 20-cv-12734-MAG-EAS
                                        HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

_____

**DEFENDANT'S MOTION OBJECTING TO PLAINTIFFS'
PROPOSED TRIAL EXHIBITS**

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves, pursuant to the Court's March 10, 2023 Order Setting Schedule (Dkt. 70) and the Federal Rules of Evidence 801 et. seq., objecting to the admission of several of Plaintiffs proposed trial exhibits.

In accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter did not concur with the relief requested.

In further support of its combined motion, Defendant relies on the attached

brief and the accompanying attached exhibits.

Dated: October 10, 2023

Respectfully submitted,

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho,
P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

/s/ Michael O. Cummings
Michael O. Cummings
Cummings, McClorey, Davis & Acho,
P.C.
1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

Attorneys for Defendant Absopure Water Company, LLC

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

      Plaintiff,

v.                                                   Case No. 20-cv-12734-MAG-EAS
                                                     HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

      Defendant.

_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION OBJECTING TO
PLAINTIFFS' PROPOSED TRIAL EXHIBITS**

## CONCISE STATEMENT OF ISSUES PRESENTED

I.   SHOULD PLAINTIFFS' PROPOSED TRIAL EXHIBITS NUMBERS 15, 15, 17, 18, 20, 23, 24, 27, 28, AND 29 BE EXCLUDED FROM TRIAL?

Plaintiffs would say, "No".

Defendant would say, "Yes".

## CONTROLLING OR MOST APPROPRIATE

## FEDERAL RULES OF EVIDENCE

Fed. R. Evid. 801(a)-(c) ....................................................................................2, 3

Fed. R. Evid. 802 ...............................................................................................3

## I.  PLAINTIFFS PROPOSED TRIAL EXHIBITS

Plaintiffs propose as trial exhibits signed declaration from roughly 20 of the Plaintiffs and from third-party one witness.  However, Plaintiffs have only listed seven of the Plaintiffs as "will call" and five others as "may call."  Plaintiffs likewise state that the "may call" the corporate representative J.B. Hunt.  There is thus no confirmation that any of these witnesses will actually appear at trial.  Further, plaintiffs propose as an exhibit a corporate certification from J.B. Hunt and do not plan to call the signer of that certification.  These result in the following proposed exhibits that contain testimony from witnesses who are not confirmed to appear at trial:

| Plaintiffs' Exh. No. | Exhibit | Exh. for this Motion |
|---|---|---|
| 15 | Declaration of Kevin Phipps | 1 |
| 16 | Declaration of Charles Perry | 2 |
| 18 | Declaration of Danielle Childs | 3 |
| 20 | Declaration of Gary Johnson, Jr. | 4 |
| 23 and 28 | Declaration of Trevor Rogers | 5 |
| 27 | Opt-in Plaintiffs' Declarations concerning their hours worked as reflected in Plaintiffs' | 6 |
| 24 and 29 | Certificate of No Records/J.B. Hunt Certificate of Records | 7 |

Plaintiffs' proposed exhibit 27 is a collection of 21 Plaintiff declarations and includes the following 10 Plaintiffs whose declarations are not included as previously listed as proposed exhibits and who are not designated as "will call"

witnesses: Aaron Armstead, Dwane Armstead, Lucas Belonga, Boaz Householder, Shawn Jacek, Ricardo Lammer, Nathan Redmer, Ryan Rhodes, Kyle Winconek, and George Woldt. (Exh. 6). This leaves a total of 15 proposed declaration exhibits for witnesses who Plaintiffs do not definitively plan to call at trial.

Each of the Plaintiff declarations make statements alleging their start and stop times for weekdays and Saturdays. (Exhs. 1-4, 6). Trevor Rogers's declaration makes a number of statements about the shipping process between Mountain Valley Spring Company and J.B. Hunt that Plaintiffs used in their motion for sanctions on the "shipper" issue. (Exh. 5; Dkt. 115, PageID.4766).

The J.B. Hunt "Certification of Records" likewise contains statements by a Brooke Leddon that Plaintiffs used in their sanctions motion. (Exh. 7; Dkt.115, PageID.4758, 4767).

## II.   PLAINTIFFS PROPOSED EXHIBITS ARE INADMISSIBLE HEARSAY

Federal Rule of Evidence 801 lays out the definition of hearsay:

(a) Statement. "Statement" means a person's oral assertion, written assertion, or nonverbal conduct, if the person intended it as an assertion.

(b) Declarant. "Declarant" means the person who made the statement.

(c) Hearsay. "Hearsay" means a statement that:

>   (1) the declarant does not make while testifying at the current trial or hearing; and

(2) a party offers in evidence to prove the truth of the matter asserted in the statement

Fed. R. Evid. 801(a)-(c).

There can be no dispute that each of these proposed exhibits squarely fits into this definition.  Each of them contains "statements" (concerning start/stop times, shipping arrangements, corporate records), from a "declarant" (the Plaintiff declarants, Mr. Trevor, Ms. Leddon).  (Exhs 1-7); Fed. R. Evid 801(a) and (b).  Plaintiffs clearly intend to use these exhibits to prove the truth of some matter – hours worked (*see, e.g.,* Dkt. No. 152, PageID.7194) and who the "shipper" is with respect to Mountain Valley Products for purposes of the Motor Carrier Act exemption. (*See* Dkt. 115, PageID.4758, 4766-67); Fed. R. Evid. 801(c)(2).  Finally, Plaintiffs have not confirmed that each of the declarants will testify at trial  *See* Fed. R. Evid. 801(c)(1).  They do not fall into any of the exceptions to the hearsay rule. *See* Fed. R. Evid. 803, 804 and 807.  Each of these proposed exhibits are, therefore, inadmissible as hearsay.  Fed. R. Evid. 802).

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to issue an order excluding Plaintiffs' proposed trial exhibits numbers 15, 15, 17, 18, 20, 23, 24, 27, 28, and 29 from being admitted at trial.

Dated: October 10, 2023

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

/s/ Michael O. Cummings
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

**Attorneys for Defendant Absopure Water Company, LLC**

## **CERTIFICATE OF CONCURRENCE**

Defendant certifies that, in accordance with L.R. 7.1, its counsel conferred in writing with Plaintiffs' counsel, explained the nature of the motion, and requested counsel to concur in the relief sought in this motion. Plaintiffs' counsel declined to concur in the motion to compel and has not responded regarding the motion to extend the schedule.

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated:  October 10, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

5

## CERTIFICATE OF SERVICE

I hereby certify that on October 10, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: October 10, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506