# EXHIBIT 6

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY,

               Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC,

               Defendant.

_____/

Case No.: 20-cv-12734

Hon. Mark A. Goldsmith

## DECLARATION OF JOHN ANIOL

I, John Aniol, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.     I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.     I worked for Absopure from November 8, 1999 to March 29, 2022.

3.     I understand that the relevant time period in this matter is from October 8, 2017 to the present.

4.     Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.     During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 6:30 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day between 1:00 p.m. and 6:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.

Dated: Sep 22, 2023

John Aniol (Sep 22, 2023 17:20 EDT)

JOHN ANIOL

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF AARON ARMSTEAD</u>

I, Aaron Armstead, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from May 14, 2018 to September 21, 2018.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.     During the relevant time period, I estimate that I stopped working during the average workweek day at 5:30 p.m.

7.     During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m.

8.     During the relevant time period, I estimate that I stopped working during the average weekend day at 1:00 p.m.

9.     I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Aug 31, 2023

Aaron Armstead (Aug 31, 2023 15:51 EDT)

AARON ARMSTEAD

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

### <u>DECLARATION OF DWANE ARMSTEAD</u>

I, Dwane Armstead, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from June 11, 2018 to October 4, 2018.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.     During the relevant time period, I estimate that I stopped working during the average workweek day at 7:15 p.m.

7.     I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.

Dated: __Sep 7, 2023__

_____
Dwane Armstead (Sep 7, 2023 13:47 EDT)
DWANE ARMSTEAD

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

             Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

             Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF ERICK BANKS</u>

I, Erick Banks, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from April 23, 2018 to August 31, 2018.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 4:00 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 8:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 2:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: __Sep 5, 2023__          _____
                                ERICK BANKS

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

          Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

          Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

**DECLARATION OF LUCAS BELONGA**

I, Lucas Belonga, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from May 2, 2022 to the present.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:30 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 2:30 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:30 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 12:30 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 15, 2023
_____

Lucas Belonga (Sep 15, 2023 12:04 EDT)
_____

LUCAS BELONGA

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

_____/

## <u>DECLARATION OF KEITH BROWN</u>

I, Keith Brown, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.      I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.      I worked for Absopure from September 5, 2006 to July 1, 2020.

3.      I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.      Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.      During the relevant time period, I estimate that I began working during the average workweek day at 7:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 6:30 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 7:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 1:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: __Aug 31, 2023__

Keith Brown Jr (Aug 31, 2023 19:53 EDT)

KEITH BROWN

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

      Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

      Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF DANNIELLE CHILDS</u>

I, Danielle Childs, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from December 5, 2019 to the present.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 2:00 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:15 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 11:00 a.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 7, 2023

Dannielle Childs (Sep 7, 2023 16:19 EDT)

DANNIELLE CHILDS

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

                 Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

                 Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

<u>**DECLARATION OF CALEB FISH**</u>

I, Caleb Fish, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.      I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.      I worked for Absopure from April 30, 2018 to the present.

3.      I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.      Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.      During the relevant time period, I estimate that I began working during the average workweek day at 5:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 5:30 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 4:30 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 12:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 20, 2023                        _____
                                           Caleb Fish (Sep 20, 2023 11:56 EDT)
                                           CALEB FISH

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

      Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

      Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

<u>**DECLARATION OF BOAZ HOUSEHOLDER**</u>

I, Boaz Householder, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from March 7, 2022 to April 22, 2022.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 5:30 a.m.

6.    During the relevant time period, I estimate that I stopped working during the average workweek day at 4:30 p.m. (7:30 p.m. twice per week).

7.    During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m.

8.    During the relevant time period, I estimate that I stopped working during the average weekend day at 2:00 p.m.

9.    I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 18, 2023

Boaz Householder (Sep 18, 2023 15:08 EDT)

BOAZ HOUSEHOLDER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

          Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

          Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF SHAWN JACEK</u>

I, Shawn Jacek, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from October 15, 2018 to November 27, 2018.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:45 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 6:45 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:45 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 5:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.

Dated: Sep 18, 2023

_Shawn Jacek_
Shawn Jacek (Sep 18, 2023 09:47 PDT)

SHAWN JACEK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

          Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

          Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF GARY JOHNSON, JR.</u>

I, Gary Johnson, Jr., hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from January 31, 2022 to March 31, 2023.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:30 a.m. – 7:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 6:00 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:30 a.m. – 7:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 1:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: <u>Sep 18, 2023</u>                    <u>Gary Johnson (Sep 18, 2023 18:42 EDT)</u>

                                        GARY JOHNSON, JR.

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

             Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

             Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

**<u>DECLARATION OF RICARDO LAMMER</u>**

I, Ricardo Lammer, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from April 8, 2019 to October 3, 2019.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 5:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 4:00 p.m. – 5:00 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 3:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 2:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 15, 2023

Ricardo Lammer (Sep 15, 2023 13:26 EDT)

RICARDO LAMMER

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF PAUL OKIMOTO</u>

I, Paul Okimoto, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.     I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.     I worked for Absopure from September 13, 2021 to the present.

3.     I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.     Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.     During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 3:30 p.m.

7.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 16, 2023
_____

_Paul okimoto (Sep 16, 2023 17:09 EDT)_____
PAUL OKIMOTO

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

             Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

             Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF TERRY PEMBERTON</u>

I, Terry Pemberton, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.     I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.     I worked for Absopure from February 21, 2022 to June 24, 2022.

