UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

      Plaintiff,                        Case No. 20-12734

v.                                    HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC

      Defendant.

_____/

**OPINION & ORDER**
**GRANTING IN PART AND DENYING IN PART DEFENDANT'S MOTION IN LIMINE**
**TO EXCLUDE TESTIMONY AND EXHIBITS (Dkt. 143)**

This matter is before the Court on Defendant Absopure Water Company, LLC's motion in

limine to exclude testimony and exhibits (Dkt. 143).[1]  For the reasons that follow, the Court grants

the motion in part and denies it in part.

**I. BACKGROUND**

Justin Guy is a former employee of Absopure, where he worked as a driver transporting

products within the state of Michigan.  Guy has brought this suit as a collective action on behalf

of himself and 25 opt-in plaintiffs who have joined this action and claim that Absopure violated

the Fair Labor Standards Act (FLSA) by not paying overtime for hours worked in excess of 40 per

week.  Compl. (Dkt. 1).

Throughout this litigation, Absopure has maintained that its drivers, including at least some

Plaintiffs, are exempt from the overtime provisions of the FLSA under the Motor Carrier Act

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided
based on the parties' briefing.  See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b).  In addition to
the motion, the briefing includes Plaintiffs' response (Dkt. 151) and Absopure's reply (Dkt. 154).

(MCA) exemption to the FLSA.  See Am. Aff. Defenses at 2 (Dkt. 21).  Plaintiffs contest this, but argue that even if the MCA exemption applies, Plaintiffs fall into the "small vehicle exception" to the MCA exemption—i.e., they drive trucks that weigh less than 10,001 pounds, and are thus owed overtime pay regardless of whether the MCA exemption would otherwise apply.  See Pl. Mot. for Summ. J. at PageID.1248–1249 (Dkt. 56).

Absopure's instant motion in limine follows a series of disagreements related to the parties' discovery obligations with respect to certain topics, the most relevant of which include (i) the weight of the vehicles driven by Plaintiffs and (ii) the hours worked by Plaintiffs.

A discussion of the parties' discovery efforts with respect to these topics contextualizes Absopure's motion.  After a hearing regarding the parties' discovery disputes, the Court ordered (i) for Absopure to serve Plaintiffs with information that Absopure already possesses relevant to the topics of Absopure's discovery requests to Plaintiffs and (ii) for Plaintiffs to respond to Absopure's statements with "whatever agreements or disagreements they have with the information furnished by Absopure . . . ."  5/19/2023 Order (Dkt. 114).

One of Absopure's discovery requests is an interrogatory asking that Plaintiffs "[i]dentify each day that You drove a vehicle for Absopure during the Relevant Time Period that weighed [] 10,000 pounds or less [small vehicles] and each day that You drove a vehicle that weighed 10,001 pounds or more."  See Pl. Resp. to Def. Statement of Facts at 18 (Dkt. 143-3).  Per the Court's May 19 order, Absopure provided a statement and additional information regarding the weights of vehicles it asserts were driven by Plaintiffs.  Id.  In Plaintiffs' response to Absopure's statement, Plaintiffs' counsel reported that it was "conferring with" opt-in plaintiffs regarding their vehicle usage.  Id.  After Absopure filed this motion in limine, Plaintiffs further provided Absopure with a summary chart setting forth, for 18 opt-in plaintiffs, the estimated number of times that they

drove vehicles weighing 10,000 pounds or less.  Pl. Suppl. Resp. to Def. Statement of Facts (Dkt. 152-6).  According to the chart, five of those 18 opt-in plaintiffs have submitted declarations stating the number of times they drove small vehicles.  Id.  Plaintiffs have not provided similar declarations for the remaining 13 opt-in plaintiffs listed on the chart.  See id.; Reply at 2.

Also disputed by the parties is the number of hours worked by Plaintiffs.  Plaintiffs provided Absopure with a chart estimating the daily start and end times for 22 Plaintiffs.  See Pl. Third Suppl. Initial Disclosures at Ex. A (Dkt. 143-8).  The chart was created by Plaintiffs' counsel and was not sworn to by any of the Plaintiffs.  See id.  Plaintiffs have also provided Absopure with the report of their expert, Martin Williams, which calculates Plaintiffs' asserted damages based in part on his review of Plaintiffs' estimated hours-worked chart.  Since the filing of Absopure's motion, Plaintiffs have provided Absopure sworn declarations from 19 Plaintiffs containing estimates of their hours worked (Dkt. 152-7).

