UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONt

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                                      Case No. 20-cv-12734-MAG-EAS
                                                     HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO PLAINTIFFS' OBJECTIONS TO DEFENDANT'S EXHIBITS**

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby submits its response in opposition to Plaintiffs' objections to Defendant's objections (Dkt. 161).

**I.    DEFENDANT'S EXHIBIT LIST**

Plaintiffs begin their objections by claiming that Defendant provided its exhibit list to them "two (2) days after the Court's deadline to exchange Exhibits". (Dkt. 161, PageID.7392). This is false. As Plaintiffs own exhibit "A" shows (*see* Dkt. 161-2, PageID.7421), Defendant provided its exhibit list on September 25,

2023, which was "no later than seven weeks before the final pretrial conference" as required by the Court's March 10, 2023 Order Setting Schedule. (Dkt. 89, PageID.4605).

## II.  PLAINTIFFS' OBJECTIONS TO DEFENDANT' EXHIBITS

### A.  Objections to Defendant's Exhibits Nos. 2, 3, and 4

These are invoices Defendant received from Mountain Valley that show, among other things, that Defendant paid for shipping. Defendant will provide a witness who will attest to Defendant's receipt of these invoices and payment made to Mountain Valley based on them. *See* Fed. R. Evid. 901(b)(1) (authentication by witness with knowledge). Further, these invoices fall into the hearsay exceptions of Fed. R. Evid. 803(5) and (6).

### B.  Objections to Defendant's Exhibits Nos. 5, 6 and 7

Exhibit 5 is a document completed by Defendant, which will provide a witness to testify as to its preparation. Exhibits 5 and 6 are government documents received by Defendant. Defendant will provide a witness who will attest to Defendant's receipt of these documents and Defendant's actions taken based on them. *See* Fed. R. Evid. 901(b)(1). Further, these invoices fall into the hearsay exceptions of Fed. R. Evid. 803(5) and (8).

### C. Objections to Defendant's Exhibit 8

The "Inventory Turn Report" consists of the output of data that Defendant keeps in the ordinary course of business in its electronic systems. It further contains a "average" number calculated using simple math based on that data. Defendant will provide one or more witnesses who will testify to the operation of the system, and to the manner in which the data was collected, stored, and retrieved. *See* Fed. R. Evid. 901(b)(1). Plaintiff had a full opportunity to question Defendant about Exhibit 8 during its 30(b)(6) deposition of Defendant's corporate witness but nevertheless has not raised a genuine question as to the authenticity of the data. *See* Fed. R. Evid. 1003. Further, the parties stipulated that Electronically Stored Information ("ESI") could be produced in pdf format, such as Exhibit 8. (*See* Dkt. No. 38, PageID.656). Finally, the parties also stipulated that "(b) Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court as soon as possible." (*Id.* at PageID.650). Plaintiffs did not raise any objection to Exhibit 8 prior to its current objections, nor did they make any attempt to seek production or verification of the relevant data in its original format.

To the extent that any summary or calculation in the exhibit is not data directly take from Defendant's system, it would be admissible because there will be sufficient testimony to authenticate it. *See Zieman v. City of Detroit*, 81 F.3d 162, 1996 WL 140328 at * 5 (6th Cir. 1996) ("All that is required to establish a foundation

3

for the admission of demonstrative evidence under Fed.R.Evid. 901(a) is the testimony of a witness stating that the item is what its proponent claims it to be."); *See also United States v. Paulino*, 935 F.2d 739, 753 (6th Cir.) ("Both Fed.R.Evid. 1006 and "the established tradition" in this circuit and others allow the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence.")

    **D.    Objections to Defendant's Exhibits Nos. 70-95 - Commission Sheets for Plaintiffs**

Defendant will provide testimony from its witnesses as well as Plaintiffs themselves authenticating the commission sheets as documents provided to Plaintiffs by Defendant. *See* Fed. R. Evid 901.

    **E.    Objections to Defendant's Exhibits 130--157 – Handheld Check in/ Check Out Times**

The "check-in/check-out" documents consist of the output of data that Defendant keeps in the ordinary course of business in its electronic systems. It further contains a "duration" number calculated using simple math based on that data. Defendant will provide one or more witnesses who will testify to the operation of the system, and to the manner in which the data was collected, stored, and retrieved. *See* Fed. R. Evid. 901(b)(1). Plaintiff had a full opportunity to question Defendant about these exhibts during its 30(b)(6) deposition of Defendant's

corporate witness but nevertheless has not raised a genuine question as to the authenticity of the data. *See* Fed. R. Evid. 1003. Further, the parties stipulated that Electronically Stored Information ("ESI") could be produced in pdf format, such as Exhibit 8. (*See* Dkt. No. 38, PageID.656). Finally, the parties also stipulated that "(b) Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court as soon as possible." (*Id.* at PageID.650). Plaintiffs did not raise any objection to Exhibit 8 prior to its current objections, nor did they make any attempt to seek production or verification of the relevant data in its original format.

To the extent that any summary or calculation in the exhibit is not data directly taken from Defendant's system, it would be admissible because there will be sufficient testimony to authenticate it. *See Zieman v. City of Detroit*, 81 F.3d 162, 1996 WL 140328 at * 5 (6th Cir. 1996) ("All that is required to establish a foundation for the admission of demonstrative evidence under Fed.R.Evid. 901(a) is the testimony of a witness stating that the item is what its proponent claims it to be."); *See also United States v. Paulino*, 935 F.2d 739, 753 (6th Cir.) ("Both Fed.R.Evid. 1006 and "the established tradition" in this circuit and others allow the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence.")

