UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually and on
behalf of those similarly situated,

        Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC,**
a domestic limited liability company,

        Defendant.

Case No. 20-12734

Hon. Mark A. Goldsmith

**PLAINTIFF'S RESPONSE TO DEFENDANT'S MOTION OBJECTING TO PLAINTIFFS' PROPOSED TRIAL EXHIBITS**

    Plaintiff, Justin Guy ("Plaintiff"), by and through his counsel, hereby Responds to Defendant's Motion Objecting to Plaintiffs' Proposed Trial Exhibits ("Motion"), [ECF No. 162], and states:

**A.**   **Defendant's Motion Should be Denied Because it is Premature**.

    As a threshold matter, Defendant's Motion should be denied because it is premature and presupposes who Plaintiff will and will not call, despite the fact that trial has yet to commence. On this grounds alone, the Motion is due to be denied.

    Defendant argues in its Motion that the proposed exhibits, declarations by: (1) Absopure's current employees; (2) Absopure's former employees; (3) J.B. Hunt's Corporate Representative, and (4) J.B. Hunt's Counsel are inadmissible hearsay because Plaintiffs have **not confirmed** that each of the declarants will testify at trial.

(emphasis added). This argument is both premature and founded on an incorrect standard. First, a statement is not hearsay if it is made during trial. *See* Fed.R.Evid. 801(a)-(c). As trial has yet to commence, it's premature to label potential testimony as being outside the confines of trial. Defendant's Motion presupposes that Plaintiff's "may call" means Plaintiff "will not call." There is no basis in fact for such argument, and the Motion is due to be Denied as premature.

Defendant's Motion also urges application of an incorrect legal standard. Plaintiff's non-conformation is out of deference to the Court's inherent power "to manage the presentation of evidence to the jury." ECF No. 150, PageID.7078. This Court alone has discretionary control over the presentation of evidence to "determin[e] the truth and avoid wasting time." *Id.* The Plaintiffs will be ready if called to testify at trial, and Plaintiff has moved for leave to conduct a *de bene esse* deposition of J.B. Hunt's corporate representative.[1] *See* ECF No. 167. In short, Plaintiff has/will take the necessary steps to call the necessary witnesses to his case in chief, but it's at the Court's discretion to perhaps restrict the number of witnesses each Plaintiff can present at trial. Consequently, Plaintiff is neither in a position to guarantee nor obliged to affirm that every witness will testify; such authority rests solely with this Court. Given that the trial is still pending, declarations cannot

---

[1] Pursuant to this Court's Order, Plaintiff also intends to file a brief in support of representative proof/testimony at trial simultaneous with this brief.

2

currently be deemed hearsay and/or inadmissible. Consequently, Defendant's Motion is baseless and should be dismissed in its entirety.

**B.  The Declarations of Danielle Childs, Gary Johnson, Caleb Fish, Lucas Belonga, Paul Okimoto, Jesse Skonieczny, and Ryan Rhodes are Not Hearsay Because They Conform with Fed. R. Evid. 801(d)(2)(D).**

Pursuant to Federal Rule of Evidence 801(d)(2)(D), a statement offered against an opposing party is *not* hearsay if it was "was **made by the party's** agent or **employee on a matter within the scope of that relationship** and **while it existed**." Fed.R.Evid. 801(d)(2)(D) (emphasis added). Opt-in Plaintiffs Danielle Childs, Gary Johnson, Caleb Fish, Lucas Belonga, Paul Okimoto, Jesse Skonieczny, and Ryan Rhodes are current employees of Defendant, and their declarations pertain to a matter within the scope of that employment relationship. Thus, by definition, they are *not* hearsay.

"[T]he question under Rule 801(d)(2)(D) is only whether the statements themselves concerned matters within the scope of employment." *Walsh v. Fusion Japanese Steakhouse, Inc.*, 585 F. Supp. 3d 766, 775 (W.D. Pa. 2022) (citing *United States DOL v. Unitil Serv. Corp.*, 2021 U.S. Dist. LEXIS 221792, at *18 (D.N.H. Nov. 17, 2021)); *see also* Fed. R. Evid. 801(d)(2)(D) Advisory Committee Notes ("A substantial trend favors admitting statements related to a matter within the scope of the agency or employment."); *Solis v. China Star of Wichita, Inc.*, 2012 U.S. Dist. LEXIS 42335, at *6 (D. Kan. Mar. 28, 2012) (employee statements "concerning the

hours worked and rates of pay" are not hearsay because they were "made while the individuals were employed by defendants and address matters within the scope of that relationship."). "Thus, under Rule 801(d)(2)(D), the Court concludes that the Kitchen Employee Statements are not hearsay to the extent they concern matters within the scope of the declarant's employment, specifically each employee's (1) identity; (2) job title and responsibilities; (3) hours worked; (4) rates and methods of pay; (5) direct supervision; and (6) timekeeping." *Walsh* 585 F. Supp. 3d at 775-76. (W.D. Pa. 2022).

Here, each of the above-named declarants were an employee of Absopure when they made the statements Defendant objects to. Each statement concerned matters within the scope of the declarant's employment, such as hours worked, routes responsibilities, and vehicle driven. Because the declarations fall squarely within the contours of Rule 801(d)(2)(D), the declarations of the above-named declarants are definitively not hearsay. As such, Defendant's Motion in with regard to such declarations must be Denied.

**C.    The Declarations of the Plaintiffs Are also Admissible because Defendant Indisputably Failed to Keep Accurate/Exact Records of Plaintiffs' Time Worked, in Violation of the FLSA, and They Are Reasonable Estimates of Time Worked in Lieu of Time Records.**

Defendant's objection to the estimates of time worked provided by Plaintiffs in the face of its acknowledged failure to keep accurate/exact records of Plaintiffs' time worked, in violation of the FLSA, is likewise without basis. Here, it is

undisputed that Defendant failed to accurately record Plaintiffs' time worked and thus, binding Sixth Circuit authority provides that Plaintiffs may use an estimated average their time worked through a combination of representative live testimony and declaration testimony.

"[A]n employee bringing...suit [under the FLSA] has the 'burden of proving that he performed work for which he was not properly compensated.'" *Monroe v. FTS USA, LLC*, 860 F.3d 389, 398 (6th Cir. 2017) (quoting *Anderson v. Mt. Clemens Pottery Co.*, 328 U.S. 680, 686-87 (1946)). However, where the employer's records are inaccurate or inadequate, an employee can carry his burden "if he proves that he has in fact performed work for which he was improperly compensated and... produces sufficient evidence to show the amount and extent of that work as a matter of just and reasonable inference." *Id*. at 398-99 (quoting *Mt. Clemens* at 687, 66 S.Ct. 1187). Estimates may suffice under this standard because "an inaccuracy in damages should not bar recovery for violations of the FLSA or penalize employees for an employer's failure to keep adequate records." *Id*. at 412 (citing *Mt. Clemens* at 1187).

Here, Absopure never produced their time or pay records, and even if these records were available for review, Absopure acknowledges they would be inaccurate because Absopure did not adhere to the FLSA's recordkeeping requirements. *See* 29 U.S.C. § 211(c). Thus, most Plaintiff-employees have provided sworn declarations as evidence to show the amount they worked without proper compensation. These

5

declarations are also used to estimate the average damages owed to the Plaintiff-employees who did not submit a sworn declaration. *See Monroe*, 860 F.3d at 411-12 (citing *U.S. Dep't of Labor v. Cole Enters., Inc.,* 62 F.3d 775, 781 (6th Cir. 1995) (allowing information pertaining to testifying witnesses to be used to make estimates and calculations for similarly situated employees who did not testify).

Under virtually identical circumstances, both the Sixth Circuit and district courts within it have repeatedly held that such declarations "sufficient evidence to show the amount and extent of [their] work as a matter of just and reasonable inference." *See, e.g., Long v. Morgan*, 451 F. Supp. 3d 830, 833–34 (M.D. Tenn. 2020) ("[T]he Court will calculate Plaintiffs' damages based on the [] sworn declarations"), citing *Cole Enters., Inc*., at 398-99; *see also Scarbrough v. Motivated & Empowered, Inc*., 2022 WL 896672, at *3 (N.D. Ohio Mar. 28, 2022) ("Plaintiffs' declarations constitute sufficient evidence on the record from which the Court can determine damages… the Court relies on Plaintiffs' declarations to support their claims that they were not compensated for certain hours that they worked."); *Berry v. Fun Time Pool & Spa, Inc.*, 2020 WL 4057577, at *3 (S.D. Ohio July 20, 2020) (relying on plaintiffs' declarations to prove damages in the absence of accurate time records from employer); *State ex rel. Storbakken v. Scott's Elec., Inc.,* 846 N.W.2d 327, 333–34 (N.D. 2014) ("In determining the amount of wages due, a court may

6

consider evidence of an investigator's estimates based on employees' interview statements, the employment records and the employees' testimony at trial.").

In these declarations, Plaintiffs provide testimony of their hours worked. Absopure will have an opportunity to come forward with any evidence disputing these estimates or detailing the exact number of hours each Plaintiff worked, but if it fails to do so Plaintiffs' estimates can and should be accepted. *See Monroe*, 860 F.3d at 407 (citing *Mt. Clemens*, 328 U.S. at 687-88, 66 S.Ct. 1187) (noting that if the employer fails "to prove the precise amount of work performed or otherwise rebut the reasonably inferred damages amount[,]...the court may award the reasonably inferred, though perhaps approximate, damages"); *Herman v. Harmelech*, 2000 U.S. Dist. LEXIS 5523, at *7 n.3 (N.D. Ill. Apr. 13, 2000) ("The estimation of backwages set forth in the declaration does not constitute hearsay because it is offered merely to establish the total damages reflected in the underlying evidence -- i.e., copies of paychecks and the employees' declarations. All 69 employees have submitted declarations setting forth the backwages owed them, along with copies of the relevant paychecks, where available.").

Against this unfavorable legal backdrop, Defendant attempts to clumsily fit its arguments into its Motion. A statement is hearsay only if it is offered to prove the truth of the matter asserted. *See* Fed. R. Evid. 801(a)-(c) (emphasis added). Because the Motion is premature, Defendant itself is unclear what purpose Plaintiff offers it.

7

As such, it cannot fully develop its argument and thus argues that Plaintiffs "clearly intend to use these exhibits to prove the truth of some matter – hours worked . . ." ECF No. 162, PageID.7991 (citing Dkt. No. 152, PageID.7194).

Here, Opt-In Plaintiffs' declarations meet the standard as they, like the employees in *Herman*, have submitted declarations setting forth estimates of backwages owed to them. Defendant's argument is nothing more than a complaint that Plaintiff's damages are not exact. A finding that these estimates are inadmissible would reward the employer for not following the law. Straying from caselaw to adopt Defendant's argument would require plaintiffs produce authenticated records detailing the hours worked in all FLSA cases. *See Mt. Clemens* at 686-87 (employees should not be penalized for not providing proving his FLSA claim precisely). It is for these reasons that Plaintiffs' declarations are admissible.

Furthermore, Plaintiffs do not offer the declarations to show exact working hours. Instead, Plaintiffs offer the declarations as estimates based on their recollection from which the jury can draw the inferences it chooses to assist it in assessing damages for non-testifying employees, should there be any such employees. *See Cole Enters*., 62 F.3d at 781 (Consideration of estimates based on "employees' interview statements, the employment records, and the employees' testimony . . . . is appropriate in determining the amount of back wages due [and

may also be] used to make estimates and calculations for similarly situated employees who did not testify.").

Typically, juries in FLSA cases use representative testimony from a subset of plaintiffs to facilitate the presentation of proof of FLSA violations, when such proof would normally be individualized. *See Monroe*, 860 F.3d at 407 (collecting cases) (emphasizing the necessary utility of representative testimony in FLSA cases to establish class-wide liability as having "long been accepted."). Here, Plaintiffs provided more than just a subset, they've provided the entire dataset. The jury, as the fact finder, is free to rely on only a subset, all of it, or none. For these reasons, the testimony is not hearsay and Defendant's Motion should be denied.

### D. J.B. Hunt's Certification of Records is Admissible Under Fed. R. Evid. 803(7).

Defendant states that the certification provided by Brooke Leddon's, J.B. Hunt's counsel in response to a subpoena that the requested documents do not exist are hearsay. However, Fed. R. Evid. 803(7) provides that absence of a record of a regularly conducted activity is excepted from the rule against hearsay if a record was regularly kept for a matter of that kind and the opponent, Defendant, does not show circumstances indicating a lack of trustworthiness and again, the challenged evidence falls squarely within the rules which define non-hearsay.  Thus, Defendant's objection to the certification is due to be overruled.

Here, Plaintiff subpoenaed J.B. Hunt for this information. If a contract between commercial entities existed, J.B. Hunt would have maintained a copy within the ordinary course of its business. In J.B. Hunt's response to the subpoena, Ms. Leddon states, under penalty of perjury, that she is familiar with the "documents and records received, created, and relied upon by J.B. Hunt in the ordinary course of business and that the records below, [contract between Absopure and J.B. Hunt] do not exist." Exh. 7; ECF No. 115, PageID.4758, 4767. This certification is sufficient to demonstrate that the records (or lack thereof) are ordinary business records, and thus non-hearsay.

Defendant shows no circumstances indicating lack of trustworthiness and cannot explain how or why the certification is hearsay. Because the absence of a record of the contract does not exist, where such a record would regularly be kept, and Defendant, as the opponent, fails to make any lack of trustworthiness showing, Plaintiff's proposed exhibit is excepted from the rule against hearsay and thus, admissible. As such. Defendant's Motion should be DENIED.

## **CONCLUSION**

For the aforementioned reasons, Defendant's Motion is due to be denied to the extent it seeks to preclude evidence as inadmissible hearsay.

Dated: October 18, 2023

Respectfully submitted,

*/s/ Andrew R. Frisch*
Andrew R. Frisch
MORGAN & MORGAN, P.A.
8151 Peters Road, Suite 4000
Plantation, FL 33324
(954) WORKERS
afrisch@forthepeople.com

-and-

Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 251-1399
mhanna@forthepeople.com

*Attorneys for Plaintiffs*

## **LOCAL RULE CERTIFICATION**

I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

## PROOF OF SERVICE

The undersigned certifies that on October 18, 2023, the foregoing document was served electronically upon all attorneys of record.

 */s/ Michael N. Hanna, Esq.*
Michael N. Hanna, Esq.
