# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**, a domestic limited liability company,

    Defendant.

_____/

Case No.:  20-CV-12734

Hon. Mark A. Goldsmith

## PLAINTIFF'S REPLY IN FURTHER SUPPORT OF HIS MOTION FOR LEAVE TO CONDUCT ONE *DE BENE ESSE* DEPOSITION OF J.B. HUNT'S CORPORATE REPRESENTATIVE

Plaintiff, Justin Guy, on behalf of himself and the finally certified class of Opt-in Plaintiffs, hereby files this Reply in further support of Plaintiff's Motion for Leave to Conduct one *de bene esse* Deposition of J.B. Hunt's Corporate Representative, and states:

Defendant opposes J.B. Hunt's *de bene esse* corporate representative deposition in apparent hopes that J.B. Hunt will fail to attend and testify live at trial, allowing it to further its false narrative regarding the entity that was the "shipper."[1]

---

[1] If Defendant truly was the shipper, and arranged the interstate transportation with J.B. Hunt as it claimed to avoid summary judgment, it would welcome J.B. Hunt's testimony.

The Court Should Grant Plaintiff's Motion to conduct *de bene esse* deposition to secure this critical testimony, for the convenience of the third-party, and to ensure the presentment of this critical evidence to allow the jury to make its fact findings on a full and complete record.  Fed.R.Evid. 611(a).

Defendant has not, because it cannot, claim it will be substantively prejudiced by the requested *de bene esse* deposition **that will take less than one hour over zoom, to avoid inconveniencing the third-party Arkansas corporation**. *See* Order Granting Defendant's Motion for Leave to File Third Motion for Summary Judgment, ECF No. 150, PaeID.7077 ("[T]he passage of a few weeks is not an undue burden[.]"); *see also Jordan v. Menjoulet*, 2023 WL 2746795, at *17 (E.D. Mich. Mar. 31, 2023) ("Jordan missed her deadline to complete (three) de bene esse depositions, see 5/28/21 Order (Dkt. 22), but there is no apparent prejudice to Menjoulet.")

To the extent Defendant seeks an opportunity to object to certain questions at the *de bene esse* deposition, Defendant is (and previously was) invited to attend the deposition in person and lodge its objections in real-time.  Plaintiff conferred with Defendant's sole trial counsel, Mr. Acho, and he initially agreed to attend, but requested that Plaintiff accommodate his schedule, to which Plaintiff agreed. *See* ECF No. 167-3. Likely perceiving a chance at gamesmanship that has marred these proceedings throughout, Defendant later objected to the deposition going forward at

2

all. Regardless, to the extent Defendant would prefer to submit written objections, Plaintiff does not object to a reasonable extension to Defendant's deadline to object to the *de bene esse* deposition for that purpose, to ensure that Defendant will not be prejudiced.

In tacit acknowledgment that it cannot demonstrate any prejudice, Defendant focuses its five-page response brief on its contention that Plaintiff was not diligent. The Court is well aware of Plaintiff's diligent efforts in prosecuting this collective action in an orderly fashion. *See* Docket, generally. The problem is not Plaintiff's lack of diligence here. Rather, the issue is that following the Court's Order denying Defendant's Motion for Summary Judgment was denied, Defendant has repeatedly declined any invitations to mediate this matter, and instead sought to restart this litigation by filing a barrage of vexatious and frivolous motions, most of which required responses under tight deadlines. *See* Docket, generally. Defendant never previously indicated that it intended to object to the admission of the documentation obtained from J.B. Hunt in response to Plaintiff's subpoena, or that it contested the facts in the J.B. Hunt declaration. Rather, Defendant has desperately sought to spin the facts in a manner in which it contends that while J.B. Hunt was unquestionably the shipper, under its misguided definition of the legal term "shipper" J.B. Hunt only served its role at the direction of Defendant.

As indicated in Plaintiff's Motion, after the close of discovery, Defendant

3

exchanged several drafts of the Proposed Joint Final Pretrial Order with its input, including on September 30, 2023, October 1, 2023, and October 6, 2023, which indicated that Defendant will not be objecting to the records. *See* ECF No. 167. On October 9, 2023, however, Defendant amended certain portions of the Proposed Final Pretrial Order, and—for the first time—indicated that it intends to object to J.B. Hunt's declaration and certificate of records. Immediately thereafter, Plaintiff's counsel secured a date to conduct a *de bene esse* deposition of J.B. Hunt's corporate representative and, two days later, sent notice of conducting J.B. Hunt's *de bene esse* deposition on October 11, 2023. *Compare* Order Granting Defendant's Motion for Leave to File Third Motion for Summary Judgment, ECF No. 150, PageID.7076 ("Had Absopure been acting with diligence it would have noted its intent to file such a motion at that time.")

At bottom, Defendant will not be prejudiced, it can either attend the *de bene esse* deposition live or later submit any objections it has, and the interest of justice necessitates securing this critical testimony, for the convenience of the third-party.

WHEREFORE, Plaintiff respectfully requests the Court GRANT his Motion for Leave to Conduct One *De Bene Esse* Deposition of J.B. Hunt's Corporate Representative.

Respectfully submitted,

Dated: October 19, 2023

        By: /s/ *Michael N. Hanna*
           MORGAN & MORGAN, P.A.
           Michael N. Hanna
           Michigan Bar No.: P81462
           Florida Bar No.: 85035
           2000 Town Center, Suite 1900
           Southfield, MI 48075
           (313) 739-1953
           mhanna@forthepeople.com

           */s/ Andrew R. Frisch*
           MORGAN & MORGAN, P.A.
           Andrew R. Frisch
           8151 Peters Road, Suite 4000
           Plantation, FL 33324
           (954) WORKERS
           afrisch@forthepeople.com

           *Attorneys for Plaintiff*

## LOCAL RULE CERTIFICATION

I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed using the CM/ECF system on October 19, 2023, which I understand will send a notice of same to all counsel of record.

*/s/ Michael N. Hanna*
Michael N. Hanna

1