UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.                            Case No. 2:20-cv-12734-MAG-EAS
                                  HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

_____

**DEFENDANT'S REPLY IN SUPPORT OF ITS SECOND MOTION FOR
SUMMARY JUDGMENT BASED ON THE STATUTE OF LIMITATIONS**

     Defendant Absopure Water Company, LLC hereby submits this reply to Plaintiffs' response in opposition (Dkt. 164) to its second motion for summary judgment based on the statute of limitations.

**<u>COUNTER STATEMENT OF ADDITIONAL MATERIAL FACTS</u>**

     1.    Admit.

     2.    Contested. Defendant admits that it filed a motion to dismiss but denies that it "delayed adjudication of this matter" and the motion was "meritless".

     3.    Admit.

     4.    Admit.

     5.    Admit.

6.    Admit.

7.    Admit.

8.    Contested.  Defendant admits that the Joint Discovery Plan called for bifurcated discovery and "to equitably toll all other deadlines in this matter."  (Dkt. 14, PageID.260).  The Joint Discover Plan did not call for, and Defendant did not agree to, "equitably toll any putative class members' claims until completion of the class certification period."  (*See id.*)  The Joint Discovery Plan as a whole was specifically related to ***discovery*** and the agreement to toll case deadlines was in the section of the Plan specifically directed to "***5) Ðiscovery***", and thus the agreed tolling was limited to discovery deadlines, not to any substantive claim in the litigation. (*Id.*, PageID.259-260).

9.    Admitted to the extent that the agreement to toll ***discovery*** deadlines was related to the agreement to bifurcate discovery.

10.    Contested.  The agreement to bifurcate discovery equally benefitted both parties by saving both parties the cost and effort of conducting discovery related to as yet unknown potential plaintiffs.

11.    Contested.  Plaintiff provides no evidence to support this hypothetical.

12.    Contested.

13.    Admit.

14.    Admit.

2

15.    Admit.

16.    Contested. Admit that a special master was appointed.

17.    Admit.

18.    Admit.

19.    Admit.

20.    Admit.

21.    Admit.

22.    Admit.

23.    Contested.   Plaintiffs provide no evidence for this hypothetical. Further, the Complaint in this action was not filed until October 8, 2020.  (Dkt. 1).

24.    Admit.

25.    Admit.

26.    Contested.  Defendant's arguments in its motion to decertify constituted no reliance, explicit or implicit, on any non-existent "stipulation" and did not address the issue of equitable tolling in any way.  (*See* Dkt. 127).

27.    Admit.

28.    Contested.  There was no stipulation for equitable tolling.

29.    Admit as the period prior to Defendant's initial, stricken, September 8, 2023 motion for summary judgment based on the statute of limitations.  (*See* Dkt. 142).

30.      Admit.

31.      Contested.  Admit that Defendant filed a second motion for summary judgment based on the statute of limitations on September 15, 2023.  (Dkt. 147).

32.      Contested.

**ARGUMENT**

**INTRODUCTION**

This is a case that should never have been filed.   Absopure is an old and well-established company that has an excellent history of compensating its employees.

In recent memory, going back almost ten years, there have been no claims by any employee regarding compensation.  In that time, Absopure has employed 400 employees.   There is no instance of any prior FLSA claim being made against Absopure to be found in the entire Westlaw database.

One lone Plaintiff, Mr. Guy, filed this lawsuit against Absopure, and in his deposition, he did not identify that he lost any money.  Even though he complained, Plaintiff continued to work for Absopure for almost two years, knowing how he was being compensated. However, the way that this case has been prosecuted by Plaintiff has caused Absopure to be engaged in an unnecessary trial.

From the beginning, employees are told how they are going to be paid.  This information is also included in the Associate Handbook.  Further, employees receive

daily commission sheets outlining the commissions earned each day, and employees also receive regular pay statements outlining their pay.

The Associate Handbook specifically tells employees that there is an "open door" policy to resolve problems. Employees are further advised that open communication is essential and to direct any questions about any practice, procedure, guideline or rule regarding their employment to their supervisor/leader, Human Resource representative or through the Open Line Communication program.

The simple fact is that, before receiving notices in this case, none of the other Plaintiffs sought to pursue any alleged claim against Absopure even though they had worked there starting many years ago – even up to 23 years.  There is no basis in the caselaw nor in justice to excuse these Plaintiffs for having slept on their rights before the clearly articulated time limits set forth in statute of limitation of 29 U.S.C. §§ 255(a) and 256(b).

Plaintiffs' manufacture of a "stipulation" to toll this statute of limitations is based on trivial circumstantial evidence completed contradicted by the actual circumstances.  Plaintiffs' arguments for equitable tolling improperly functions to make a dead letter out of 29 U.S.C. § 256(b), which states that an action commences when opt-in plaintiffs file their consents to join, not before.

## I.   THERE WAS NO STIPULATION OR AGREEMENT TO TOLL THE STATUE OF LIMATIONS

Plaintiffs tacitly admit that there is no actual language backing their claim of some "stipulation" to toll the statute of limitations.  They point to no reference to any "agreement", any "stipulation", the "statute of limitations" nor any synonym – not in the Joint Discovery Plan, not in any email, not in any prior or subsequent court document or anywhere else.  (*See, generally,* Dkt. 164).  Plaintiffs do not even allege some oral agreement.  (*Id.*).  Instead, they rely completely on highly tenuous circumstantial evidence that is completely contradicted by much more solid evidence.

First, the Joint Discovery Plan itself heavily militates against any interpretation that the parties "stipulated" to "equitably toll" the "statute of limitations" for potential opt-in plaintiffs "claims".  As noted above, none of these appear anywhere in the language on which Plaintiffs rely.  (Dkt. 14, PageID.260). The document as a whole is a "Joint ***Discovery*** Plan".  (*Id.*, PageID.257).  The section in which the language is located is titled "5) Discovery".  *(Id.*, PageID.259). That section then provides a list of normal internal case "DEADLINES".  *(Id.,* PageID.260).  Thus, the clear meaning of "deadlines" in the phrase "equitably toll all other ***deadlines***" is clearly limited to internal case deadlines, not any statute of limitations period.  *See Progressive Rail Inc. v. CSX Transportation, Inc.*, 981 F.3d 529, 533 (6th Cir. 2020) ("we do not use words discovered through extrinsic evidence

to contradict the direct and most reliable evidence of the meaning of a contract: the words within its four corners.") (citing *CITGO Asphalt Refin. Co. v. Frescati Shipping Co.*, 589 U.S. ——, 140 S. Ct. 1081, 1088, 206 L.Ed.2d 391 (2020).

To the extent that the term "deadlines" can somehow be considered to be ambiguous enough to encompass "statute of limitations", Plaintiffs could not exploit such an ambiguity because Plaintiff was the original drafter of this this language. (Exh. 7 March 16, 2021 Email, Hanna to Acho, attaching draft joint discovery plan, page 10 of 11 in pdf); *Royal Ins. Co. of America v. Orient Overseas Container Line Ltd.,* 525 F.3d 409, 423 ("ambiguities in contracts should be construed against the drafter.").  At the very least, it was Plaintiffs' burden to explain what they meant.

Extrinsic evidence confirms that there was no  "stipulation" because the Court has a specific procedure for stipulations and nothing close to this procedure was followed.

### Submission of Proposed Stipulated Orders

Proposed and stipulated orders should not be e-filed.  Rather, they should be submitted to chambers through the document utilities feature of CM/ECF.  See Rule R11 of the Electronic Filing Policies Procedures. Submissions must be in current WordPerfect or Word format. Electronic signatures must conform to Rule R9 of the Electronic Filing Policies and Procedures.

Hon. Judge Goldsmith Practice Guidelines.

## II.    EQUITABLE TOLLING IS NOT WARRANTED

Plaintiffs' response fails to make any substantial case for equitable tolling.

The Supreme Court has laid down the basic criteria which Plaintiffs cannot meet:

> Federal courts have typically extended equitable relief only sparingly. We have allowed equitable tolling in situations where the claimant has actively pursued his judicial remedies by filing a defective pleading during the statutory period, or where the complainant has been induced or tricked by his adversary's misconduct into allowing the filing deadline to pass.  We have generally been much less forgiving in receiving late filings where the claimant failed to exercise due diligence in preserving his legal rights.

*Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 96, 111 S.Ct. 453, 457-58, 112 L.Ed.2d 435 (1990) (citations omitted).  Plaintiffs meet none of these criteria.

First, Plaintiffs complete fail to show how the have "actively pursued [their] judicial remedies" or how they have "exercise[d] due diligence."  (*See id.*).  They point to no action of any kind on the Opt-In Plaintiffs' part, let alone any action that could constitute actively pursuing remedies or exercising due diligence.  (*See id.*; and *generally,* Dkt. 164, PageID.8079-8084).  Plaintiffs simply argue that "there is no evidence that any of the Plaintiffs were aware of their FLSA rights prior to receipt of the notice from the Court."  This is meaningless.  "It is well-settled that ignorance of the law alone is not sufficient to warrant equitable tolling."  *Rose v. Dole,* 945 F.2d 1331, 1335 (6th Cir.1991).  Plaintiffs do not address this basic rule.

Next, Plaintiffs fail to show how the Opt-In Plaintiffs have "been induced or tricked by [Defendant]'s misconduct into allowing the filing deadline to pass."

*Irwin, supra,* 111 S.Ct., at 458.    Plaintiffs point to Defendant's so-called "obstructionist tactics" during litigation.  (Dkt. 164, PageID.8080-81).  However, none of these alleged "obstructionist tactics" provide any excuse.  There is no evidence that Defendant somehow "tricked" named Plaintiff Guy, through his supposedly knowledgeable counsel, to delay adjudication of collective action certification, thus delaying the sending of notices.  There is no evidence that Defendant drafted or suggested the language on which Plaintiffs relies that somehow fooled them into thinking the statute of limitations would be tolled.  There is no evidence that Defendant somehow mislead counsel into thinking that this obscure wording, "equitably toll all other deadlines", ***drafted by Plaintiffs*** (Exh. 7), in the midst of a "Discovery" section of a "Joint *Discovery* Plan", placed right after a series of internal case "deadlines" somehow really meant "toll the statute of limitations" even though the term "statute of limitations" is nowhere to be found inside or outside of the Joint Discovery Plan No.  To the extent that Plaintiffs' counsel honestly believes this, it was counsel who fooled themselves.  They ***chose*** to delay the sending of notices by agreeing to the Joint Discovery Plan without obtaining a clear agreement to toll the statue of limitations.  It is thus ***Plaintiffs*** conduct, not Defendant's that resulted in any delay.

To allow the Opt-In Plaintiffs to gain the benefit of the named Plaintiffs mistakes would create a false set of criteria which gives opt-in plaintiffs much

*greater* rights than named plaintiffs.  No case anywhere grants equitable tolling to an original named plaintiff in an FLSA collective based on the actions of litigants in a case he or she is not party to and of which he or she is not aware.  There is no basis to assert that opt-in plaintiffs should have this exceptional, windfall privilege over named plaintiffs.  *See Clark v. A&L Homecare & Training Ctr., LLC* 68 F.4th 1003, 1009 (6th Cir. 2023) ("employees who join an FLSA action become parties with the same status in relation to the claims of the lawsuit as do the named plaintiffs.'"); *Canaday v. Anthem Companies, Inc.*, 9 F.4th 392, 397 (6th Cir. 2021) ("In an FLSA collective action . . . each opt-in plaintiff becomes a real party in interest, who must meet her burden for obtaining relief and satisfy the other requirements of party status.").

If there is to be any tolling, it could thus only be due to ***Defendant's*** action, and Plaintiffs' have identified none.

## CONCLUSION

For the foregoing reasons and those in its motion for summary adjudication, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to apply the statute of limitations found in 29 U.S.C. §§ 255(a) and 256(b) and dismiss Opt-In Plaintiffs' claims for alleged violations occurring prior to two or three years prior to the filing of their consent forms..

Dated: October 19, 2023

_s/ Ronald G. Acho_
Ronald G. Acho
Cummings, McClorey, Davis &
Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

Dated: October 19, 2023

/s/ _Michael O. Cummings_
Michael O. Cummings
Cummings, McClorey, Davis &
Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, 3rd FL.
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

Dated: October 19, 2023

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it a request has been filed to exceed the page limit.

Dated: October 19, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

I hereby certify that on September 8, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: October 19, 2023

/s/ *Michael O. Cummings*

Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506