UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                                    Case No. 2:20-cv-12734-MAG-EAS
                                               HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM ON PREPRESENTATIVE TESTIMONY PURSUANT TO THE COURT'S ORDER (DKT. 180)**

Defendant hereby submits this memorandum regarding representative testimony at trial pursuant to the Court's order (Dkt. 180) and in response to Plaintiffs' supplemental memorandum on representative testimony (Dkt. 187).

**A.    Representative Testimony**

Plaintiffs fail to make any argument whatsoever to justify the use of "representative" testimony at trial. They make no attempt to show why such testimony would constitute valid or reliable evidence. *See Tyson Foods, Inc. v. Bouaphakeo,* 577 U.S. 442, 454-455, 136 S.Ct. 1036, 1046, 194 L.Ed.2d 124 (2016).

Plaintiffs have, instead, demonstrated precisely why "representative" testimony cannot be allowed in this case. Per the Court's order (Dkt. 166), Plaintiffs

have submitted a number of "declarations"[1] purporting to state the number of times certain Plaintiffs drove "small vehicles". Absopure has conclusively determined that there has been fraud caused by Plaintiffs' counsel in the submission of these "declarations" by multiple Plaintiffs. Absopure will file a Motion to Dismiss and for Sanctions within the next several days because of this fraudulent conduct brought about by the procurement and presentation of false "declarations" by Plaintiffs' counsel in furtherance of this case for trial.

Plaintiffs' attempt to use "representative" testimony is thus nothing more than a smokescreen to present such fraudulent testimony at trial without any scrutiny – under which it would fall apart quickly. This would represent a fundamental violation of Absopure's due process rights.

The Supreme Court has been clear: there is no automatic right to use representative testimony, even in class actions. *Tyson Foods, supra*, 577 U.S. at 454-455. Rather, the party offering such evidence must prove that it is reliable under the Rules of Evidence. *Id.* at 459. Plaintiffs have made no attempt to make this showing, i.e., why the "four to five" Plaintiffs intend to have testify are, in fact, "representative" or how they might constitute a statistically significant sample – nothing.

---

[1] These "declarations" did not state that they were made under "penalty of perjury" pursuant 28 U.S.C. § 1746(2) and thus do not satisfy the Court's order. (*See* Dkt. 166, PageID.8108).

Instead, Plaintiffs argue that Defendant has no right to call as adverse witnesses any Plaintiffs that do not take the stand in their case in chief. (Dkt. 187, PageID.8644). That is not the issue the Court has asked the parties to address. (*See* Dkt. 165, PageID.8103; Dkt. 180, PageID.8236). It is also not ripe as Defendant has only generally reserved the right on a may-call basis. In any case, it is irrelevant to the issue of whether Plaintiffs are entitled to proceed on a representative basis.

### B.  Request to Bifurcate

Without benefit of a separate motion and without benefit of any attempt to concur with Absopure, Plaintiffs request to bifurcate trial on the small vehicle issue. (Dkt. 187, PageID.8645). Nearly a month after the parties filed a proposed JFPO, less than a month before trial and just one week before the pretrial conference, this issue is both untimely and improperly raised.

### CONCLUSION

For the reasons set forth above and in Absopure's prior memorandum (Dkt. 178), Absopure respectfully requests this Honorable Court to deny the use of "representative" testimony with respect to the hours worked and small vehicle usage issues.

Dated: November 7, 2023

| | |
|---|---|
| *s/ Ronald G. Acho* <br> Ronald G. Acho <br> Cummings, McClorey, Davis & <br> Acho, P.L.C. | */s/ Michael O. Cummings* <br> Michael O. Cummings <br> Cummings, McClorey, Davis & <br> Acho, P.C. |

3

| | |
|---|---|
| 17436 College Parkway | Attorneys for Defendants |
| Livonia, MI 48152 | 1185 Avenue of The Americas, 3rd FL. |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

## LOCAL RULE CERTIFICATION

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts).

Dated: November 7, 2023

>/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## CERTIFICATE OF SERVICE

I hereby certify that on November 7, 2023 I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: November 7, 2023

>/s/ *Michael O. Cummings*

Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506