# EXHIBIT B

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

-v-

Case No. 20-cv-12734-MAG-EAS
HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC,
a domestic limited liability company,

    Defendant.
_____/

### SEVENTH AFFIDAVIT OF PATRICK BYRNE

**STATE OF MICHIGAN**     )
                                     ) ss.
**COUNTY OF WAYNE**       )

Patrick Byrne, being first duly sworn, deposes and states as follows:

    1.    My name is Patrick Byrne and I am currently employed as an Accounting Manager with Absopure Water Company, LLC ("Absopure"), the Defendant herein. I have been employed by Absopure since April, 1996.

    2.    I have personal knowledge of the facts in this Affidavit and can testify as to them if called upon to do so.

    3.    I am well familiar with Absopure's operations and am conversant with the records of the Company.

    4.    I have carefully and objectively reviewed the Declaration of Opt-In

Plaintiff Ryan Rhodes.

5. I have done a thorough investigation and have conclusively determined that the Declaration of Plaintiff Rhodes is <u>false and fraudulent</u> and is not based on fact.

6. In his Declaration, Plaintiff Rhodes states: "To the best of my recollection, I drove a vehicle that weighs 10,000 pounds or less 1 time per month." (Rhodes Dec., ¶ 5).

7. The assertion in Plaintiff Rhodes' Declaration that he drove a vehicle that weighs 10,000 pounds or less one time per month is untrue.

8. I have reviewed Absopure's records, and Absopure's records indisputably show that Plaintiff Rhodes *never* drove a vehicle for Absopure that weighed 10,000 pounds or less.

9. For these reasons, I am confident that Plaintiff Rhodes' statement that he drove a vehicle that weighs 10,000 pounds or less one time per month is <u>not a truthful statement</u>.

10. I have carefully and objectively reviewed the Declaration of Opt-In Plaintiff Keith Brown.

11. I have likewise investigated and conclusively determined that the Declaration of Plaintiff Brown is <u>false and fraudulent</u> and is not based on fact.

12. In his Declaration, Plaintiff Brown states: "To the best of my

2

recollection, I drove a vehicle that weighs 10,000 pounds or less once per month." (Brown Dec., ¶ 5).

13. The assertion in Plaintiff Brown's Declaration that he drove a vehicle that weighs 10,000 pounds or less once per month is untrue.

14. I have reviewed Absopure's records, and Absopure's records indisputably show that Plaintiff Brown *never* drove a vehicle for Absopure that weighed 10,000 pounds or less.

15. For these reasons, I am confident that Plaintiff Brown's statement that he drove a vehicle that weighs 10,000 pounds or less once per month is <u>not a truthful statement</u>.

16. I have carefully and objectively reviewed the Declaration of Opt-In Plaintiff Antony Newkirk.

17. I have likewise investigated and conclusively determined that the Declaration of Plaintiff Newkirk is <u>false and fraudulent</u> and is not based on fact.

18. In his Declaration, Plaintiff Newkirk states: "To the best of my recollection, I drove a vehicle that weighs 10,000 pounds or less 1.3 times per month." (Newkirk Dec., ¶ 5).

19. The assertion in Plaintiff Newkirk's Declaration that he drove a vehicle that weighs 10,000 pounds or less 1.3 times per month is untrue.

20. I have reviewed Absopure's records, and Absopure's records

3

indisputably show that Plaintiff Newkirk *never* drove a vehicle for Absopure that weighed 10,000 pounds or less.

21. For these reasons, I am confident that Plaintiff Newkirk's statement that he drove a vehicle that weighs 10,000 pounds or less 1.3 times per month is <u>not a truthful statement</u>.

22. I have likewise investigated and conclusively determined that the Declaration of Dannielle Childs is <u>false and fraudulent</u> and is not based on fact.

23. In his Declaration, Plaintiff Childs states: "To the best of my recollection, I drove a vehicle that weighs 10,000 pounds or less 2 to 3 times per month." (Childs Dec., ¶ 5).

24. The assertion in Plaintiff Childs' Declaration that he drove a vehicle that weighs 10,000 pounds or less two to three times per month is untrue.

25. I have reviewed Absopure's records, and Absopure's records indisputably show that Plaintiff Childs *never* drove a vehicle for Absopure that weighed 10,000 pounds or less.

26. For these reasons, I am confident that Plaintiff Childs' statement that he drove a vehicle that weighs 10,000 pounds or less two to three times per month is <u>not a truthful statement</u>.

27. I have carefully and objectively reviewed the Declaration of Opt-In Plaintiff Paul Okimoto.

4

28. I have likewise investigated and conclusively determined that the Declaration of Plaintiff Okimoto is <u>false and fraudulent</u> and is not based on fact.

29. In his Declaration, Plaintiff Okimoto states: "I drove exclusively within the state of Michigan for Defendant." (Okimoto Dec., ¶ 3).

30. The assertion in Plaintiff Okimoto's Declaration that he drove exclusively in the state of Michigan for Absopure is untrue.

31. I have reviewed Absopure's records, and these records show that Plaintiff Okimoto drove a vehicle for Absopure outside the State of Michigan on multiple occasions.

32. For these reasons, I am confident that Plaintiff Okimoto's statement that he drove exclusively for Absopure within the State of Michigan is <u>not a truthful statement</u>.

33. In his Declaration, Plaintiff Okimoto also states: "To the best of my recollection, I estimate that I drove a vehicle that weighs 10,000 pounds or less at the start of my employment four to five times per week until January 2022." (Okimoto Dec., ¶ 5).

34. The assertion in Plaintiff Okimoto's Declaration that he drove a vehicle that weighed 10,000 pounds or less four to five times a week from the start of his employment until January of 2022 is untrue.

5

35. I have reviewed Absopure's records, and these records indisputably show that Plaintiff Okimoto drove a vehicle that weighed 10,000 pounds or less 18 times during October 2021, and one time in each of September and November 2021, and twice in January 2022.

36. Absopure's records further show that during those weeks when Plaintiff Okimoto drove a vehicle that weighed 10,000 pounds or less, he worked less than 40 hours during all but one of those weeks.

37. For these reasons, I am confident that Plaintiff Okimoto's statement that he drove a vehicle that weighed 10,000 pounds or less four to five times a week from the start of his employment until January of 2022 is untrue.

38. I have carefully and objectively reviewed the Declaration of Opt-In Plaintiff Kevin Phipps.

39. I have also conclusively determined that the Declaration of Plaintiff Phipps is materially <u>false and fraudulent</u> and is not based on fact.

40. In his Declaration, Plaintiff Phipps states: "I drove exclusively within the state of Michigan for Defendant." (Phipps Dec., ¶ 3).

41. The assertion in Plaintiff Phipps' Declaration that he drove exclusively in the state of Michigan for Absopure is untrue.

42. I have reviewed Absopure's records, and these records show that Plaintiff Phipps drove a vehicle outside the State of Michigan for Absopure on

6

multiple occasions.

43. For these reasons, I am confident that Plaintiff Phipps' statement that he drove exclusively for Absopure within the State of Michigan is <u>not a truthful statement</u>.

44. I have carefully and objectively reviewed the Declaration of Opt-In Plaintiff Kyle Winconek.

45. I have also conclusively determined that the Declaration of Plaintiff Winconek is <u>false and fraudulent</u> and is not based on fact.

46. In his Declaration, Plaintiff Winconek states: "I drove exclusively within the state of Michigan for Defendant." (Winconek Dec., ¶ 3).

47. The assertion in Plaintiff Winconek's Declaration that he drove exclusively in the state of Michigan for Absopure is untrue.

48. I have reviewed Absopure's records, and these records show that Plaintiff Winconek drove a vehicle outside the State of Michigan on multiple occasions.

49. For these reasons, I am confident that Plaintiff Winconek's statement that he drove exclusively for Absopure within the State of Michigan is <u>not a truthful statement</u>.

50. In each of the Declarations I have reviewed, each of the Plaintiffs claim that he was hired as a "Truck Driver". This is <u>not a truthful statement</u>.

7

51. Each Plaintiff was hired as a "<u>Sales & Service Specialist Trainee</u>". Sales and service are intrinsic functions of the job, as each sale a Plaintiff makes occurs at the customer's location.

52. The safe operation of a vehicle on public highways is also an intrinsic function of the job because the vehicles that the Specialists operate must be large enough to transport the saleable items to those locations.

53. As a result of these false Declarations, I had to spend a great deal of my valuable time, and the time of other employees, to dispute the false Declarations. That is unfair to me and Absopure.

_____
PATRICK BYRNE

Subscribed and sworn to before me this
13th day of November, 2023

_____
Notary Public KATHLEEN L. UEBERROTH
Wayne County, Michigan
My Commission Expires: 8-13-2029
Acting in Wayne County

KATHLEEN L UEBERROTH
Notary Public - State of Michigan
County of Wayne
My Commission Expires Aug 13, 2029
Acting in the County of Wayne

8



