UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                          Case No. 20-cv-12734-MAG-EAS
                                           HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM FOLLOWING THE JOINT FINAL PRETRIAL CONFERENCE ON PREJUDICE TO DEFENDANT DUE TO PLAINTIFFS' LAST-MINUTE ADDITION OF UP TO FOURTEEN WITNESSES**

NOW COMES Defendant Absopure Water Company. LLC ("Absopure"), by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, and pursuant to the Court's direction hereby submits its Memorandum Following the Joint Final Pretrial Conference on Prejudice To Defendant Due to Plaintiffs' Last-Minute Addition of Up to Fourteen Witnesses.

**EXECUTIVE SUMMARY**

- Absopure has been prejudiced because it cannot adequately prepare for trial.

- The conduct of Plaintiffs' counsel is so egregious that it mandates a dismissal of this case and not merely the striking of witnesses.

- Absopure has already been prejudiced because it has had to address the false Declarations submitted by Plaintiffs.

- Absopure stands by and reaffirms everything contained in its Emergency Motion to Dismiss which was filed on November 13, 2023.

- Plaintiffs' counsel filed his mandated witness list listing only 12 of the current Plaintiffs as witnesses.

- Trial is less than three weeks away, and Absopure has been preparing for trial based on those 12 witnesses Plaintiffs identified in September.

- To attempt to counter the testimony of these 14 additional witnesses, Absopure, in turn, will require testimony from additional witnesses, it did not identify.

- Absopure moved to depose all 26 Plaintiffs, but the Court refused to allow the depositions to go forward because of the objections of Plaintiffs' counsel.

- Now, Plaintiffs' counsel will be presenting some Plaintiffs who have either not submitted a Declaration, or have submitted a false Declaration.

- The Court had directed Plaintiffs' counsel to submit honest estimates of the hours worked by all the Plaintiffs. But, Plaintiffs' counsel failed to follow the Court's direction.

- Contrary to the Court's direction, Plaintiffs' counsel did not provide estimates of their hours worked or light trucks driven by June 9, 2023.

- Instead on July 27, 2023, Plaintiffs' counsel submitted an inadequate, incomplete and undocumented Chart replete with hearsay on the hours worked.

- On the eve of trial, 5 Opt-Ins have still failed to provide any Declarations about their hours worked.

- Then on October 31, 2023, Plaintiffs' counsel filed seven false Declarations regarding light vehicle usage.

- It is impossible for Absopure to get a fair trial in light of Plaintiffs' seven false Declarations, and the refusal of some of the Plaintiffs to submit Declarations under oath about their hours worked, especially when Absopure was not allowed to depose them.

Trial is less than three weeks away. Plaintiffs' witness list in the Joint Final Pretrial Order ("JFPTO"), which the parties began working on in September, included only the twelve Plaintiffs currently identified. Absopure has been preparing for trial based on this witness list – including identifying and preparing its own employees who have direct knowledge of these 12 Plaintiffs' hours worked and small vehicle usage.

If Plaintiffs are allowed to add witnesses at the last minute, Absopure must scramble in the short remaining time to prepare to counter the testimony of potentially *all* the 14 remaining Plaintiffs, since Absopure has no way of knowing which of these 14 Plaintiffs might ultimately appear. This will require the testimony of additional witnesses on Absopure's behalf who have direct knowledge concerning these 14 Plaintiffs. Should Absopure attempt to add these necessary witnesses, Plaintiffs will undoubtedly object, requiring another round of briefing and potentially leaving Absopure at a significant disadvantage at trial.

This will only add to the prejudice Absopure already faces from having to address Plaintiffs' last-minute, false "Declarations" concerning small vehicle usage. Absopure restates and reaffirms everything contained in its Emergency Motion to Dismiss that was filed on November 13, 2023. (Doc. No. 190). The conduct of Plaintiffs' counsel mandates a dismissal of this case and not merely the striking of witnesses.

This case was filed on October 8, 2020. Since 2018, Absopure has had over 100 Sales and Service Specialists ("salesmen/drivers") – and hundreds more since the company was founded – and only one former salesman/driver has ever filed a labor suit against it. Plaintiff was eventually able to get 26 other current and former salesmen/drivers to opt-in to this case. One of those 26 has since opted out.

The entire post-discovery period in the case has been nothing but a series of late disclosures from Plaintiffs. As the Court will remember, on May 19, 2023, the Court issued its Order Regarding Discovery (Doc. No. 114). The Court allowed the Opt-In Plaintiffs not to respond to certain of Absopure's discovery requests. (Doc. No. 114, PAGEID.4755-4756). Instead, the Court set up a schedule where Absopure would provide the information on relevant facts by May 26, 2023, and Plaintiffs would counter, initially provide information by June 2nd and then the remaining information on June 9th. *Id.* The Court did this so that the parties would promptly identify contested issues and would be able to limit the number of depositions.

4

However, that is not what happened. An issue came up after the Opt-In Plaintiffs violated the Court's discovery order and failed to timely provide information about the estimates of their hours worked by June 9th. Instead, Plaintiff supplemented its 3rd Initial Disclosures on July 27, 2023 and submitted and provided an inadequate, incomplete and undocumented Chart replete with hearsay.

The Chart was incomplete because no information was provided as to Opt-In Plaintiffs Matthew Jackson, Antony Newkirk, Jesse Skonieczny and Jordan Tampa. Further, the Chart is inadequate and undocumented because there was absolutely no indication who prepared the Chart, how the information was assembled, or the basis for any of the information in the Chart. As to the preparation of the Chart itself, the only information provided was: " . . a chart is provided as Exhibit A that provides their respective estimated average time that they began working each workday, and estimated average time that the stopped working each workday".

Absopure then filed its Motion to Extend Case Deadlines and Compel Depositions of Plaintiffs. (Doc. No. 128). In its Motion, Absopure sought an extension of the Court's deadlines in order to depose the Opt-In Plaintiffs on the number of claimed hours each Opt-In Plaintiff worked, based on the information provided in the Chart. In its Opinion and Order, the Court excused Plaintiffs' late submission of Chart detailing the number of hours each Opt-In Plaintiff claimed to

have worked and would not allow an extension of discovery for Absopure to depose the Opt-In Plaintiffs. (Doc. No. 141, PageID. 6392).

On September 22, 2023, Plaintiffs finally submitted their Supplemental Response to Defendant's Statement of Relevant Facts and submitted Declarations from 19 of the current Opt-In Plaintiffs. (A 20th Declaration was submitted separately the same day, and a 21st Declaration was submitted on behalf of the Opt-In Plaintiff who later withdrew.) These Declarations were then identified by the Opt-In Plaintiffs as proposed "Trial Exhibits".

However, the Declarations were submitted three and a half months after the June 9, 2023 deadline identified in the Court's May 19, 2023 Order of Discovery. (Doc. No. 114, PAGEID.4755-4756). The Opt-In Plaintiffs' untimely supplementation of their Response to Defendant's Statement of Relevant Facts, and the inclusion of the Declarations as "Trial Exhibits" led to Defendant's Motion Objecting to Plaintiffs' Trial Exhibits. (Doc. No. 162).

However, to date, and on the eve of trial, the Opt-In Plaintiffs have still failed to provide any information as to the number of hours Opt-In Plaintiffs Jackson, Newkirk, Skonieczny and Tampa claimed to have worked. Opt-In Plaintiff Jackson is listed as a May-Call Witness. As of now, there is absolutely no basis for the Court to conclude that any of these four Opt-In Plaintiffs, including Jackson, are claiming to ever have worked for Absopure for over 40 hours in any given week.

Additionally, not all of the Opt-In Plaintiffs identified on the Chart have provided Declarations as to the number of hours they claim to have worked. There is no supporting Declaration for the information on the Chart for Opt-In Plaintiff Ryan Clendennin. There is no indication how the information on this Opt-In Plaintiff was assembled, or the basis for any of the information pertaining to him in the Chart.

Tellingly, in its September 5, 2023 Opinion and Order, this Court cited to *Stephenson v. Fam. Sols. Of Ohio, Inc.*, No. 1:18CV2017, 2022 WL 279857, at *9 (N.D, Ohio Jan. 31, 2022), and made an observation that sanctions were not appropriate in an FLSA action for late disclosure of evidence relating to hours worked by opt-in plaintiffs in part because: '"[d]efendants [would] have the opportunity to cross-examine the eleven Opt-Ins about their Declarations at trial, which the Sixth Circuit has found an adequate opportunity to remedy surprise").' (Doc. No. 141, PAGEID.6390-6391). Here, five of the Opt-Ins have ***never*** produced Declarations relating to their hours worked, and not all of the Opt-Ins were even identified as witnesses for trial.

Absopure has been prejudiced. Absopure sought to depose all of the Opt-In Plaintiffs in July 2023 on the number of hours each Opt-In claims to have worked, but the Court would not allow it. (Doc. No. 141, PageID. 6392). However, at the same time, the Court has repeatedly excused the Opt-In Plaintiffs' failure to timely provide their hours worked. Plaintiffs ***did not provide*** the information by the Court's

7

June 9th deadline. Plaintiffs eventually, and untimely, provided an inadequate, incomplete and undocumented Chart with starting and ending times on July 27th. Supporting Declarations were not provided until September 22nd for 20 of the Opt-Ins, and five Opt-Ins have never supplied supporting Declarations.

Plaintiffs' counsel also did not provide information on light vehicle usage by June 9, 2023. Then on October 31, 2023, Plaintiffs' counsel submitted seven false Declarations regarding light vehicle usage.

Absopure has had no opportunity to conduct discovery to ascertain how each Opt-In Plaintiff determined the number of hours he claims to have worked. It is impossible for Absopure to get a fair trial in light of Plaintiffs' seven false Declarations, and the refusal of some Plaintiffs to submit Declarations under oath about their hours worked, especially when Absopure was not allowed to depose them.

Absopure has been further prejudiced because it identified witnesses and proposed exhibits in the JFPTO based on the prior rulings of this Court and based upon the specific Plaintiffs that were to be called as witnesses. Absopure should be allowed to amend its trial witnesses to call additional witnesses to counter the testimony for each of the additional Opt-In Plaintiffs who are allowed to testify at trial.

Absopure is further prejudiced because this Court has yet to rule on its Second

8

Motion for Summary Judgment on the Statute of Limitations Defense.

## CONCLUSION

The entire post-discovery period in the case has been nothing but a series of late disclosures from Plaintiffs. Plaintiffs' counsel failed to follow the Court's direction about providing estimates of Plaintiffs' hours worked or light trucks driven. It is impossible for Absopure to get a fair trial in light of Plaintiffs' seven false Declarations, and the refusal of some to submit Declarations under oath about their hours worked, especially when Absopure was not allowed to depose them.

| | |
|---|---|
| Respectfully submitted, | Respectfully submitted, |
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | Attorneys for Defendants |
| Livonia, MI 48152 | 1185 Avenue of The Americas, 3rd FL. |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |
| Dated: November 15, 2023 | Dated: November 15, 2023 |

**Attorneys for Defendant Absopure Water Company, LLC**

## LOCAL RULE CERTIFICATION

I, Ronald G. Acho, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-

9

inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: November 15, 2023

*s/ Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 15, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: November 15, 2023

*s/ Ronald G. Acho*
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913