## UNITED STATES DISTRICT COURT
## EASTERN DISTRICT OF MICHIGAN
## SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

      Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

      Defendant.

_____/

Case No.:  20-CV-12734

Hon. Mark A. Goldsmith

## PLAINTIFF'S MEMORANDUM OF LAW IN OPPOSITION TO DEFENDANT'S REQUEST TO PRECLUDE PARTY PLAINTIFFS WHO DEFENDANT IDENTIFIED AS WITNESSES IT INTENDED TO CALL AT TRIAL

Pursuant to the Court's Order, [ECF No. 191], Plaintiff hereby submits his memorandum concerning whether Opt-in Plaintiffs not identified on the witness list set forth on the proposed joint final pretrial order should be allowed to testify.

## INTRODUCTION

On November 15, 2023, the Court Ordered the Parties to file "a memorandum on whether opt-in Plaintiffs not identified on the witness list set forth on the proposed joint final pretrial order should be allowed to testify at trial." ECF No. 191, PageID.8719.  The Parties, however, collectively listed all Opt-in Plaintiffs in the

1

Joint Final Pretrial Order, and the Opt-in Plaintiffs should therefore be permitted to testify in their case to the extent the Court is requiring their testimony to recover damages and otherwise precluding representative testimony to establish the hours worked by particular plaintiffs.

Plaintiff has long stated his intention to prove his case through representative testimony in various pleadings and filings with the Court. *See, e.g.,* ECF Nos. 137, 139, 187. For its part, Defendant has repeatedly insisted that every Plaintiff and Opt-in Plaintiff who has brought a claim in this case **must** be required to testify. *See* ECF Nos. 178, 188. To that end, **Defendant itself disclosed every Plaintiff as "will call" witnesses at trial on its trial witness list**. *See* ECF Nos. 138 (listing "**Each Plaintiff not called in Plaintiffs' case in chief**" as witnesses Defendant intends to call at trial) (emphasis added). And Plaintiff expressly indicated that he "reserves the right to call any non-objectionable witness listed by Defendant." ECF No. 137, PageID.6361. page 59 of the Joint Final Pretrial Order further provides:

> (j) Defendant reserves the right to call any Plaintiff not called by Plaintiffs during their case in chief. Defendant expects them to testify about their hours worked and the small vehicle exception. (Estimated time – undetermined).
> **Plaintiff states**: Plaintiff objects to Defendant calling all Plaintiffs in this matter, which should be tried on a representative basis and would contravene the purposes of the FLSA[.]

The Parties and the Court understood that Plaintiff was providing his trial plan to notify the Court of what trial would look like if representative testimony was

2

permitted. Defendant, in turn, understood that Plaintiff was providing his trial plan based on representative testimony, and expressly notified the Court that it would squarely contest representative testimony by affirmatively calling "any Plaintiff not called by Plaintiffs during their case in chief."  Clearly, Defendant always prepared for and anticipated that all of the Plaintiffs would testify at trial one way or another, and even indicated that Defendant themselves would "call any Plaintiff not called by the Plaintiffs in during their case in chief."

Nonetheless, within seconds of getting what it wanted during the November 13, 2023 hearing—an Order from the Court that Plaintiff be required to present duplicative testimony from every single Plaintiff concerning their hours worked—Defendant immediately turned around and sought to then preclude any and all **Party Plaintiffs** from testifying to the extent Plaintiff had not listed such Plaintiffs as trial witnesses **because they claim they would be <u>prejudiced</u> and <u>surprised</u> by the <u>Party Plaintiffs</u> <u>testifying</u> in the face of the Court precluding representative testimony.**  In other words, after the Court required every Plaintiff be required to testify or forfeit their right to recovery in the case in accordance with Defendant's desired outcome, Defendant then argued that certain Plaintiffs should effectively be precluded from testifying and thus **precluded from any recovery**.

Defendant's nonsensical position is consistent with the many frivolous positions it has taken throughout this litigation, in which its transparent intent to

3

vexatiously multiply these proceedings is laid bare. Defendant's claim that they would be prejudiced by **getting what they wanted**, or surprised by **Party Plaintiffs that they named on their very own witness list being required to testify** is absurd. Defendant's request in this regard is due to be Denied because every factor to be considered inarguably requires permitting the testimony that the Court is requiring.

## **LEGAL AUTHORITY AND ARGUMENT**

### A. <u>Legal Standard.</u>

Federal Rule of Civil Procedure 37(c)(1) provides that, where a party fails to properly identify a witness, "the party is not allowed to use that information or witness ... **unless the failure was substantially justified or is harmless**." (emphasis added). The Advisory Committee's comments for Rule 37(c)(1) explains that:

> [l]imiting the automatic sanction to violations "without substantial justification," coupled with the exception **for violations that are "harmless," is needed to avoid unduly harsh penalties in a variety of situations:** *e.g.,* the inadvertent omission from a Rule 26(a)(1)(A) disclosure of the name of a **potential witness known to all parties**; <u>the failure to list as a trial witness a person so listed by another party</u>[.]"

Fed.R.Civ.P. 37, 1993 advisory committee's note (emphasis added).

The Court looks to five factors in assessing whether the nondisclosure was "substantially justified" or "harmless": (1) the surprise to the party against whom the evidence would be offered; (2) the ability of that party to cure the surprise; (3) the extent to which allowing the evidence would disrupt the trial; (4) the importance of

4

the evidence; and (5) the nondisclosing party's explanation for its failure to disclose the evidence. *Howe v. City of Akron*, 801 F.3d 718, 747 (6th Cir. 2015).  Here, every one of the relevant factors unquestionably demands permitting the required testimony, and **Defendant literally listed the remaining Party Plaintiffs in its trial witness list**. Thus, Defendant's *ore tenus* motion is due to be denied.

### B. All of the Relevant Factors and Justice Demands that the Party-Plaintiffs be Permitted to Testify in Light of The Court's Order Precluding Representative Testimony.

Defendant contends that it would be "prejudiced" if it had to prepare to question all of the Plaintiffs at trial. Defendant's claim is demonstrably baseless because **Defendant itself listed the Plaintiffs on its trial witness list**, and notified the Court that it intended to call all of them to the extent Plaintiff elected not to. Thus, Defendant would not be prejudiced because they intended on requiring these Party Plaintiffs to testify, either way.

The Advisory Committee's comments for Rule 37(c)(1) expressly provides that this exact situation, where a witness is "known to all Parties" or is "listed by another" party, constitutes harmless error.  In *El Camino Res., Ltd. v. Huntington Nat. Bank,* the court similarly found that the plaintiffs' failure to name a witness in their disclosure was harmless, and explained:

> In determining whether a nondisclosure is harmless, courts look at a number of factors, but the principal factor is whether the opponent will

5

be prejudiced or surprised. *See, e.g., David v. Caterpillar, Inc.,* 324 F.3d at 857. In light of the central role of the discovery rules in eliminating surprise in civil matters, **the extreme sanction of preclusion is simply not warranted when the importance of the additional witness was already known to the opponent**. *See, e.g., Gutierrez v. AT & T Broadband, LLC,* 382 F.3d 725, 732-33 (7th Cir.2004); *Newman v. GHS Osteopathic, Inc.,* 60 F.3d 153, 156 (3d Cir.1995). The seeds of this attitude are found in the commentary to Rule 37(c) itself. **The Advisory Committee's comments identify, among other circumstances indicating that a failure would be harmless,** the situation in which a party omits disclosure of a name "of a potential witness known to all parties," **or omits "to list as a trial witness a person so listed by another party."** FED. R. CIV. P. 37(c), advisory committee notes, 1993 amends. Along the same lines, the supplementation provisions of Rule 26, which require updating of a Rule 26(a)(1) disclosure throughout the life of a case, contain an exemption for information that has otherwise been made known to the opposing party during the discovery process. FED. R. CIV. P. 26(e)(1)(A). These provisions make it clear that a party will not be allowed to insist on exclusion of a witness whose relevance the party was already aware of, especially when that party has itself recognized the witness's importance by including him in the party's own Rule 26(a) disclosure.

2009 WL 1228680, at *2 (W.D. Mich. Apr. 30, 2009) (emphasis added). Defendant's position is even less tenable here because the trial witnesses at issue are not third-party witness; they are **Party Plaintiffs**. For this reason alone, Defendant's *ore tenus* motion is unquestionably in bad faith and due to be Denied. Likewise, an examination of the relevant factors demonstrates that Defendant's bad faith motion should be denied.

6

### 1. There Is No Surprise Here.[1]

Defense counsel, Ronald Acho, asserted at the hearing that Defendant would be "prejudiced" if the Plaintiffs who were not listed by Plaintiff on his trial witness list were permitted to testify. Contrary to Mr. Acho's statement in this regard, any argument of prejudice or surprise is frivolous because Defendant listed the very witnesses it now seek to preclude on its own trial witness list. ECF No. 138. Thus, Defendant fully prepared to call these witnesses if they were not called in Plaintiff's case in chief, either way. On this grounds alone, Defendant bad faith motion must be denied.

### 2. There Will Be No Disruption to the Trial.

Similarly, because it was Defendant's stated plan to call every one of the Plaintiffs at trial who Plaintiff himself did not call, Defendant cannot possibly demonstrate that there would be any disruption to the trial by Plaintiff calling the very same witnesses that they would otherwise call.

### 3. The Evidence is Essential to the Plaintiffs' Proof of Their Claims.

The third factor, the importance of the evidence/testimony with regard to Plaintiffs' claims also weighs strongly in favor of allowing the testimony. Here, the Court has ordered that each Plaintiff/Opt-in Plaintiff must testify in order to prove

---

[1] Because there is no surprise, there is no need to "cure" the surprise and thus Plaintiff does not address the second factor here.

his right to entitlement to damages. As such, anyone who does not testify will necessarily be precluded from obtaining any recovery here.  Thus, the testimony at issue is essential to Plaintiffs' proof of their claims at trial, and this factor—like all of the factors—strongly gravitates in favor of denying Defendant's motion.

### 4. Plaintiff Did Not List the Plaintiffs Because He Intended to Prove His Case Through Representative Testimony, in Line With Longstanding Binding Sixth Circuit Authority.

As for the final factor, Plaintiff has a perfectly good explanation for not listing every Plaintiff on his witness list.  Consistent with decades of binding precedent, Plaintiff sought to glean the efficiencies permitted by 29 U.S.C. § 216(b) and prove his case with representative testimony in combination with all of the documentary evidence and Defendant's corporate witnesses.  He voiced his intention throughout the pre-trial proceedings and the parties likewise briefed same.

In its opposition to representative testimony, Defendant failed to provide any meaningful substantive opposition to representative testimony, and failed to cite a single case that actually 1) denied the use of representative testimony, or 2) any appellate cases that overturned a verdict contingent on representative testimony. *See* ECF Nos. 178, 188. Instead, Defendant's counsel utilized its briefing opportunity to bad mouth Plaintiff's counsel as he has consistently been permitted to do throughout

this litigation with impunity. *See, e.g.,* ECF No. 193.[2]  Notwithstanding this drivel,

or any meaningful substantive opposition to representative testimony lodged by

Defendant, the Court precluded Plaintiff from offering representative testimony to

establish the hours worked by Particular Plaintiffs. *See* ECF No. 191.

While the Court ultimately held that all Plaintiffs should be required to testify,

Plaintiff had no reason to believe the Court would depart from well-settled authority

in this regard.  Plaintiff, moreover, presented his witness list in a manner that advises

the Court what the trial would look like if Representative testimony was permitted,

which was Plaintiff's intent. Indeed, this Trial Plan was initially presented to the

Court in Plaintiff's portion of the joint statement, [ECF No. 137], in response to the

Court's Order requiring "a joint statement setting forth **the manner in which the**

**parties** <u>**intend**</u> **to present their cases at trial**[.]" Order, ECF No. 134 (emphasis

added). There, Plaintiff "reserve[ed] the right to call any non-objectionable witness

---

[2] Defendant's counsel's out of control behavior needs to be addressed before trial to avoid a mistrial. *See, e.g., Foster v. City of Southfield*, 106 F.3d 400 (6th Cir. 1996) (Affirming sanctions against Mr. Acho's client where "**defense counsel made a number of improper statements**, prompting the District Court to grant a motion by plaintiff for a mistrial", "[t]he following day, after a contentious hearing on motions *in limine,* the District Court declared **another mistrial**", followed by Judge Gilmore recusing himself.) (emphasis added); *Howlett v. City of Warren*, 2019 WL 2212678, at *3-4 (E.D. Mich. May 22, 2019) (Judge Berg Denying Defendant's Motion for Sanction, who were represented by Mr. Acho, concerning, *inter alia*, "evidence of misconduct by Plaintiff's counsel", and noting "**Defendants present not one scintilla of evidence to indicate wrongdoing by Plaintiffs' counsel**", and also noting that "**Defense counsel is admonished not to misstate rulings of the Court**.") (emphasis added)

listed by Defendant", [ECF No. 137, PageID.6361], and Defendant expressly listed
"[e]ach Plaintiff not called in Plaintiffs' case in chief[.]" ECF No. 138, PageID.6369.

Because Defendant had listed every Plaintiff that Plaintiff did not call on its
witness list, every Plaintiff was disclosed by one party or the other (or both), such
that it would have made no sense to replicate Defendant's own trial witness
disclosures. Regardless, Defendant cannot claim any prejudiced by getting what it
asked for, or that it is unprepared for Party Plaintiffs to testify in trial where it
expressly indicated that it would call these very same Plaintiffs if they were not
otherwise called in their case in chief. Each of these reasons is sufficient standing on
its own, but taken together demonstrate a clear good-faith basis for Plaintiff not
disclosing every Plaintiff by name on his trial witness disclosures.

### C. **Defendant Cannot Have it Both Ways**.

Amazingly, this is not an issue of first impression.  Rather, other courts within
this District have had to face a nearly identical situation previously, where a party
objected to its adversary's trial presentation without a witness, and then sought to
preclude its adversary from presenting that same witness after successfully
convincing the court that the witnesses' testimony should be required, ostensibly
speaking out of both sides of its mouth.  In such a circumstance, the court rightly
denied the party's request to preclude. *See 455 Companies, LLC v. Landmark Am.
Ins. Co.,* No. 16-10034, 2018 WL 3159552, at *2 (E.D. Mich. June 28, 2018)

("Plaintiff cannot have it both ways. If Rivard can properly lay the foundation that Plaintiff claims is lacking, that evidence will properly be presented to the jury, subject to any cross examination that Plaintiff might conduct.").

In *455 Companies, LLC*, the plaintiff first argued that certain documentary evidence should be precluded in the absence of a foundation, and then sought preclusion of the witness identified by the defendant to lay the necessary foundation. Rejecting this "heads I win, tails you lose" argument the court explained:

> Plaintiff moves to exclude Ray Rivard—a technician who worked on the building—from testifying because, it claims, Rivard was not timely disclosed as a potential witness. On this point, as Defendant describes it, Plaintiff attempts to eat its cake and have it too.
>
> In the last round of motions in limine, Plaintiff attempted to exclude a letter from the contracting company that worked on the building heating system some ten months after the loss. (*See* Dkt. #113.) The court denied the motion, specifically noting that foundation could be laid by a witness with knowledge of the contents of the letter. (*See* Dkt. #166 Pg. ID 11657–58.) According to Defendant, it added this witness to its "may call" list for that reason: to provide the proper foundation in the event that Plaintiff objects to the document. Defendant's late disclosure, then, is substantially justified. Plaintiff does not claim that it is unaware of what Rivard will say on the stand—indeed, it claims that Rivard's testimony will very likely be irrelevant, an assessment it could make in good faith only if it had some idea of what the testimony would be. (Dkt. #170 Pg. ID 11782.) And Defendant apparently intends to offer Rivard only in the event that Plaintiff continues to raise its objection to the letter it previously sought to exclude.
>
> Plaintiff cannot have it both ways. If Rivard can properly lay the foundation that Plaintiff claims is lacking, that evidence will properly be presented to the jury, subject to any cross examination that Plaintiff might conduct.

Here, as in *455 Companies, LLC*, Defendant itself insisted that Plaintiff present every one of the Plaintiffs at trial and vigorously argued against the use of representative testimony, notwithstanding longstanding binding precedent.  Further, Defendant itself listed every witness it now seeks to preclude in its own trial witness disclosures.  Defendant cannot have it both ways.  The facts here are materially identical to those considered by the court in *455 Companies, LLC*, and Plaintiff respectfully submits the result should be the same as well.

## <u>CONCLUSION</u>

For the aforementioned reasons, Defendant's *ore tenus* motion to preclude Plaintiffs from testifying at trial must be denied.

Dated:  November 15, 2023

Respectfully submitted,

By: */s/ Andrew R. Frisch*
　　MORGAN & MORGAN, P.A.
　　8151 Peters Road, Suite 4000
　　Plantation, FL 33324
　　(954) WORKERS
　　afrisch@forthepeople.com

　　　and

　*/s/ Michael N. Hanna*
　Michael N. Hanna
　MORGAN & MORGAN, P.A.
　Michigan Bar No.: P81462
　Florida Bar No.: 85035
　2000 Town Center, Suite 1900
　Southfield, MI  48075
　(313) 739-1953

12

mhanna@forthepeople.com

*Attorneys for Plaintiff*

**LOCAL RULE CERTIFICATION**

I, Michael Hanna, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

*/s/ Michael N. Hanna*
Michael N. Hanna

**CERTIFICATE OF SERVICE**

The undersigned certifies that the foregoing document was filed using the CM/ECF system on November 15, 2023, which I understand will send a notice of same to all counsel of record.

*/s/ Michael N. Hanna*
Michael N. Hanna