UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONt

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                             Case No. 20-cv-12734-MAG-EAS
                                             HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

### DEFENDANT'S MOTION FOR RECONSIDERATION OF THE COURT'S ORDER DENYING ADMISSION OF ITS PROPOSED EXHIBITS 8, 126-127, AND 130-157 AND PERSONNEL FILE EXHIBITS

Defendant, ABSOPURE WATER COMPANY, LLC, by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, hereby moves pursuant to Local Rule 7.1(h)(2) for the Honorable Court to reconsider and reverse its order denying admission of Absopures' proposed trial Exhibits 8, 126-127, and 130-157 and several exhibits from Plaintiffs' personnel files. (Dkt. 191).

In accordance with L.R. 7.1, the undersigned counsel certifies that counsel communicated in writing with opposing counsel, explaining the nature of the relief sought by way of this motion and seeking concurrence in the relief; opposing counsel thereafter did not concur with the relief requested.

In further support of its combined motion, Defendant relies on the attached brief and the accompanying attached exhibit.

Dated: November 27, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

*Attorneys for Defendant Absopure Water Company, LLC*

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                           Case No. 20-cv-12734-MAG-EAS
                                        HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S BRIEF IN SUPPORT OF ITS MOTION
FOR RECONSIDERATION OF THE COURT'S ORDER
DENYING ADMISSION OF ITS PROPOSED
EXHIBITS 8, 126-127, AND 130-157 AND PERSONNEL FILE EXHIBITS**

## CONCISE STATEMENT OF ISSUES PRESENTED

I. SHOULD THE COURT RECONSIDER ITS ORDER (DKT. 191) AND ALLOW DEFENDANT'S PROPOSED TRIAL EXHIBITS 8, 126-127, AND 130-157, AND PERSONNEL FILES EXHIBITS TO BE ADMITTED AT TRIAL?

        Plaintiffs would say, "No".

        Defendant would say, "Yes".

# **CONTROLLING OR MOST APPPROPRIATE AUTHORITY**

## **CASES**

*United States v. Modena*, 302 F.3d 626 (6th Cir. 2002) ........................................ 3, 5

## **FEDERAL RULES OF EVIDENCE**

Fed. R. Evid. 1006 ............................................................................... 1, 3, 5, 6, 8

Fed. R. Evid. 611(a) ............................................................................................. 8

## **EASTERN DISTRICT OF MICHIGAN LOCAL RULES**

E.D. Mich. LR 7.1(h)(2)(A) .............................................................................. 1, 3

**INTRODUCTION**

This Court has made several unfairly prejudicial rulings against Absopure. These unfair rulings either are contrary to Sixth Circuit rulings, the Federal Rules of Civil Procedure, or the plain and undisputed facts in the case. Just one example is this Court's rulings with proposed trial exhibits from Absopure.

The Court has ruled that a number of Absopure's proposed trial exhibits are inadmissible as "summaries" under Federal Rule of Evidence 1006 because Absopure supposedly failed to provide the underlying data to Plaintiffs in the proper format. (Dkt. 191). Specifically, during the hearing on the matter, the Court stated that, for Exhibits 8, 126-127, and 130-157[1] providing the underlying data in pdf format was improper, since the Parties' stipulated ESI agreement only permits ESI data production in pdf format ***"additionally"*** to native format. (*See* Dkt. 38, PageID.656). Further, Plaintiffs complained that they allegedly would be prejudiced because there is insufficient time to review the data on-site at Absopure prior to trial. These are clear mistakes, however, and render this ruling both unjust and unworkable. (*See* E.D. Mich. LR 7.1(h)(2)(A)). The Court found no other requirements of Rule 1006 that had not been met.

---

[1] The Court also denied admission under F.R.E. 1006 to Absopure's proposed Exhibits 213-239. Plaintiffs have listed these as demonstrative exhibits and will not contest their admissibility under F.R.E. 1006, (*See* Dkt. 183), but asserts their admissibility under F.R.E. 611(a). *See also* Section D, i*nfra*.

<u>There is no provision in the ESI for reviewing data "on-site"</u>. (*See* Dkt. 38, PageID.656). <u>Plaintiffs did not even seek that possibility in their original proposed ESI plan.</u> (Dkt. 26-2, PagelD.368-370). On-site inspection was thus never an option and Plaintiffs now claiming prejudice for not being able to do so – something they never could not have done in the first place – is nonsensical and downright disingenuous. Further, the stipulated ESI agreement calls for running directed queries into the system, not the kind of wide-ranging, random and thus time-consuming search that Plaintiffs are claiming they would need to make. (*See* Dkt. 38, PageID.657). This furthers shows that Plaintiffs complaints of "prejudice" are completely unfounded[2]

The only formats mentioned in the ESI Stipulation are TIFF, native format, and pdf. (See Dkt. 38, PageID.656). It is undisputed that production in native format was practically impossible since it would require highly specialized software to review the data from Absopure's SAP Enterprise Resource Planning system – forcing Plaintiffs to spend very large sums to purchase the software or to hire sophisticated experts (unlike with many other common sets of data, such as Excel, Outlook, AutoCAD, etc.) <u>Further, this Court has ruled that producing documents in pdf format would constitute "a reasonably usable form" under Fed. R. Civ. P.</u>

---

[2] . Plaintiffs mentioned Rule 403, but only in with respect to Exhibit 8 and not with any of the other these exhibits. (See November 9, 2023 Hearing Transcript pp. 31-32). There simply is no prejudice here.

2

34(b)(2)(E). (Dkt. 34, PageID.459). Thus, Absopure has, in fact, satisfied all of the requirements of F.R.E. 1006: 1) voluminous data, 2) providing the underlying data in "a reasonably usable form", 3) the underlying data would be admissible, 4) accurate and nonprejudicial calculations, and 5) offering a witness to testify (both in 30(b) depositions and at trial). *See United States v. Modena*, 302 F.3d 626, 633 (6th Cir. 2002). To summarize:

- There is no dispute that Absopure produced the underlying data in the proposed exhibits to Plaintiffs in pdf format.
- This Court has ruled that pdf format satisfies Rule 34(b)(2)(E).
- There is no dispute that Plaintiffs do not possess the SAP Enterprise Resource Planning software that would allow them to process the data in native format.
- Plaintiffs cannot be "prejudiced" by spending time doing a wide-ranging review of Absopure's data on-site because the stipulated ESI agreement never gave them that right.

## LEGAL ARGUMENTS

### A. Legal Standard

Eastern District of Michigan Local 7.1(h)(2)(A) states:

(2) Non-Final Orders. Motions for reconsideration of non-final orders are disfavored. They must be filed within 14 days after entry of the order and may be brought only upon the following grounds:

> (A) The court made a mistake, correcting the mistake changes the outcome of the prior decision, and the mistake was based on the record and law before the court at the time of its prior decision;

E.D Mich. LR 7.1(h)(2)(A).

3

### B. The Court's Order is Based on Mistakes of Fact

As noted above, the Court's Order rests on two basic mistakes of fact. First, the Court ignored the fact that the underlying data to the Exhibits was part of an SAP Enterprise Resource Planning ("ERP") system. (Dkt. 182-2, PageID.8303, Byrne Tr. 201:10-13). It would have thus been a practical impossibility to produce the data in "native format" per the ESI stipulation. (*See* Dkt. 38, PageID.656). Next, the Court did not consider that the same ESI stipulation made no provision for on-site review of data. (*Id.*) Further, the stipulation called for directed queries of the system in any event, not massive exploration of data. (*Id.*, PageID.656-657) This is precisely how the underlying was obtained for the disputed Exhibits. (*See, e.g.*, Dkt. 182-2, PageID.8303 (Byrne Tr. 201:10-18: Dkt. 182-3, PageID.8317 (Byrne Tr. 12:22-24, PageID.8326 (Byrne Tr. 47:14-49:23)). Accordingly, Plaintiffs' complaints of being "prejudiced'" by not having time to do some massive, wide-ranging on-site review of the data are meaningless. This left production in pdf format, generated by queries to the data base, the only viable option to produce the underlying data. (*See* Dkt. 38, PageID.656). There is no dispute that the data was, in fact, produced in this format.

### C. The Court's Misapplied the Caselaw

This Court has made several unfairly prejudicial rulings against Absopure. These unfairly prejudicial rulings either are contrary to Sixth Circuit rulings, the

4

Federal Rules of Civil Procedure, or the plain and undisputed facts in the case. Just one example is this Court's rulings with proposed trial exhibits from Absopure.

The cases cited by the Court are inapplicable. In *United States v. Modena*, *supra*, 302 F.3d 626 (6th Cir. 2002), the Sixth Circuit denied admission of summary exhibits when the government had not stated "when and where" the underlying documents could be reviewed. *Id.* at 633. Absopure had no need to "state when and where" the data could be viewed because Absopure provided the data right in the very documents it now seeks to admit with clear labels. (Dkt. No. 182, PageID.8242-8244). Again, these documents contain the underlying data plus simple calculations on that data. Likewise, in *Jones v. Gilles*, the court denied admission of an exhibit when the offeror failed to identify the underlying documents. *Id.*, No. 02–2128–An., 2007 WL 7611182 at *2 (W.D. Tenn. April 24, 2007). Again, not only did Absopure provide the underlying data, but it also clearly identified what it was. (Dkt. No. 182, PageID.8242-8244). The ***only*** dispute is whether Absopure's provision of the underlying data in pdf format was sufficient. Neither the Court nor Plaintiffs have identified any case in which admission under Rule 1006 was denied because the underlying documents or data was provided in an alternative format, rather the primary. (*See* Dkt. 38, PageID.656). Given that 1) Plaintiffs had no means to access the data in native format, 2) there was no provision in the Parties' ESI stipulation to provide on-site access, 3) this Court has ruled that pdf format satisfies Fed. R. Civ.

5

P. 34(b)(2)(E), and 4) there is no actual prejudice to Plaintiffs, there is no basis to deny admission of Absopure's exhibits.

### D. This Court has Found Lack of Prejudice to be a Significant Factor in Favoring Plaintiffs

This Court has placed great significance on a lack of prejudice in deciding motions. For example, the Court allowed Plaintiffs to take a *de bene esses* deposition far beyond the scheduled deadline because it found no prejudice to Absopure. (Dkt. 191, PageID.8719; November 9, 2023 Hearing Transcript. 60:11-22). Again, the Court granted full equitable tolling of the statute of limitations, essentially writing 29 U.S.C. § 256(b) out of existence, in part because if found (mistakenly) no prejudice to Absopure. (Dkt. 195, PageID.8753-8754). It would be starkly unfair for the Court to not take the lack of actual prejudice to Plaintiffs into account here.

### E. Denying Admission of These Exhibits Would Unfairly and Severely Prejudice Absopure

Each of these exhibits contains the underlying data that Absopure intends to introduce as evidence for multiple issues in this case. (Dkt. 182, PageID.8242-82-44). Each exhibit *also* includes simple calculations using that data. (*Id.*). Had Absopure produced that data separately without the calculations, Rule 1006 would not be implicated in any way and there would be no basis for denying their admission. *See* Fed. R. Evid. 1006. By denying admission of these exhibits because

6

of these simple calculations, the Court has denied Absopure any effective way to introduce this underlying data at trial. Absopure has been handcuffed.

For example, since beginning of post-certification phase in this case, Absopure has made clear that it will be relying on check-out and check-in time stamps from handheld devices used by Plaintiffs to account for the vast majority of Plaintiffs' hours worked. (*See* Dkt. No. 128-2, PageID.6183, 6184, 6186-6188). Absopure produced **all** of the check-out and check-in data for **all** Plaintiffs on May 26, 2023. (Dkts. 161-11,182-6). Along with this data, Absopure also provided a very simple calculation, summing up the total time between check-out and check-in for each day. (Dkt. 161-11 (columns titled "Same Day Duration" and "Second Day Duration")). These calculations can be immediately verified by merely looking at the check-out and check-in times listed in the column entitled "UTC Time". (*See id.*). These documents are exactly Absopure's proposed Exhibits 130-157.

Notably, the Court recognized the importance of this data when, in denying Absopure's request to depose Plaintiffs after their late provision of their hours-work assertions, the Court noted that "Absopure will have the opportunity to challenge Guy's estimates by introducing its own evidence regarding hours worked at trial." (Dkt. 141, PageID.6390). The Court's ruling denying admission Exhibits 130-157 denies Absopure this opportunity.

7

This is true for all the disputed exhibits, including Exhibit 8 on inventory turnover, Exhibit 126 on out of state deliveries, and Exhibit 127 on route assignments. Again, had Absopure furnished the exact same data in the exact same format, but not included the simple calculations, Rule 1006 would not be implicated and there would be no basis for denying admission of these exhibits.

At the very least, Absopure should be allowed to submit alternative exhibits with the calculations redacted and then submit these disputed exhibits as demonstratives under F.R.E. 611(a). (*See* Section II.D, *infra*).

## F. Significantly and Prejudicially, The Court Did Not Address Federal Rule of Evidence 611(a)

Here once again, the Court unfairly prejudices Absopure by ignoring Fed. R. Evd. 611(a). In its responses to the Court's questions about the proposed exhibits, Absopure demonstrated that, in addition to F.R.E. 1006, these exhibits would be admissible under Federal Rule of Evidence 611(a) as "pedological devices". (Dkt. 182, PageID.8246 (citing *U.S. v. Bray*, 139 F.3d 1104, 1111 (6th Cir. 1998))). Neither Plaintiffs nor the Court addressed F.R.E. 611(a) concerning these exhibits. (*See* Dkts. 185, 195). Given the simplicity and easy verification of the calculations contained right next to the underlying data in these exhibits, they would "accurately and reliably summarize complex or difficult evidence that is received in the case as

to materially assist the jurors in better understanding the evidence." *U.S. v. Bray, supra*, 139 F.3d at 1112.

### G. The Court Unfairly and Prejudicially is Restricting the Personnel File Records of Plaintiffs

Absopure has alerted the Court to the dishonesty of many Plaintiffs. A separate Emergency Motion was filed identifying seven fraudulent Declarations. The credibility of the Plaintiffs in terms of hours worked, vehicles driven and other factors is critical. Absopure has challenged any testimony by the various Plaintyiffs because of the misconduct of Plaintiffs' Counsel. The credibility and reliability of each of the Plaintiffs are crucial, and Absopure is being hampered unfairly by the Court's ruling.

The Court's ruling limits personnel file records to Exhibit 159, which are disciplinary records for Plaintiff John Aniol. (Dkt. 191, PagelD.8719). This, however, represents a mischaracterization of the agreement the Parties reached during the November 9 hearing. In its memorandum in response to the Court's question on Absopure's exhibits, Absopure listed examples from a number of different categories of documents in the personnel files. (Dkt. 182, PageID.8247; November 9 Hearing Transcript p. 44). One category included the personnel documents showing that Plaintiffs were subject to DOT regulation. Absopure agreed to withdraw these. (November 9 Hearing Tr. 44:22-46:17). Plaintiffs then stated

9

that they were not objecting to other personnel records related to compensation. (November 9 Hearing Tr. 46:16-22). Finally, Plaintiffs objected to disciplinary records. (*Id.* 46:23-24). The Court stated that it had special procedures that must be followed for such records, including approaching the bench before submission at trial. (*Id.* 49:18-50:9).

Based on these discussions at the hearing, Absopure submitted to Plaintiffs a reduced set of exhibits for each of the Plaintiffs that included only records related to the two categories: compensation and discipline/termination, understanding that the latter would be subject to the Court's introduction procedures. (Attached as Exhibit A). To extent that the Court's order would deny admission of these limited personnel file exhibits, Absopure respectfully requests to the Court to reconsider since the exhibits listed in Exhibit A correspond to the agreement reaching during the November 9 Hearing.

## **CONCLUSION**

For the foregoing reasons, Defendant Absopure Water Company, LLC respectfully requests this Honorable Court to reconsider its Order denying admission of Absopure's proposed trial Exhibits 8, 126-127, and 130-157 and the personnel file exhibits listed in Exhibit A attached hereto and allow Absopure to present them at trial.

Dated: November 27, 2023

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

***Attorneys for Defendant Absopure Water Company, LLC***

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: November 27, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

I hereby certify that on November 27, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: November 27, 2023

>/s/ *Michael O. Cummings*
>Michael O. Cummings
>Cummings, McClorey, Davis & Acho, P.C.
>Attorneys for Defendants
>1185 Avenue of The Americas, Third Floor
>(212) 547-8810
>mcummings@cmda-law.com
>N.Y. Bar No. 2701506