UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                              Case No. 20-cv-12734-MAG-EAS
                                              HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM**
**REGARDING THE MCA EXEMPTION (DKT. NO. 197)**

      This case should never go to trial. In fact, this case should never have been filed by Plaintiff because it is not supported by the facts or the law. Defendant Absopure Water Company, LLC ("Absopure") followed the law and no salesperson/driver suffered any damages. In fact, the commission arrangement to which almost 400 salespersons/drivers agreed to, paid them generously, and far more than if they were paid overtime. This case only came to this point because of the dishonesty of Plaintiff Guy and the seven false Declarations filed by Plaintiff's counsel. To present this to a jury would be confusing and contrary to Sixth Circuit opinions, and even within this District, as evidenced in the case of *Smith v. Coastal Produce Distributors, Inc.*, No. 19-13095, 2021 WL 1026910 (E.D. Mich. Mar. 17,

2021) ("*Smith*", *infra*).

## I. THE MCA EXEMPTION IS A QUESTION OF LAW FOR THE COURT

"The question whether [employee's] particular activities excluded them from the overtime benefits of the FLSA is a question of law . . . ." *Icicle Seafoods, Inc. v. Worthington,* 475 U.S. 709, 714, 106 S.Ct. 1527, 89 L.Ed.2d 739 (1986). This is well settled law. *Ale v. Tenn. Valley Auth*., 269 F.3d 680, 691 (6th Cir. 2001). It is also followed by the First, Fourth, Fifth and Eight Circuits, and this District.

## II. NO MATERIAL ISSUES OF FACT EXIST FOR THE JURY TO DECIDE

### A. The Facts Here Are Identical to the *Smith* Case, Which Was Dismissed. (See Chart Below.)

| *Coastal Produce* | | *Absopure* |
|---|---|---|
| Does not pay drivers overtime. | **Same** | Does not pay drivers overtime. |
| Registered as an interstate motor carrier with the DOT. | **Same** | Registered as an interstate motor carrier with the DOT. |
| Driver handbook includes references to DOT regulations that the drivers must follow. | **Same** | Driver handbook includes references to regulations that the drivers must follow. |
| Handbook says drivers may be called upon to do an out- of-state route at any time. | **Same** | Company policy is that drivers may be called upon to do an out- of-state route at any time. |
| Procures its products from out-of-state suppliers. | **Same** | Procures its products from numerous out-of-state suppliers. |
| Orders products from out-of-state suppliers for delivery in Michigan and Ohio. | **Same** | Orders products from out-of-state suppliers for delivery in Michigan, Ohio, and Indiana. |
| Orders products based on projections to fulfill customers' needs. | **Same** | Orders products based on projections to fulfill the needs of customers. |

| | | |
|---|---|---|
| Arranges with 3rd party carriers to deliver the product from out of state suppliers to its warehouse. | **Same** | Arranges with 3rd party carriers to deliver the product from out of state suppliers to its warehouse. |
| Stored product in warehouse before delivery to customers. | **Same** | Stored product in their warehouse before delivery to customers. |
| Product is not altered at the warehouse before delivery. | **Same** | Product is not altered at the warehouse before delivery. |
| Majority of customers are in Michigan, but some in Ohio. | **Same** | Majority of customers in Michigan, but some in Ohio and Indiana. |
| Case dismissed by MSJ. | | ? |

As in *Smith*, the main dispute here is whether Plaintiffs' "work was considered a part of interstate commerce." *Smith*, *supra,* at *4; (Dkt. 70, PageID.4497). The *Smith* defendants and Absopure both "purchased their product from out-of-state vendors based on specific projections." *Smith* at *4; (Dkt. 55, PageID.850). Further, both "ordered their product specifically for their Michigan and Ohio customers . . . based on how much they thought their customers needed . . . then stored the product in Michigan at their warehouse . . and they did not alter the [products] before delivery." *Smith* at *6; (Dkt. 55, PageID.862-863). Notably, the *Smith* plaintiff and the Plaintiffs here (most of the time) do not drive outside of Michigan. *Smith*, at *2.

## B. There is No Genuine Factual Dispute Over Whether Absopure "Arranges" Shipments of Mountain Valley to Michigan

The *facts* of how Absopure arranges shipment of Mountain Valley ("MV") products from Arkansas to Michigan cannot be disputed. These facts are: 1) Absopure orders from MV detailing the number, type, and destination of products;

3

2) MV then prepares that order to Absopure's specifications; 3) when ready to ship, MV informs the common carrier that the order will be ready for shipment; 4) Absopure has the right to specify who the carrier will be, having chosen J.B. Hunt for all shipments until recently; 5) Absopure gains ownership and control of the products when they are loaded onto the carrier's trucks; 6) the carrier delivers the products to the destination Absopure specified (its Plymouth warehouse); Absopure pays the shipping costs – a) to MV who then pays J.B. Hunt when it is the carrier, and b) directly to other carriers. (Dkt. 117, PageID.4820-24; PageID.4835-37).

The only *legal* issue is regarding how these undisputed facts affect the overall MCA exemption analysis. As noted in *Collins*, even asking judges to perform the analysis is highly problematic. *Collins v. Heritage Wine Cellars, Ltd.*, 589 F.3d 895, 899 (7th Cir. 2009). Asking a jury to do so should be out of the question:

> Attempting to base decision on seventeen unweighted technical criteria to be applied by generalist judges who are not told what the relevance of any of the criteria is but have to figure it out for themselves is unlikely to improve the prospects for objectively deciding whether a particular intrastate shipment should be deemed to be "in commerce." *Id.*

### C. <u>Where Is No Genuine Factual Dispute</u> That Absopure Placed Ordered With Mountain Valley Based on Customer Demand Projections

There is no dispute over any *<u>fact.</u>* When Absopure orders products from MV, those products *always, inherently, and necessarily*, replenish stock levels. The replenishment of stock based on projections of customer demand does not diminish the fact that Absopure is engaged in interstate commerce. (*See* Dkt. 55, PageID.862-

4

863). It is undisputed that Plaintiffs have not, and cannot, dispute these facts because they have no knowledge whatsoever of how Absopure determines its orders. *Smith*, at \*6 (plaintiff's "declaration, attempting to counter [defendants'] facts without personal knowledge of adequate facts to raise a genuine dispute, is insufficient.")

### D. There Is No Genuine Factual Dispute Over Whether Absopure Used "Modern Systems" to Track Products

How Absopure tracks its products is irrelevant. Plaintiffs have no knowledge of what Absopure does, and thus cannot challenge any of Absopure's asserted facts. *See Smith*, at \*6. Thus, there are only two **purely legal issues** to decide. The first *legal* issue is the definition of what constitutes a "modern" system for purposes of the MC-207 factors and the case law that relies on those factors. *See Berry v. City of Detroit,* 25 F.3d 1342, 1353–54 (6th Cir.1994) ("It is the responsibility of the court . . . to define legal terms.") The second *legal* issue is what effect the presence or absence of such a "modern" system would have on the overall, multi-factor analysis. *See Collins, supra*, 589 F.3d at 899.

Importantly, the fundamental rule "that an interstate journey does not end where product is temporarily stored at a warehouse" stems from a 1943 Supreme Court case, *Walling v. Jacksonville Paper Co.*, 317 U.S. 564, 569 (1943). *Smith*, at \*6 (citing *Walling*). Since regulations cannot contradict Supreme Court decisions, either the *legal* definition a "modern system" must include what was "modern" in

5

1943, or the *legal* weight placed on this factor must be very minor to avoid contradicting *Walling*. The *Smith* decision, while using the MC-207 factors, did not address the "modern systems" factor, but still found that the MCA exemption applied. *Smith*, at *5-*6. These are purely legal issues for the Court to decide.

    E.   **There Is No Genuine Factual Dispute** **Over Whether the Small Vehicle Exemption Applies to Each Plaintiff**

There is no genuine dispute of fact that most of Absopure's trucks are larger vehicles over 10,001 pounds. There is also no dispute that most salespersons/drivers, including the Opt-In Plaintiffs, never drove a small vehicle. Those who drove smaller vehicles only did so on rare and de minimus occasions (even if one were to lend some credibility to Plaintiffs' false Declarations). On those rare occasions that they drove the smaller vehicles, they either did not work over 40 hours for the week, or their commissions exceeded whatever overtime would have been required.

Absopure has provided undisputed documentary evidence as to the number of times each Plaintiff drove a vehicle weighing 10,000 pounds or less. This evidence comes from data of which truck each Plaintiff drove as recorded by the handheld devices that each Plaintiff used. (Dkt. 143-4, PageID.6694-6696 (Byrne Tr. 47:14-54:24)). It is undisputed that Plaintiffs have no evidence to challenge this data.

None of the Opt-In Plaintiffs lost any money, and the documented commission sheets that were provided to Plaintiffs' counsel proves this point. If for

some reason, a jury were to decide this case, and found any damages, it would be reversal error because it would not be based on the facts that are not in dispute.

The commission arrangement is very generous, and some salespersons/drivers exceed $100,000 in one year, and as an example, three of the Opt-In Plaintiffs, who are still employed with Absopure, have consistently earned in excess of $40,000 a year with Absopure. Opt-In Plaintiff Dannielle Childs earned $48,000 in 2020 and $47,900 in 2021, and $55,000 in 2022, Opt-In Plaintiff Caleb Fish earned $46,000 in 2019, $53,700 in 2020, $60,000 in 2021, and $74,600 in 2022, Opt-In Plaintiff Paul Okimoto earned $75,000 in 2022.

## **CONCLUSION**

For these reasons, Defendant requests that this Court decide the ultimate question of the applicability of the MCA exemption and the small vehicle exception.

Dated: November 29, 2023

Respectfully submitted,

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

***Attorneys for Defendant Absopure Water Company, LLC***

## LOCAL RULE CERTIFICATION

I, Ronald G. Acho, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one-inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: November 29, 2023

> *s/ Ronald G. Acho*
> Ronald G. Acho
> Cummings, McClorey, Davis & Acho, P.L.C.
> 17436 College Parkway
> Livonia, MI 48152
> (734) 261-2400
> racho@cmda-law.com
> P-23913

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

> *s/ Ronald G. Acho*
> Ronald G. Acho
> Cummings, McClorey, Davis & Acho, P.L.C.
> 17436 College Parkway

        Livonia, MI 48152
        (734) 261-2400
        racho@cmda-law.com
        P-23913