UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONt

JUSTIN GUY, individually and on
behalf of those similarly situated,

     Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

     Defendant.

Case No. 20-cv-12734-MAG-EAS
HON. MARK A. GOLDSMITH

_____

### DEFENDANT'S MEMORANDUM OBJECTING TO PLAINTIFFS' DE BENE ESSES DEPOSITION DESIGNATIONS AND MAKEING ADDITIONAL DESIGNATIONS

NOW COMES Defendant Absopure Water Company. LLC ("Absopure"), by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, and pursuant to the Court's Order (Dkt. 191) hereby submits its Memorandum objecting to Plaintiffs' designations of the *de bene esse* deposition of Trevor Rogers (Dkt. 203) and making its additional designations.

1

**I.      PLAINTIFFS' DE BENE ESSE DEPOSITION DESIGNATIONS ARE OF NO PROBATIVE VALUE AND WILL CAUSE SEVERE PREJUDICE**

Plaintiffs have no legitimate reason to present the testimony of J.B. Hunt's corporate representative at trial.  It is no more than a cynical exercise to mislead the jury by putting out the word "shipper" to the jury multiple times and overwhelming them with extraneous details so as to make the relationship between Mountain Valley and J.B. Hunt appear much more important in the MCA exemption analysis than it really is.  It is of minimal probative value and certain to cause prejudice, mislead and confuse the jury, and waste time – none of which can be corrected by any limiting instruction.  *See* Fed. R. Evid. 403.

As this Court has noted, a key part of the MCA exemption analysis is identifying the "shipper", which the Court characterized as "the entity that functionally plays the most significant role in directing and controlling the transportation of goods."  (Dkt. 70, PageID 4503).

J.B. Hunt sometimes uses the word "Shipper" to refer to Mountain Valley. (Dkt. 203-1, Rogers Tr. 23:22-23.  However, J.B. Hunt's use of this word "shipper" has absolutely nothing to do with the term "shipper" that is used in the case law regarding the MCA exemption.  (Dkt. 203-1, Rogers Tr. Vol. I, pp. 23:22-23:10; 89:8-89:14; and Dkt. 203-2, Rogers Tr. Vol. II, pp127:4-25; 129:6-130:20; 134:13-

136:11, 176:14-177:4)[1].  It merely means whomever J.B. Hunt happens to pick up

loads from.  *Id.*  Nevertheless, Plaintiffs propose to throw out J.B. Hunt's irrelevant

use of this "shipper" term in front of the jury dozens of times.  (*Compare* Dkt. 203,

PageID.8970 *to* Dkts. 203-1, PageID.9112 and 203-2, PageID.9211-9212).  This will

lead to incurable prejudice, confusion and misleading of the jury.

As the Seventh Circuit noted in *Collins*, performing a multi-factor analysis for

issue of MCA exemption "interstate commerce" issue is already highly confusing,

even for judges:

> Attempting to base decision on seventeen unweighted technical criteria
> to be applied by generalist judges who are not told what the relevance
> of any of the criteria is but have to figure it out for themselves is
> unlikely to improve the prospects for objectively deciding whether a
> particular intrastate shipment should be deemed to be "in commerce."
> The multicriteria approach is likely to condemn the judges to wander
> forlornly in the untracked wilderness named "the totality of the
> circumstances," a phrase found in many of the cases involving the
> Motor Carrier Act's exemption for interstate transportation.

*Collins v. Heritage Wine Cellars, Ltd.*, 589 F.3d 895, 899 (7th Cir. 2009).

On top of this general confusion, there is further confusion caused by cases

and regulations differing on what role the identification of the "shipper" actually

plays in the analysis.  (*See* Dkt. 70, PageID.4501-4502 (discussing the questions of

whether "shipper", "importer", and/or "employer" are significant)).

---

[1] Absopure also attaches hereto Volumes I and II of the Rogers deposition as Exhibits 1 and 2, respectively.

Plaintiffs proposed testimony throwing out the term "shipper" with a completely different meaning does nothing more than add a third layer of fuel on this already raging fire of confusion.  Attempting to cure this with yet one more jury instruction (on top of all the others that need to be given for the term "shipper") would be completely ineffectual. *See United States v. Asher*, 910 F.3d 854, 862 (6th Cir. 2018) ("sometimes evidence is so prejudicial that the risk of a jury's improper use of the evidence cannot be quashed by a judge's instructions").  This is clearly the case here.  There is overwhelming danger that Plaintiffs proposal to bombard the jury with the term "shipper" will lead to "unfair prejudice, confusing the issues, [and] misleading the jury."  Fed. R. Evid. 403.  This exclusion should also apply to Mr. Rogers' declaration and the services contract between Mountain Valley and J.B. Hunt, which likewise use the misleading term "shipper".

Not only the term "shipper", but all of Mr. Roger's proposed testimony should be excluded under F.R.E. 403.  It is undisputed that at least seven different steps performed by three different entities – Absopure, Mountain Valley, and J.B. Hunt – together constitute the entire process of "directing and controlling the transportation" of the products that Absopure purchases from Mountain Valley.  (Dkt. 117, PageID.4820-24; Dkt. 117-3, PageID.4835-4837).  Just one of those several steps involves Mountain Valley telling the common carrier, J.B. Hunt, when J.B. Hunt should provide a truck to transport products ordered by Absopure to its warehouse

in Michigan.  (Dkt. 117, PageID.4823-4824).   Again, this one step of many is undisputed and Absopure testified to it early in the case.  (*Id.*)

This basic fact is all that should be needed for an analysis of the MCA exemption.  Further details – the procedures for how Mountain Valley communicates trucking requirements to J.B. Hunt, how many trucks J.B. Hunts uses for Mountain Valley, truck loading details, the extent of the relationship between the two parties, how long the relationship has existed, the terms of any contract between them, etc., etc. – are of no or very minimal relevance.  Plaintiffs propose hundreds of lines of testimony going over and over all of this extraneous detail.  (Dkt. 203, PageID.8970).

This massive over-emphasis on just a single part of the process – a part that is already undisputed – will have the effect of magnifying this one small part to make it seem much more important than all the other parts.  Not only will this lead to "unfair prejudice, confusing the issues, [and] misleading the jury", it will also constitute "undue delay, wasting time, [and] needlessly presenting cumulative evidence." Fed. R. Evid. 403.[2]

Absopure, therefore, respectfully requests this Honorable Court to exclude the entirety of Plaintiffs' proposed *de bene esse* deposition testimony or, in the

---

[2] Practically, if all of this testimony is allowed, Absopure will need to put in at least an hour of testimony for each of the other six steps, going into every imaginable extraneous detail, to balance out Mr. Rogers' testimony, in addition to several hours on warehouse procedures and projecting customer demand.

alternative, exclude all use of the term "shipper", including uses in the deposition exhibits such as Mr. Rogers' declaration and the services contract between Mountain Valley and J.B. Hunt.

## II.    ABSOPURE'S ADDITIONAL DEPOSITION DESIGNATIONS

Attached hereto as Exhibit 1 is the *de bene esse* deposition transcript for Trevor Rogers taken on November 21, 2023 (Volume I).  Also attached hereto as Exhibit 2 is the *de bene esse* deposition transcript for Trevor Rogers taken on November 22, 2023 (Volume II).  Absopure's designated transcript sections are highlighted in each of these exhibits.

As noted above in Section I, Absopure believes the entire deposition should be struck because it is irrelevant and any probative value is heavily outweighed by severe prejudice.  However, should the Court allow some or all of Plaintiffs' designated testimony, Absopure hereby makes the following designations in addition to Plaintiffs' designations allowed by the Court:

**Volume I (pages 1-115)**

Pages and lines: 27:20-28:14; 29:7-20; p. 34:7-9; 35:19-21; 36:1-11; 38:21-39:6; 41:14-42:7; 42:10-13; 47:1-6; 52:25-53:12; 54:19-24; 58:21-59:1; 60:22-61:17; 62:22-63:10: 88:14-90:14; 91:17-92:12; 92:24-94:5; 95:7-14; 96:4-97:1; 102:5-17; 106:19-23; 108:2-109:8; 109:17-110:20.

**Volume II (pages 116-190)**

Pages  and  lines:  166:4-19;  168:2-17;  168:20-169:18;  170:8-12;  172:3-13;

173:4-15; 174:6-13; 176:3-177:4

Respectfully submitted,

Dated: November 29, 2023

| | |
|---|---|
| *s/ Ronald G. Acho* | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

***Attorneys For Defendant Absopure Water Company, LLC***

# <u>LOCAL RULE CERTIFICATION</u>

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: November 29, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## CERTIFICATE OF SERVICE

I hereby certify that on November 29, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: November 29, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506