UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.

_____

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

**PLAINTIFF'S RESPONSE TO DEFENDANT'S NOTICE OF PROVIDING EVIDENCE OF TRANSMITTAL OF SUPPLEMETAL EXHIBIT LIST TO PLAINTIFFS**

Plaintiff, Justin Guy, on behalf of himself and the finally certified class of Opt-in Plaintiffs, hereby submits this Response to Defendant's Notice of Providing Evidence of Transmittal of Supplemental Exhibit List to Plaintiffs ("Notice"), ECF No. 210.

Defendant's notice confirms that Defendant failed to comply with the deadline set forth by this Court (again), and only provided its referenced list of proposed Exhibits concerning the personnel file **after** the Court entered its subsequent Order and **in connection with their Local Rule 7.1 conferral on filing its Motion for Reconsideration**. Plaintiff provided a detailed response to Defendant's referenced conferral on its Motion for Reconsideration outlining this

1

deficiency, but Defendant failed to attach the complete conferral. *See* Conferral, attached as **Exhibit A**.

To recap, Plaintiff filed his Objections to, *inter alia*, the personnel file records based on this deficiency, and expressly noted that this Court has previously indicated that "[e]ach individual exhibit must be listed in the JFPO as its own exhibit. A single exhibit should not contain multiple individual exhibits." ECF No. 161, PageID.7397 (citing *Gray v. City of Detroit*, 2021 WL 2885807, at *4 (E.D. Mich. July 9, 2021)).[1]

Thereafter, Defendant filed its Response where it could have—but again failed to—articulate the individual exhibits, in its **second bite at the apple**. *See* ECF No. 168.

Thereafter, the Court conducted a hearing on October 26, 2023; thereby providing Defendant with a **third bite at the apple** to cure this glaring deficiency. Again, Defendant failed to do so.

Thereafter, the Court entered an Order concerning, *inter alia*, the personnel file exhibits **and expressly directed Defendant to** "**identify the specific information it intends to use and for what purpose**" from the personnel files. ECF

---

[1] Substantively, these records are largely irrelevant to the claims and defenses in this matter, and also contain multiple levels of hearsay. These records also include public documents that are neither authenticated nor certified (*see* Fed.R.Evid. 1005), and impermissibly include Plaintiff's confidential information. Plaintiff, however, could not lodge specific objections to these hundreds of pages of documents based on Defendant's composite listing of all personnel files for all Plaintiffs in a collective action.

No. 180, PageID.8236 (emphasis added).

Following the Court's Order, Defendant filed its supplemental memorandum, thereby providing Defendant with a **fourth bite at the apple**. *See* ECF No. 182

Thereafter, the Parties and the Court extensively discussed Defendant's briefings concerning the personnel filing piece by piece during the November 9, 2023 hearing, thereby providing Defendant with a **fifth bite at the apple**. In its "Notice", Defendant falsely claims that an "understanding" was reached by the Court and the parties during the November 9, 2023 hearing ECF No. 210, PageID.9518. The only "understanding" reached was that **Defendant stipulated that these exhibits will not be admitted after extensive discussion**, save for certain disciplinary records that may be relevant. The Court, in turn, entered an Order on November 15, 2023, which states:

> Plaintiffs' Personnel Records and Disciplinary History: **Per the parties' stipulation at the November 9 hearing**, **these exhibits will not be admitted**. The Court may permit Absopure to introduce Exhibit 159, (otherwise identified as ABS 2120–2129), which Absopure indicates is relevant to opt-in plaintiff John Aniol's workplace disciplinary history. However, the Court will require the parties to first seek permission to present the issue of Aniol's disciplinary history out of the jury's presence before presenting any evidence or argument on this issue.

ECF No. 191, PageID.8719 (emphasis added).

Defendant's Motion for Reconsideration, its **sixth bite at the apple** on the eve of trial is **highly prejudicial**, and the definition of vexatious litigation as well as trial by ambush.

If filing a Motion for reconsideration after having five bites at the apple does not constitute vexatious litigation, it's not clear if anything would constitute vexatious litigation. To date, the Court has never sanctioned Defendant for their countless frivolous and vexatious motions filed in this matter now at Docket Entry Number 210, which in turn appears to have clearly emboldened Defendant's counsel to bombard the Court and Plaintiff's counsel by filing this drivel with impunity. Their recent motions—1) seeking reconsideration after **three hearings and two rounds of briefings** were conducted based on the same arguments, and 2) seeking to dismiss the lawsuit because Plaintiff's estimates do not match Defendant's records—make it clear that Defendant is not proceeding in good faith. Rather, it is apparent that Defendant's counsel simply sees this case as an unlimited opportunity to bill its client, filing one frivolous request after another hoping the Court will grade them on a curve and "split the baby." But as Justice Brennan once noted, "King Solomon did not, in fact, split the baby in two, and had he done so, I suspect that he would be remembered less for his wisdom than for his hardheartedness. Justice is not served by compromising principles in this way." *Turner v. Murray*, 476 U.S. 28, 44 (1986).

In light of this Clarification, the frivolity of Defendant's request, and the limited resources available until trial, Plaintiff respectfully requests the Court Deny Defendant's Motion for Reconsideration by close of business today so that Plaintiff can focus on the remaining avalanche of trial preparation for this collective action.

                                    Respectfully submitted,

Dated: December 1, 2023

/s/ *Michael N. Hanna*
MICHAEL N. HANNA (P81462)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 739-1950
mhanna@forthepeople.com

*Attorneys for Plaintiff*

## CERTIFICATE OF SERVICE

The undersigned certifies that the foregoing document was filed using the CM/ECF system on December 1, 2023, which I understand will send a notice of same to all counsel of record.

                                    */s/ **Michael N. Hanna***
                                    Michael N. Hanna