# EXHIBIT A

## Michael Hanna x8310

| | |
|---|---|
| **From:** | Michael Hanna x8310 |
| **Sent:** | Thursday, November 16, 2023 8:54 PM |
| **To:** | Michael O. Cummings |
| **Cc:** | Andrew Frisch x7412; Ronald G. Acho; Julie A. Callahan; Veronica Stewart x8313; Ertis Tereziu x8316 |
| **Subject:** | RE: Guy v. Absopure - Personnel File Exhibits and Motion to Reconsider |
| **Categories:** | Litify |

Counsel,

What are you talking about? What Agreement was reached on the record? Do you have a transcript of that hearing to evidence this "agreement" you claim was reached before you represent to the Court that there was an agreement reached between the Parties on the record? The Court's Order expressly addressed the admissibility of the personnel file, and the only "agreement" reached was **the Parties stipulation that these exhibits would not be admitted**.

As you know, prior to the Court's November 15, 2023 Order, the Court entered an Order concerning the personnel file exhibits on October 26, 2023 directing Defendant to "**identify the specific information it intends to use and for what purpose**" from the personnel files. ECF No. 180, PageID.8236 (emphasis added). On October 31, 2023, Defendant's Response advised what its "narrow list" was, and referenced to its narrow list from the record and prior filings. *See* ECF No. 182, PageID.8247. The Parties and the Court then extensively discussed this "narrow list" piece by piece during the November 9, 2023 hearing, and **you stipulated that these exhibits will not be admitted after extensive discussion**, save for certain disciplinary records that may be relevant. The Court, in turn, entered an Order on November 15, 2023, which states:

> Plaintiffs' Personnel Records and Disciplinary History: **Per the parties' stipulation at the November 9 hearing**, **these exhibits will not be admitted**. The Court may permit Absopure to introduce Exhibit 159, (otherwise identified as ABS 2120–2129), which Absopure indicates is relevant to opt-in plaintiff John Aniol's workplace disciplinary history. However, the Court will require the parties to first seek permission to present the issue of Aniol's disciplinary history out of the jury's presence before presenting any evidence or argument on this issue.

ECF No. 191, PageID.8719 (emphasis added). If you attempt to misrepresent the record and claim there was some agreement reached, as Mr. Acho misrepresented Defendant's production during the October 24, 2023 hearing, Plaintiff will seek sanctions.

With respect to the other exhibits, these issues have been exhaustively addressed over the span of **three hearings** and **multiple briefings** by each party. During the October 26, 2023 hearing, Mr. Acho claimed that I misrepresented what was produced, and falsely advised the Court that Defendant produced the underlying records for, *inter alia*, Exhibits 8, 126-127, 130-157, 212-239 in an effort to falsely claim Fed.R.Evid. 1006 was satisfied. The Court, in turn, entered an Order, stating:

> Exhibits 8, 126–127, 130–157, and 213–239: Absopure's counsel, individually, must certify as to the date on which counsel (or the person under his direction) produced to Plaintiffs the documents or information containing the underlying data supporting these exhibits and must specifically describe the documents or information that was produced. A copy of the transmittal letter or email must be supplied. Absopure's memorandum must explain how this information satisfies the requirements of Federal Rule of Evidence 1006.

When the Court pressed Defendant to produce its transmittal letters or emails evidencing its production and Mr. Acho's representations to the Court, Defendant admitted—as it must—that it did not actually produce the underlying records after

all. Forced to pivot, due to Mr. Acho's material misrepresentations, Defendant instead provided the dates for when it produced its summary charts in its exhibit, and attempted to justify its untimely production through its arguments. Thereafter, a second hearing was conducted on November 9, 2023 where you made additional arguments concerning these exhibits. Thereafter, the Court addressed the binding Sixth Circuit authority concerning the production of these documents during a third hearing on November 13, 2023, and entered an Order concerning their inadmissibility based on the binding authority provided on the record on on November 15, 2023. ECF No. 191.

Are you now looking for a **fourth** (or fifth?) bite at the apple? You have had ample opportunity to make all arguments Defendant can muster concerning these issues in **3 hearings** and multiple briefings.

There is no intervening binding authority that precipitates or otherwise justify this vexatious litigation, and Plaintiff will seek his fees and costs if he is required to—once again—respond and re-brief these issues.

**Michael Hanna**
Attorney
My Bio

**P:** (313) 739-1950
**F:** (313) 739-1975
**A:** 2000 Town Center, Suite 1900, Southfield, MI 48075

**MORGAN & MORGAN** FOR THE PEOPLE.COM

PRACTICE AREAS | LOCATIONS | ATTORNEYS | VERDICT MAGAZINE

*A referral is the best compliment. If you know anyone that needs our help, please have them call our office 24/7.*

**From:** Michael O. Cummings <mcummings@cmda-law.com>
**Sent:** Thursday, November 16, 2023 7:04 PM
**To:** Michael Hanna x8310 <MHanna@forthepeople.com>
**Cc:** Andrew Frisch x7412 <AFrisch@ForThePeople.com>; Ronald G. Acho <racho@cmda-law.com>; Julie A. Callahan <jcallahan@cmda-law.com>
**Subject:** *EXT* Guy v. Absopure - Personnel File Exhibits and Motion to Reconsider

**CAUTION: Use caution when clicking on links or opening attachments in this external email.**

Counsel,

Per Absopure's agreement in the November 9th hearing, attached is a narrowed list of exhibits from Plaintiffs' personnel files.

Further, please be advised that Absopure intends to file a motion to reconsider the Court's ruling that Absopure's Exhibits 8, 126-127, 130-157, and 213-239 are inadmissible and also the Court's ruling with respect to personnel files to the extent that it appears different than what was agreed to by the parties at the hearing. Please advise whether you concur.

Regards,

Michael O. Cummings

Cummings, McClorey, Davis & Acho, P.C.
Office: 212-547-8817
Fax: 212-547-8811
mcummings@cmda-law.com



CONFIDENTIALITY NOTICE

This e-mail correspondence is confidential. If you are not the intended recipient, please notify the sender of the delivery error immediately, and then delete it from your system. Do not read, use, or copy this e-mail, or disclose it to others. This e-mail is not intended to waive the attorney-client privilege, or any other privilege. Thank you.


CONFIDENTIALITY NOTICE: This e-mail message including attachments, if any, is intended for the person or entity to which it is addressed and may contain confidential and/or privileged material. Any unauthorized review, use, disclosure or distribution is prohibited. If you are not the intended recipient, please contact the sender by reply e-mail and destroy all copies of the original message. Thank you.