UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

    Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC

    Defendant.
_____/

Case No. 20-12734

HON. MARK A. GOLDSMITH

**ORDER DENYING (1) ABSOPURE'S MOTION TO OBJECT TO DISCOVERY REQUESTS (Dkt. 110), (2) THE PARTIES' MOTIONS TO OBJECT TO EXHIBITS (Dkts. 161, 162), (3) PLAINTIFFS' MOTION FOR LEAVE TO CONDUCT DE BENE ESSE DEPOSITION (Dkt. 167), (4) PLAINTIFFS' MOTION TO USE SUMMARY CHART AS DEMONSTRATIVE AID (Dkt. 172), AND (5) ABSOPURE'S REQUEST TO PRECLUDE PLAINTIFFS FROM CALLING WITNESSES NOT IDENTIFIED ON WITNESS LIST (Dkt. 193)**

Before the Court are a number of pending motions and submissions filed by the parties: (i) Absopure Water Company, LLC's motion to object to opt-in plaintiffs' discovery requests (Dkt. 110), (ii) the parties' motions to object to exhibits (Dkts. 161, 162), (iii) Plaintiffs' motion for leave to conduct de bene esse deposition (Dkt. 167), (iv) Plaintiffs' motion to use summary chart as demonstrative aid (Dkt. 172), and (v) Absopure's memorandum in opposition to Plaintiffs' request to call witnesses not identified on their witness list (Dkt. 193).

The Court first addresses Absopure's opposition to Plaintiffs' request to call witnesses and next addresses the pending motions.

    **A. Absopure's Opposition to Plaintiffs' Request to Call Witnesses**

Following hearings on November 9 and 13, 2023, the Court issued an order (i) stating that Plaintiffs are not permitted to offer representative testimony to establish the hours worked by

1

particular plaintiffs and (ii) directing the parties to file memorandums on the issue of whether opt-in Plaintiffs not identified on the witness list set forth on the proposed joint final pretrial order should be allowed to testify at trial. 11/15/2023 Order at 2 (Dkt. 191).

Absopure's memorandum asserts a number of reasons for its position that Plaintiffs should not be permitted to call witnesses not listed on Plaintiffs' witness list—none of which has merit.

Absopure first argues that it will be prejudiced because the inclusion of such witnesses will prevent it from adequately preparing for trial. But other than vague and conclusory statements that allowing the witnesses to testify would cause Absopure to "scramble," Absopure fails to explain how permitting opt-in plaintiffs to testify at trial would cause any articulable prejudice. Absopure Memo at 2–3. The parties have had ample time to conduct discovery on each of the opt-in Plaintiffs. And while Absopure submits that it must now "counter" the testimony of the opt-in Plaintiffs, it fails to explain why it is not well-positioned to counter such testimony or specify the witnesses it intends to call in response. Nor can Absopure plausibly claim surprise. As Plaintiffs point out, Pl. Memo at 5 (Dkt. 195), just last month Absopure indicated its intention to call "any Plaintiff not called by Plaintiffs during their case in chief." Proposed Joint Final Pretrial Order at 59. Given Absopure's stated intention to call opt-in Plaintiffs not called by Plaintiffs in the event the Court permitted Plaintiffs to put on representative proofs, Absopure cannot now claim that it is prejudiced by permitting those very same witnesses to testify. Miller v. Coty, Inc., No. 3:14-cv-443, 2018 WL 6728568, at *2 (W.D. Ky. Dec. 21, 2018) (declining to exclude witness not included on witness list where the parties were aware of the witness and her relevance to the case).

Absopure also cites this Court's September 5, 2023 order denying Absopure's motion to extend case deadlines and compel depositions of Plaintiffs (Dkt. 141), arguing that the order prevented Absopure from the "opportunity to conduct discovery to ascertain how each Opt-In

Plaintiff determined the number of hours he claims to have worked." Absopure Memo at 8. The Court disagrees. The Court denied Absopure's request to compel depositions of opt-in Plaintiffs and to extend case deadlines because the request was untimely and lacked the requisite good cause to modify the scheduling order under Federal Rule of Civil Procedure 16(b)(4). As the Court explained in that opinion, Absopure had time to schedule depositions of opt-in plaintiffs, "[i]ndeed, the Court directed the parties to 'promptly confer about the scheduling of fact depositions,' in April of 2023," but "Absopure chose not to do so." 9/5/2023 Op. & Order at 7 (citing 4/25/2023 Order). Absopure's complaint that it lacked sufficient time to conduct discovery of opt-in Plaintiffs continues to be without merit.

Absopure's request to preclude opt-in Plaintiffs from testifying is denied.

**B.  Pending Motions**

A number of motions remain pending on the docket, including Absopure's motion to object to opt-in plaintiffs' discovery requests (Dkt. 110), the parties' motions to object to exhibits (Dkts. 161, 162), Plaintiffs' motion for leave to conduct de bene esse deposition (Dkt. 167), and Plaintiffs' motion to use summary chart as demonstrative aid (Dkt. 172).

The Court denies each of these motions as moot. Absopure's motion to object to opt-in Plaintiffs discovery was filed to "preserve its objections should a later dispute arise between the parties." Mot. to Object to Discovery Requests at 1. The time for discovery has now passed. The Court's November 15, 2023 order following hearings on pretrial matters granted Plaintiffs' motion for leave to conduct the de bene esse deposition of J.B. Hunt's corporate representative and that deposition took place on November 21, 2023. With respect to Plaintiffs' motion to use summary chart as demonstrative aid, as discussed during the November 13, 2023 joint final pretrial

conference, the Court will not permit the parties to use demonstrative exhibits absent the prior introduction of substantiating evidence or testimony.

SO ORDERED.

Dated: December 4, 2023　　　　　　　　　　　s/Mark A. Goldsmith
　　　　　Detroit, Michigan　　　　　　　　　　　MARK A. GOLDSMITH
　　　　　　　　　　　　　　　　　　　　　　　United States District Judge