UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISIONt

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                                       Case No. 20-cv-12734-MAG-EAS
                                                      HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM REGARDING CITATION TO MISTAKEN DEFENSES AS A DEFENSE TO WILLFULNESS**

NOW COMES Defendant Absopure Water Company. LLC ("Absopure"), by and through its attorneys, CUMMINGS, MCCLOREY, DAVIS & ACHO, PLC, by RONALD G. ACHO and MICHAEL O. CUMMINGS, and pursuant to the Court's direction at the hearing on December 4, 2023, hereby submits its Memorandum on the determination of the small vehicle exception on a week-by-week basis.

The Department of Labor has stated that small vehicle usage must be assessed on a week-by-week basis. All the cases that Absopure can find that have addressed this issue have found the same, often relying on these DOL statements.

In a Field Assistance Bulletin, the DOL stated:

TCA section 306(a) extends FLSA section 7 overtime requirements to employees covered by TCA section 306(c), notwithstanding FLSA

1

> section 13(b)(1). This means the overtime pay requirements apply to an employee of a motor carrier or motor private carrier *in any workweek* in which the employee works, "in whole or in part", as a driver, driver's helper, loader or mechanic affecting the safety of operation of small vehicles on public highways in interstate or foreign commerce.

U.S. Dept. of Labor, Wage and Hour Div., Field Assistance Bulletin No. 2010-2 (Nov. 4, 2010) (taken from website, last accessed 12/5/2023 https://www.dol.gov/agencies/whd/field-assistance-bulletins/2010-2) (emphasis added) (Attached as Exhibit 1).

> This echoed an earlier statement by the DOL:
>
> Notwithstanding the Section 13(b)(1) exemption, the overtime provisions of Section 7 of the FLSA shall apply to an employee of a motor carrier or motor private carrier *in any work week that:*
>
> . . . .
>
> The Section 13(b)(1) exemption does not apply to an employee *in such work weeks* even though the employee's duties may also affect the safety of operation of motor vehicles weighing greater than 10,000 pounds, or other vehicles listed in subsections (a), (b) and (c) above, in the same work week.

U.S. Dept. of Labor, Wage and Hour Div., Fact Sheet #19: The Motor Carrier Exemption under the Fair Labor Standards Act (FLSA) (Rev. Nov. 2009) (last accessed 12/5/2023, https://www.dol.gov/agencies/whd/fact-sheets/19-flsa-motor-carrier) (Attached as Exhibit 2).

> In *Heng Guo Jin v. Han Sung Sikpoom Trading Corp.* the district court stated:
>
> The Corrections Act amended both the Motor Carrier Act and the FLSA so that a driver is covered by the FLSA's overtime-wage provisions when he spends part of a workweek driving small vehicles and part of

2

> a workweek driving large vehicles. Since there are triable issues of fact as to whether Jin drove a small vehicle *in each and every workweek* after the Corrections Act went into effect, summary judgment is inappropriate.

*Id.*, No. 13–CV–6789, 2015 WL 5567073 at *6, (E.D.N.Y. Sep. 21, 2015)

The court then explained its reliance on the DOL's statements:

> To the extent statutory text leaves any ambiguity as to the meaning of section 306, agency guidance corroborates the Court's interpretation. Two documents issued by DOL's Wage and Hour Division support the Court's reading of the Corrections Act. See U.S. Dep't of Labor, Wage & Hour Div., Field Assistance Bulletin No.2010–2, at *2–3 (interpreting Corrections Act to apply FLSA overtime-wage protections to drivers during workweeks in which they in part operate small vehicles even if they also operate large vehicles); U.S. Dep't of Labor, Wage & Hour Div., Fact Sheet # 19, at *2 (2009) (same). The Court finds that this interpretive guidance is entitled to deference under *Skidmore v. Swift & Co.*, 323 U.S. 134, 65 S.Ct. 161, 89 L.Ed. 124 (1944), *See Christensen v. Harris Cty.*, 529 U.S. 576, 587, 120 S.Ct. 1655, 146 L.Ed.2d 621 (2000) (finding DOL opinion letters merit Skidmore but not Chevron9 deference). Those documents merit Skidmore deference because (1) they are persuasive as consistent with the Correction Act's plain meaning; (2) they are consistent with one another and with the week-by-week, employee-by-employee approach generally applied to the Exemption, see, e.g., 29 C.F.R. § 782.2(b)(3); (3) interpretive guidance from the Wage and Hour Division "constitute[s] a body of experience and informed judgment to which courts and litigants may properly resort for guidance," Skidmore, 323 U.S. at 140; and (4) they bear certain indicia of formality, see U.S. Dep't of Labor, Wage & Hour Div., Field Assistance Bulletins, http://www.dol.gov/whd/FieldBulletins (bulletins are developed under the Wage and Hour Division's general authority to administer various laws and provide guidance to DOL investigators and staff members). *See United States v. Mead Corp.*, 533 U.S. 218, 228, 121 S.Ct. 2164, 150 L.Ed.2d 292 (2001) (weight of Skidmore deference depends on "the degree of the agency's care, its consistency [with earlier and later interpretations], formality, and relative expertness, and ... the persuasiveness of the agency's position").

3

*Id.*, 2015 WL 5567073 at *7

The court in *Byers v. Care Transport Inc.*, No. 13-CV-15174, .2015 WL 5608287 (E.D. Mich. Sep. 24, 2015), likewise relying on the DOL's statements, found,

> In sum, the Court agrees with Plaintiffs that where an employee combines more than *de minimus* work involving a vehicle provided for in the small vehicle exception with work involving a vehicle not covered by that exception, the employee is entitled to overtime pay under the FLSA, ***at least during weeks where there is such combined work.***

*Id.*, 2015 WL 5608287 at *8 (emphasis added).

Other courts have ruled the same, often citing the DOL' guidance. *See Noll v. Flowers Foods Inc.*, 478 F.Supp.3d 59, 66 (D. Me. 2020) ("Consequently, a given distributor would not be entitled to FLSA overtime wages unless he or she, ***in a given week***, not only personally worked in excess of 40 hours but also used a personal vehicle to transport Defendants' product") (emphasis added)); *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F.Supp.3d 466, 471 (E.D. Pa. 2019) ("The Department of Labor and several district courts have indicated that the Exception applies ***on a week-by-week basis***" (emphasis added)); Gowey v. True Grip & Lighting, Inc., 520 F.Supp.3d 1013   *Hernandez v. Alpine Logistics*, No. 08–CV–6254T, 2011 WL 3800031, at *7-*8 (W.D.N.Y. Aug. 29, 2011) ("For the reasons set forth above, I find that . . . plaintiffs were entitled to overtime compensation under the FLSA for all overtime hours worked ***during weeks in which they qualified***

4

as *"covered employees" under the FLSA*." (emphasis added)); *Moore v. Performance Pressure Pumping Services, LLC*, 5:15-cv-432-RCL, 2017 WL 1501436 at *10 (W.D. Tex Apr. 26, 2017) ("***Even in weeks*** where employees worked on vehicles weighing more than 10,000 pounds (and thus were subject to the Department of Transportation's regulations, those employees would still be entitled to overtime if they worked on vehicles weighing less than 10,000 pounds." (emphasis added, citing *Hernadez, supra*)); *Gowey v. True Grip & Lighting, Inc.*, 520 F.Supp.3d 1013, 1021 (E.D. Tenn. 2021) .

Thus the Department of Labor's guidance and several district courts following that guidance have concluded that the small vehicle exception must be assessed on a week-by-week basis.

Respectfully submitted,

Dated: December 5, 2023

<table>
<tr><td>

s/ Ronald G. Acho
Ronald G. Acho
Cummings, McClorey, Davis & Acho, P.L.C.
17436 College Parkway
Livonia, MI 48152
(734) 261-2400
racho@cmda-law.com
P-23913

</td><td>

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
1185 Avenue of the Americas, 3rd Fl.
New York, NY 10036
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

</td></tr>
</table>

**ATTORNEYS FOR DEFENDANT ABSOPURE WATER COMPANY, LLC**

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length. Local Rule 7.1(d)(3).

Dated: December 5, 2023

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## CERTIFICATE OF SERVICE

I hereby certify that on December 5, 2023, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: December 5, 2023

>/s/ *Michael O. Cummings*
>Michael O. Cummings
>Cummings, McClorey, Davis & Acho, P.C.
>Attorneys for Defendants
>1185 Avenue of The Americas, Third Floor
>(212) 547-8810
>mcummings@cmda-law.com
>N.Y. Bar No. 2701506