# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MICHIGAN
# SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**, a domestic limited liability company,

    Defendant.

_____/

Case No.: 20-cv-12734

Hon. Mark A. Goldsmith

## PLAINTIFF'S PROPOSED VERDICT SHEET

Pursuant to the Court's Order, Plaintiff hereby submits his proposed verdict form.

**Do you find by a preponderance of the evidence:**

1. That one or more of the plaintiffs worked more than 40 hours in a work week?

    _____ YES

    _____ NO

If you answered "Yes" to Question 1, proceed to Question 2. Otherwise, do not respond to the remaining questions and date and sign the verdict form.

2. That plaintiffs were not compensated at a rate of time and one half their regular rate of pay by defendant for all hours worked in excess of 40 in a work week.

    _____ YES

   _____  NO

If you answered "Yes" to Question 2, proceed to Question 3. Otherwise, do not respond to the remaining questions and date and sign the verdict form.

3. Was Mountain Valley or Defendant Absopure Water Company the shipper of the Mountain Valley goods that J.B. Hunt transported from Mountain Valley to Absopure?

   _____  Mountain Valley

   _____  Defendant Absopure Water Company

If you answered "Defendant Absopure Water Company" to Question 3, proceed to Question 4. If you answered "Mountain Valley" to Question 3, proceed to Question 8.

**Note:** Plaintiff maintains that the jury should simply be asked which entity was the shipper. The Jury instructions will define the term "shipper." Plaintiff's proposed Jury instructions for the term "shipper" is located at ECF No. 160, PageID.7368.

4. That defendant had a fixed and persistent intent as to the final destination (i.e., ultimate customer) after Mountain Valley goods passed through its warehouse for the specific bottles of water it ordered from Mountain Valley at the time Mountain Valley dispatched the water from its facility?

   _____  YES

   _____  NO

If you answered "Yes" to Question 4, proceed to Question 5. If you answered "No"

to Question 4, proceed to Question 8.

## Alternative Question 4

4a. At the time of shipment, was there a specific order being filled for a specific quantity of a given product of Mountain Valley to be moved through to a specific destination beyond Absopure's Warehouse?

4b. Is Absopure's warehouse a distribution point or local marketing facility from which specific amounts of the products are sold or allocated?

4c. Was Defendant Absopure Water Company's transportation of Mountain Valley goods in Michigan specifically arranged only after sale or allocation from its warehouse?

5. That the Defendant has proven by the preponderance of the evidence all elements of the Motor Carrier Act exemption?

   _____  YES

   _____  NO

If you answered "Yes" to Question 5, proceed to Question 6. If you answered "No" to Question 5, proceed to Question 8.

6. That one of more plaintiffs drove a vehicle that weighs 10,000 pounds or less beyond a trivial or insignificant amount of times for their work duties? As a matter of law, anyone who drove a vehicle 2 or more times per month satisfies this standard, but you may also find that those who drove less frequently do as well.

If you answered "Yes" to Question 6, proceed to Question 7. Otherwise, do not respond to the remaining questions and date and sign the verdict form.

7. Which plaintiffs do you find drove a vehicle that weighs 10,000 pounds or less beyond a trivial or insignificant amount of times for their work duties, which includes but may not be limited to 2 or more times per month?

| | |
|---|---|
| Justin Guy | _____ |
| John Aniol | _____ |
| Aaron Armstead | _____ |
| Lucas Belonga | _____ |
| Keith Brown | _____ |
| Dannielle Childs | _____ |
| Ryan Clendennin | _____ |
| Caleb Fish | _____ |
| Shawn Jacek | _____ |
| Gary Johnson, Jr. | _____ |
| Antony Newkirk | _____ |
| Paul Okimoto | _____ |
| Terry Pemberton | _____ |
| Charles Perry | _____ |
| Kevon Phipps | _____ |
| Nathan Redmer | _____ |
| Ryan Rhodes | _____ |
| David Sujkowski | _____ |
| Jordan Tampa | _____ |
| Kyle Winconek | _____ |

   George Woldt  _____

8. That defendant either knew or showed reckless disregard for whether its conduct was prohibited by the FLSA:

   _____  YES

   _____  NO

Proceed to question 9, regardless of your answer to question 8.

9. That the plaintiffs were not compensated for their overtime work performed on behalf of the defendant in the following amount:

| Name | Amount |
|---|---|
| Justin Guy | $_____ |
| John Aniol | $_____ |
| Aaron Armstead | $_____ |
| Lucas Belonga | $_____ |
| Keith Brown | $_____ |
| Dannielle Childs | $_____ |
| Ryan Clendennin | $_____ |
| Caleb Fish | $_____ |
| Shawn Jacek | $_____ |
| Gary Johnson, Jr. | $_____ |
| Antony Newkirk | $_____ |
| Paul Okimoto | $_____ |
| Terry Pemberton | $_____ |
| Charles Perry | $_____ |
| Kevon Phipps | $_____ |

|  |  |
|---|---|
| Nathan Redmer | $_____ |
| Ryan Rhodes | $_____ |
| David Sujkowski | $_____ |
| Jordan Tampa | $_____ |
| Kyle Winconek | $_____ |
| George Woldt | $_____ |

SO SAY WE ALL.

_____

DATE

_____

JURY FOREPERSON

Dated:  December 13, 2023

Respectfully submitted,

/s/ *Michael N. Hanna*
Michael N. Hanna (P81462)
MORGAN & MORGAN, P.A.
2000 Town Center, Suite 1900
Southfield, MI 48075
(313) 739-1950
mhanna@forthepeople.com

*Attorneys for Plaintiff*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on December 13, 2023, the foregoing document was filed using the CM/ECF system, which will send notice of same to all counsel of record.

>*/s/ Michael N. Hanna*
>Michael N. Hanna (P81462)
>Attorney for Plaintiff