UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

**JUSTIN GUY**, individually on behalf
of himself and others similiarly situated,

    Plaintiff,

v.

**ABSOPURE WATER COMPANY, LLC**,
a domestic limited liability company,

    Defendant.
_____/

Case No.:  20-cv-12734

Hon. Mark A. Goldsmith

### PLAINTIFF'S BRIEF REGARDING THOSE DRIVERS WHO DROVE A SMALL VEHICLE LESS THAN TWICE A MONTH

Plaintiff, Justin Guy, on behalf of himself and the finally certified class of Opt-in Plaintiffs, hereby submits this memorandum pursuant to the Court's Order Following the December 19, 2023 Conference, [ECF No. 236], regarding those who drove a small vehicle less than twice a month, and states as follows.

As a threshold matter, this brief is academic because the jury overwhelmingly found that the relevant factors do not favor application of the MCA. *See* ECF No. 230, PageID.9929-30. Thus, the issue of the application of the small vehicle exception's *de minimis* threshold is moot. However, in an excess of caution, Plaintiffs seek judgment on the alternate grounds that they are excepted from the MCA pursuant to the small vehicle exception as well.

On May 5, 2023, the parties stipulated that driving twice a month or more was a proper barometer and similarly satisfied the *de minimis* standard regarding all plaintiffs. ECF No. 111, PageID.4744 ("The Parties agree that this Order applies to the Opt-in Plaintiffs who drove a vehicle that weighs less than 10,001 pounds at least two times per month during their employment with Defendant and renders the Motor Carrier Act Exemption inapplicable[.]"). Thus, the limited supplemental briefing requested by the Court arises because the parties did not contemplate the implications of a plaintiff driving a vehicle whether less than twice a month, and any argument that application of same must be determined on a week-by-week basis is foreclosed by the parties' stipulation in this regard.

As it has at every opportunity, Defendant attempts to rewrite history. As such, Defendant spends the lion's share of its brief attempting to ignoring its prior agreement, reframing the twice a month as a court ruling which "gifted Plaintiffs with an untenable legal regime that allows them to wildly overstate their alleged damages." ECF No. 237, PageID.10007. If anyone "gifted" Plaintiffs such favorable terms, it was Defendant, not the Court. Thus, to the extent that Defendant contends that *de minimis* must be evaluated on a week-by-week basis, Defendant has waived such argument through their prior briefing or agreement.

Furthermore, as Plaintiffs demonstrated at trial, Defendant's small vehicle usage records are inaccurate, incomplete and unreliable. Thus, even if the analysis

was limited to week-to-week, it would no more illuminate which weeks a driver drove a small vehicle. Moreover, a review of the relevant authority supports Plaintiff's suggested interpretation. The small vehicle exception to the MCA exemption is a *de minimis* exception and drivers who operate small vehicles for **1% or more** of their routes satisfy the threshold. *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F. Supp. 3d 466, 474 (E.D. Pa. 2019) (holding that plaintiffs satisfied the *de minimis* threshold to collect overtime under the small vehicle exception **because they drove small vehicles for 1% or more of their trips**) (emphasis added). "Recent cases involving the small vehicle exception have also hued closely to this 1% threshold." *Id*. at 473 (collecting cases). "Moreover, most courts that have applied the Small Vehicle Exception on a week-by-week basis have still considered the extent of drivers' small vehicle usage before ruling that the Small Vehicle Exception applies." *Id*. at 471 (citing *Byers v. Care Transport, Inc.*, No. 13-15174, 2015 U.S. Dist. LEXIS 128111, 2015 WL 5608287, at *8 (E.D. Mich. Sept. 24, 2015). As such, the Third Circuit has noted that **"drivers should seldom, if ever," fall within the *de minimis* exception**. *Resch v. Krapf's Coaches, Inc.*, 785 F.3d 869, 875 (3d Cir. 2015) (emphasis added). "In cases where the de minimis rule was found to apply to drivers, the drivers spent less than one percent of their time in interstate travel." *Turk v. Buffets Inc.*, 940 F. Supp. 1255, 1261-62 (N.D. Ill. 1996) (citing cases). In fact, a snapshot of caselaw shows that employee drivers are not exempt

3

from the MCA when they drive a small vehicle for the following percentage of their time:

| Case Name | Percentage of Time Held to Meet the *De Minimis* Threshold |
|---|---|
| *Oddo v. Bimbo Bakeries U.S.A., Inc.*, 391 F. Supp. 3d 466 (E.D. Pa. 2019) | 1% |
| *Morris v. McComb*, 332 U.S. 422, 423, 68 S. Ct. 131, 132 (1947) | 3.65% |
| *Turk v. Buffets, Inc.*, 940 F. Supp. 1255, 1262 (N.D. Ill. 1996) | 5%< |
| *Walters v. Am. Coach Lines of Miami, Inc.*, 575 F.3d 1221, 1228 (11th Cir. 2009) | 4.06% |
| *Berry v. Best Transp., Inc.*, No. 4:16-cv-00473-JAR, 2018 U.S. Dist. LEXIS 216598, at *18 (E.D. Mo. Dec. 27, 2018) | 5%> |

It is already established that Plaintiff's twice a month work involving small vehicles constitutes roughly 9% of the time, an amount that is above the *de minimis* threshold. ECF No. 109, PageID.4706; *see also* ECF No. 111, PageID.4744. Such analysis and agreement is correct, as there are 173.2 working hours in the average month, and thus, two days amounts to 16 hours, or roughly 9% of the time. As stated *supra*, *de minimis* is less than 1%. Here, 1% of 173.2 working hours in a month equals 1.732 hours. Thus, **for the *de minimis* threshold to apply, an employee must have driven a small vehicle for less than 1.732 hours in a month**. The jury

found only three Opt-in Plaintiffs to have driven less than 1.732 hours in a month: (1) Keith Brown, ECF No. 230, PageID.9919; (2) Gary Johnson Jr., *id* at PageID.9922, and; (3) Nathan Redmer, *id.* at PageID.9925-26. **Therefore, every other Opt-in Plaintiff was found to drive a small vehicle for an amount that was above the *de minimis* threshold** and is excepted from the Motor Carrier Act Exemption. *See generally* ECF No. 230.

Respectfully submitted,

Dated:  January 9, 2023

By: /s/ *Michael N. Hanna*
MORGAN & MORGAN, P.A.
Michael N. Hanna
Michigan Bar No.: P81462
Florida Bar No.: 85035
2000 Town Center, Suite 1900
Southfield, MI  48075
(313) 739-1953
mhanna@forthepeople.com

-and-

*/s/  Andrew R. Frisch*
MORGAN & MORGAN, P.A.
Andrew R. Frisch
8151 Peters Road, Suite 4000
Plantation, FL 33324
(954) WORKERS
afrisch@forthepeople.com

*Attorneys for Plaintiffs*

## **CERTIFICATE OF SERVICE**

The undersigned certifies that on January 10, 2024, the foregoing document was filed using the CM/ECF system, which will send notice of same to all counsel of record.

*/s/ Michael Hanna*
Michael Hanna (P81462)
Attorney for Plaintiff