UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.                                         Case No. 20-cv-12734-MAG-EAS
                                         HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.
_____

**DEFENDANT'S MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW THAT PLAINTIFFS HAVE FAILED TO PROVE WILLFULLNESS**

Defendant Absopure Water Company. LLC ("Absopure"), pursuant to the Court's December 21, 2023 and January 23, 2024 Orders (Dkts. 236 and 242) hereby submits this Memorandum in support of its motion for judgment as a matter of law under Rule 50. As a matter of law, Plaintiffs failed to prove and no reasonable trier of fact could find that Absopure acted willfully with respect to any violation of the FLSA, should one be found.

In short, Plaintiffs have no evidence whatsoever that Absopure willfully violated the FLSA, even if one makes the incorrect assumption that there is any violation. Plaintiffs can only cite Absopure's lack of evidence to show it had conducted a legal analysis concerning the MCA exemption. Plaintiffs, however,

1

have the burden of proof, not Absopure. Any lack of evidence on Absopure's part is not sufficient. Plaintiffs must come up with their own evidence. They have none. Even so, if there were actual evidence that Absopure failed to conduct a legal analysis on their entitlement to the MCA exemption, such hypothetical evidence would show nothing more than mere negligence, not willfulness nor "reckless disregard" as required by law.

There is, of course, incontrovertible evidence of a legal analysis on the propriety of the MCA exemption that found that Absopure properly regarded its Sales and Service Specialists as exempt under the Motor Carrier Act ("MCA"). This evidence is in the form of a report by the Department of Labor finding that Absopure's Sales and Service Specialist were exempt under the MCA. (Dkt. 238-5, PageID.10030). At trial, Absopure intended to offer the testimony of of Art Amelotte that Absopure received the DOL report and Absopure's then legal counsel and human resource manager worked with the DOL on the investigation that led to this opinion. However, this Court precluded Defendants from offering this testimony, thereby committing clear and prejudicial error.

### A. The Standard for Rule 50 Motions

As the Sixth Circuit has stated:

> The standard for granting [a Rule 50(b) motion] requires a finding that viewing the admissible evidence most favorable to the party opposing the motion, a reasonable trier of fact could draw only one conclusion. Another formulation of this standard states that sufficient evidence for

2

> submission to the jury will be found unless, when viewed in the light of those inferences most favorable to the non-movant, there is either a complete absence of proof on the issues or no controverted issue of fact upon which a reasonable person could differ.

*Am. & Foreign Ins. Co. v. Bolt,* 106 F.3d 155, 157 (6th Cir. 1997) (citations omitted) (referring to "JNOV")

Here, it is clear: a) there is no evidence of willfulness on behalf of the Defendants, even assuming there was any violation of the FLSA; and b) what Plaintiffs claim the non-existent evidence shows is insufficient as a matter of law to support a finding of willfulness.

**B.     There is No Evidence of Willfulness**

The Supreme Court has ruled that a finding of willfulness for a FLSA violation cannot "be based on nothing more than negligence". *McLaughlin v. Richland Shoe Co.,* 486 U.S. 128, 134-35, 108 S.Ct. 1677, 1682, 100 L.Ed.2d 115 (1988). Rather, as noted by the Court, "the word 'willful' refers to conduct that is 'voluntary,' 'deliberate,' or 'intentional, and not merely negligent.". *Id.* The Sixth Circuit has also found that "[m]ere negligence by the employer is not sufficient to permit a finding of willfulness." *Elwell v. University Hospitals Home Care Services,* 276 F.3d 832, 841, n. 5 (6th Cir. 2002)

In *Richland Shoe,* the Supreme Court expressly rejected a standard for "willful" by merely showing that "the employer knew or suspected that his actions might violate the FLSA", i.e., that the employer knew that "the FLSA was in the

3

picture." *Richland Shoe*, 486 U.S., at 130, 133-34, 108 S.Ct., at 1679-80, 1682 (referring to the "Jiffy June" set forth in *Coleman v. Jiffy June Farms, Inc.*, 458 F.2d 1139, 1142 (5th Cir. 1971)). The Supreme Court also rejected an "intermediate" standard that "if the employer, recognizing it might be covered by the FLSA, acted without a reasonable basis for believing that it was complying with the statute." *Id.* at 134, at 1682. In rejecting this "reasonable basis" standard, the Supreme Court noted that it "would apparently make the issue in most cases turn on whether the employer sought legal advice concerning its pay practices" and thus would improperly amount to mere "negligence". *Id.* Thus, even if "an employer acts unreasonably, but not recklessly," there is no willfulness. *Id.*, at n. 13.

Here, Plaintiffs **only** argument for Absopure's being willful consists in claiming that Absopure cannot provide evidence that it sought legal advice or an opinion from the Department of Labor concerning the MCA exemption. (*See* Dkt. 244, PageID.10201-02, 05-07 (Tr. 92:13-23; 93:14-23, 96:19-97:20, 98:2-25)). There is nothing else – not even a suggestion, let alone evidence, of any misconduct that was "voluntary", "deliberate", or "intentional". *See Richland Shoe*, 486 U.S., at 134, 108 S.Ct., at 1682. The Sixth Circuit has made clear that willfulness or "reckless disregard" must be proven by "facts about the defendant's mental state." *Katoula v. Detroit Entm't, LLC,* 557 F. App'x 496, 498 (6th Cir. 2014) (affirming grant of a motion to dismiss for failure to plead sufficient facts). Accordingly, the

4

Sixth Circuit has generally found willfulness only when there has been direct notice of a violation:

> This court held that a violation of the Act was willful where undisputed evidence showed that the employer "had actual notice of the requirements of the FLSA ***by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance*** with the FLSA."

*Herman v. Palo Grp. Foster Home, Inc.*, 183 F.3d 468, 473–74 (6th Cir. 1999) (emphasis added) (quoting *Dole v. Elliott Travel & Tours, Inc.*, 942 F.2d 962, 967 (6th Cir.1991) which, in turn, cites *Brock v. Superior Care, Inc.,* 840 F.2d 1054, 1062 (2d Cir.1988)). There is no evidence of any alleged state of mind of Absopure that could amount to willfulness – nothing to show intentional or deliberate acts and no earlier violations.

Further, Plaintiffs have no actual evidence of even mere negligence. They cannot show that Absopure failed to seek legal advice or a DOL opinion, only that Absopure could not provide evidence of it. Whatever inference could be derived from this is insufficient as the burden of proof for willfulness is on Plaintiffs, not Absopure. *Richland Shoe*, 486 U.S., at 135, 108 S.Ct., at 1682. Even if a negligence standard applied, Plaintiffs failed to make their case.

In *Thomas v. Doan Const. Co.*, No. 13–11853, 2014 WL 1405222 (E.D. Mich. April 11, 2014), the plaintiff made the same argument Plaintiffs are making here:

> Plaintiff states that Defendant has offered no evidence that it took any steps to determine FLSA requirements or determine whether Plaintiff

5

was exempt from FLSA overtime provisions. Plaintiff adds that Defendant has pointed to no legal advice that it received, no Department of Labor bulletin on which it relied, or any other evidence that it attempted to determine its obligations under the FLSA. Plaintiff maintains that "[s]uch failure to inquire constitutes reckless disregard for whether its misclassification of [Plaintiff] was willful."

*Id.* at *14.

The court noted that there was no evidence that the defendant was on notice of any violation rejected this argument and concluded, "Plaintiff has the burden to bring forth evidence that Defendant's actions concerning the FLSA were willful, and she has not done so." *Id.*

Here, entirely apart from the DOL Report demonstrating that Absopure was entitled to the MCA exemption, the actual and uncontroverted evidence shows that Absopure had every good reason to believe that Plaintiffs were exempt under the MCA. As Absopure testified as trial, and as is undisputed in this case, Absopure is a private motor carrier regulated by the DOL. (Dkt. 244, PageID.10219-20 (Tr. 110:4-111:6); Dkt. 70, PageID.4497). Plaintiffs transport goods that are sourced out-of-state. (Dkt. 245, PageID.10362-63 (Tr. 11:6-12:16)). Absopure owns the products the moment they are shipped and plays a major role in directing and arranging shipment. (Dkt. 244, PageID.10249-51, 10256, 10301-03 (Tr. 140:23-142:11, 147:13-21, 192:12-194:4); Dkt. 245, PageID.10370-72 (Tr. 19:1-11, 20:2-21:19); Def. Tr. Exh. 1). As this Court noted, only a few specific questions about

6

the MCA exemption remained open after summary judgment motions. (*See* Dkt. 70, PageID.4501-06).

If, in fact, Absopure is found to be incorrect about the MCA exemption, many courts have found that an employer's incorrect or mistaken belief that it did not owe overtime mitigates against any finding of willfulness. For example, in *Parada v. Banco Indus. De Venezuela, C.A.*, 753 F.3d 62 (2d Cir. 2014), the employer had classified the plaintiff as exempt. *Id.* 753 F.3d at 66. The Department of Labor, however, later conducted an investigation and found the employer liable for overtime payments. *Id.* at 67. The Second Circuit found that the mistaken classification did not provide grounds for willfulness. *Id.* at ("we discern no record evidence of BIV's willful violation of the FLSA when it mistakenly classified Parada as exempt from the FLSA's overtime requirements").

In *Desmond v. PNGI Charles Town Gaming, L.L.C.*, 630 F.3d 351, 358-59 (4th Cir. 2011), the court vacated summary judgment of willfulness based on a genuine issue of fact being raised by the employer's claim that the misclassification was the result of a typographical error in a computer program. *Id.*

In *Mohammadi v. Nwabuisi*, 605 Fed.Appx. 329 (5th Cir. 2015), the court found genuine issues of material fact precluded summary judgment where the employer mistakenly believed its employees were exempt because one of its clients, the State of Texas, would not pay overtime for certain services. *Id.* at 332-33.

7

In *Tyger v. Precision Drilling Corp.*, 832 Fed.Appx. 108 (3rd Cir. 2020) the court held that there was no willfulness where the employer mistakenly believed that donning and doffing protective gear was not compensable time. *Id.* at 115-16.

In *Francis v. RTB Holdings, LLC*, No. 1:18-CV-44, 2019 WL 7172972 at *3 (E.D. Tenn. Aug. 19, 2019), the defendant argued that its misclassification was a mistake due to the inexperience of managers. *Id.* The Court noted, "[a]ll facts and circumstances surrounding the violation are considered in determining whether a violation was willful." *Id* (citing 5 C.F.R. § 551.104). The Court then denied summary judgment on the basis of open credibility questions. *Id.* at *4. Finally, in *Lester v. Wayne County*, No. 04-74109, 2006 WL 1421372 at *7 (E.D. Mich. May 23, 2006, the court found no evidence of willfulness in FMLA case where the employer made mistake about eligibility..

## CONCLUSION

Plaintiffs have completely failed to meet their burden to prove that any violation of the FLSA on Abopure's part was willful. There is no evidence in the record to support any such conclusion. Therefore, Absopure respectfully requests the Court to grant its motion for judgment as a matter of law that no reasonable trier of fact could find willfulness and enter judgment in Absopure's favor.

Respectfully submitted,

Dated: January 31, 2024

| | |
|---|---|
| <u>*s/ Ronald G. Acho*</u><br>Ronald G. Acho<br>Cummings, McClorey, Davis & Acho, P.L.C.<br>17436 College Parkway<br>Livonia, MI 48152<br>(734) 261-2400<br>racho@cmda-law.com<br>P-23913 | <u>/s/ *Michael O. Cummings*</u><br>Michael O. Cummings<br>Cummings, McClorey, Davis & Acho, P.C.<br>1185 Avenue of the Americas, 3rd Fl.<br>New York, NY 10036<br>(212) 547-8810<br>mcummings@cmda-law.com<br>N.Y. Bar No. 2701506 |

***ATTORNEYS FOR DEFENDANT ABSOPURE WATER COMPANY, LLC***

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length..

Dated: January 31, 2024

                                    /s/ *Michael O. Cummings*
                                    Michael O. Cummings
                                    Cummings, McClorey, Davis & Acho, P.C.
                                    Attorneys for Defendants
                                    1185 Avenue of The Americas, Third Floor
                                    (212) 547-8810
                                    mcummings@cmda-law.com
                                    N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

I hereby certify that on January 31, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: January 31, 2024

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506