UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on
behalf of those similarly situated,

    Plaintiff,

v.　　　　　　　　　　　　　　　　　Case No. 20-cv-12734-MAG-EAS
　　　　　　　　　　　　　　　　　　HON. MARK A. GOLDSMITH

ABSOPURE WATER COMPANY, LLC
a domestic limited liability company,

    Defendant.

_____

**DEFENDANT'S REPLY MEMORANDUM IN SUPPORT OF ITS MOTION FOR JUDGMENT AS A MATTER OF LAW THAT PLAINTIFFS HAVE FAILED TO PROVE WILLFULLNESS**

1

Defendant Absopure Water Company. LLC ("Absopure") hereby submits this Reply Memorandum in support of its motion for judgment as a matter of law.

### A.     Plaintiffs Have Failed to Provide Trial Transcript Citations

Plaintiffs attempt to support their assertion of willfulness on trial testimony without providing any trial transcript cites. (Dkt. 252, PageID.10620, n. 1). Defendant first made its Rule 50(b) motion on willfulness at the close of Plaintiffs' case during trial and reaffirmed it on multiple occasions. Plaintiffs thus had ample opportunity to order trial transcripts in time but failed to do so. (*See, e.g.,* Dkts. 243-246). They provide no reason for this failure. Instead Plaintiffs are asking this Court to rely on summary allegations without the means to assess their actual import, context, or validity, including any cross examination. Plaintiffs thus have no valid grounds rely on these allegations in their opposition memorandum.

### B.     Plaintiffs' Allegations Cannot Infer Willfulness

Even if the record actually supported Plaintiffs allegations, these cannot support any inference of willfulness. "Mere personal beliefs, conjecture and speculation are insufficient to support a triable factual inference." *Ross v. Duggan*, 402 F.3d 575, 588 (6th Cir.2004) (citing *Chappell v. GTE Products Corp.*, 803 F.2d 261, 268 (6th Cir.1986)). Plaintiffs have nothing but speculation and conjecture.

As discussed below, each allegation by itself is meaningless. Plaintiffs attempt to overcome this fatal defect by sheer weight of numbers, claiming the

1

allegations together must add up to something. (Dkt. 252, PageID.10619-20). However, Plaintiffs fail to show any pattern or relationship that ties any of their allegations, alone or together, to their theory of willfulness – that Defendant knew or recklessly disregarded that the MCA exemption did not apply. Seven times zero still equals zero. *See Chappell, supra*, 803 F.2d, at 268 (allegations of "statistical evidence was 'mere conjecture' and 'personal belief'" and "carry no weight.").

Plaintiffs first allege that Absopure failed keep time records. (Dkt. 252, PageID. 10623). Plaintiffs, however, completely fail to show that this has anything to do with the MCA exemption. Plaintiffs own case makes this point:

> Moreover, [plaintiff] Elwell never presented the jury with any theory as to how the recordkeeping evidence could be probative of the factual question that was properly at issue—i.e., whether University willfully violated the FLSA's overtime pay provisions.

*Elwell v. Univ. Hosps. Home Care Servs.*, 276 F.3d 832, 845 (6th Cir. 2002). Plaintiffs present no theory as to how Absopure's alleged time keeping deficiencies could be probative of Absopure's state of mind with regard to the MCA exemption. If anything, it would indicate a good faith belief that it applied.

The statute that requires tracking of employees' hours specifically states that it only applies to an "employer subject to any provision of this chapter." 29 U.S.C. § 211(c). An employer subject to the Motor Carrier Act would thus not be included. *See* 29 U.S.C. § 213(b)(1). Absopure's paying Specialists on a commission basis,

2

without need to track their hours, is thus entirely consistent with having a good-faith belief that they are exempt. It certainly does not indicate the opposite.

Plaintiffs' next attempt to rely on an allegation that a single supervisor in Grand Rapids asked a single employee not to clock in on some Saturdays. (Dkt. 252, PageID. 10624-25). Entirely apart from glaring internal inconsistencies that could be explored if the trial transcript were available, this is an irrelevant incident. This claim involves a single employee in a unique situation in the Grand Rapids office, occurring long after Absopure management in Plymouth concluded that the MCA exemption applied. The allegation is a thus a complete non-sequitur.

Next, Plaintiffs' claim is that a couple of employees allegedly complained about not getting paid overtime. (Dkt. 252, PageID. 10625). Plaintiff's, again, fail to show how this could theoretically support an inference of willfulness. They provide no details of these alleged complaints – no facts or legal reasoning that Absopure was not already aware of or that could put Absopure on any kind of notice. Plaintiffs do not even speculate as to how these vague complaints could challenge in any way the extensive evidence that the MCA exemption applied. (*See* Dkt. 248, PageID.10570-71 (citing to Dkt. 244, PageID.10219-20, 10249-51, 10256, 10301-03 (Tr. 110:4-111:6, 140:23-142:11, 147:13-21, 192:12-194:4), Dkt. 245, PageID.10362-63, 10370-72 (Tr. 11:6-12:16, 19:1-11, 20:2-21:19).

Plaintiffs' cases do not support their position. In *Greene v. Westwood Prop. Mgmt., LLC*, No. 3:07-0955, 2009 WL 1362271 (M.D. Tenn. May 12, 2009), the plaintiff made numerous, specific, and detailed complaints about his wages and not being paid on an hourly basis. *Id.*, 2009 WL 1362271, at *3-6. These included a co-worker working who performed the same exact job duties and who was paid hourly while plaintiff was classified as salaried. *Id.*, at *3. In finding willfulness, the court, in addition to noting the plaintiffs specific complaints, also noted that plaintiff "was ***obviously*** not performing any managerial or supervisory duties". *Id.*, at *16. As noted above, Plaintiffs cite no detailed and specific complaints and it cannot be said that the MCA exemption "obviously" does not apply.

Ironically, and contradictorily, the heart of Plaintiffs' willfulness claim is that Absopure's human resources personnel and managers failed to consult an attorney. (Dkt. 243, PageID.10081 (Tr. 33:13-2)). Yet Plaintiffs are now asking the Court to place great weight on the vague assertions of non-attorneys –an absurd argument.

Plaintiffs next refer to allegations that some Plaintiffs were paid hourly by previous employers and that John Aniol was, once upon a time, also paid on an hourly basis by Absopure. (Dkt. 252, PageID. 10626). These are likewise meaningless. Plaintiffs cite no evidence about the circumstances of those prior employers or about the long-ago practices of Absopure. We cannot know whether any exemption would or would not have applied to those past situations. Further,

4

we cannot know whether, if an exemption applied, a business decision was made to nevertheless pay on an hourly basis. This would be all pure speculation.

Plaintiffs' next allegation is that Absopure did not pay overtime for some number of employee(s) who worked in the warehouse. (Dkt. 252, PageID. 10626-27). Again, at best, this is a special case, having precisely nothing to do with the MCA exemption. Absopure has never contended that the MCA exemption applied to warehouse workers. Further, Plaintiffs do not cite to any evidence that any such employee worked over 40 hours while in the warehouse.

For the reasons set forth in Absopure's original Memoranum and this Reply Memorandum, Absopure respectfully requests this Honorable Court to grant its motion for judgment as a matter of law that no reasonable trier of fact could find willfulness on Absopure's part and enter judgment in Absopure's favor.

Dated: February 8, 2024        Respectfully submitted,

| | |
|---|---|
| <u>s/ Ronald G. Acho</u> | /s/ *Michael O. Cummings* |
| Ronald G. Acho | Michael O. Cummings |
| Cummings, McClorey, Davis & Acho, P.L.C. | Cummings, McClorey, Davis & Acho, P.C. |
| 17436 College Parkway | 1185 Avenue of the Americas, 3rd Fl. |
| Livonia, MI 48152 | New York, NY 10036 |
| (734) 261-2400 | (212) 547-8810 |
| racho@cmda-law.com | mcummings@cmda-law.com |
| P-23913 | N.Y. Bar No. 2701506 |

***ATTORNEYS FOR DEFENDANT ABSOPURE WATER COMPANY, LLC***

5

## **LOCAL RULE CERTIFICATION**

I, Michael O. Cummings, certify that this document complies with Local Rule 5.1(a), including: double-spaced (except for quoted materials and footnotes); at least one- inch margins on the top, sides, and bottom; consecutive page numbering; and type size of all text and footnotes that is no smaller than 10-1/2 characters per inch (for non-proportional fonts) or 14 point (for proportional fonts). I also certify that it is the appropriate length.

Dated: February 8, 2024

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506

## **CERTIFICATE OF SERVICE**

I hereby certify that on February 8, 2024, I electronically filed the foregoing paper with the Clerk of the Court using the ECF system, which will send notification to all parties of record. I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: None.

Dated: February 8, 2024

/s/ *Michael O. Cummings*
Michael O. Cummings
Cummings, McClorey, Davis & Acho, P.C.
Attorneys for Defendants
1185 Avenue of The Americas, Third Floor
(212) 547-8810
mcummings@cmda-law.com
N.Y. Bar No. 2701506