UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

    Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC

    Defendant.

Case No. 20-12734

HON. MARK A. GOLDSMITH

## OPINION & ORDER
## DENYING DEFENDANT'S MOTION FOR JUDGMENT AS A MATTER OF LAW

This matter is before the Court on Defendant Absopure Water Company LLC's motion for judgment as a matter of law under Federal Rule of Civil Procedure 50. For the reasons discussed below, the Court denies the motion.[1]

### I. BACKGROUND

The Court has previously set forth the full background of this case, see 3/29/24 Op. & Order (Dkt. 270), and it need not provide that full background here. This is a collective action in which the parties disputed whether Defendant Absopure Water Company, LLC violated the Fair Labor Standards Act (FLSA), 29 U.S.C. § 207, by not paying Plaintiffs—current and former Absopure employees—overtime for hours worked in excess of 40 per week. Compl. (Dkt. 1). Absopure maintained that its drivers, including Plaintiffs, are exempt from the overtime provisions of the FLSA under the Motor Carrier Act (MCA) exemption. See Answer (Dkt. 12) at PageID.250.

---

[1] Because oral argument will not aid the Court's decisional process, the motion will be decided based on the parties' briefing. See E.D. Mich. LR 7.1(f)(2); Fed. R. Civ. P. 78(b). The briefing includes Absopure's brief in support of its Rule 50 motion on willfulness (Dkt. 248), Plaintiffs' response in opposition to Absopure's motion (Dkt. 252), and Absopure's reply (Dkt. 256).

The Court conducted a 10-day jury trial between December 5, 2023 and December 15, 2023. After Plaintiffs' presentation of proofs, Absopure moved for judgment as a matter of law under Federal Rule of Civil Procedure 50(a) that Plaintiffs failed to prove that Absopure willfully violated the FLSA. See Def. Mot. for Judgment as a Matter of Law Trial Tr. (Dkt. 253). The Court reserved ruling on Absopure's motion. Id. at 6. At the conclusion of trial, the jury made factual findings, including that Absopure "either kn[ew] or show[ed] reckless disregard for whether its conduct was prohibited by the FLSA." Verdict Form ¶ 3 (Dkt. 230). Notwithstanding the jury's finding, Absopure renewed its motion for judgment as a matter of law under Rule 50(b).

## II. ANALYSIS

Absopure moves for judgment as a matter of law under Rule 50(b), arguing that it did not willfully violate the FLSA, and therefore, a two-year limitations period applies to Plaintiffs' claims.

A motion for judgment as a matter of law under Rule 50(b) should be granted only if "there is no genuine issue of material fact for the jury, and reasonable minds could come to but one conclusion in favor of the moving party." Barnes v. City of Cincinnati, 401 F.3d 729, 736 (6th Cir. 2005). "When making this determination, [the Court] must view the evidence in the light most favorable to the nonmovant, and must grant all reasonable inferences in the nonmovant's favor." ECIMOS, LLC v. Carrier Corp., 971 F.3d 616, 627 (6th Cir. 2020) (punctuation modified). "The court must decide whether there was sufficient evidence to support the jury's verdict, without weighing the evidence, questioning the credibility of the witnesses, or substituting the court's judgment for that of the jury." Monroe v. FTS USA, LLC, 860 F.3d 389, 407 (6th Cir. 2017).

FLSA claims are subject to a two-year statute of limitations period, 29 U.S.C § 255(a), unless the employer willfully violated the FLSA; in that case, the limitations period is three years.

Id. An FLSA violation is willful if "the employer either knew or showed reckless disregard . . . [as to] whether its conduct was prohibited by the statute." Elwell v. Univ. Hosps. Home Care Servs., 276 F.3d 832, 842 (6th Cir. 2002) (quoting McLaughlin v. Richland Shoe Co., 486 U.S. 128, 133 (1988)). Reckless disregard of the FLSA's requirements means a "failure to make adequate inquiry into whether the conduct is in compliance with the [FLSA]." Farris v. All. Health Care Braeview, Inc., No. 1:19-cv-2599, 2022 WL 504215, at *11 (N.D. Ohio Feb. 18, 2022) (quoting 5 C.F.R. § 551.104). However, "mere negligence by the employer is not sufficient to permit a finding of willfulness." Elwell, 276 F.3d at 841 n.5. "[A]ll of the facts and circumstances surrounding the violation are taken into account in determining whether [an FLSA] violation was willful." Brooks v. Tire Discounters, Inc., No. 3:16-cv-02269, 2018 WL 1243444, at *7 (M.D. Tenn. Mar. 8, 2018) (quoting 5 C.F.R. § 551.104).

Absopure argues that Plaintiffs' "only" ground for finding willfulness is that Absopure failed to provide evidence that it "sought legal advice or an opinion from the Department of Labor [DOL] concerning the MCA exemption." Br. Supp. Mot. at 4. And as Absopure points out, the United States Supreme Court has rejected the notion that an employer acts willfully merely by failing to seek legal advice concerning its pay practices. Id. (citing McLaughlin, 486 U.S. at 133). Thus, Absopure submits that there is "no evidence" to support the jury's finding that Absopure knowingly or recklessly disregarded its obligations under the FLSA. Id. at 2.

The Court disagrees. Although Absopure is correct that an employer's failure to obtain legal advice regarding its pay practices is alone insufficient to support a willfulness finding, when viewing all facts and circumstances, the Court finds that sufficient evidence exists to support the jury's finding that Absopure knowingly or recklessly misclassified Plaintiffs as exempt from the FLSA's overtime requirements.

3

As courts in this circuit have repeatedly explained, an employer's misclassification of its employees can amount to willful conduct in cases where the "employer deliberately chose to avoid researching the laws' terms or affirmatively evad[ed] them." Cook v. Carestar, Inc., No. 2:11-cv-00691, 2013 WL 5477148, at *13 (S.D. Ohio Sept. 16, 2013) (quoting Hoffman v. Pro. Med Team, 394 F.3d 414, 419–420 (6th Cir. 2005)); see also Hempfling v. Cmty. Mercy Health Partners, No. 3:17-cv-182, 2018 WL 5465870, at *7 (S.D. Ohio Oct. 29, 2018) (finding that an employer willfully violated FLSA by treating nurses as exempt "even though there was no legal basis for that conclusion").

Cook is instructive here. In that case, plaintiffs were case managers bringing an FLSA action against their employer who classified the plaintiffs as exempt from the FLSA's overtime provisions. Cook, 2013 WL 5477148, at *1. Before classifying its employees as exempt, the employer obtained an opinion letter from their attorney concluding that the employees were exempt from the FLSA as "Learned Professionals." Id. at *3. Despite evidence of the employer's reliance on the opinion letter, and an absence of evidence that the employer had actual notice that it misclassified its workers, the court denied the employer's summary judgment motion on the issue of willfulness. Id. at *13. As the court explained, because the opinion letter was based only on oral representations of the employees' roles and did not require the lawyer to review any documents beyond those representations, a reasonable jury could conclude that the employer acted recklessly in relying on that letter en route to misclassifying the employees. Id.

Here, the jury was presented with evidence that Absopure "deliberately chose to avoid researching the laws' terms or affirmatively evad[ed] them." Cook, 2013 WL 5477148, at *13. Absopure's corporate representative Patrick Byrne was not aware of Absopure consulting with an attorney or requesting an opinion letter from the DOL regarding Plaintiffs' classification under the

4

FLSA. 12/11/23 Byrne Trial Test. at 33, 36 (Dkt. 243). Byrne disavowed any knowledge regarding how Absopure ultimately made the classification decision. Id. at 28. He also admitted that he has "not seen a direct reference to the Motor Carrier Act in [Absopure's]" documents or emails. Id. at 27–28. Moreover, Absopure's employee handbook makes no mention of the MCA or its application to Plaintiffs. Id. at 28.[2] These facts alone are sufficient for the jury to conclude, at a minimum, that Absopure acted with reckless disregard as to whether it correctly classified Plaintiffs as exempt under the FLSA.

In addition to evidence of Absopure's avoiding any investigation into the FLSA's terms, Plaintiffs point out that an employer's failure to accurately track its employees' time may corroborate an employee's claims of a willful violation. Resp. at 5 (citing Elwell, 276 F.3d at 844 ("[A]n employer's recordkeeping practices may nonetheless corroborate an employee's claims that the employer acted willfully in failing to compensate for overtime.")); see also Stansbury v. Faulkner, 443 F. Supp. 3d 918, 935 (W.D. Tenn. 2020) (denying employer's summary judgment motion where employee claimed that she was misclassified as exempt and explaining that "a reasonable factfinder could find that [the employer's] failure to inquire into the number of hours [the employee] worked and compensating her for forty hours a week regardless was a willful violation of the FLSA").

Here, Absopure admitted that it did not employ a timekeeping system by which it tracked Plaintiffs' hours worked. 12/12/23 Byrne Trial Test. at 54 (Dkt. 244) (affirming that Absopure

---

[2] The handbook does mention that Absopure's drivers are "exempt from overtime pay requirements" based on a "daily wage exempt classification"—but this theory was not raised by Absopure during this litigation. 12/11/23 Byrne Trial Test. at 28. Aside from the MCA exemption, Absopure did not assert as an affirmative defense any other exemptions to the FLSA. See Aff. Defenses (Dkt. 21).

5

did not "keep track of [P]laintiffs' hour[s] worked through a time keeping system"). Its failure to record Plaintiffs' hours, coupled with the absence of inquiry regarding the FLSA's overtime requirements, provides sufficient evidence to support the jury's finding that Absopure knew or showed reckless disregard for whether its conduct was prohibited by the FLSA.[3]

Resisting this conclusion, Absopure cites cases where employers misclassified employees as exempt under the FLSA but were not found to be willful. Br. Supp. Mot. at 7–8.[4] Each of these cases is distinguishable from this case.

In Parada and Lester, the employees failed to produce any evidence that their respective employers willfully misclassified them as exempt from the FLSA. See Parada, 753 F.3d at 71 (affirming district court's finding that employer was not willful where the plaintiff "failed to adduce any evidence regarding how the misclassification occurred"); Lester, 2006 WL 1421372, at *7 (granting employer's motion for summary judgement on issue of willfulness after finding that there was "no evidence that [the defendant] knew [the plaintiff] was eligible for FMLA leave"). Similarly, in Tyger, the plaintiffs produced no evidence that the employer knew or acted with reckless disregard. Tyger, 832 F. App'x at 115–116. And the employer in that case produced evidence that its payment practices were guided by Third Circuit precedent. Id. In contrast to those cases, here, there is evidence that Absopure made no inquiry into whether its conduct

---

[3] Plaintiffs also cite Absopure's "failure to post the required notice explaining the FLSA" as evidence of its willful violation of the FLSA. Resp. at 9. But Plaintiffs fail to explain—and the Court does not see—how the failure to post an FLSA notice is probative of whether it willfully misclassified Plaintiffs as exempt.

[4] Absopure lists the following cases as supportive of its position: Parada v. Banco Indus. De Venezuela, C.A., 753 F.3d 62, 71 (2d Cir. 2014); Desmond v. PNGI Charles Town Gaming, L.L.C., 630 F.3d 351, 358 (4th Cir. 2011); Mohammadi v. Nwabuisi, 605 F. App'x 329, 332 (5th Cir. 2015); Tyger v. Precision Drilling Corp., 832 F. App'x 108, 115–116 (3d Cir. 2020); Francis v. RTB Holdings, LLC, No. 1:18-cv-44, 2019 WL 7172972, at *4 (E.D. Tenn. Aug. 19, 2019); Lester v. Wayne Cnty., No. 04-74109, 2006 WL 1421372, at *7 (E.D. Mich. May 23, 2006).

violated the FLSA, which, in turn, supports the jury's finding that Absopure acted knowingly or with reckless disregard of its obligations under the FLSA.

Neither Desmond nor Mohammadi provide Absopure with any support because those cases involved reversals of summary judgment in favor of the employees where the applicable evidentiary burden was on the employees. Desmond, 630 F.3d at 358–359 (reversing district court's grant of summary judgment on willfulness in favor of employee based on evidence that the employer ignored its own job description providing that the positions were non-exempt where employer provided evidence that FLSA designation in the job description was a typographical error); Mohammadi, 605 F. App'x at 332 (reversing district court's grant of summary judgment in favor of employee where district court "improperly construed" that the employer was on notice of employer's FLSA violation merely "because it had been in business for over 15 years and was required to comply with federal law"). Here, the burden is flipped—all reasonable inferences are drawn in Plaintiffs' favor and Absopure "must show that no reasonable minds" could reach a conclusion other than one in its favor. Barnes, 401 F.3d at 736. Given the evidence recounted above, Absopure has not met its burden.

Finally, Absopure's reliance on Francis cuts against its position. In that case, the court denied the employer's summary judgment motion because a "reasonable juror" could conclude that the employer was aware that the plaintiff worked more than 40 hours a week, given that the employer maintained no time records and "merely assumed" that she was an exempt employee. Francis, 2019 WL 7172972, at *4. Here, sufficient evidence exists for the jury to reasonably infer that Absopure merely assumed that its employees were exempt from the FLSA.

Absopure also asserts that it could not have acted willfully without first being placed on notice that its pay practices violated the FLSA through prior litigation or DOL investigations. Br.

7

Supp. Mot. at 5–6. It argues that, under Sixth Circuit case law, "willfulness is generally found only where there has been direct notice of a violation." Id. at 5 (citing Herman v. Palo Grp. Foster Home, Inc., 183 F.3d 468, 473–474 (6th Cir. 1999) ("[The Sixth Circuit has] held that a violation of the Act was willful where undisputed evidence showed that the employer had actual notice of the requirements of the FLSA by virtue of earlier violations, his agreement to pay unpaid overtime wages, and his assurance of future compliance with the FLSA.") (punctuation modified)). According to Absopure, there is no evidence that Absopure was on notice of previous FLSA violations. Br. Supp. Mot. at 5.

Again, the Court disagrees. Even assuming notice is required to find that Absopure acted willfully, Absopure is incorrect to the extent it asserts that only prior litigation or DOL investigations place an employer on notice that its conduct violates the FLSA. As courts in this circuit have explained, prior complaints by employees related to overtime pay may also be sufficient to put an employer on notice that its conduct violates the FLSA. See, e.g., Brooks, 2018 WL 1243444, at *8 (explaining that courts have found willfulness where there exists evidence that the employer "was placed on notice that its conduct might violate the statute, whether by prior [DOL] investigations, by prior complaints or lawsuits brought by employees, or otherwise"); Hendricks v. Total Quality Logistics, LLC, No. 1:10-cv-649, 2023 WL 6255723, at *21 (S.D. Ohio Sept. 26, 2023) (same); Reyes-Trujillo v. Four Star Greenhouse, Inc., 513 F. Supp. 3d 761, 789 (E.D. Mich. 2021) ("[C]ourts in this Circuit have held that an employer acts with reckless disregard of the FLSA's requirements when it hears, but does not act upon, complaints that employees were not being paid the compensation owed to them.").

Here, multiple Plaintiffs testified that they complained to Absopure about the lack of overtime pay. See, e.g., Trial Tr. Vol. 3 at 245 (Dkt. 262) (Nathan Redmer testimony stating that

8

he complained "all the time" for lack of overtime pay); id. at 278–279 (Caleb Fish testimony stating that he complained to his supervisors about lack of overtime pay); Trial Tr. Vol. 4 at 14 (Dkt. 263) (Aniol testimony stating that he complained about lack of overtime pay); Trial Tr. Vol. 5 at 18–19 (Dkt. 264) (Guy testimony stating that he complained about not receiving overtime pay). Such notice—combined with the evidence of Absopure's failure to make any inquiry into whether it had accurately classified its employees as exempt—further supports the jury's finding that Absopure knew or acted with reckless disregard of whether its pay practices violated the FLSA.

Because reasonable jurors could conclude that Absopure willfully violated the FLSA based on the evidence presented at trial, its motion for judgment as a matter of law must be denied.

### III. CONCLUSION

For the foregoing reasons, the Court denies Absopure's motion for judgment as a matter of law on the issue of willfulness.

SO ORDERED

Dated: March 29, 2024            s/Mark A. Goldsmith
    Detroit, Michigan            MARK A. GOLDSMITH
                                                     United States District Judge