UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JUSTIN GUY, individually and on behalf
of those similarly situated,

    Plaintiff,

v.

ABSOPURE WATER COMPANY, LLC

    Defendant.
_____/

Case No. 20-12734

HON. MARK A. GOLDSMITH

**ORDER
(1) DENYING DEFENDANT'S EMERGENCY MOTION TO DISMISS (Dkt. 190), (2) DENYING PLAINTIFF'S EMERGENCY MOTION FOR RECONSIDERATION (Dkt. 214), AND (3) GRANTING NON-PARTY DEPARTMENT OF LABOR'S MOTION TO QUASH SUBPOENA (Dkt. 228)**

The Court conducted a 10-day jury trial in this matter between December 5, 2023 and December 15, 2023. Following the trial, the Court issued an opinion and order based on the jury's factual findings, see 3/29/24 Op. & Order (Dkt. 270). Before the Court are the motions that remain pending. For the reasons that follow, the Court denies each of the pending motions.

Shortly before trial, Defendant Absopure Water Company, LLC filed an emergency motion to dismiss (Dkt. 190). The motion asserts that Plaintiffs' counsel "procured and presented false [d]eclarations" from seven Plaintiffs and requests that the Court dismiss Plaintiffs' claims as a sanction under Federal Rule of Civil Procedure 37(b)(2). Br. Supp. Mot. to Dismiss at 1. Absopure's motion is without merit. While Absopure submits that Plaintiffs' declarations are "fraudulent," this conclusion is solely based on Patrick Byrne's purported review of the

1

declarations.[1]  Id. at 6–12.  Mr. Byrne's apparent disagreement with the factual assertions contained in Plaintiffs' declarations does not show that the declarations are false or fraudulent. Because Absopure's motion fails to identify any conduct warranting dismissal of Plaintiffs' claims, the Court denies the motion.

Before trial, Plaintiffs filed an emergency motion for reconsideration (Dkt. 214) of this Court's opinion and order regarding the parties' motions for summary judgment (Dkt. 70). Because Plaintiffs' motion has been rendered moot by the Court's opinion and order setting forth its conclusions of law following the jury trial, the Court denies the motion.

During trial, non-party the U.S. Department of Labor (DOL) filed an emergency motion to quash a subpoena for testimony and the production of documents served on it by Absopure (Dkt. 228).  The subpoena, which was served on the DOL on December 13, 2023, sought to compel the district director of the DOL to produce documents and testimony at trial on December 14, 2023. See Subpoena (Dkt. 228-1).  The DOL moves to quash the subpoena, arguing that it is defective in multiple respects.  See Mot. to Quash.  Absopure has not responded to the DOL's motion.

The Court agrees with the DOL.  Under 29 C.F.R § 2.21, Absopure was required to furnish the Office of the Solicitor "with a written summary of the information sought and its relevance to the proceeding in connection with which it was served."  The purpose of the regulation is to allow the DOL to determine what information DOL employees may release.  Mot. to Quash at 2 (citing United States ex rel. Touhy v. Ragen, 340 U.S. 462 (1951)).  The DOL submits that Absopure failed to furnish the summary, and Absopure does not challenge this assertion.  Absopure's failure to comply with § 2.21 is alone sufficient ground to grant the DOL's motion.  See Manzo v. Stanley

---

[1] Mr. Byrne is Absopure's Accounting Manager and has been designated as its corporate representative in this matter.

Black & Decker, Inc., No. 13-cv-3963, 2017 WL 1194651, at *9 (E.D.N.Y. Mar. 30, 2017) (granting government's motion to quash where plaintiff failed to comply with § 2.21's requirements).

Even setting § 2.21 aside, Absopure's subpoena is also defective under the Federal Rules of Civil Procedure. Under Rule 45(d)(3), this Court must quash or modify a subpoena that "fails to allow a reasonable time to comply." Here, Absopure's subpoena permitted the DOL only one day to comply with its demand for the production of "any and all documents" related to a DOL investigation spanning from 2003 to 2006. See Subpoena. Demanding that the DOL comply with such a broad request in one day's time is not reasonable under Rule 45(d)(3). See Fox v. Traverse City Area Pub. Sch. Bd. of Educ., No. 1:07-cv-956, 2009 WL 724001, at *1 (W.D. Mich. Mar. 10, 2009) ("Two business days, more or less, even with the intervening weekend, is not an adequate period of time to comply with a subpoena.").

The Court grants the DOL's motion to quash (Dkt. 228).

For the reasons set forth above, the Court (i) denies Absopure's motion to dismiss (Dkt. 190), (ii) denies Plaintiffs' motion for reconsideration (Dkt. 214), and (iii) grants the DOL's motion to quash (Dkt. 228).

SO ORDERED.

Dated: March 29, 2024                  s/Mark A. Goldsmith
    Detroit, Michigan              MARK A. GOLDSMITH
                                     United States District Judge