3.     I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.     Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.     My schedule varied each workday based on overnight travel on certain workdays during the relevant time period.

6.      I did not have a consistent average estimated start time or end time each workday during the relevant time period.

7.      I estimate that I worked approximately 47 hours each workweek.

8.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.

Dated: __Aug 31, 2023__        _____
Terry E Pemberton Jr (Aug 31, 2023 16:49 EDT)
TERRY PEMBERTON

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## DECLARATION OF CHARLES PERRY

I, Charles Perry, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from July 11, 2016 to October 5, 2018.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 7:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 7:00 p.m. – 8:00 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 7:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 3:00 p.m. – 4:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated:  Sep 18, 2023

Charles Perry (Sep 18, 2023 10:27 EDT)

CHARLES PERRY

## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JUSTIN GUY**,

       Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

       Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

### DECLARATION OF KEVIN PHIPPS

I, Kevin Phipps, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from September 11, 2017 to August 16, 2021.

3.    I understand that the relevant time period in this matter is from October 8, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 5:45 a.m.

6.     During the relevant time period, I estimate that I stopped working during the average workweek day at 4:00 p.m. - 5:00 p.m.

7.     During the relevant time period, I estimate that I began working during the average weekend day at 8:00 a.m.

8.     During the relevant time period, I estimate that I stopped working during the average weekend day at 1:00 p.m.

9.     I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: __Aug 31, 2023__                    *Kevin phipps*
                                            kevin phipps (Aug 31, 2023 18:28 EDT)
                                            _____
                                            KEVIN PHIPPS

2

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

          Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

          Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

### DECLARATION OF NATHAN REDMER

I, Nathan Redmer, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from May 23, 2022 to November 3, 2022.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m. – 7:00 a.m.

6.     During the relevant time period, I estimate that I stopped working during the average workweek day at 7:00 p.m.

7.     During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m. – 7:00 a.m.

8.     During the relevant time period, I estimate that I stopped working during the average weekend day at 12:00 p.m. – 1:00 p.m.

9.     I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.

Dated: Sep 5, 2023

Nathan Redmer (Sep 5, 2023 15:02 EDT)

NATHAN REDMER

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

**<u>DECLARATION OF RYAN RHODES</u>**

I, Ryan Rhodes, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.  I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.  I worked for Absopure from June 20, 2022 to the present.

3.  I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.  Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.  During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 5:30 p.m. – 6:00 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 1:00 p.m. – 2:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: __Sep 19, 2023__

Ryan Nicholas Rhodes (Sep 19, 2023 17:45 EDT)

RYAN RHODES

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF DAVID SUJKOWSKI</u>

I, David Sujkowski, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.    I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.    I worked for Absopure from February 1, 2021 to March 10, 2022.

3.    I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.    Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.    During the relevant time period, I estimate that I began working during the average workweek day at 7:15 a.m.

6.      During the relevant time period, I estimate that I stopped working during the average workweek day at 5:15 p.m.

7.      During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m.

8.      During the relevant time period, I estimate that I stopped working during the average weekend day at 1:00 p.m.

9.      I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: __Aug 31, 2023__

                                    David Sujkowski (Aug 31, 2023 15:32 EDT)
                                    _____

                                    DAVID SUJKOWSKI

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

        Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

## <u>DECLARATION OF KYLE WINCONEK</u>

I, Kyle Winconek, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1.     I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2.     I worked for Absopure from January 25, 2021 to July 6, 2022.

3.     I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4.     Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5.     During the relevant time period, I estimate that I began working during the average workweek day at 6:00 a.m.

6.     During the relevant time period, I estimate that I stopped working during the average workweek day at 4:00 p.m.

7.     During the relevant time period, I estimate that I began working during the average weekend day at 6:00 a.m.

8.     During the relevant time period, I estimate that I stopped working during the average weekend day at 12:30 p.m.

9.     I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: __Aug 31, 2023__                    _Kyle Winconek (Aug 31, 2023 15:13 EDT)_____
                                        KYLE WINCONEK

**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MICHIGAN**
**SOUTHERN DIVISION**

**JUSTIN GUY**,

               Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,

               Defendant.

_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

**<u>DECLARATION OF GEORGE WOLDT</u>**

I, George Woldt, hereby declare that the following information is true and correct to the best of my personal knowledge and belief:

1. I worked as a Driver for Absopure Water Company (hereafter "Absopure").

2. I worked for Absopure from December 19, 2022 to February 2, 2023.

3. I understand that the relevant time period in this matter is from October 7, 2017 to the present.

4. Because Absopure does not maintain records, the following information is based on my estimates of my hours worked during the relevant time period.

5. During the relevant time period, I estimate that I began working during the average workweek day at 6:45 a.m.

6.     During the relevant time period, I estimate that I stopped working during the average workweek day at 8:00 p.m.

7.     During the relevant time period, I estimate that I began working during the average weekend day at 6:45 a.m.

8.     During the relevant time period, I estimate that I stopped working during the average weekend day at 3:00 p.m.

9.     I rarely if ever had a lunchbreak of 20 minutes or more, uninterrupted by work.

Pursuant to 28 U.S.C. §1746, I declare under penalty of perjury that the foregoing statements are true and correct and that I have personal knowledge of the information provided above.


Dated: Sep 5, 2023

George woldt (Sep 5, 2023 17:06 EDT)

GEORGE WOLDT