## II. ANALYSIS

Absopure's motion in limine requests that the Court (i) prohibit Plaintiffs from offering any testimony or evidence related to the small vehicle exception to the MCA as a sanction under Federal Rule of Civil Procedure 37 for failing to respond to Absopure's interrogatories, (ii) exclude from evidence as inadmissible hearsay Plaintiffs' estimated hours-worked chart, attached as Exhibit A to their third supplemental initial disclosures, and (iii) exclude the testimony of Plaintiffs' proffered damages expert.  See Mot. at 1–2.  The Court addresses each request in turn.

### A. Absopure's Request for a Sanction Prohibiting Plaintiffs from Offering Evidence or Testimony Regarding the Small Vehicle Exception to the MCA

Absopure requests a sanction prohibiting Plaintiffs from offering any testimony or evidence related to the small vehicle exception to the MCA under Rule 37.  Rule 37(c) empowers this Court to sanction a party for failure to supplement its initial disclosures unless that failure is

substantially harmless or justified.  Rule 37(b)(2)(A) empowers a court to sanction parties for disobeying discovery orders.  Permissible sanctions under this rule include prohibiting the disobedient party from supporting or opposing designated claims or defenses, or from introducing designated matters in evidence.  <u>See</u> Rule 37(b)(2)(A)(ii).

The Court recognizes that the small vehicle exception is an issue that is highly relevant to the parties' claims and defenses in this case.  It also recognizes that Plaintiffs have not provided information that they should have provided.  However, a sanction is not warranted presently if Plaintiffs promptly supply required information.

Accordingly, the Court orders that by October 31, 2023, Plaintiffs produce for every plaintiff for whom recovery is sought, a declaration, affidavit, or sworn testimony regarding the number of times the plaintiff drove or operated vehicles weighing 10,000 pounds or less.  Reasonable estimates may be used if a plaintiff attests that exact numbers are not known.  Absent a showing of good cause, a plaintiff's failure to timely serve such an affidavit, declaration, or other sworn testimony will result in that plaintiff being barred from presenting any evidence or testimony regarding the small-vehicle exception, unless there is some other evidentiary basis for establishing a plaintiff's invocation of the exception.

### B.   Admissibility of Plaintiffs' Estimated Hours-Worked Chart Attached as Exhibit A to Plaintiffs' Third Supplemental Initial Disclosures

Absopure argues that Plaintiffs estimated hours-worked chart is inadmissible hearsay under Federal Rule of Evidence 801 and does not fall under an applicable exception.  <u>See</u> Br. Supp. Mot. at 12.  Plaintiffs' response does not dispute that the chart is hearsay, and Plaintiffs do not otherwise indicate that they are seeking to admit the chart as evidence at trial.  <u>See</u> Resp. at 26.

Because the chart is hearsay that does not fall under any recognized hearsay exception, the chart is not admissible as evidence.  However, to the extent Plaintiffs seek to use the chart, not as

evidence, but as a demonstrative exhibit or "pedagogical device" setting forth evidence already introduced at trial, Plaintiffs may seek to do so.  See United States v. Munar, 419 F. App'x 600, 608 (6th Cir. 2011) (explaining that district courts have discretion to permit counsel to employ "illustrative aid[s] such as information presented on a chart that (1) is used to summarize evidence . . . (2) is itself not admitted into evidence; and (3) may reflect  to some extent . . . the inferences and conclusions drawn from the underlying evidence by the summary's proponent") (punctuation modified).

     If Plaintiffs intend to use the chart in this fashion, they should file a motion to that effect, setting forth specifically the intended use at trial and authority in support.  The motion and brief (limited to five pages) must be filed by October 18, 2023.  Absopure's response (limited to five pages) must be filed by 10:00 a.m. on October 23, 2023.

### C.  Admissibility of Testimony from Plaintiffs' Expert

     Absopure argues that Plaintiffs' expert should not be allowed to testify because the expert's report summarizing his likely testimony regarding Plaintiffs' damages improperly relies on Plaintiffs' inadmissible hours-worked chart and is based on "pure speculation."  Br. Supp. Mot. at 12–14.  The Court agrees with Absopure to the extent Plaintiffs' expert intends to offer testimony that will not be supported by an evidentiary basis at trial.

     Plaintiffs resist this conclusion by correctly pointing out that an expert's opinion need not rely on admissible evidence to be admissible.  See Fed. R. Evid. 703; Resp. at 20–24.[2]  However,

---

[2] Plaintiffs cite to cases where courts admitted expert testimony that relied in part on inadmissible evidence.  See Resp. at 20–24 (citing Childress v. Ozark Delivery of Missouri L.L.C., No. 6:09-cv-03133, 2014 WL 7181038, at *3 (W.D. Mo. Dec. 16, 2014) (denying motion to exclude evidence of expert designated to calculate damages over defendant's argument that expert's reliance on spreadsheet summarizing plaintiff testimony regarding rates of pay and hours worked was insufficient to perform an analysis)); Prejean v. Satellite Country, Inc., 474 F. Supp. 3d 829, 835 (W.D. La. 2020) (permitting expert to testify regarding as to the "amount of damages/overtime wages allegedly owed" despite expert's rendering of his opinion based on an assumption that each

courts have discretion under the Federal Rules of Evidence to exclude expert opinion testimony where the expert's proffered testimony is based on entirely on speculation.  See Auto Indus. Supplier Emp. Stock Ownership Plan (ESOP) v. Snapp Sys., Inc., No. 03-74357, 2008 WL 5383372, at *5 (E.D. Mich. Dec. 23, 2008) ("When determining whether an expert's testimony is reliable, the court may consider the factual basis for the expert's opinion.  Indeed, Rule 702 specifically states that an expert may only testify if the testimony is based upon sufficient facts and data and the witness has applied the principles and methods reliably to the facts of the case.") (punctuation modified) (excluding expert opinion calculating damages because the opinion was based on an "inadequate factual predicate" given that it relied on "summaries of data" provided by defendant's consultant and amounted to little more than a "conduit for information prepared by others"); Mohney v. USA Hockey, Inc., 300 F. Supp. 2d 556, 565 (N.D. Ohio 2004), aff'd, 138 F. App'x 804 (6th Cir. 2005) ("Under Rule 703, if the underlying data are so lacking in probative force and reliability that no reasonable expert could base an opinion on them, an opinion which rests entirely upon them must be excluded.") (punctuation modified).

Here, Plaintiffs' expert report produces calculations based on (i) the expert's review of the estimated hours-worked chart and (ii) assumed workdays of 9 to 12 hours.  See Expert Report at ¶ 11 (Dkt. 143-9) (explaining that the report calculates Plaintiffs' "total unpaid overtime premiums and liquidated damages" based on Plaintiffs' estimated hours-worked chart).  Because the expert's

plaintiff worked 70 hours per week).  In both cases, however, the experts relied in part on defendants' payroll records and testimony from plaintiffs.  Childress, 2014 WL 7181038, at *3– *4 (noting that the expert relied upon payroll records and "reports of roughly 80%" of a 58-member class to estimate the average number of overtime hours worked for the remaining 20 percent of the class); Prejean, 474 F. Supp. 3d at 835 (noting that the expert assumed a "70-hour work week for each [plaintiff] based upon the testimony of the [plaintiffs]").  Here, by contrast, Plaintiffs' expert report fails to identify a similar evidentiary basis for Plaintiffs' number of hours worked outside of the chart provided by Plaintiffs' counsel.

testimony must have an evidentiary basis to take it out of the realm of speculative testimony and render it sufficiently reliable, the Court must await what evidence is presented at trial.  If evidence is presented that establishes a factual basis, the expert's testimony may well be reliable. At this point, it would be premature to bar him from testifying.

Absopure's motion (Dkt. 143) is granted in part and denied in part.


SO ORDERED.

Dated:  October 13, 2023                                   s/Mark A. Goldsmith
             Detroit, Michigan                                  MARK A. GOLDSMITH
                                                                      United States District Judge