**F.     Objections to Defendant's Exhibits Nos. 126 and 127 – Out of State Deliveries and Plaintiff's Route Assignment**

The out of state deliveries and route assigment documents consist of the output of data that Defendant keeps in the ordinary course of business in its electronic systems.  Defendant will provide one or more witnesses who will testify to the operation of the system, and to the manner in which the data was collected, stored, and retrieved.  See Fed. R. Evid. 901(b)(1).  Plaintiff had a full opportunity to question Defendant about these exhibts during its 30(b)(6) deposition of Defendant's corporate witness but nevertheless has not raised a genuine question as to the authenticity of the data.  See Fed. R. Evid. 1003.  Further, the parties stipulated that Electronically Stored Information ("ESI") could be produced in pdf format, such as Exhibit 8.  (See Dkt. No. 38, PageID.656).  Finally, the parties also stipulated that "(b) Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court as soon as possible."  (Id. at PageID.650).  Plaintiffs did not raise any objection to Exhibit 8 prior to its current objections, nor did they make any attempt to seek production or verification of the relevant data in its original format.

G.     **Objections to Defendant's Exhibits Nos. 158-184 – Personnel Records**

Plaintiffs' personnel files are directly relevant to a number of different issues in this case, including requirements for commercial drivers' licenses for purposes of the MCA exemption, Plaintiffs' understanding of how they would be compensated for purposes of claims of willfulness on Defendant's part and the statute of limitations defense, and reasons for termination relevant to Plaintiffs' credibility. Most of these exhibits would be used in rebuttal for potential testimony given by Plaintiffs, much of which Defendant cannot predict at this time. Given the already large number of exhibits (244), it would have been burdensome on both parties to have listed each separate document within the personnel files, potentially resulting in more than a thousand separate exhibits.

H.     **Objections to Defendant's Exhibit No. 185 – Check out/Check in Times All Specialists**

This check-out and check-in document consists of the output of data that Defendant keeps in the ordinary course of business in its electronic systems. It further contains a "duration" number calculated using simple math based on that data. Defendant will provide one or more witnesses who will testify to the operation of the system, and to the manner in which the data was collected, stored, and retrieved. *See* Fed. R. Evid. 901(b)(1). Plaintiff had a full opportunity to question

7

Defendant about these exhibts during its 30(b)(6) deposition of Defendant's corporate witness but nevertheless has not raised a genuine question as to the authenticity of the data. *See* Fed. R. Evid. 1003. Further, the parties stipulated that Electronically Stored Information ("ESI") could be produced in pdf format, such as Exhibit 8. (*See* Dkt. No. 38, PageID.656). Finally, the parties also stipulated that "(b) Disputes regarding ESI that counsel for the parties are unable to resolve shall be presented to the Court as soon as possible." (*Id.* at PageID.650). Plaintiffs did not raise any objection to Exhibit 8 prior to its current objections, nor did they make any attempt to seek production or verification of the relevant data in its original format.

To the extent that any summary or calculation in the exhibit is not data directly taken from Defendant's system, it would be admissible because there will be sufficient testimony to authenticate it. *See Zieman v. City of Detroit*, 81 F.3d 162, 1996 WL 140328 at * 5 (6th Cir. 1996) ("All that is required to establish a foundation for the admission of demonstrative evidence under Fed.R.Evid. 901(a) is the testimony of a witness stating that the item is what its proponent claims it to be."); *See also United States v. Paulino*, 935 F.2d 739, 753 (6th Cir.) ("Both Fed.R.Evid. 1006 and "the established tradition" in this circuit and others allow the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence.")

### I. Objections to Defendant's Exhibit Nos. 213-239 – Hours Worked Tables for Plaintiffs

These documents contain calculations for the hours worked of each Plaintiff. The data for these calculations are derived directly from the same sources as Defendant's exhibit numbers 130-157. These exhibits, therefore, are admissible for the same reasons (*See* Section II.E., *supra*).

### J. Objections to Defendant's Demonstrative Exhibits 240-243

Each of these demonstrative exhibits will illustrate testimony given by Defendant's witnesses at trial, and will contain nothing outside of that testimony. *See* Fed. R. Evid. 901 (a) They will provide useful for the jury in understanding that testimony and therefore should be admitted. *See Zieman v. City of Detroit*, 81 F.3d 162, 1996 WL 140328 at * 5 (6th Cir. 1996) ("All that is required to establish a foundation for the admission of demonstrative evidence under Fed.R.Evid. 901(a) is the testimony of a witness stating that the item is what its proponent claims it to be."); *See also United States v. Paulino*, 935 F.2d 739, 753 (6th Cir.) ("Both Fed.R.Evid. 1006 and "the established tradition" in this circuit and others allow the introduction of summary evidence to aid the jury in the examination of testimony or documents in evidence.")

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court allow admission of the objected-to exhibits.

Dated: October 18, 2023

                              Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

## LOCAL RULE CERTIFICATION

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated:  October 18, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## CERTIFICATE OF SERVICE

I hereby certify that on October 18, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: October 18, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings